D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

KATHERINE FERNANDEZ, on behalf of herself and others similarly situated,

    Plaintiff,

v.

BULLDOZER HOSPITALITY GROUP, INC., d/b/a OSTERIA LA BAIA, ROBERT PETROSYANTS and MARIANNA SHAHMURADYAN,

    Defendants.

---------------------------------------------------------x

AMENDED COMPLAINT

25-CV-4490 (AS)

DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Osteria La Baia is a New York City hotspot that is famously known for being frequented by New York City's Mayor, Eric Adams. In fact, its owners, convicted felons Robert Petrosyants and Mariana Shahmuradyan, are good friends with Mayor Adams. Defendant Robert Petrosyants has publicly boasted of his relationship with Mr. Adams. It appears that Mr. Petrosyants believes he is above the law, as he allows his restaurant to engage in blatant wage theft.

2. Osteria La Baia steals its employees' tips by requiring them to share tips with the restaurant's floor manager. Osteria La Baia fraudulently attempts to conceal this tip theft by

listing the floor managers on the restaurant's tip pool documents as waiters, when they are in fact indisputably managers.

3. Further, Osteria La Baia pays its employees below the full minimum wage, without giving them the appropriate notices with respect to how they would be paid.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

6. All Defendants are hereinafter collectively referred to as "Defendants."

7. Defendant Bulldozer Hospitality Group, Inc. is a New York corporation. Defendant Bulldozer Hospitality Group, Inc. owns and operates Osteria Le Baia in Manhattan.

8. Bulldozer Hospitality Group, Inc. has an annual gross volume of sales in excess of $500,000.

9. Bulldozer Hospitality Group, Inc. has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

10. Defendants Robert Petrosyants and Marianna Shahmuradyan own and operate Osteria La Baia. Ms. Shahmuradyan is listed with New York State Liquor Authority as a principal of Osteria La Baia. Mr. Petrosyants regularly holds himself out to the public as "running" the restaurant. They are both regularly present at the restaurant discussing day to day operational matters with the restaurant's general manager, including the hiring of personnel, paying employees, scheduling and general management issues. They are actively involved and have the ultimate authority with respect to hiring and firing, discipline, scheduling and payroll decisions.

11. Plaintiff Katherine Fernandez worked for Defendants as a busser/runner from October 2022 to May 2025.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all tipped employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of misappropriating a portion of their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action,

their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all tipped employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

17. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

18. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, the illegal retention

of tips, and failing to provide required wage notices and wage statements. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a) Whether Defendants employed Plaintiff and the Class Members within the meaning of New York law.

b) Whether Defendants provided Plaintiff and Class Members with the proper wage notices.

c) Whether Defendants paid Plaintiff and the Class Members the minimum wage for all hours worked.

d) Whether Defendants stole Plaintiff and the Class Members' tips.

## FACTS

23. Plaintiff's Consent to Sue form is attached as Exhibit A.

24. Plaintiff worked as a busser/runner for Defendants.

25. Plaintiff was paid for her hours worked at the New York foodservice workers' minimum wage, which is lower than the full NY minimum wage.

26. However, Defendants were not entitled to pay Plaintiff pursuant to the foodservice workers' minimum wage because they did not give Plaintiff notice of the tip credit.

27. Plaintiff was required to participate in a tip pool each night that included managers. For example, the tip-pool included Julio Perez.

28. Although Defendants listed Mr. Perez in the waiters' section of the restaurant's tip sheets, he was in fact a manager. To be sure, he had authority to hire, fire and discipline employees. He also led pre-shift managers as a manager and instructed employees with respect to their daily tasks.

29. Defendants charged special-event patrons a 3% "service" charge in addition to food and beverage charges.

30. Under New York law, such charges are purported to be gratuities unless the venue clarifies on all printed materials referring to the charge that the charge is not a gratuity.

31. Defendants did not represent in all printed materials that the 3% charge was not a gratuity.

32. Under New York law, charges that are purported to be gratuities must be distributed to food-service staff in their entirety.

33. Defendants did not distribute any of the 3% charge to the food-service staff.

34. Plaintiff's paystubs contained incorrect information with respect to her correct rate of pay. For example, in 2024, her wage statements stated both that she was being paid $15 per hour and $11 per hour.

35. Had Plaintiff been provided accurate information with respect to her rate of pay and the full minimum wage on her paystub and in a notice and acknowledgment of pay rate, she would have asserted her rights under the NYLL at an earlier time.

36. Defendants knew that improperly forcing Plaintiff and Class Members to share their tips with management would economically injure Plaintiff and Class Members and violated federal and state laws.

37. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## FIRST CLAIM FOR RELIEF
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*)**
**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs**)

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

39. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

40. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

41. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

42. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA,

attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)**
**(Brought By Plaintiff on Behalf of Herself and the Class)**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44. Defendants willfully retained/misappropriated portions of Plaintiff's and Class Members' tips by (1) forcing them to share tips with managers, and (2) retaining service charges they charged customer which were, in fact, tips.

45. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(New York Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*, 12 NYCRR §§ 1.3, 2.2)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

46. Plaintiff realleges and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

47. Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage for all hours worked.

48. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

50. Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

51. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.   Penalties available under applicable laws;

G.   Costs of action incurred herein, including expert fees;

H.   Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.   Pre-judgment and post-judgment interest, as provided by law; and

J.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
July 23, 2025

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:   /s/ *Josef Nussbaum*
D. Maimon Kirschenbaum
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiffs, proposed FLSA Collective Plaintiffs, and proposed Class*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.