UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

KATHERINE FERNANDEZ, on behalf of
herself and others similarly situated,                                   Case No. 1:25-cv-04490 AS

                                              Plaintiff(s),

-against-                                                                          **ANSWER**

BULLDOZER HOSPITALITY GROUP,
INC., d/b/a OSTERIA LA BAIA, ROBERT
PETROSYANTS and MARIANNA
SHAHMURADYAN,

                                              Defendant(s).
------------------------------------------------------------------------x

      Defendants Bulldozer Hospitality Group Inc., d/b/a Osteria La Baia, Robert

Petrosyants, and Marianna Shahmuradyan (together "Defendants") by and through their

attorneys, Sinayskaya Yuniver P.C., hereby responds to the Amended Complaint (the

"Amended Complaint") filed by Katherine Fernandez, on behalf of herself and others similarly

situated ("Plaintiff" or "Fernandez") as follows:

## INTRODUCTION

1. Defendants deny the allegations contained in Paragraph "1" of the Amended Complaint.

2. Defendants deny the allegations contained in Paragraph "2" of the Amended Complaint.

3. Defendants deny the allegations contained in Paragraph "3" of the Amended Complaint.

## JURISDICTION AND VENUE

4. Defendants deny the allegations contained in Paragraph "4" of the Amended Complaint,

   except admit that Plaintiff purports to assert claims arising under the Fair Labor Standards

   Act (FLSA), 29 U.S.C. § 201 et seq.

5. Defendants deny the allegations contained in Paragraph "5" of the Amended Complaint,

   except admit that venue is proper in this District.

## THE PARTIES

6.  Defendants admit that the term "Defendants" is used in the Amended Complaint to collectively refer to all named defendants.

7.  Defendants admit the allegations contained in Paragraph "7" of the Amended Complaint.

8.  Defendants deny the allegations contained in Paragraph "8" of the Amended Complaint.

9.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Amended Complaint

10. Defendant Marianna Shahmuradyan admits that she owns and operates Osteria La Baia but Defendants deny the remaining allegations in Paragraph "10."

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Amended Complaint and therefore deny the same.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Defendants deny the allegations contained in Paragraph "12" of the Amended Complaint as they call for legal conclusions.

13. Defendants deny the allegations contained in Paragraph "13" of the Amended Complaint.

14. Defendants deny the allegations contained in Paragraph "14" of the Amended Complaint to the extent that they call for legal conclusions and further deny that collective treatment under the FLSA is appropriate.

## RULE 23 CLASS ALLEGATIONS - NEW YORK

15. Defendants deny the allegations contained in Paragraph "15" of the Amended Complaint.

16. Defendants deny the allegations contained in Paragraph "16" of the Amended Complaint.

17. Defendants deny the allegations contained in Paragraph "17" of the Amended Complaint.

18. Defendants deny the allegations contained in Paragraph "18" of the Amended Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Amended Complaint and therefore deny the same.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20" of the Amended Complaint and therefore deny the same.

21. Defendants deny the allegations contained in Paragraph "21" of the Amended Complaint.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22 A-D"of the Amended Complaint and therefore deny the same.

<u>**FACTS**</u>

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Amended Complaint and therefore deny the same.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Amended Complaint and therefore deny the same.

25. Defendants deny the allegations contained in Paragraph "25" of the Amended Complaint.

26. Defendants deny the allegations contained in Paragraph "26" of the Amended Complaint.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Amended Complaint and therefore deny the same.

28. Defendants deny the allegations contained in Paragraph "28" of the Amended Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Amended Complaint and therefore deny the same.

30. Defendants deny the allegations contained in Paragraph "30" of the Amended Complaint, as they call for a legal conclusion.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Amended Complaint and therefore deny the same.

32. Defendants deny the allegations contained in Paragraph "32" of the Amended Complaint, as they call for a legal conclusion.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Amended Complaint and therefore deny the same.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Amended Complaint and therefore deny the same.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Amended Complaint and therefore deny the same.

36. Defendants deny the allegations contained in Paragraph "36" of the Amended Complaint, to the extent that they call for a legal conclusion and further deny the allegations therein.

37. Defendants deny the allegations contained in Paragraph "37" of the Amended Complaint.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, et seq.)**
**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiff)**

38. Defendants repeat and restate each and every response to the allegations contained in Paragraph 1 through 37 as if fully set forth herein.

39. Defendants deny the allegations contained in Paragraph "39" of the Amended Complaint to the extent that they call for a legal conclusion.

40. Defendants deny the allegations contained in Paragraph "40" of the Amended Complaint to the extent that they call for a legal conclusion.

41. Defendants deny the allegations contained in Paragraph "41" of the Amended Complaint to the extent that they call for a legal conclusion.

42. Defendants deny the allegations contained in Paragraph "42" of the Amended Complaint to the extent that they call for a legal conclusion.

## SECOND CLAIM FOR RELIEF
### (Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d)
### (Brought By Plaintiff on Behalf of Herself and the Class)

43. Defendants repeat and restate each and every response to the allegations contained in Paragraph 1 through 42 as if fully set forth herein.

