# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah M. Seliger | |

September 4, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
               **No.: 25 CV 4490 (AS)**

Dear Judge Subramanian,

      We represent the Named Plaintiff and the two opt-in Plaintiffs ("Plaintiffs") in the above-referenced matter. In accordance with the Court' June 6, 2025 Order (ECF No. 5), the parties write to respectfully set forth the information requested by the Court prior to the initial conference. Attached hereto as Exhibit A is a copy of the already endorsed Civil Case Management Plan and Scheduling Order. *See* ECF No. 22.

      **1. Nature of the action; principal defenses, and major legal and factual issues**

**Plaintiffs**

      As set forth in Plaintiffs' Amended Complaint (ECF No. 15), Defendants own and operate a restaurant called Osteria La Baia ("OLB") in Manhattan. Plaintiffs worked as tipped employees at OLB during the time periods covered by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). In her Complaint, Named Plaintiff, on behalf of herself and a putative Fed. R. Civ. P. Rule 23 class of tipped employees, alleges that Defendants:

    (a) Misappropriated employees' tips by requiring them to share tips with management level employees in violation of N.Y. Lab. Law § 196-d;

    (b) Misappropriated employees' tips by retaining service charges, which were purported to be gratuities, that customers left at private vents at OLB. *See* New York Codes Rules

and Regulations ("NYCRR") §§ 146-2.18, 146-2.19;

(c) Failed to properly pay minimum wage and overtime premiums by unlawfully taking advantage of a tip credit under New York law despite failing to notify Plaintiff and putative class members in writing that a tip credit was being applied to their wages. *See* NYCRR § 146- 1.3; and

(d) Failed to provide Plaintiffs and putative class members with the appropriate wage notices and wage statements as required under N.Y. Lab. Law §§ 195(1) and 195(3).

**Defendants**

As set forth in their Answer to the Ameneded Complaint (ECF No. 17), Defendants Bulldozer Hospitality Group, Inc. d/b/a Osteria La Baia, Robert Petrosyants, and Marianna Shahmuradyan categorically deny Plaintiffs' allegations of wage-and-hour violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants maintain that they have fully complied with all applicable federal and state wage and hour requirements, including proper payment of minimum wage and overtime premiums where appropriate. Defendants further deny that management-level employees participated in any unlawful tip pooling arrangements or that gratuities were misappropriated. Defendants also dispute Plaintiffs' claims regarding the retention of service charges and maintain that any charges associated with private events were properly disclosed and consistent with industry standards. Defendants deny that they failed to provide sufficient wage notices or wage statements and assert that employees were given all information required by law. Finally, Defendants oppose Plaintiffs' effort to pursue this case as a collective or class action, as they contend that liability, if any, depends on highly individualized circumstances, including variations in roles, schedules, earnings, and alleged tip allocations. Defendants' denials and affirmative defenses are set forth in greater detail in their Answer.

2. **Jurisdiction and Venue**

As alleged in the Amended Complaint, this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. In addition, Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

Defendants do not contest that this Court has authority to adjudicate Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") and supplemental jurisdiction over the related New York Labor Law ("NYLL") claims pursuant to 28 U.S.C. § 1367. However, Defendants deny Plaintiffs' characterization of the underlying facts and allegations giving rise to federal jurisdiction. Defendants also acknowledge that venue is proper in this District because Osteria La Baia conducts business in the Southern District of New York. Nonetheless, Defendants expressly

reserve all rights to challenge the sufficiency, scope, and merits of Plaintiffs' claims and deny any wrongdoing alleged in the Amended Complaint.

**3. Deadlines, due dates, and/or cut-off dates;**

Fact discovery is set to close on November 10, 2025.

**4. Outstanding Motions**

There are no pending motions before the Court.

**5. Certification of Collective Action**

Plaintiffs intend to seek to have collective class certified. The parties intend to discuss this issue prior to the initial conference..

**6. Discovery**

<u>Plaintiffs</u>

**A. Discovery to date**

Plaintiff served discovery demands on July 30, 2025. On September 3, 2025, Defendants provided their formal responses to those requests and also produced some documents.

**B. Discovery necessary to engage in meaningful settlement negotiations**

Plaintiffs are reviewing the records Defendants produced yesterday and will be better prepared to discuss them in detail at the initial conference. From our initial review of these records, it appears that Defendants only produced documents relating to the Named Plaintiff and the two opt-in Plaintiffs. However, in order for Plaintiffs to engage in meaningful classwide settlement discussions, we require classwide payroll data and records (or at least a representative sampling thereof) in order to make an educated and good faith demand. As set forth below, Plainitffs respectfully request that the Court address this issue at the initial conference.

<u>Defendants</u>

Defendants served their own discovery requests on Plaintiff, including a Notice of Deposition for Katherine Fernandez, Defendants' First Set of Interrogatories, and Defendants' First Set of Requests for the Production of Documents and Information on August 8, 2025. To date, Plaintiffs have not responded to these discovery requests. On September 4, 2025, Plaintiffs requested, and Defendants granted, a one-week extension to provide their responses, which now remain outstanding. Defendants are continuing to cooperate in good faith to move discovery forward but reserve all rights to seek appropriate relief from the Court if Plaintiffs fail to provide timely and complete responses.

