# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

October 28, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

   *Re:* **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
     <u>Case No.: 1:25-cv-4490 (AS) (GS)</u>

Dear Judge Subramanian:

  This firm represents the Defendants in the above-referenced case. Defendants respectfully submit this letter response in opposition to Plaintiffs' premature and defective letter motion to compel. As an initial matter, Defendants respectfully submit that Plaintiffs' motion must be denied with leave to renew after meeting-and-conferring as required by this Court's Individual Practices in Civil Cases ("Individual Rules"), the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules" or "LCR"), and the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). <u>See</u> Individual Rules ¶ 5 ("A. Parties must follow Local Civil Rule 37.2 with the following modifications … B. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party—in person, by videoconference, or by telephone—to resolve the dispute. This process must include at least one conference among Lead Trial Counsel for the parties involved in the dispute. C. Where a party raises a discovery dispute with the opposing party, the opposing party must make itself available to confer in good faith to resolve the dispute within two business days of a request for a conference"); <u>see</u> <u>also</u> LCR 37.2 ("No motion under Rules 26 through 37 inclusive of the [Rules] shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the … Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference"); Fed. R. Civ. P. 37 ("In General. On notice to other parties …, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" and "[a] motion for sanctions … must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action").

  Here, Plaintiffs failed to meet-and-confer with your undersigned as required by the Individual Rules, Local Civil Rules, and the Rules, despite both your undersigned's reminder of this obligation in email correspondence with opposing counsel today, and this Court's September 8, 2025 Memo Endorsement. <u>See</u> ECF Docket Entry <u>25</u> ("But it's clear that the parties haven't made a good-faith effort to meet and confer to try to resolve their differences. Lead counsel on both sides should schedule a call and talk to each other directly to see if their issues can be resolved").

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
October 28, 2025
P a g e | 2

      Sadly, Plaintiffs' conduct appears to be some sort of rush to the courthouse doors to obtain a perceived tactical advantage.  Defendants respectfully submit that such actions should not be rewarded, and that an appropriate admonition or sanction be made to deter Plaintiffs from failing to comply with three separate sets of rules designed to permit the parties to resolve discovery disputes without the need for Court intervention (or, at a minimum, narrowing the issues for disposition by the Court).  This Court is well within its authority to deny Plaintiffs' letter motion for their failure to meet-and-confer alone.  See Raymond v City of New York, No. 15-CIV.-6885 (LTS) (SLC), 2020 WL 1067482, at *9 (S.D.N.Y. Mar. 5, 2020), reconsideration denied, 2020 WL 1847556 (S.D.N.Y. Apr. 13, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020), and objections overruled, 2020 WL 3619014 (S.D.N.Y. July 2, 2020) (Plaintiffs' counsel's refusal to cooperate in meet and confer sessions contributed in part to the problem. Therefore, neither of Plaintiffs' proposed orders … would be just in this instance, where one party failed to comply with the Court's Order, but the other party seems to have frustrated the compliance"); see also Carling v. Peters, No. 10-CIV.-4573 (PAE) (HBP), 2012 WL 1438261, at *2 (S.D.N.Y. Apr. 24, 2012) (denying letter motion to compel due to, *inter alia*, failure to meet and confer).  Indeed, the meet-and-confer requirement is "designed to promote efficiency in litigation," and may not be required where it proves futile and would only result in further delaying resolution of the dispute.  See S.E.C. v Yorkville Advisors, LLC, No. 12-CIV.-7728 (GBD) (HBP), 2015 WL 855796, at *7 (S.D.N.Y. Feb. 27, 2015).

      Aware of your undersigned's aforementioned warning about the meet-and-confer requirement, Plaintiffs cleverly try to side-step their obligations by arguing that they have already met-and-conferred with their predecessor counsel.  But this argument is illogical and backwards; Plaintiffs concede that predecessor counsel was "instructed not to perform any further work" as of today and Plaintiffs seeks to conduct the deposition on dates *after* predecessor counsel is no longer serving as attorney of record in this case.  Plaintiffs attempt to wriggle out of the meet-and-confer requirement should be rejected.

      Shifting towards the merits, your undersigned is puzzled by Plaintiffs' recitation of multiple dates purportedly scheduled – October 20, 2025, October 23, 2025, October 29, 2025, and November 3, 2025 – for Defendant Robert Petrosyants' ("Petrosyants") deposition.  This is because Petrosyants was out of the country from on or about September 20, 2025 through October 24, 2025, having only recently returned.  Further, your undersigned only met with and was retained by Petrosyants late this afternoon, and Defendants' new undersigned counsel needs a sufficient opportunity to obtain and familiarize himself with the file, which he has not yet received from predecessor counsel.  Finally, your undersigned just completed a trial this morning before the Hon. Philip M. Halpern, U.S.D.J. which took significant time and preparation with co-counsel in an unrelated case.  In other words, had the parties met-and-conferred as required, they may have been able to speak to each other and, potentially, agree that good cause existed for an extension of time to complete discovery pursuant to Rule 6.  Instead, Plaintiffs jumped the proverbial gun for the apparent sake of drawing the Court's ire into holding Defendants to an unreasonable discovery schedule in light of the foregoing circumstances.  The only other basis Defendants can conjure for Plaintiffs' conduct is to unnecessarily churn this case for fees in violation of Rule 1.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
October 28, 2025
P a g e | 3

    Indeed, setting aside the fact Defendants' new counsel must appear before the Hon. Peggy Kuo, U.S.M.J. of the Eastern District in the morning and the Hon. Justin T. Quinn, U.S.M.J. of the District of New Jersey in the afternoon in unrelated cases such that he is unavailable to conduct a deposition tomorrow, your undersigned would be shirking his professional responsibility to his clients by nose-diving into a deposition without first having even obtained, let alone reviewed, the file. In that regard, Plaintiffs' demand that Defendants provide a new date to conduct depositions on or before November 10, 2025 is unreasonable, albeit your undersigned was prepared to explore that possibility had Plaintiffs complied with their obligation to meet-and-confer.

    Defendants thus respectfully request that Plaintiffs' letter motion to compel be denied, with an appropriate admonition and/or sanction against Plaintiffs for twice now failing to meet-and-confer as required, and thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
       October 28, 2025                   Respectfully submitted,

                                           **SAGE LEGAL LLC**

                                           _/s/ Emanuel Kataev, Esq._
                                           Emanuel Kataev, Esq.
                                           18211 Jamaica Avenue
                                           Jamaica, NY 11423-2327
                                           (718) 412-2421 (office)
                                           (917) 807-7819 (cellular)
                                           (718) 489-4155 (facsimile)
                                           emanuel@sagelegal.nyc

                                           *Attorneys for Defendants*
                                           *Bulldozer Hospitality Group, Inc.,*
                                           *Robert Petrosyants, and*
                                           *Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*