# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah M. Seliger | |

October 29, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
No.: 25 CV 4490 (AS)

Dear Judge Subramanian,

We represent the Plaintiffs in the above-referenced matter. We write to briefly respond to Defendants' October 28, 2025 letter (ECF No. 31) which only further highlights that Defendants are avoiding their discovery obligations.

As an initial matter, Plaintiffs *did* meet and confer with Defendants' counsel, Ms. Sinayskaya, on multiple occasions to schedule depositions in this matter. To be sure, Defendants only agreed to schedule depositions after Plaintiffs insisted that they would seek court intervention if Defendants did not provide us with their availability. Plaintiffs would have further conferred with Ms. Sinayskaya—the only counsel of record at the time Plaintiffs filed their letter—but she informed us, in no uncertain terms, that she was barred by Defendants from performing any additional work on this matter. Thus, Plaintiffs were left with no one with which to meet and confer about depositions that were scheduled to go forward today and cancelled at the eleventh hour. Given the impending discovery deadline, Plaintiffs were left with no choice but to immediately alert the Court of this state of affairs. In fact, one of the cases *Defendants* cite in their letter supports this precise approach. *See SEC v. Yorkville Advisors, LLC*, 2015 U.S. Dist. LEXIS 24578, at *16-17 (S.D.N.Y. Feb. 27, 2015) ("The meet-and-confer requirement […] is designed to promote efficiency in litigation, *but where it proves futile and would only result in further delaying resolution of the dispute, it may not be required*.") (quotations and citations omitted)) (emphasis added). *See* ECF No. 31 at 2.

Even more incredibly, in their letter, Defendants admit that Plaintiffs' suspicions about Defendants' conduct in this litigation are correct. Specifically, Defendants state that Mr.

Petrosyants was "out of the country from on or about September 20, 2025 through October 24, 2025, having only recently returned." This is an astounding admission as Defendants cannot explain how they in good faith scheduled Mr. Petrosyants's depositions for October 20, 2025 and October 24, 2025. This admission only serves to establish Plaintiffs' concerns that Defendants have been playing games all along and intentionally sandbagging Plaintiffs' discovery efforts. The court should not countenance this behavior.

In short, Defendants' breathless complaint that Plaintiffs are in a "rush to the courthouse doors to obtain a perceived tactical advantage" is laughable as (1) the depositions were noticed almost two months ago, (2) Plaintiffs made extraordinary efforts to schedule these depositions, (3) Defendants thrice cancelled the depositions, most recently on the eve of the deposition and after preparations had already commenced, (4) Defendants admit that they never planned on appearing for certain depositions, and (5) discovery is set to close in twelve days and Defendants have still not indicated if/when they are available to appear. Contrary to Defendants' assertions, Plaintiffs only aim here—which is anything but a "tactical advantage"—is to get the depositions of the three Defendants scheduled within the frameworks set forth by the Federal Rules of Civil Procedure and this Court's Scheduling Order. Accordingly, Plaintiffs respectfully request that the Court Order Defendants (1) to provide three dates that each Defendant is available to be deposed prior to the November 10, 2025 deadline, and (2) to appear for depositions prior to that date.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640

---

Plaintiffs' motion to compel is GRANTED in PART.

The Court hereby extends the deadline to complete all depositions, and the deadline to complete all fact discovery, to **November 21, 2025**. This extension does not change any other deadlines in this case. **No further extensions.**

By **October 31, 2025 at 5pm ET**, Defendants shall provide three dates that each Defendant is available to be deposed prior to the November 21 deadline, and shall appear for depositions prior to that date.

If any other discovery disputes arise, lead counsel on both sides shall meet and confer in good faith promptly. Any counsel who fails to do this will need to show cause why they should not be sanctioned. The Court doesn't appreciate both sides' inflammatory letter-motions.

The Clerk of Court is directed to terminate the motion at Dkt. 28.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 29, 2025