# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

November 17, 2025

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

       *Re:*     Fernandez v. Bulldozer Hospitality Group, Inc., *et al.*
                 Case No.: 1:25-cv-4490 (AS) (GS)

Dear Judge Subramanian:

      This firm represents the Defendants in the above-referenced case. Defendants respectfully submit this letter motion for an extension of time to complete discovery. For the reasons set forth below, Defendants respectfully submit that sufficient good cause exists for this Court to exercise its discretion in favor of granting the requested extension of time.

**Legal Standard**

      Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expire." See Fed. R. Civ. P. 6(b)(1)(A).

      Local Civil Rule 26.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules" or "LCR") provides that "[c]ounsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures."

**Facts and Procedural History**

      Plaintiff filed her complaint on May 29, 2025. See ECF Docket Entry 1. Defendants were purportedly served on June 11, 2025 and nearly immediately appeared by counsel on June 20, 2025. See ECF Docket Entries 7 and 8. On June 25, 2025 and July 2, 2025, two (2) opt-in plaintiffs filed consents to join this case. See ECF Docket Entries 11 and 12.

      On July 18, 2025, Defendants filed an answer to the complaint. See ECF Docket Entry 13. On August 27, 2025, this Court issued a Civil Case Management Plan and Scheduling Order (hereinafter the "Scheduling Order"). See ECF Docket Entry 22. The Scheduling Order provides, *inter alia*, that depositions must be completed by October 27, 2025, all discovery is to be completed by November 10, 2025, and post-discovery summary judgment motions must be filed by December 10, 2025.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 17, 2025
P a g e | 2

On September 4, 2025, Plaintiffs noted their intention to file a motion to conditionally certify a collective action in a joint letter submitted to the Court. See ECF Docket Entry 23 at 3. Critically, in the same joint letter, Defendants noted that they issued a notice of deposition to Plaintiffs. Id. Critically, Plaintiffs noted in that same letter that they have met-and-conferred with Defendants about "pre-certification" discovery. Id. at 4. The parties later resolved their disputes about "pre-certification" discovery on September 10, 2025. See ECF Docket Entry 27.

On October 28, 2025, Defendants substituted their counsel. See ECF Docket Entries 30 and 34. The parties had a dispute about completing Defendants' depositions by November 10, 2025, which this Court resolved by extending the time to complete the depositions to November 21, 2025.[1] See ECF Docket Entries 31 and 33. Notably, the time to complete depositions was extended to November 21, 2025 without addressing the fact that the deadline to complete all discovery – November 10, 2025 according to the Scheduling Order – has passed.[2] More critically, and as referenced in Defendants' October 28, 2025 letter response in opposition, Defendants' undersigned counsel was not in possession of the file from predecessor counsel. See ECF Docket Entry 31. On October 30, 2025, at approximately 6:30 PM, your undersigned received a copy of the file. Although the file indicates that notices of deposition had been served upon all three (3) Plaintiffs – Katherine Fernandez and the two (2) opt-in plaintiffs – no deposition transcripts were contained in the file. At the November 13, 2025 deposition of Defendant Mariana Shahmuradyan ("Shahmuradyan"), your undersigned met-and-conferred[3] with Plaintiffs concerning available dates to conduct the depositions of the three (3) Plaintiffs, which Plaintiffs initially rejected on dubious grounds that Defendants' request was "late," despite the fact notices of deposition had been previously served.

---

[1] Defendants complied with this Court's Order to provide Plaintiffs with three (3) dates that each Defendant is available to be deposed prior to November 21, 2025 on October 31, 2025, as required by the Order. On Thursday, November 13, 2025, the Plaintiffs conducted the deposition of Shahmuradyan. On Tuesday, November 18, 2025, the Plaintiffs will conduct the deposition of Defendants Robert Petrosyants and Bulldozer Hospitality Group, Inc. by and through its designated corporate representative, Robert Petrosyants.

[2] The October 29, 2025 Order provides that the extension does not change any other deadlines in this case.

[3] Your undersigned was not sooner able to conduct the depositions of Plaintiffs due to the preparation for and conducting the following engagements in separate unrelated matters in the two (2) weeks prior, inter alia: (i) a Second Circuit CAMP conference in Superb Motors Inc v. Deo, Docket No.: 25-2189 on Monday, November 10, 2025; (ii) an all-day deposition from 11:00 AM until 6:30 PM in Wynter v. Nassau County Indus. Dev. Agency, Index No.: 621094/2023 (Nassau County Supreme Court); (iii) oral argument before the Hon. Terrence W. Boyle, U.S.D.J. in the United States District Court for the Eastern District of North Carolina in Avi & Co NY Corp. v. ChannelAdvisor Corp., Case No.: 5:23-cv-255 (TWB) (BM), which required a full day of travel on Wednesday, November 12, 2025.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 17, 2025
P a g e | 3

    Although your undersigned's attempt to meet-and-confer with Plaintiffs at the conclusion of Shahmuradyan's deposition proved futile,[4] demonstrating disregard for Local Civil Rule 26.4, Plaintiffs later relented following protracted email correspondence and offered Monday, November 17, 2025 solely in the afternoon for Plaintiff Katherine Fernandez and Wednesday, November 19, 2025 for both of the opt-in plaintiffs, all of which purportedly require a Spanish translator despite the fact they worked in tipped positions at the restaurant dealing with patrons who speak English.

