# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah M. Seliger | |

November 17, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
>      No.: 25 CV 4490 (AS)

Dear Judge Subramanian,

      We represent the Plaintiffs in the above-referenced matter. We write to respond to Defendants' letter from earlier today in which they again ask the Court for an eleventh hour discovery extension. ECF No. 31. In short, Defendants' counsel inexplicably waited until eight days before the discovery deadline (which was extended per their own request) to request Plaintiffs' depositions. Plaintiffs immediately (the following morning) provided their availability. Defendants *nevertheless* chose not to move forward with the depositions or to schedule any other depositions before the already extended discovery deadline. As no good cause exists for any further extension—indeed, Defendants have not pointed to any good cause nor can they explain their delay—Plaintiffs respectfully request that the Court deny the extension request.

      By way of brief background, discovery in this case was originally set to close on November 10, 2025. ECF No. 22.  In early September 2025, Defendants noticed the three Plaintiffs' depositions, but did not take the depositions on the dates they noticed.  On October 28, 2025, which was two weeks before discovery was set to close and the afternoon before Plaintiffs were scheduled to take two of the three Defendants' depositions in this matter, Defendants substituted counsel. ECF No. 30.  In light of this substitution, the Court extended the "deadline to complete all depositions, and the deadline to complete all fact discovery to November 21, 2025." The Court further Ordered: "**No further extensions.**" *Id* (emphasis in original).

      On the afternoon of November 13, 2025, incoming counsel indicated <u>for the first time</u> that he wished to schedule the depositions of all three Plaintiffs. Our office immediately got to work trying to schedule Plaintiffs' depositions and, at 8:35 the next morning (November 14, 2025), the

undersigned emailed Defendants' counsel and informed him that the Named Plaintiff was available to be deposed today and the two opt-in Plaintiffs were available to be deposed this coming Wednesday November 19, 2025. Defendants' counsel did not respond to that email on Friday. Yesterday, at Defendants' counsel's request, the parties met and conferred and Defendants' counsel indicated that he was unable to take any of the depositions during the time that Plaintiffs indicated they are available, *i.e.*, he could not take the depositions before the discovery deadline.

Federal Rule of Civil Procedure 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In evaluating whether there was "excusable neglect," the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), "directed courts to consider the following factors: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant, and 4) whether the movant acted in good faith." *Skyers v. United States*, 2015 U.S. Dist. LEXIS 129753, 2015 WL 5671813, at *2 (S.D.N.Y. Sept. 25, 2015). "The Second Circuit has held that the third factor—the reason for the delay, and whether it is within the reasonable control of the movant—is the most important." *Id.* (citation omitted); *see also Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) ("[W]e and other circuits have focused on the third factor.").

In their five-page letter, Defendants do not point to any "good cause" for their delay here. In terms of the third factor cited above, Defendants have proffered no reason at all for the delay. Similarly, in terms of the "good faith" factor, it appears that despite requesting dates for depositions from Plaintiffs last Thursday afternoon, Defendants never actually intended to take the depositions this week. In fact, Defendants' behavior points to quite the opposite of good faith. Defendants wasted counsel's time by requesting that we confer with our clients about dates that they were available this week only to immediately inform us that Defendants are not, in fact, prepared to take the depositions. While in their letter Defendants engage in significant mudslinging (which we will not bother the Court with a response to here), it remains entirely a mystery how anything Plaintiffs did in any way prevented Defendants from seeking the Plaintiffs' depositions in a timely manner and prior to the deadline. In short, Defendants have no excuse for their delay and were anything but diligent in seeking these deposition during discovery. The Court should deny their request for an extension. *See, e.g., Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000) ("a finding of 'good cause' depends on the diligence of the moving party.")

Finally, while the issue is not explicitly before the Court, in Defendants' counsel's letter from earlier today and in our conversation with him yesterday, it appears that he (incorrectly) believes that discovery in this case has been bifurcated such that the parties are currently engaging in pre-certification discovery only and that merits-based discovery will only follow after the Court rules on a certification motion. *See, e.g.,* ECF No. 25 at 2, 4. For avoidance of doubt, there is no order from the Court bifurcating discovery and there is no reason for Defendants to believe that discovery is somehow bifurcated. To be sure, after Plaintiffs take the deposition of Defendants Petrosyants and Bulldozer Hospitality Group Inc., which is scheduled to take place tomorrow, we

anticipate that the record in this case will be complete and that Plaintiffs will be able to move for class certification as well for summary judgment on the major claims in the case.

  We thank the Court for its attention to this matter.

  Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

 s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640