# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

November 17, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

      *Re:*    **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
             **Case No.: 1:25-cv-4490 (AS) (GS)**

Dear Judge Subramanian:

    This firm represents the Defendants in the above-referenced case. Defendants respectfully submit this reply letter in further support of their letter motion for an extension of time to complete discovery.

    Plaintiffs inappropriately rely on the excusable neglect standard pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), but such reliance is misplaced. This is because the good cause standard pursuant to Rule 6(b)(1)(A) applies to Defendants' motion for an extension of time to complete depositions. Indeed, as conceded by the Plaintiffs, this Court extended the deadline to complete depositions to Friday, November 21, 2025. Given that today precedes that deadline, only the good cause standard under Rule 6(b)(1)(A) applies, and the Court should not consider any excusable neglect standard.

    The same should hold true for Defendants' motion for an extension of time to complete fact discovery; this is because, in extending the deadline to complete depositions, it follows that the deadline to complete discovery has similarly been extended. As a result, despite the fact the fact discovery deadline of November 10, 2025 has passed, this Court should consider that the extension of time to complete depositions necessarily extended the deadline to complete fact discovery. Accordingly, only the good cause standard – and not the excusable neglect[1] standard – should control the Court's determination of this motion.

    Good cause exists for an extension of time to complete discovery because half a day[2] is insufficient time to conduct the deposition of Plaintiffs' putative class and collective action

---

[1] Even assuming arguendo that this Court should apply the excusable neglect standard (which it should not), in light of the significant engagements in other matters outlined by your undersigned, Defendants respectfully submit there is a sufficient basis to find excusable neglect.

[2] Even were the Court to consider the possibility of Defendants beginning the deposition for half a day today, this is not feasible because – as discussed in Defendants' moving papers – your undersigned is preparing for the mediation and the settlement conference on Wednesday, November 19, 2025 today since tomorrow has been set aside for Plaintiffs' depositions of the remaining Defendants.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 17, 2025
P a g e | 2

representative when that witness is going to be relying on the use of an interpreter, and because Defendants' counsel is engaged in two (2) separate matters on Wednesday, November 19, 2025. Accordingly, good cause inherently exists for an extension of time to complete discovery.

It must be noted, further, that Plaintiffs can point to no prejudice from an extension of time to complete discovery. Whether the Plaintiffs have been prejudiced "'turns on the degree to which the delay was lengthy and inexcusable.'" See United States v. Gellerstein, No. 08-cv-2702 (KAM) (JO), 2011 WL 710446, at *6 (E.D.N.Y. Feb. 22, 2011) (quoting United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 256 (2d Cir. 2004)). "Thus, where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" Id. (quoting Drake, 375 F.3d at 256).

Here, the length of the delay is a matter of a few weeks in which your undersigned was preparing for and engaged in significant matters such as all-day depositions and in-person oral argument on motions outside the State of New York which required all-day travel, all of which gives rise to excusable delay. Thus, in these circumstances, the Plaintiffs come nowhere close to establishing prejudice from a short delay in completing discovery to permit the parties to complete depositions and have a determination on the merits. See Brik v. Lavanco, No. 23-CIV.-3507 (AMD) (LB), 2025 WL 2052257, at *4 (E.D.N.Y. July 22, 2025) ("Although this is a close call, the Court, giving the [party seeking an extension of time] the benefit of every conceivable doubt, concludes that the four-month delay that the [requesting party's] behavior has caused, while inexcusable, is not so extreme as to cause undue prejudice"). In this case, where the delay *is* excusable, and does not come close to the four (4) months in Brik, Plaintiffs cannot establish any prejudice by an extension of time to complete discovery. Accordingly, Defendants' motion should be granted. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
November 17, 2025                    Respectfully submitted,

                                     SAGE LEGAL LLC
                                      /s/ Emanuel Kataev, Esq.
                                     Emanuel Kataev, Esq.
                                     18211 Jamaica Avenue
                                     Jamaica, NY 11423-2327
                                     (718) 412-2421 (office)
                                     (917) 807-7819 (cellular)
                                     (718) 489-4155 (facsimile)
                                     emanuel@sagelegal.nyc

                                     *Attorneys for Defendants*
                                     *Bulldozer Hospitality Group, Inc.,*
                                     *Robert Petrosyants, and*
                                     *Marianna Shahmuradyan*

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 17, 2025
P a g e | 3

**VIA ECF**
Joseph & Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*
*Katherine Fernandez,*
*Javier Molina, and*
*Adrian Montor-Peran*