# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

November 25, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

      *Re:*    Fernandez v. Bulldozer Hospitality Group, Inc., *et al.*
             <u>Case No.: 1:25-cv-4490 (AS) (GS)</u>

Dear Judge Subramanian:

      This firm represents the Defendants Bulldozer Hospitality Group, Inc (hereinafter "Bulldozer" or the "Corporate Defendant"), Robert Petrosyants ("Petrosyants"), and Mariana Shahmuradyan ("Shahmuradyan") (Petrosyants and Shahmuradyan collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case. Defendants respectfully submit this letter motion for an Order compelling the Plaintiffs Katherine Fernandez ("Fernandez"), Javier Molina ("Molina"), and Adrian Montor-Peran ("Montor-Peran") (Fernandez, Molina, and Montor-Peran collectively hereinafter the "Plaintiffs"), to appear for their depositions in-person as originally noticed. For the reasons set forth below, Defendants respectfully submit that their motion should be granted.

**<u>Facts</u>**

      Fernandez filed her complaint as the sole Plaintiff on May 29, 2025. <u>See</u> ECF Docket Entry <u>1</u>. Defendants were purportedly served on June 11, 2025 and nearly immediately appeared by counsel on June 20, 2025. <u>See</u> ECF Docket Entries <u>7</u> and <u>8</u>. On June 25, 2025 and July 2, 2025, opt-in plaintiffs Molina and Montor-Peran filed consents to join this case. <u>See</u> ECF Docket Entries <u>11</u> and <u>12</u>.

      On August 8, 2025, Defendants served Fernandez, by and through counsel, a notice of deposition to proceed on October 14, 2025. The notice provides that the deposition shall proceed in person. <u>See</u> copy of Fernandez notice of deposition annexed hereto as **Exhibit "A."** On August 27, 2025, after issue was joined on July 18, 2025, this Court issued a Civil Case Management Plan and Scheduling Order (hereinafter the "Scheduling Order"). <u>See</u> ECF Docket Entries <u>13</u> and <u>22</u>. The Scheduling Order provides, *inter alia*, that depositions must be completed by October 27, 2025 and post-discovery summary judgment motions to be filed by December 10, 2025. <u>Id.</u>

      On September 5, 2025, Defendants served Montor-Peran and Molina, by and through counsel, notices of deposition to proceed on October 15, 2025 and October 16, 2025, respectively. The notices similarly provide that those depositions shall proceed in person. <u>See</u> copy of Montor-Peran and Molina notices of deposition annexed hereto as **Exhibits "B" and "C."**

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 25, 2025
P a g e | 2

On October 28, 2025, Defendants substituted their counsel. See ECF Docket Entries 30 and 34. The parties had a dispute about completing Defendants' depositions by November 10, 2025, which this Court resolved by extending the time to complete the depositions to November 21, 2025. See ECF Docket Entries 31 and 33.

Defendant Shahmuradyan was deposed on November 13, 2025. Defendant Petrosyants was deposed on November 18, 2025, both individually and in his capacity as corporate representative of the Corporate Defendant. The parties had a dispute about whether Petrosyants had sufficient corporate knowledge over some of the items identified in Plaintiffs' notice of deposition (the "Notice") issued pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). The parties met-and-conferred immediately after the deposition and once more yesterday, and resolved the dispute by Defendants agreeing to produce another corporate representative with knowledge as to the remaining items identified in the Notice. That deposition will proceed on Wednesday, December 3, 2025 at 11:00 AM.[1]

The day prior, Defendants moved for an extension of time to complete discovery because Plaintiffs refused to cooperate in providing deposition dates. See ECF Docket Entry 35. The Court resolved that dispute the following day by denying the letter motion for an extension of time to complete discovery, but permitting Defendants to conduct the depositions of Plaintiffs up to December 10, 2025, the deadline to move for summary judgment. See ECF Docket Entry 38. The parties met-and-conferred, and have agreed to the following dates for the depositions of Plaintiffs: (i) Tuesday, December 2, 2025 for Montor-Peran; (ii) December 8, 2025 for Fernandez; and (iii) December 10, 2025 for Molina. Defendants sent updated notices of deposition to Plaintiffs confirming that the depositions shall proceed in person. See copies of updated notices annexed hereto as **Exhibits "D," E," and "F."** Plaintiffs responded objecting to proceeding in-person, and claim – without evidence – that the parties previously agreed[2] to conduct depositions virtually, a fact belied by the notices of deposition sent by Defendants' predecessor counsel. In light of the foregoing, Defendants requested that Plaintiffs provide their availability to meet-and-confer. Plaintiffs went radio silent. Defendants followed up and Plaintiffs again refused to respond.[3]

---

[1] The parties agreed that this deposition shall be limited to four (4) hours due to Rule 30(d)(1) because Petrosyants' deposition lasted for three (3) hours, but that if Plaintiffs seek additional time at the conclusion of same, the parties agreed to meet-and-confer on the subject in an attempt to resolve any such dispute should it arise.

