# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Mike DiGiulio
Leah M. Seliger

45 Broadway, Suite 320
New York, NY 10006
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

November 25, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
               No.: 25 CV 4490 (AS)

Dear Judge Subramanian,

      We represent the Plaintiffs in the above-referenced matter. We write to respond to Defendants' "emergency" letter-motion to compel and for sanctions filed earlier today. ECF No. 39 (the "Motion"). As set for the below, Plaintiffs' counsel and prior counsel for Defendants had an agreement that all depositions in this matter would be conducted remotely, and (especially given the tight window in which the parties have to complete discovery) incoming counsel should not be allowed to back out of that agreement.

      As an initial matter, Defendants admit that they did not meet and confer prior to filing the Motion. Accordingly, the Court should Order Defendants to show cause as to why they should not be sanctioned for this failure. Specifically, the Court has already cautioned the parties in this case that "[i]f any other discovery disputes arise, lead counsel on both sides shall meet and confer in good faith promptly. Any counsel who fails to do this will need to show cause why they should not be sanctioned." ECF No. 33; *see also* S.D.N.Y. Local Civil Rule 37.2; § 5.C of the Court's Individual Practices in Civil Cases. Moreover, Defendants violated, for the second time in the last eight days, the Court's requirement that letter-motions about discovery be limited to 3 pages. *See id.* at § 5.(D); ECF Nos. 35, 39.

      Defendants' proffered reasons for their failure to meet and confer are intentionally misleading by omission. Specifically, Defendants state that they "requested that Plaintiffs provide their availability to meet-and-confer. Plaintiffs went radio silent. Defendants followed up and Plaintiffs again refused to respond." ECF No. 39 at 2. Defendants neglect to mention that they first requested to meet and confer at 8:55 this morning. Defendants also omit that before

Defendants filed the Motions, Plaintiffs *did* provide their availability to meet and confer tomorrow and thus Defendants accusations are plainly absurd. *See* Exhibit 1 (email providing the undersigned's availability which is timestamped prior to the time that the Motion was filed).

Turning to the substance of Defendants' application, the undersigned had an oral agreement with prior counsel that depositions would be conducted remotely. This agreement is referenced in a September 30, 2025 email between prior counsel and the undersigned. *See* Exhibit 2 at 1 ("Remote is fine for us. Will any of your clients need a translator?") (highlight added).  To be sure, Defendants have also benefited from this agreement as all Defendants have been deposed remotely and two of the Defendants recently testified from Tashkent, Uzbekistan.

It also merits highlighting how the parties arrived at this juncture. The Court *denied* Defendants' last minute request to conduct depositions that they failed to conduct within the already-extended discovery period, but allowed them to "use the time between now and the deadline for summary judgment motions to complete discovery." ECF No. 38.  In light of this Order, Plaintiffs—who are day workers and have busy schedules—made themselves available (again) to be deposed in this short timeframe with the understanding that the depositions would be remote as originally agreed.  Given (a) the original agreement to conduct depositions remotely, as Plaintiffs have done as well, and (b) the very limited time in which to complete discovery given Defendants' own dilly-dallying, Defendants should not be allowed to suddenly back out of their agreement.  Accordingly, Plaintiffs respectfully request that the Court Order that all depositions are permitted to be conducted remotely.

Plaintiffs are generally loathe to engage in hyper-aggressive motion practice.  However, given Defendants' repeated run-ins with discovery deadlines and their failure to properly meet and confer, their bombastic request for Fed. R. Civ. P. 37 sanctions at this juncture, is unjustified and in bad-faith. *See* Motion at 3-4.  To be sure, Defendants seek sanctions for Plaintiffs' "failure to appear[,]" which clearly has not happened given that the depositions are scheduled to take place next month.

Fed. R. Civ. P. 37(a)(5)(B) provides that:

> If the motion [for sanctions] is denied, the court […] must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Defendants and their counsel should have to pay our firm's fees incurred in opposing the application. *See, e.g., Dorchester Fin. Holdings Corp. v. Banco Brj, S.A.*, No. 11-CV-1529, 2014 U.S. Dist. LEXIS 96101, at *22 (S.D.N.Y. July 3, 2014) (sanctioning party and their counsel under Fed. R. Civ. P. 37(a)(5)(B) where the "motion was not substantially justified because it was baseless and contained an argument unsupported in fact and in law, namely, that the defendant must produce what does not exist" and "[n]o other circumstances make an award of expenses unjust.").

      For all the foregoing reasons, Plaintiffs respectfully request that the Court (1) Order Defendants' to show cause as to why they should not be sanctioned for failing to meet and confer, (2) Order that Plaintiffs' deposition be conducted remotely, and (3) Order Defendants' and their counsel to pay Plaintiffs' counsels' fees incurred in preparing a response to the Motion.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640