# Sage Legal LLC
**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 25, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

      *Re:*    **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
             <u>**Case No.: 1:25-cv-4490 (AS) (GS)**</u>

Dear Judge Subramanian:

      This firm represents the Defendants in the above-referenced case. Defendants respectfully submit this reply letter in further support of their motion for an Order compelling the Plaintiffs Katherine Fernandez ("Fernandez"), Javier Molina ("Molina"), and Adrian Montor-Peran ("Montor-Peran") (Fernandez, Molina, and Montor-Peran collectively hereinafter the "Plaintiffs"), to appear for their depositions in person as originally noticed.

      Plaintiffs provide no basis for denying the relief Defendants seek.

      They argue, first, that there was an "agreement"[1] that *all* depositions will be conducted remotely. However, in support of their argument, they rely on an email in which Defendants, through predecessor counsel, confirmed that they are fine with proceeding with *Defendants'* depositions virtually. <u>See</u> ECF Docket Entry 40-2 at 1 (September 30, 2028 email from Plaintiffs to Defendants: "Also, in terms of Nicholas's earlier email, we plan to take the depositions remotely," with reply from Defendants to Plaintiffs stating "Remote is fine for us"). This exchange does not evidence an agreement to conduct Plaintiffs' depositions remotely; only an agreement that Plaintiffs will conduct Defendants' depositions remotely. This is because Plaintiffs' deposition notices provide that the deposition may proceed in-person *or* virtually, without specifying in what manner. <u>See</u>, e.g., copy of Plaintiffs' deposition notice annexed hereto as **Reply Exhibit "A."** Based on this exchange, no agreement can be read into these emails. Notably, Plaintiffs failed to provide any evidence of an agreement between your undersigned counsel for Defendants to conduct depositions remotely. This is because no such agreement exists.

      Plaintiffs then pivot to argue that Defendants should be sanctioned for failing to meet-and-confer as required. Yet, despite Plaintiffs' immediate response to Defendants' deposition notices objecting to proceeding in person, Plaintiffs went radio silent this morning when asked to meet-and-confer. Plaintiffs did so purposely to run the clock out on obtaining an Order requiring them to appear in person for their depositions. This is evidenced by both their going radio silent this morning and investing their time in filing a letter response in opposition rather than simply meeting-and-conferring as required.

---

[1] In that regard, Plaintiffs' understanding of an agreement is as unavailing as the merit of their claims in this case.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 25, 2025
P a g e | 2

Indeed, their offer to meet tomorrow at 4:15 PM, right before the holiday begins, reeks of their desperation to avoid a timely ruling on this dispute. Defendants had already filed the instant motion at the time they received Plaintiffs' email,[2] and waiting until tomorrow to meet-and-confer will prevent a timely ruling on this dispute. Accordingly, Defendants respectfully submit that they were well within their right to raise this issue with the Court, and reiterates their intent to supplement their motion with the results of their meet-and-confer tomorrow after 4:15 PM – Plaintiffs' only available time to do so despite the fact they had the time to draft a three (3) page letter response in opposition.

Plaintiffs also argue that "how the parties arrived this juncture" somehow warrants denial of Defendants' request. This juncture is the sole result of Plaintiffs' inflexibility and rigidity to keeping the discovery deadlines as is for a tactical advantage, forcing your undersigned to focus almost exclusively on this case and handling six (6) depositions within the span of a month when the parties could have easily cooperated with each other to give each other more time. In that regard, Plaintiffs are no less sympathetic than one who murders their parents and then asks for leniency on the grounds that he or she is now an orphan.

Plaintiffs' arguments that they are day laborers who made themselves available on the grounds that the depositions would proceed remotely makes no sense. Whether they appear in-person or remotely, the deposition will prevent them from working on the one (1) day each of them appear for their depositions.

As to Plaintiffs' cross-request for sanctions, Defendants respectfully submit that their request is meritless. Defendants are well within their rights to stand on their deposition notices in light of the lack of any evidence of an agreement, Plaintiffs' refusal to timely meet-and-confer as a strategic gambit, and due to their abject failure to seek a protective Order or to convert the depositions to proceed virtually. Indeed, the authorities Defendants cite in support of their arguments are unchallenged, and this Court should deem Plaintiffs' opposition to same abandoned by virtue of their failure to set forth the cases and other authorities relied on in opposition.[3]

---

[2] Your undersigned had support staff file the motion at 3:07 PM, while your undersigned was engaged in an in-person meeting at 3:00 PM when Plaintiffs finally decided to provide their availability to meet-and-confer. The email with their availability did not include my support staff, and I did not review the email until after my 3:00 PM meeting before I began a telephone consultation.

In any event, waiting to file the motion until after the meet-and-confer tomorrow would result in mooting Defendants' application, as it is uncertain when this Court would be able to issue a ruling, leaving only Monday, December 1, 2025 at the earliest in light of the holiday, which would reward Plaintiffs by then claiming they have insufficient time to have them appear in person.

[3] See Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
November 25, 2025
P a g e | 3

   Accordingly, because Defendants have established their entitlement to proceed with Plaintiffs' depositions in person as noticed twice now, and since Plaintiffs provide no basis to deny this relief, Defendants' letter motion to compel Plaintiffs to appear for their depositions in person must be granted.

   Defendants thank this honorable Court for its time and attention to this case.

| | |
|---|---|
| Dated: Jamaica, New York<br>    November 25, 2025 | Respectfully submitted,<br>**SAGE LEGAL LLC**<br> /s/ Emanuel Kataev, Esq._<br>Emanuel Kataev, Esq.<br>18211 Jamaica Avenue<br>Jamaica, NY 11423-2327<br>(718) 412-2421 (office)<br>(917) 807-7819 (cellular)<br>(718) 489-4155 (facsimile)<br>emanuel@sagelegal.nyc<br>*Attorneys for Defendants*<br>*Bulldozer Hospitality Group, Inc.,*<br>*Robert Petrosyants, and*<br>*Marianna Shahmuradyan* |

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com
*Attorneys for Plaintiffs*
*Katherine Fernandez,*
*Javier Molina, and*
*Adrian Montor-Peran*

---

a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way"); <u>see also</u> <u>Bombard v. Central Hudson Gas & Elec.</u>, 614 N.Y.S.3d 577, 580 (3d Dept. 1994) (holding under New York state law, the failure to provide argument on a point at issue constitutes abandonment of the issue).

It is worthy to note that courts apply this maxim outside of motions for summary judgment. <u>See</u>, e.g., <u>Randall v. Dish Network, LLC</u>, No. 2:17-CIV.-5428 (ADS) (GRB), 2018 WL 3235543, at *5 (E.D.N.Y. July 2, 2018) (Spatt, J.) ("In light of the Plaintiff's failure to address these claims in his opposition papers to this motion [to dismiss pursuant to Rule 12(b)(6)], the above-mentioned claims are deemed abandoned") (collecting cases).