# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah M. Seliger | |

December 3, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
>       No.: 25 CV 4490 (AS)

Dear Judge Subramanian,

We represent the Plaintiffs in the above-referenced matter. We write to respectfully confirm that our intended course of action—to move concurrently for both Fed. R. Civ. P. Rule 23 class certification and partial summary judgment on a classwide basis by the December 10, 2025 summary judgment deadline—is acceptable to the Court. *See* ECF Nos. 22, 38. Given the virtual uniformity of Plaintiffs' claims and those of the Class, Plaintiffs submit that this is the most efficient course of action

By way of brief background, this is a wage and hour class action brought by tipped food-service employees at Osteria La Baia ("OLB") restaurant in Manhattan. Plaintiffs are preparing to move for summary judgment on the most significant claims in the case by the summary judgment deadline. Specifically, as outlined below, Plaintiffs intend to move for a finding that as a matter of law, (1) the individual Defendants are the food-service employees' employers under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), (2) Defendants failed to provide tipped employees with written notice of the tip credit and thereby failed to pay minimum wage and overtime, and (3) Defendants failed to provide written wage notices when employees were hired at OLB.[1] Significantly, the facts underlying all these claims apply equally to putative class members for whom Plaintiffs also seek to have a class certified.

---

[1] Plaintiffs may also move for summary judgment under N.Y. Lab. Law 196-d for a finding that they should not have been required to share tips with a manager at OLB who supervised the food-service employees. *See Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 473, 995 N.E.2d 153, 972 N.Y.S.2d 191 (2013) (managers or other employees who exercise "meaningful or significant authority or control over subordinates" may not participate in tip pools.).

Relevant here, there is no dispute that Defendants Shamuradyan and Petrosyants were Plaintiffs' and putative class members' employers under the FLSA and NYLL. To determine whether an individual is an employer, courts look to "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (citation omitted). Employer status "does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). "Control may be restricted, or exercised only occasionally . . . ." *Id.*; *see also, e.g., Van Duser v. Tozzer Ltd.*, No. 23-cv-9329 (AS), 2024 U.S. Dist. LEXIS 198344, at *9 (S.D.N.Y. Oct. 31, 2024) (Subramanian J.). Here, Plaintiffs plan to adduce undisputed evidence that both Shamuradyan and Petrosyants exercised operational control over OLB and thus that they should be found to be Plaintiffs' and class members' employers.

Next, OLB's food-service employees were all paid below the relevant statutory minimum wage rates, *i.e.*, pursuant to a tip credit. Defendants were not entitled to use a tip credit because they did not provide food-service employees with proper notice of the tip credit, which makes Defendants' use of a tip credit unlawful.

Under New York law, an employer may pay employees pursuant to a tip credit only "if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2" of the Hospitality Industry Wage Order. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.3. Section 146-2.2 of the Hospitality Industry Wage Order is titled "Written notice of pay rate, tip credit and pay day." *Id*. § 146-2.2. It states that "an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." *Id*. Such notice is required "prior to the start of employment" and "prior to any change in the employee's hourly rates of pay." *Id*. § 146-2.2(a), (b). The employer bears the burden of proving compliance with this notice requirement. *Id*. § 146-2.2(d). "An employer who fails to provide the required notice is liable for the difference between the full minimum wage rate and what the employee was actually paid." *Salustio v. 106 Columbia Deli Corp*., 264 F. Supp. 3d 540, 554 (S.D.N.Y. 2017) (citation omitted).

Here, Defendants admit that they failed to provide written notice of the tip credit and thus all food-service employees. Specifically, despite their requirement to do so, Defendants have not produced any written notices they provided to Plaintiffs or any putative class members. Accordingly, Plaintiffs and the class will be able to recover the difference between the full minimum wage rate and the rate they were actually paid. *See, e.g., Hernandez v. JRPAC Inc.,* No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, at *81 (S.D.N.Y. June 9, 2016).

Lastly, and as a result of substantially the same facts underlying the tip credit violation, Defendants violated N.Y. Lab. Law § 195(1) by failing to provide new hires with notice and acknowledgment of pay rate forms at the start of their employment. N.Y. Lab. L. § 195(1) requires employers to provide employees "at the time of hiring" a notice stating:

the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; [and] the telephone number of the employer[.]

N.Y. Lab. L. § 195(1)(a). As described above, Defendants did not provide any wage notices in violation of N.Y. Lab. L. § 195(1), and thus all OLB's tipped food-service employees are entitled to damages under N.Y. Lab. L. § 198(1-a).

Plaintiffs intend to file this motion by the December 10, 2025 deadline. At that time, Plaintiffs also intend to move for class certification under Rule 23. To be sure, "[t]here is nothing in Rule 23 to preclude the Court from examining the merits of plaintiffs' claims on a proper . . . Rule 56 motion simply because such a motion is returnable contemporaneously with a class motion." *Adames v. Mitsubishi Bank, Ltd.*, 133 F.R.D. 82, 87 n. 1 (E.D.N.Y. 1989). "Although the Second Circuit has not directly addressed this issue, courts within the Circuit have previously decided summary judgment and class certification in a single order." *Vu v. Diversified Collection Servs.*, 293 F.R.D. 343, 351 (E.D.N.Y. 2013) (deciding class certification and a plaintiff's classwide summary judgment motion at the same time) (citing *Ramos v. SimplexGrinnell L.P.*, 796 F. Supp. 2d 346 (E.D.N.Y 2011); *Vega v. Credit Bureau Enters.*, No. 02-CV-1550 (DGT), 2005 U.S. Dist. LEXIS 4927, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005); *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325 (S.D.N.Y. 2009)).

Here, Plaintiffs' claims for which they seek to summary judgment are identical to the class's claims. In fact, the facts underlying those claims, *i.e.*, that none of OLB's employees received the paperwork they required to receive, are the same facts that will support Plaintiffs' motion for class certification. Accordingly, we believe that it serves judicial economy and will streamline the resolution of this matter to have the motions decided now. Nonetheless, in an abundance of caution, we write to respectfully request the Court's permission to file those motions contemporaneously.

We remain at the Court's disposal should Your Honor wish to address any of the foregoing at a conference.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640