# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

December 3, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

   *Re:* **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
      <u>Case No.: 1:25-cv-4490 (AS) (GS)</u>

Dear Judge Subramanian:

  This firm represents the Defendants Bulldozer Hospitality Group, Inc (hereinafter "Bulldozer" or the "Corporate Defendant"), Robert Petrosyants ("Petrosyants"), and Mariana Shahmuradyan ("Shahmuradyan") (Petrosyants and Shahmuradyan collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case. Defendants respectfully submit this letter motion for an extension of time to move for summary judgment against Plaintiffs Katherine Fernandez ("Fernandez"), Javier Molina ("Molina"), and Adrian Montor-Peran ("Montor-Peran")[1] (Fernandez, Molina, and Montor-Peran collectively hereinafter the "Plaintiffs"). For the reasons set forth below, this Court should exercise its discretion in favor of granting the requested extension.

**<u>Legal Standard</u>**

  Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expire." <u>See</u> Fed. R. Civ. P. 6(b)(1)(A).

**<u>Relevant Procedural History</u>**

  On August 27, 2025, this Court issued a Civil Case Management Plan and Scheduling Order (hereinafter the "Scheduling Order"). <u>See</u> ECF Docket Entry 22. The Scheduling Order provides, *inter alia*, the following briefing schedule for post-discovery summary judgment motions: (i) moving papers by <u>December 10, 2025</u>; (ii) opposition papers by January 6, 2026; and reply papers by January 13, 2026. <u>Id.</u> (emphasis added). On October 28, 2025, Defendants substituted their counsel. <u>See</u> ECF Docket Entries 30 and 34. The parties had a dispute about completing Defendants' depositions by November 10, 2025, which this Court resolved by extending the time to complete the depositions to November 21, 2025, which was later extended to December 10, 2025. <u>See</u> ECF Docket Entries 31, 33, and 38.

---

[1] Montor-Peran's correct spelling of his last name is Teran as confirmed at his deposition and payroll records.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
December 3, 2025
P a g e | 2

On Thursday, November 13, 2025, the Plaintiffs conducted the deposition of Shahmuradyan. On Tuesday, November 18, 2025, the Plaintiffs conducted the deposition of Petrosyants and Bulldozer. On Monday, December 2, 2025, Defendants conducted the deposition of opt-in Plaintiff Montor-Peran. On Tuesday, December 3, 2025, Plaintiffs will conduct the deposition of Bulldozer by another representative.

On Monday, December 8, 2025, Defendants will conduct the deposition of Plaintiff Fernandez. On Wednesday, December 10, 2025, Defendants will conduct the deposition of opt-in Plaintiff Molina.

**Good Cause Exists to Extend Defendants' Deadline to Move for Summary Judgment**

Defendants' undersigned counsel cannot conduct depositions *and* file a proper motion for summary judgment all by December 10, 2025 when he will not be in possession of the deposition transcripts that will permit him to prepare the Statement of Material Facts required by Local Civil Rule 56.1. This Court's Individual Practices in Civil Cases ("Individual Rules") requires summary judgment motions to be accompanied by complete deposition transcripts with an index, and for memoranda of law to include sections discussing the relevant background and facts. Because the parties' mutual availability only permitted depositions to be taken on December 2, 8, and 10 for Montor-Peran, Fernandez, and Molina, Defendants will be unable to comply with the Individual Rules to supply deposition transcripts together with its summary judgment papers.

In light of the foregoing, and to enable Defendants to file a proper motion that complies with the Individual Rules, Defendants propose the following schedule: (i) Plaintiffs may move[2] for summary judgment on December 10, 2025 as scheduled; (ii) *Defendants may move or cross-move for summary judgment on December 22, 2025*; (iii) the parties shall oppose the cross-motions for summary judgment by January 6, 2026 as originally scheduled; and (iv) the parties shall file reply papers in further support of the cross-motions for summary judgment by January 13, 2026 as originally scheduled. The foregoing schedule will permit this Court to properly resolve this case on the merits without prejudice to either side.

Consistent with ¶ 3(E) of this Court's Rules, Defendants respectfully submit that:

(1) the original dates post-discovery summary judgment motions must be briefed are identified *supra* at page 1;

(2-3) there have been no previous requests for an extension of time of this briefing schedule;

(4) the reason for the requested extension is set forth *supra* at page 2;

---

[2] Plaintiffs indicated an intent to move for summary judgment. See ECF Docket Entry 36 at 3.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
December 3, 2025
P a g e | 3

(5) the adversary does not consent, and did not provide a reason[3] for declining to consent other than their belief that "the Court has already spoken on this matter;" and

(6) the docket does not reflect any future date for the parties' next scheduled appearance before the Court.

In light of these circumstances, Defendants thus respectfully request that this Court exercises its discretion in favor of granting the requested extension.  See Fed. R. Civ. P. 6(b)(1)(A). Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
       December 3, 2025

Respectfully submitted,
**SAGE LEGAL LLC**
 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*

---

[3] In advance of requesting a meet-and-confer, Defendants submitted the instant letter motion yesterday evening for the Plaintiffs' review. Consistent with LCR 37.2 and ¶ 5(B) of the Individual Rules, today at approximately 2:45 PM, your undersigned met-and-conferred virtually with Josef Nussbaum, Esq. ("Nussbaum") for approximately five (5) minutes concerning the foregoing issues and Plaintiffs maintained their position that "the Court has already spoken on the matter."  The instant letter motion follows, which your undersigned informed Nussbaum will be filed.  The required Lead Trial Counsel conference as defined in the Individual Rules has thus occurred.