# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

December 7, 2025

<u>VIA ECF</u>
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

> *Re:* **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
> **<u>Case No.: 1:25-cv-4490 (AS) (GS)</u>**

Dear Judge Subramanian:

This office represents the Defendants in the above-referenced case. Defendants write to respectfully submit this letter response in opposition to Plaintiffs' deficiently diabolical motion for sanctions made without meeting-and-conferring, yet again in violation of Rule 37, Local Civil Rule 37.2, and this Court's Individual Practices.

**<u>Facts</u>**

Plaintiffs requested that Defendant Robert Petrosyants ("Petrosyants") appear for his deposition in his individual capacity and as a corporate representative of Defendant Bulldozer Hospitality Group, Inc. ("Bulldozer"). Recognizing that Rule 30(d)(1) of the Federal Rules of Civil Procedure (hereinafter "Rules" or "Rule") permits Plaintiffs to do so, Defendants complied with their request.[1]  After Petrosyants testified about some topics identified in Plaintiffs' deposition notice to Bulldozer, <u>see</u> ECF Docket Entry 46-3 (hereinafter the "Notice") (identifying a whopping thirty-one (31) topics in an extremely broad manner), but was unable to testify about others, the parties met-and-conferred and Defendants agreed to produce another witness capable of testifying about other topics listed in the Notice. That witness, Janos Paliko ("Paliko"), was the general manager who dealt with employees which Petrosyants was unable to testify about at his deposition. Paliko met with your undersigned and prepared twice for the deposition for just shy of two (2) hours at each preparation session. During these preparation sessions, your undersigned went over the spreadsheets with Paliko and prepared him to testify about them. It was his first time ever testifying. Regrettably, during the second 30(b)(6) deposition, because Plaintiffs' counsel harangued and harassed him,[2] Paliko became so nervous that he testified that he did not see the particular spreadsheet Plaintiffs presented to him. Plaintiffs ended the deposition without meeting-and-conferring with your undersigned about the instant motion.

---

[1] Plaintiffs claim that the 30(b)(6) deposition was cross-designated with Petrosyants' deposition at *Defendants'* behest; this is simply untrue. Your undersigned never made such a request, and it was Plaintiffs that did so.

[2] Plaintiffs' counsel was rude and obnoxious to Paliko, laughing at him and speaking rudely to him. Although his conduct violated Rule 30(d)(3)(A), Defendants sought for Plaintiffs to complete their deposition so that they may focus on the merits of their contrived claims.

Hon. Arun Subrumanian, U.S.D.J.
United States District Court for the Southern District of New York
December 7, 2025
P a g e | 2

Plaintiffs failed to meet-and-confer as required despite the fact your undersigned took the time to meet-and-confer with them following Paliko's deposition about Defendants' motion for an extension of time to move for summary judgment.  Notably, Plaintiffs failed to provide a copy of Paliko's deposition transcript.  Notwithstanding the foregoing, Defendants thereafter provided Plaintiffs with a declaration[3] authenticating the spreadsheets they asked Paliko about at his deposition.  The parties nevertheless continue to meet-and-confer about this declaration despite Plaintiffs' instant tactical motion designed for strategic purposes rather than any good faith intent.

**Legal Standard**

A Rule 30(b)(6) witness may elaborate on corporate policies and practices about which the witness lacks personal knowledge. See In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Portfolio, No. 20 Misc. 418 (CS) (JCM), 2021 WL 3829991, at *14–15 (S.D.N.Y. Aug. 27, 2021) aff'd 2021 WL 5498283, at *1 (S.D.N.Y. Nov. 23, 2021). "Rule 30(b)(6) witnesses need not have personal knowledge concerning the relevant subject matters." See Safeco Ins. Co. of Am. v. M.E.S., Inc., No. 09 Civ. 3312 (PKC) (VMS), 2016 WL 5477585, at *5 (E.D.N.Y. Sept. 29, 2016). However, "if witnesses designated pursuant to Rule 30(b)(6) lack personal knowledge concerning the matters set out in the deposition notice, then the [entity] is obligated to prepare them so that they may give knowledgeable answers." See Bigsby v. Barclays Cap. Real Est., Inc., 329 F.R.D. 78, 80–81 (S.D.N.Y. 2019) (cleaned up).  "Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under Rule 26[.]" See Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 72 (D. Conn. 2010). Rule 26 requires that the Court limit the frequency or extent of discovery if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).  See Fed. R. Civ. P. 26(b)(2)(C).  "'The deposition topics must be relevant to any party's claim or defense' and, in addition to being described with reasonable particularity, 'should be proportional to the needs of the case [and] not unduly burdensome or duplicative[.]'" See Mirlis v. Edgewood Elm Hous., Inc., No. 3:19 Civ. 700 (CSH), 2023 WL 5981066, at *3 (D. Conn. Sept. 14, 2023) (quoting Bigsby, 329 F.R.D. at 81. Parties deposing a Rule 30(b)(6) witness must ask questions about topics with "reasonable particularity" and may not be vague or overbroad in the information they seek. See Winfield v. City of New York, No. 15 Civ. 05236 (LTS) (KHP), 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018); see also Oakley v. Fed'n Emp. & Guidance Servs., Inc., No. 10 Civ. 7739 (JSR), 2011 WL 2946133, at *3 (S.D.N.Y. July 12, 2011) (courts should consider if questions asked during a Rule 30(b)(6) deposition are "objectionable as argumentative, compound, confusing, or otherwise improper").

