# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

December 3, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> GRANTED in PART. Plaintiffs get five extra pages in their summary judgment brief to address this issue. The Clerk of Court is directed to terminate the motion at Dkt. 46.
>
> SO ORDERED.
>
> */s/ Arun Subramanian*
> Arun Subramanian, U.S.D.J.
> Date: December 5, 2025

Re:   *Fernandez v. Bulldozer Hospitality Group, Inc. et al*,
      No.: 25 CV 4490 (AS)

Dear Judge Subramanian,

We represent the Plaintiffs in the above-referenced matter. We write to respectfully inform the Court that Defendants have produced two Rule 30(b)(6) witnesses who were not at all prepared to testify as to the veracity of crucial damages information that *Defendants themselves produced*. Plaintiffs' anticipated motion for summary judgment is due in a week (December 10, 2025). The liability portions of that motion are relatively straightforward and, as set forth below, had it not been for Defendants' sandbagging attempts, the damages portion would be similarly straightforward. In light of the Defendants' sandbagging and the looming summary judgment deadline, we respectfully request that the Court schedule a conference to discuss appropriate relief, including Plaintiffs' request that the Court find "as established" the payroll data produced by Defendants in discovery.

## I.   Relevant Background

This is a putative wage and hour class action brought by a group of food-service employees against Osteria La Baia, a restaurant in Manhattan. On September 10, 2025, the undersigned wrote the Court to inform Your Honor that the parties had reached an agreement with respect to a dispute about the scope of pre-certification discovery whereby Defendants had agreed to produce significant sample pre-certification discovery by September 26, 2025. ECF No. 26. Relevant here, among the records Defendants agreed to produce were: "[u]nredacted year-end payroll journals for all tipped employees at OLB for each year covered by the limitations period" (the "Annual Pay Records"). *Id.* at 2. Plaintiffs require this information to establish (1) that class members were paid pursuant to a tip credit minimum wage, and (2) the total amount of hours that class members were paid the tip credit rate (i.e., damages).

On September 26, 2025 Defendants produced "payroll audit reports" which had certain class members' financial information. Plaintiffs informed Defendants that this data was not at all helpful, as it did not include the number of hours that class members worked at the tip credit. In response, Defendants produced a new set of annual reports in the form of a Microsoft Excel

spreadsheet which they represented "show a list of each employee by name, job title, and department, and reflect their year-to-date hours broken down into categories such as regular, overtime." *See* Ex. A. (A copy of one such report is attached hereto as "Exhibit B.").

Plaintiffs served a notice for a 30(b)(6) deposition of the corporate Defendant seeking testimony about, among other things, "Defendant's recordkeeping policies, practices, and procedures during the Liability Period, including but not limited to time records, pay records […]" as well as "the nature and function of all documents produced by Defendant in discovery in this action." Ex. C. Defendants thrice rescheduled the corporate Defendant's Fed. R. Civ. P. 30(b)(6) deposition (*see* ECF No. 28) and, after a change in counsel led to the discovery deadline being extended, the 30(b)(6) deposition—which was cross-designated with Defendant Robert Petrosyant's deposition at Defendants' behest —took place on November 18, 2025.

At the deposition, Plaintiffs confronted the witness about the Annual Pay Records. Defendant Petrosyants disavowed any knowledge about the records and stated that he could not testify about or verify them. In fact, Defendant Petrosyants attempted to directly assail *his own* payroll records that were produced by his attorneys. (Ex. D 136:20-24; *see also id*. 144:13-23). Plaintiffs indicated that they were leaving the deposition open and would seek another witness.

Later that same day, the undersigned emailed Defendants' counsel to request to meet and confer about the witness's lack of preparation. In the email, Plaintiffs exhorted Defendants that the reports we sought to examine the witness about had been produced by Defendants pursuant to an agreement about pre-certification discovery, and that counsel had represented that the records had all of the information Plaintiffs needed to establish putative class members' hours worked at the tip credit rate. We further explained that, in light of the witness's inability to explain and authenticate the records coupled with the parties agreement as to the import of the records in the litigation, Defendants either agree to (1) stipulate as to the content and authenticity of the records, or (2) produce all putative class members' paychecks so that we would have unassailable and unambiguous records of the sums that class members were paid. The parties met and conferred the following day on November 19, 2025, and Defendants provide us with another 30(b)(6) witness to correct the deficiencies in their production of the prior witness.

