# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah M. Seliger | |

December 9, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
              No.: 25 CV 4490 (AS)

Dear Judge Subramanian,

      We represent the Plaintiffs in the above-referenced matter. We write to respectfully request that the Court strike Defendants motion for judgment on the pleadings and Order them to make all their arguments for dismissal in their motion for summary judgment. Specifically, earlier this week, Defendants filed a motion for judgment on the pleadings. As set forth below, this motion—filed after fact discovery concluded—will inevitably be converted to a motion for summary judgment. However, Defendants have also indicated that they intend to file a motion for summary judgment by the end of this week. Given the bizarre sequence of these two back-to-back motions, it is clear that Defendants seek "two cracks" at summary judgment, veiling one of them as a Rule 12(b)(6) motion.

      By way of brief background, Plaintiffs filed an amended complaint more than four months ago, on July 23, 2025. ECF No. 15. Fact discovery in this matter closed on November 21, 2025 and summary judgment motions are due to be filed by December 12, 2025. ECF No. 33, 47. Defendants have already indicated that they plan to file a motion for summary judgment by that deadline. ECF No. 44. On December 7, 2025—five day before the summary judgment briefing deadline— Defendants filed a 24-page motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (the "Rule 12 Motion"). ECF Nos. 48-50, 42. To be sure, in that motion, Defendants explicitly state that they are planning to file a motion for summary judgment. *See* ECF No. 49 at 21 (wherein Defendants outline an issue they say "will be addressed in Defendants' forthcoming motion for summary judgment . . ."). Further, Defendants themselves acknowledge the possibility that the Rule 12 Motion will be converted to a summary judgment motion. *See* ECF No. 49 (Defendants' memorandum of law in support of the Rule 12 Motion) at 10 ("A court may also

convert a motion for judgment on the pleadings into a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court.")(citation and quotations omitted).

As set forth below, Defendants' Rule 12 Motion is a thinly veiled summary judgment motion and a transparent attempt to get around S.D.N.Y. Local Rule 7.1(c)'s word limits. To be sure, Section 8.C of the Court's Individual Practices in Civil Cases also states that "[t]he Court will rarely grant requests, even on consent of all parties, to expand these page limits."

As an initial matter, it makes little sense to consider a motion about the pleadings after the parties have engaged in significant fact discovery. *See, e.g., Mejia v. City of N.Y.*, No. 17-CV-2696 (NGG) (JO), 2020 U.S. Dist. LEXIS 95659, at *28 (E.D.N.Y. May 30, 2020) ("The court, however, does not believe it to be an efficient use of judicial resources to determine whether a complaint should be dismissed (presumably with leave to amend) for mere pleading defects in a case that the parties have already litigated through the close of discovery."); *Horn v. Med. Marijuana, Inc.*, 383 F. Supp. 3d 114, 124 n.7 (W.D.N.Y. 2019) (denying Rule 12(c) motion as untimely where, among other things defendant "waited" until "discovery had already been completed, to raise their arguments"); *ADYB Engineered for Life, Inc. v. Edan Admin. Servs.*, No. 1:19-cv-7800-MKV, 2022 U.S. Dist. LEXIS 56085, at *25-26 (S.D.N.Y. Mar. 28, 2022) (denying leave to file Rule 12(c) motion where, among other things, "discovery was complete."); *Buy This, Inc. v. MCI Worldcom Communs., Inc.*, 209 F. Supp. 2d 334, 338 (S.D.N.Y. 2002) (Because the parties have conducted significant discovery, including an extensive deposition of Mr. Herzfeld, we treat the Herzfeld Parties' [Rule 12] motion as one for summary judgment.").

For this reason, the First Circuit noted that "a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement" if the motion is filed after "the parties have invested substantial resources in discovery," due to the "obvious anomaly" that arises from reviewing the sufficiency of the complaint "on the basis of the complaint alone" while "[i]gnoring the entire panoply of facts developed during discovery." *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 46 (1st Cir. 2012).

Even if the Court would consider a rule 12(c) motion after discovery was completed, there is no escaping that "[i]f a motion to dismiss relies on documents outside of the pleadings, it must be converted to a motion for summary judgment." *Ebomwonyi v. Sea Shipping Line*, No. 20-3344, 2022 U.S. App. LEXIS 2774, at *5 (2d Cir. Jan. 31, 2022). *See also Revitalizing Auto Cmtys. Envtl. Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024) ("Pursuant to Fed. R. Civ. P. 12(d), a district court must convert a motion to dismiss into one for summary judgment if the court goes beyond these permissible sources and considers material outside of the pleadings.")(citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)). This conversion-to-summary-judgment requirement is "strictly enforced whenever a district court considers extra-pleading material in ruling on a motion to dismiss." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002) (internal quotation marks and citations omitted).

Here, there is no doubt that, if considered, the Rule 12 Motion would be converted to a summary judgment motion as it relies on evidence extrinsic to the complaint. As an initial matter, in their motion, Defendants themselves rely on evidence that is outside of the pleadings.

Specifically, Defendants appended 33 pages of wage statements which were not attached to the complaint and which were produce by Plaintiff in discovery. *See* ECF No. 50-2. To be sure, yesterday, Defendants deposed the Named Plaintiff about these exact paystubs and there is now also oral testimony about these paystubs that would no doubt be incorporated into this motion.

Even if Defendants claim that those paystubs are not outside the pleadings as they are somehow referenced in the complaint (they are not), Plaintiffs will certainly oppose the motion with information that was gleaned in discovery. Under these circumstances, where the parties have engaged in discovery before the Rule 12 motion was made, the Court should consider not only the operative complaint but also "evidence . . . produced during discovery that would fill in perceived gaps in the Complaint." *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 325 (2d Cir. 2011); *see also Keiler v. Harlequin Enters.*, 751 F.3d 64, 71 (2d Cir. 2014).  This would without a doubt necessitate the Court converting the Rule 12(c) Motion to a motion for summary judgment. *E.g. Villante v. Dep't of Corr.*, 786 F.2d 516, 521 (2d Cir. 1986) ("Taken together, Federal Rules of Civil Procedure 12(c) and 56(c) require that if a district court considers matters outside of the pleadings, it must then treat a motion for judgment on the pleadings as one for summary judgment […].").

In sum, Defendants Rule 12(c) Motion, is untimely, does not serve judicial economy, and is a not so thinly veiled attempt to double their word allotment on summary judgment. Accordingly, Plaintiffs respectfully request that the Court Order Defendants to limit all their arguments for dismissal of Plaintiffs' claims to the summary judgment briefs due by the end of this week.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640

3