44. Defendants deny the allegations contained in Paragraph "44" of the Amended Complaint.

45. Defendants deny the allegations contained in Paragraph "45" of the Amended Complaint to the extent that they call for a legal conclusion.

## THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Violations, N.Y. Lab. L. §§ 650 et seq., 12 NYCRR
### §§ 1.3, 2.2) (Brought by Plaintiff on Behalf of Herself and the Class)

46. Defendants repeat and restate each and every response to the allegations contained in Paragraph 1 through 45 as if fully set forth herein.

47. Defendants deny the allegations contained in Paragraph "47" of the Amended Complaint.

48. Defendants deny the allegations contained in Paragraph "48" of the Amended Complaint to the extent that they call for a legal conclusion.

## FOURTH CLAIM FOR RELIEF

**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

49. Defendants repeat and restate each and every response to the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Defendants deny the allegations contained in Paragraph "50" of the Amended Complaint to the extent that they call for a legal conclusion.

51. Defendants deny the allegations contained in Paragraph "51" of the Amended Complaint to the extent that they call for a legal conclusion.

**ANSWER TO PRAYER FOR RELIEF**

52. Defendants deny each and every allegation and request for relief in the Prayer for Relief, including subparagraphs A through J.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

53. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Even if all allegations in the Amended Complaint are assumed to be true, they do not constitute a violation of federal or state law. Plaintiff fails to plead sufficient facts to establish the essential elements of any cause of action under the Fair Labor Standards Act (FLSA) or the New York Labor Law (NYLL), including but not limited to willfulness, underpayment, or improper tip distribution.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

54. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and unclean hands. Plaintiff knowingly accepted the terms and conditions of employment, including pay structure and participation in a tip pool, and failed to raise any timely objections during her employment. Her later attempt to challenge these terms constitutes a waiver of rights and supports estoppel. Furthermore, Plaintiff's own conduct, including possible misrepresentations regarding her time records and role within the tip pool, bars equitable relief under the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. Defendants affirmatively state that Plaintiff and all similarly situated employees were paid all wages owed in compliance with federal, state, and local law, including minimum wage and overtime requirements. Any participation in a tip pool was lawful and consistent with applicable regulations. No unlawful deductions from wages or gratuities were made.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. Plaintiff's claimed damages are speculative, conclusory, and not supported by objective evidence. She fails to identify any specific underpayments or unlawful deductions that can be corroborated by payroll records or substantiated by other reliable documentation.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57. At all relevant times, Defendants acted in good faith and took reasonable steps to comply with all applicable wage and hour laws. If any violations occurred, which is expressly denied, they were inadvertent, isolated, and not willful. Defendants reasonably relied on legal advice and industry practice and had no intent to violate any labor laws.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

58. Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Under the FLSA, the maximum limitations period is three years for willful violations and two years otherwise. Under NYLL, the maximum period is six years. Plaintiff seeks to recover for time periods falling outside these limits.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

59. To the extent Plaintiff has suffered any damages, which Defendants deny, she failed to take reasonable steps to mitigate those damages as required by law. This includes failing to promptly report or object to alleged wage violations and failing to seek alternative employment after her separation.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

60. This case is not appropriate for treatment as a class or collective action. Plaintiff cannot satisfy the prerequisites of Rule 23 or the requirements of the FLSA for a collective action, including typicality, commonality, adequacy of representation, and predominance. The factual circumstances of putative class members are highly individualized and do not lend themselves to class-wide adjudication.

## AS AND FOR A NINETH AFFIRMATIVE DEFENSE

61. Plaintiff is not an adequate class representative. Her claims and interests are not aligned with those of the putative class, and she lacks the requisite credibility, consistency, and objectivity necessary to represent the class fairly and adequately.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims, and those of the putative class, are barred in whole or in part by the de minimis doctrine. Any uncompensated time or incidental underpayment alleged is trivial and not compensable under prevailing legal standards.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

63. To the extent any improper deductions or underpayments occurred, they were the result of inadvertent clerical or administrative error and were either promptly corrected or would have been had Plaintiff brought them to Defendants' attention.

## RESERVATION OF RIGHTS

64. Defendants expressly reserve the right to assert additional counterclaims, defenses, or claims for relief as may become apparent during discovery or as further facts are developed.

**WHEREFORE**, Defendants respectfully request that the Court:

a. Dismiss Plaintiff's Amended Complaint in its entirety with prejudice;

b. Enter judgment in favor of Defendants on all counterclaims;

c. Declare that Defendants have complied with all applicable provisions of the FLSA and NYLL;

d.  Award Defendants compensatory and consequential damages on the second counterclaim;

e.  Award Defendants costs, disbursements, and attorneys' fees incurred in defending this action; and

f.  Grant such other and further relief as the Court deems just and proper.

Dated: August 6, 2025
   Brooklyn, New York

*/s/ Irene Sinayskaya* _____
Irene Sinayskaya, Esq.
SINAYSKAYA YUNIVER, P.C.
710 Avenue U
Brooklyn, NY 11223
T: (718) 402-2240
F: (718) 305-4571
E: Irene@sypcl.com
*Attorneys for Defendants*