Defendants served written responses to Plaintiffs' discovery requests on September 3, 2025, and produced responses along with substantive documents in a One Drive link, including payroll records and wage statements for the Named Plaintiff and two opt-in Plaintiffs, as well as tip pool documentation and relevant policies.

### 7. Settlement discussions

To date, no settlement discussion have taken place.

### 8. Alternate dispute resolution mechanisms

#### Plaintiffs

The parties have discussed the use ADR and Plaintiffs believe that a private mediator would be appropriate after the close of fact discovery.

#### Defendants

Defendants are open to participating in alternative dispute resolution ("ADR") and would willingly engage in either private mediation or a settlement conference before the Court. While Defendants will continue to vigorously defend this matter, they are prepared to explore potential resolution at any stage of the litigation if the Court believes it would be productive. Defendants do not believe that ADR should be conditioned on the completion of depositions or extensive discovery and are open to engaging in meaningful settlement discussions at an earlier stage if doing so could streamline the issues and conserve judicial and party resources.

### 9. Other information the parties wish to bring to the Court's attention

#### Plaintiffs

On July 10, 2025 and again on August 28, 2025, the parties met and conferred with respect to the scope of pre-certification discovery. At that meeting, Plaintiffs informed Defendants' counsel that we intended to serve discovery requests geared towards determining the scope/propriety of class certification. *See Gitman v. Pearson Educ., Inc.,* 2015 U.S. Dist. LEXIS 116096, *8 (S.D.N.Y. Aug. 31, 2015) (recognizing plaintiffs' right to "complete the discovery to which they would otherwise be entitled on questions relevant to class certification."); *Rahman v. Smith & Wollensky Rest. Group, Inc.*, 2007 U.S. Dist. LEXIS 37642, *9 (S.D.N.Y. May 24, 2007)("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate.)(citing *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982)); *see also Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 U.S. Dist. LEXIS 58460, at *7 (S.D.N.Y. June 14, 2010) ("pre-certification discovery is appropriate to enable plaintiff to define the class and identify similarly situated employees...").

In July 2025, Plaintiffs served discovery requests geared to the classwide claims to assist them in determining the scope/propriety of class certification and so that they would be fully prepared to move for class certification at the close of fact discovery. In the responses served yesterday, Defendants produced only information relating to the named Plaintiff and two opt-in

Plaintiffs and did not produce anything pertaining to the putative class. Accordingly, Plaintiffs respectfully request that, at the initial conference, the Court (a) address the scope of the pre-certification discovery, and (b) order Defendants to produce sufficient information for Plaintiffs and the Court to be able to assess the scope/propriety of class certification. To be sure, the documents requested are not vast, and they are relevant to establishing the crucial points of class certification: the common methods of payment to class members and the numerosity of the class.

Lastly, in their document production, Defendants (without explanation) redacted portions of payroll records relating to the named Plaintiff and two opt-in Plaintiffs. Specifically, Defendants redacted the names of the tip-pool participants in the documents reflecting the tip-pool distribution. The redacted data is highly relevant to this litigation even before class-certification, as it will likely show whether or not Plaintiff was required to share tips with tip ineligible employees, as she alleges in her Complaint. Plaintiffs respectfully request that the Court Order Defendants' to produce copies of all payroll records from their native, unredacted format.

### **Defendants**

Defendants oppose Plaintiffs' request for class-wide discovery at this stage because there is no legal or factual basis to justify such expansive disclosures before the Court addresses either Rule 23 class certification or FLSA collective certification. Discovery should remain targeted, proportional, and focused on the parties and claims currently before the Court. By Plaintiffs' own example, their request for information regarding all tip pool participants highlights the overbreadth of their approach. Defendants maintain that such a limited inquiry does not justify disclosure of the names, payroll records, and personal information of all putative class members. Instead, if information, such as the example regarding tip pool participation, comes into question, then an appropriate remedy would be for Defendants to provide a narrowly tailored response by producing only the initials and positions of the individuals identified as participants in any relevant tip pools. This approach complies with the Federal Rules of Civil Procedure, protects the privacy rights of non-party employees, and ensures that discovery remains appropriately limited to information directly relevant to the claims and defenses at issue in this case.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

  s/ *Josef Nussbaum*

Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

In their joint letter, the parties raise certain issues concerning the scope of discovery. But it's clear that the parties haven't made a good-faith effort to meet and confer to try to resolve their differences. Lead counsel on both sides should schedule a call and talk to each other directly to see if their issues can be resolved. In terms of pre-class certification discovery, defendants don't explain why some amount of classwide discovery isn't appropriate at this juncture. The only way in which no class discovery would be warranted would be if defendants waived any arguments opposing class certification that might turn on such discovery, which the Court doubts defendants want to do. In addition, providing plaintiff with some class discovery, even if it's not everything on plaintiff's wish list, may help foster early settlement discussions, before the costs in this case ramp up. On the other hand, plaintiff isn't entitled to everything under the sun about the class, and class discovery should be appropriately tailored to what is reasonable and necessary for plaintiff to prosecute this case. On or before September 9, 2025, lead counsel should meet and confer and advise the Court by September 10 as to what issues remain.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: September 8, 2025