    Setting aside the fact that an afternoon is not nearly enough time to complete the deposition of Plaintiffs' putative class and collective action representative (let alone that a weekend is insufficient to prepare for the deposition), your undersigned has to prepare for the deposition of Robert Petrosyants on Tuesday, November 18, 2025, as well as for a mediation on Wednesday, November 19, 2025 in the morning for Uribe v. Elahi LLC, Case No. 1:24-cv-07182 (HG), and an in-person settlement conference before the Hon. Taryn A. Merkl, U.S.M.J. on the same day in the matter of Fair Housing Justice Center, Inc. v. Niayzov, Case No.: 1:24-cv-4201 (LDH) (TAM) ("Niayoz").[5]  Your undersigned is therefore unavailable to conduct the depositions on the sole dates offered by Plaintiffs because he will be preparing for the foregoing mediation and settlement conference on Monday, November 17, 2025 due to the deposition in this case the following day.

    Consistent with LCR 37.2 and ¶ 5(B) of the Individual Rules, on Sunday, November 16, 2025 at 2:15 PM, your undersigned met-and-conferred telephonically with Daniel Maimon Kirschenbaum ("Kirschenbaum") for three (3) minutes concerning the foregoing issues and sought an extension of time to complete discovery.  Kirschenbaum refused to do so without providing any basis therefor.  The instant letter motion follows, which your undersigned informed Kirschenbaum will be filed.  The required Lead Trial Counsel conference thus occurred.

**<u>Good Cause Exists for this Court to Exercise its Discretion in Favor of an Extension of Time</u>**

    Consistent with ¶ 3(E) of this Court's Rules, Defendants respectfully submit that:

---

[4] Plaintiffs refused to place the discussion on the record nor to memorialize same during the deposition, abruptly ending the deposition.  Consistent with ¶ 1 of this Court's Individual Practices in Civil Case ("Individual Rules"), Defendants also report the following abusive conduct to the Court's attention: (i) taunting your undersigned during the November 13, 2025 deposition by stating "[n]ot every day that the court reporter tells the lawyer he's coming in really soft" in response to a statement by the court reporter; and (ii) arguing with your undersigned during the deposition by stating: "[i]t's obviously relevant. That's asinine" and "[r]ight. Keep it up."

[5] Although your undersigned has not formally appeared in that case, I am representing two (2) individual defendants and their real estate brokerage based on a limited scope retainer as indicated in a submission by the Plaintiffs' attorney in that case.  See Niayoz, ECF Docket Entry 112 (listing your undersigned as an attorney carbon copied on correspondence related to a settlement conference before Judge Merkl).

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 17, 2025
P a g e | 4

      (1) the original dates depositions must be completed, all discovery is to be completed, and post-discovery summary judgment motions must be filed are identified *supra* at page 1;

      (2) there has been one (1) previous request for an extension of time to complete depositions;

      (3) this previous request was granted in part;

      (4) the reason for the requested extension is to permit Defendants to conduct "pre-certification" discovery which will aid the parties and this Court in determining whether conditionally certifying a collective action and/or certifying a class action is appropriate;

      (5) the adversary does not consent and has not provided any reason for refusing to consent; and

      (6) the docket does not reflect any future date for the parties' next scheduled appearance before the Court, but the current deadline to file a motion for summary judgment is December 10, 2025.

      Defendants further submit that good cause exists for an extension of time to complete discovery because conducting the Plaintiffs' depositions will permit the parties to properly evaluate the merits of this case and reach a decision based on the merits rather than permitting the parties to engage in procedural, legal "gotcha" maneuvers that the Plaintiffs seem desperate to rely on.

      Notably, Defendants did not act in this manner when the deposition deadline was looming and themselves offered an extension of time to avoid precisely the same circumstances (wherein Plaintiffs unreasonably refused, resulting in this Court's Order extending the deadline over their objection).

      Good cause also exists because the Plaintiffs have engaged in a demonstrated disregard of their duty under LCR 26.4 to cooperate in discovery. As reflected in this letter,[6] Plaintiffs have plainly failed to cooperate with your undersigned relating to scheduling and timing of various discovery procedures, and otherwise to be courteous in their dealings with your undersigned.

      Defendants thus respectfully submit that sufficient good cause exists for this Court to exercise its discretion in favor of granting the requested extension of time. See Fed. R. Civ. P. 6(b)(1)(A).

---

[6] Defendants recognize that this application exceeds the three (3) page limit set forth in ¶ 5(D) of the Individual Rules, and respectfully seek leave to file excess pages, up to two (2) excess pages, given the volume of information they respectfully submit is necessary for this Court to consider in deciding the instant motion.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 17, 2025
P a g e | 5

      Upon granting the requested extension of time, Defendants wish to meet-and-confer with Plaintiffs concerning the dates depositions will be conducted as well as a briefing schedule for Plaintiffs' anticipated motion to conditionally certify a collective action, together with any other dates in the Scheduling Order that need to be amended, based on the availability provided for a full day deposition of each Plaintiff consistent with Rule 30(d)(1).

      Defendants thank this honorable Court for its time and attention to this case.

Dated:  Jamaica, New York
        November 17, 2025           Respectfully submitted,

                                    **SAGE LEGAL LLC**

                                    */s/ Emanuel Kataev, Esq.*
                                  Emanuel Kataev, Esq.
                                  18211 Jamaica Avenue
                                  Jamaica, NY 11423-2327
                                  (718) 412-2421 (office)
                                  (917) 807-7819 (cellular)
                                  (718) 489-4155 (facsimile)
                                  emanuel@sagelegal.nyc

                                  *Attorneys for Defendants*
                                  *Bulldozer Hospitality Group, Inc.,*
                                  *Robert Petrosyants, and*
                                  *Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*
*Katherine Fernandez,*
*Javier Molina, and*
*Adrian Montor-Peran*