[2] Plaintiffs also stated that your undersigned agreed to conduct depositions remotely; this is untrue.

[3] This is part of a pattern-and-practice evidencing continuing disregard for Local Civil Rule 26.4, and a thinly veiled attempt to run the clock out for Defendants to obtain relief due to Thanksgiving holiday beginning tomorrow evening. While Defendants are cognizant of their obligation to meet-and-confer, doing so under these circumstances will render their current application moot. Notwithstanding, should Plaintiffs comply with their obligations under LCR 26.4, Defendants will supplement the instant motion with the results of any such meet-and-confer.

**Legal Standard**

Rule 37 permits a court, on motion, to order appropriate relief if a party fails, after being served with proper notice, to appear for that person's deposition. See Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37 further provides that if the motion is granted in part and denied in part, after giving an opportunity to be heard, the court may apportion reasonable expenses for the motion. See Fed. R. Civ. P. 37(a)(5)(C). "The imposition of sanctions under Rule 37 lies within the broad discretion of the district court." See Prudential Ins. Co. of Am. v. Payne, No. 20-CV-03683(JS)(JMW), 2022 WL 393633, at *2 (E.D.N.Y. Feb. 9, 2022) (citing Perros v. Cnty of Nassau, 15-CIV.-5598 (GRB) (AKT), 2021 WL 4480666, at *7 (E.D.N.Y. Sep. 30, 2021)).

"Rule 37 is most relevant when a party fails to comply with a court order to produce discovery or fails to produce to an adversary relevant, requested information." Id. (internal quotation and citation omitted). As a general rule, a plaintiff will be required to make himself available for a deposition in the forum where he brought suit. See Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011); Schindler Elevator Corp. v. Otis Elevator Co., No. 06-CIV.-5377 (CM) (THK), 2007 U.S. Dist. LEXIS 44200, 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007) (collecting cases); Dubai Islamic Bank v. Citibank, N.A., No. 99 Civ. 1930 (RMB) (TH), 2002 U.S. Dist. LEXIS 9794, 2002 WL 1159699, at *12 (S.D.N.Y. May 21, 2002) (collecting cases).

Further, "the party noticing the deposition usually has the right to choose the location." See Buzzeo v. Bd. of Educ., 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted); see also Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"); 7 Moore's Federal Practice, § 30.20(1)(b)(ii) (same). In addition, Rule 30(b)(4) provides that "[t]he parties *may* stipulate—or the court *may on motion* order—that a deposition be taken by telephone or other remote means." See Fed. R. Civ. P. 30(b)(4) (emphasis added). That is, as further set forth below, the party seeking to conduct depositions remotely must make the appropriate application to do so.

Ultimately, the determination of "'[t]he matter rests in the discretion of the court and there must be a careful weighing of the relevant facts.'" See Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 592 (S.D.N.Y. 1994) (quoting Seuthe v. Renwal Prods., Inc., 38 F.R.D. 323, 324 (S.D.N.Y. 1965)). Accordingly, courts sometimes order that depositions of plaintiffs be held elsewhere or by telephone where the plaintiff is physically or financially unable to come to the forum. See, e.g., Zito v. Leasecomm Corp., 233 F.R.D. 395, 398 (S.D.N.Y. 2006) (allowing certain plaintiffs' depositions to proceed by telephone where monetary value of claims were low and travel to distant cities would be a hardship for them but allowing defendants to conduct examinations by videoconference provided that that they bear the expense and make arrangements for plaintiffs to appear within fifty (50) miles of plaintiffs' residences); Normande, 2002 U.S. Dist. LEXIS 501, 2002 WL 59427, at * 1-2 (application to take deposition by telephone granted where plaintiff resided in Brazil, would have to travel with small infant, and case was not complex); Abdullah, 154 F.R.D. at 592-94 (relief granted where indigent plaintiff lived in London and would face prejudice).

Based on the foregoing, and as further set forth below, Defendants are entitled to sanctions for Plaintiff's failure to appear for his deposition.

**This Court Should Compel All Plaintiffs to Appear for their Depositions In-Person**

Here, Defendants are entitled to relief for Plaintiff's anticipated failure to appear at their depositions as directed in their notice and pursuant to this Court's Order to complete depositions on or before December 10, 2025. As set forth above, Defendants timely noticed Plaintiff's deposition for October 14, 15, and 16 to proceed in-person. As such, Defendants are entitled to relief for this reason alone. Plaintiffs' only objection to appearing in person is that the parties previously agreed to conduct depositions remotely, both through predecessor counsel and your undersigned counsel. However, the notices of deposition by both counsel directed Plaintiffs to appear for their depositions in person and Plaintiffs failed to move under Rule 30(b)(4) to have the depositions conduct remotely, nor did Plaintiffs seek a protective Order pursuant to Rule 26(c). Moreover, Defendants' undersigned counsel never agreed to conduct Plaintiffs' depositions remotely; your undersigned only confirmed with Plaintiffs the manner in which they wished to proceed with Defendants' depositions. Plaintiffs voluntarily chose to proceed with the Defendants' depositions remotely. If they wish to proceed with the December 3, 2025 deposition of the Corporate Defendant in-person, Defendants are amenable to doing so. Similarly, your undersigned is not aware of any agreement with predecessor counsel as Plaintiffs failed to produce any evidence of such an agreement, nor have Plaintiffs met-and-conferred with Defendants as required by LCR 26.4 and Rule 37.