---

[3] The declaration was from Stephanie Willsey, a controller of Bulldozer, who was the individual that produced the spreadsheets at issue and was able to authenticate them as Plaintiffs desired. Willsey was not produced as the 30(b)(6) witness because she would not be able to testify as to the questions Paliko was able to testify about knowledgeably, although Paliko was prepared by your undersigned to answer Plaintiffs' questions (but could not do so because he was nervous).

Hon. Arun Subrumanian, U.S.D.J.
United States District Court for the Southern District of New York
December 7, 2025
P a g e | 3

"Rule 30(b)(6) is not designed to be a memory contest." See Equal Emp. Opportunity Comm'n v. Am. Int'l Grp., Inc., No. 93 CIV. 6390 (PKL) (RLE), 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994). "Rule 30(b)(6) does not require the organization to be pressed into the role of a private investigator for the plaintiff." See TL Constr. Mgmt., LLC v. City of Green Bay, No. 19-C-1077, 2020 WL 7698374, at *2 (E.D. Wis. Dec. 28, 2020) (granting motion to quash Rule 30(b)(6) deposition where the plaintiff "had ample opportunity to obtain the information through discovery in the action").

A party seeking sanctions for an unprepared Rule 30(b)(6) witness bears the burden to show that the deponent's inability to testify was "egregious and not merely lacking in desired specificity in discrete areas." See Fashion Exch. LLC v. Hybrid Promotions, LLC, 333 F.R.D. 302, 308 (S.D.N.Y. 2019) (citation omitted).  Even when there is deficient Rule 30(b)(6) testimony, "courts are reluctant to award sanctions ... when counsel fail to make a good faith effort to resolve the deficiencies or when the application for sanctions appears tactically motivated." See First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd., No. 13 Civ. 7570 (RJS), 2015 WL 13885012, at *1 (S.D.N.Y. July 7, 2015) (quoting Agniel v. Cent. Park Boathouse LLC, No. 12 Civ. 7227 (NRB), 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015)).

**Plaintiffs' Request for Sanctions Must be Denied**

As an initial matter, Plaintiffs failed to meet-and-confer with Defendants as required by the Rules, Local Civil Rules, and this Court's Individual Practices.  The motion should be denied for this reason alone, and warrants consideration by this Court of sanctions for their well-documented and repeated failure to meet-and-confer in good faith before firing off motions.

On the merits, the Plaintiffs' motion must be denied on the sheer ground they failed to attach the entire transcript of Paliko's deposition, which is relevant to this Court's determination of the instant motion.  See, e.g., Catalyst Advisors, LP v. Catalyst Advisors Inv'rs Glob. Inc., No. 21 CIV. 4855 (KPF), 2024 WL 522751, at *10 (S.D.N.Y. Feb. 9, 2024) (analyzing deposition transcript to find that Rule 30(b)(6) witness had some knowledge of the topics identified in the deposition notice such that sanctions are not warranted).

Moreover, Plaintiffs' motion really quibbles with the lack of desired specificity in a discrete area, namely the "nature and function" of a particular spreadsheet produced by Defendants; when viewed in juxtaposition to the thirty-one (31) broad topics identified in the Notice, this is precisely the kind of information Courts deny sanctions bids for in the context of Rule 30(b)(6) depositions.  See Id. ("Upon its own review of the record, the Court cannot conclude that Archer's testimony was so lacking in specificity as to merit preclusion or other sanctions. After all, in the context of a Rule 30(b)(6) deposition, the fact that a deponent's testimony is 'merely lacking in desired specificity in discrete areas,' is not evidence of the egregious inadequacies that are required to support sanctions under the Rules")  (citing Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (quoting Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).

Hon. Arun Subrumanian, U.S.D.J.
United States District Court for the Southern District of New York
December 7, 2025
P a g e | 4

In addition, it merits mentioning that Plaintiffs' Notice is impermissibly overbroad and violates Rule 26's limitations on discovery, such that this Court should consider same in the context of this motion. See Harger Da Silva v. New York City Transit Auth., No. 17-CIV-4550 (FB) (VMS), 2023 WL 8096925, at *4 (E.D.N.Y. Nov. 20, 2023) ("Plaintiff's motion borders on being frivolous. Plaintiff is not entitled to the sanctions she seeks in connection with Mr. Jones's Rule 30(b)(6) deposition, especially in light of the history and age of this case, the voluminous discovery already produced, the numerous depositions taken, …"). Here, Defendants have produced sufficient discovery for Plaintiffs to evaluate their claims. There is no basis for any Order of preclusion, and Plaintiffs' motion should be seen for what it is – a rush to the courthouse door to obtain a tactical advantage in deeming certain facts admitted because they are unable to make out a case.

In light of the foregoing, Plaintiffs' application must be denied, with an appropriate sanction (given this Court's repeated admonitions about meeting-and-conferring have gone in one ear and out the other). Defendants thank this honorable Court for its continued time and attention to this case.

Dated: Jamaica, New York
      December 7, 2025             Respectfully submitted,

                                      **SAGE LEGAL LLC**

                                      _____/s_____

                                      Emanuel Kataev, Esq.
                                      18211 Jamaica Avenue
                                      Jamaica, NY 11423-2327
                                      (718) 412-2421 (office)
                                      (917) 807-7819 (cellular)
                                      (718) 489-4155 (facsimile)
                                      emanuel@sagelegal.nyc

                                      *Attorneys for Defendants*
                                      *Bulldozer Hospitality Group, Inc.,*
                                      *Robert Petrosyants, and*
                                      *Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*