Earlier today, we deposed the supplemental 30(b)(6) witness, Janos Palyko (Defendants' general manager). Incredibly, as with Defendant Petrosyants, Mr. Palyko disavowed any knowledge pertaining to the Annual Pay Records. In other words, despite the fact that Defendants had explicitly designated Mr. Palyko for the purpose of testifying about matters that Defendant Petrosyants said he could not, Mr. Palyko unequivocally testified that (1) he had never seen the Annual Pay Records before the deposition, (2) he was not prepared by anyone (neither Defendants or nor their attorney) to testify about the records at the deposition, and (3) he simply could not speak to the significance or meaning of the information in the records.

    II.    **The Court Should Sanction Defendants Under Fed. R. Civ. P. 30 and 37**

A corporation's witness designated under Rule 30(b)(6) "must testify about information known or reasonably available to the organization." *Id.* In fact, "the corporate deponent has an affirmative duty to make available" a person able "to give complete, knowledgeable and binding answers on its behalf." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 268 (2d Cir.

2

1999) (internal quotation marks omitted). If a party fails to comply with a court order to produce a competent Rule 30(b)(6) witness, Rule 37 allows the court to impose sanctions. Such sanctions may include "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A). Additionally, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "A district court has wide discretion in sanctioning a party for discovery abuses," whether acting pursuant to its inherent power or Rule 37. *Reilly*, 181 F.3d at 267.

Here, Defendants blatantly misled Plaintiffs in an attempt to frustrate Plaintiffs' ability to litigate this case and prove damages for the putative Class efficiently. Specifically, in lieu of producing payroll records for the putative Class, Defendants asked Plaintiffs to accept a spreadsheet that contained all of the relevant data pertaining to putative Class Members' pay as relevant to the lawsuit. To be sure, Plaintiffs accepted this proposal as an accommodation to Defendants. However, as set forth above, Plaintiffs have been plainly sandbagged by the combination of (a) Defendants' withholding of the underlying payroll documents (*i.e.*, paychecks) on account of the summary spreadsheet, and (b) their failure to stand behind or in any way meaningfully explain the data on their own spreadsheet in two consecutive depositions.

Under these circumstances, sanctions under Rule 37 are necessary. *See, e.g., Coty Inc. v. Excell Brands, LLC*, 2016 U.S. Dist. LEXIS 170817, at *9 (S.D.N.Y. Dec. 9, 2016). Specifically, Plaintiffs respectfully request that information and authenticity of the Annual Pay Records be taken as established. *See* Fed. R. Civ. P. 37(b)(2)(A)(i) (permitting the Court to "designate[] facts be taken as established for purposes of the action"); *see also, e.g., See Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 U.S. Dist. LEXIS 102304, at *33 (S.D.N.Y. June 27, 2017) (where "discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue — or simply directing that the matter be taken as established — is also appropriate"); *DoubleLine Cap. LP*, 2022 U.S. Dist. LEXIS 135733, at *40-41 (factual findings concerning issues to which withheld documents are relevant are appropriate). In addition, Defendants should be precluded from submitting any other evidence on the issue of how much class members were paid. *See, e.g., Coty Inc.*, 2016 U.S. Dist. LEXIS 170817, at *9 (precluding sanctioned party from introducing certain factual testimony or documents at trial).

Alternatively, Plaintiffs are prepared to include the request that the information be deemed as established in their summary judgment brief, provided that (a) they be given five (5) additional pages in their brief to address the request, and (b) if the request is denied, Plaintiffs reserve the right to request that Defendants be required to produce the actual payroll records prior to trial.

Finally, Defendants should be Ordered to reimburse Plaintiffs for their "reasonable expenses, including attorney's fees, caused by their failure to produce adequately prepared witnesses, including the attorney's fees incurred in connection with both Rule 30(b)(6) depositions […]." *Id*.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

　　s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640