Therefore, by virtue of their failure to produce evidence of any agreement as well as their failure to move under Rules 26(c) and/or 30(b)(4), Plaintiffs waived any right to object to proceeding with their depositions in-person because they made no motion either for a protective Order or to proceed with his deposition remotely. See, e.g., UBS Intern. Inc. v. Itete Brasil Instalacoes Telefonicas Ltd., No. 09-CIV.-4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010); Eldaghar v. City of New York Dep't of Citywide Administrative Services, No. 02-CIV.-9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003); see also 8A CHARLES ALLAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2035 (3d ed. 2018) ("At least with regard to depositions, the [protective] order should ordinarily be obtained before the date set for the discovery, and failure to move at that time has been held to preclude objection later"); id. at § 2173 ("Failure to make a timely objection is not the only way in which an objection can be waived"). Further, because Plaintiffs failed to move under Rules 26(c) and/or 30(b)(4) prior to October 14, 2025 (the original date for Fernandez's deposition), Plaintiffs must now establish both good cause and excusable neglect for their failure to promptly move. See Fed. R. Civ. P. 6(b)(1)(B). However, even were this Court to consider Plaintiffs' objections to appearing in-person for their depositions (which it should not), courts routinely require a plaintiff to appear for depositions in the forum where they brought suit. See Stapleton v. Prince Carpentry, Inc., No. 22-CIV.-4044 (JS) (JMW), 2023 WL 1785547, at *2 (E.D.N.Y. Feb. 6, 2023) ("Defendants' motion to compel the deposition of Plaintiff in person … is granted").

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 25, 2025
P a g e | 5

      Here, Plaintiffs fail to make any showing as to why they cannot proceed with their deposition in-person.  To Defendants' knowledge, each Plaintiff continues to reside within the State of New York as they worked for Defendants in midtown Manhattan.  There is therefore no basis for Plaintiffs' objections.

      Further, Defendants would be prejudiced by not taking Plaintiffs' depositions in person to properly assess them as a witness (and, for Fernandez, as a putative class and/or collective action representative).  In addition, Plaintiffs would be required to appear for trial in person, and – as such – their depositions should be no different.  Indeed, Rule 30 provides that a deposition should proceed as it would at trial.  See Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial …").  In this case, it is anticipated that trial would proceed in person.  As such, Plaintiffs' depositions should similarly proceed in person.  Further, "The [Rules] emphasize the "importance of live testimony in open court," see Fed. R. Civ. P. 32(a)(4)(E), and "[t]here is a strong preference for live testimony, long recognized by the courts, as it provides the trier of fact the opportunity to observe the demeanor of the witness." See United States v. Int'l Bus. Machines Corp., 90 F.R.D. 377, 381 (S.D.N.Y. 1981).

      As such, in light of the strong preference for live testimony, and because Plaintiffs failed – and therefore waived their right – to seek any relief related to the manner in which their depositions would be conducted, this Court should compel Plaintiffs to appear for their depositions in person at your undersigned's midtown Manhattan office minutes away from the restaurant they worked at.  Again, this Court set forth in the Order that the parties are required to complete depositions by December 10, 2025.  Plaintiffs' anticipatory failure to appear for their depositions as noticed and as required by this Court's Order will cause Defendants prejudice, and Plaintiffs should not benefit from their gamesmanship and any failure to comply, especially after having waived their right to seek a protective Order or seek to convert the deposition to be conducted remotely.   Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York           Respectfully submitted,
       November 25, 2025             **SAGE LEGAL LLC**
                                                    */s/ Emanuel Kataev, Esq.*
                                           Emanuel Kataev, Esq.
                                           18211 Jamaica Avenue
                                           Jamaica, NY 11423-2327
                                           (718) 412-2421 (office)
                                           (917) 807-7819 (cellular)
                                           (718) 489-4155 (facsimile)
                                           emanuel@sagelegal.nyc

                                           *Attorneys for Defendants*
                                           *Bulldozer Hospitality Group, Inc.,*
                                           *Robert Petrosyants, and*
                                           *Marianna Shahmuradyan*

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 25, 2025
P a g e | 6

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*
*Katherine Fernandez,*
*Javier Molina, and*
*Adrian Montor-Peran*