# Sage Legal LLC

18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc

December 10, 2025

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

   Re:  **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
      <u>Case No.: 1:25-cv-4490 (AS) (GS)</u>

Dear Judge Subramanian:

  This office represents the Defendants in the above-referenced case. Defendants write to respectfully submit this letter response in opposition to Plaintiffs' letter motion to strike. For the reasons set forth below, Plaintiffs' procedurally deficient and substantively meritless motion must be denied.

  As an initial matter, Plaintiffs' letter motion violates Local Civil Rule ("LCR") § 7.1, which provides that all opposition papers must comply with LCR 7.1(a)(2), requiring a "memorandum of law setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." <u>See</u> LCR § 7.1(a). Although there is an exception for letter-motions permitted by LCR § 7.1, Plaintiffs' letter motion to "strike" does not fall anywhere near that category. <u>See</u> LCR § 7.1(e) (permitting letter motions in applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters and expressly prohibiting letter motions unless authorized by the judge's individual rules or an order issued in a particular case). Turning to this Court's Individual Practices in Civil Cases ("Individual Rules"), they provide no authorization for letter motions and instead require adherence to the Local Civil Rules. <u>See</u> Individual Rules § 8(A).

  Accordingly, Plaintiffs' letter motion must be denied on this ground alone.

  On the merits, Plaintiffs' letter motion fares no better. This is because Plaintiffs conflate and confuse[1] the legal standard on a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and the legal standard on a motion for summary judgment pursuant to Rule 56.

  A motion for judgment on the pleadings tests the legal sufficiency of a pleading under the same standard as Rule 12(b)(6). <u>See</u> <u>Lynch v. City of New York</u>, 952 F.3d 67, 75 (2d Cir. 2020).

---

[1] Defendants respectfully submit that the same conflation and confusion permeates Plaintiffs' pleadings and legal arguments in support of their contentions, as more fully addressed in Defendants' motion for judgment on the pleadings and as will be addressed with different, separate arguments in Defendants' anticipated motion for summary judgment.

Meanwhile, a motion for summary judgment determines whether judgment may be granted as a matter of law where there is no genuine dispute over any material facts. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

Accordingly, because Plaintiffs' argument misunderstands the separate legal standards in both motions, their argument that Defendants' Rule 12(c) motion seeks "two cracks" at summary judgment is meritless.

Indeed, in their Rule 12(c) motion, Defendants do not seek to convert same into a motion for summary judgment; rather, Defendants rely – as they are entitled to – on the allegations in the pleadings, the answer, and all documents incorporated by reference or integral to the pleading. See ECF Docket Entry 49 at 9 (citing Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 306 (2d Cir. 2021)). As set forth in Defendants' motion, because Plaintiff Katherine Fernandez ("Fernandez") alleges that her pay stubs were inaccurate and references "all printed materials" in relation to the three percent (3%) surcharge she challenges is a gratuity, those documents are incorporated by reference in the complaint and/or are otherwise integral to the complaint. See Id. at 5-6, 5 n. 3, and 6 n. 3; compare with ECF Docket Entry 15 ¶¶ 30-31 (printed materials) and 34-35 (pay stubs). In other words, since both the pay stubs and the printed materials are addressed in the complaint and are integral thereto, they are fair game for this Court to consider on a 12(c) motion. Critically, the Second Circuit has spoken on this issue in Lively and it is beyond cavil, in light of this, that this Court should not convert Plaintiffs' motion for judgment on the pleadings into a motion for summary judgment, as Defendants' rely on the items referred to in the pleadings.

Moreover, contrary to Plaintiffs' contention, Defendants' motion was not filed "after discovery has been concluded." Discovery remains ongoing, with a deposition proceeding tomorrow of opt-in Plaintiff of Javier Molina and post-deposition discovery demands being served. Critically, Defendants do not rely on any deposition testimony or documents produced in discovery – only the documents Plaintiffs reference and rely on in their complaint.

In that regard, Plaintiffs pled themselves into this predicament and are in no position to posit any prejudice therefrom. Plaintiffs argue that "substantial discovery" precludes a motion for judgment on the pleadings. But this argument belies Rule 12(c) itself, which permits such a motion at *any time* after the pleadings are closed but *early enough not to delay trial,* with no mention of discovery whatsoever. See Fed. R. Civ. P. 12(c) (emphasis added). Here, where no trial has been scheduled, Defendants are therefore well within their right to file the Rule 12(c) motion, and Plaintiffs' protests to the contrary read into Rule 12(c) a time limit that simply does not exist. In any event, the Second Circuit has consistently upheld the permissibility of such motions even where a summary judgment motion was being decided at the same time. Initially, accepting Plaintiffs' arguments would permit a waiver of Defendants' motion to dismiss for failure to state a claim. This is prohibited under Rule 12(h). See, e.g., Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (holding that defense of failure to state a claim is not waivable) (citing 5A Wright & Miller, Federal Practice and Procedure, § 1361 (2d ed. 1990) ("[U]nder Rule 12(h) [the defense] of failure to state a claim upon which relief can be granted, Rule 12(b)(6), [is] preserved from the waiver mechanism in Rule 12(h)"))).

Further, and contrary to Plaintiffs' arguments, the Second Circuit most recently urged that a district court should first decide a motion for judgment on the pleadings before proceeding to decide a motion for summary judgment on the same judicial efficiency arguments Plaintiffs point to in their procedurally defective letter motion. It recently held as much in McCracken v. Verisma Sys., Inc., 91 F.4th 600, 609 (2d Cir. 2024). Specifically, the Second Circuit there stated:

> it was *not error, but rather an exercise of efficiency*, to *first decide the motion for judgment on the pleadings*, *because if the court concluded (as it did)* that the … allegations, taken as true, *did not state a claim, there would be no value in assessing the evidence on a summary judgment motion*. And based on our foregoing conclusion that [they] failed to state a claim, the district court also did not err in denying their cross-motion for summary judgment as moot.

Id. (emphasis added). Plaintiffs' citation to non-binding First Circuit law is therefore unavailing in light of this more-recent binding Second Circuit authority permitting a motion for judgment on the pleadings where a competing motion for summary judgment was simultaneously or thereafter filed.

Plaintiffs must therefore oppose Defendants' motion for judgment on the pleadings and explain how their poorly pled complaint with sparse allegations meets the standard for asserting legally sufficient claims for their sole claim under the Fair Labor Standards Act without citing to any deposition testimony of the Plaintiffs, relying only on the materials permitted by the Second Circuit in Lively on a Rule 12(c) motion, and may otherwise address the arguments made by Defendants in their anticipated motion for summary judgment with any testimony they deem supports denial of same.

Accordingly, Plaintiffs' defective letter motion to strike must be denied because it was impermissibly filed as a letter motion and on the grounds that it contravenes binding Second Circuit law requiring a district court first dispose of a non-waivable motion for judgment on the pleadings under Rule 12(c) before deciding a motion for summary judgment under Rule 56.

Defendants thank this honorable Court for its continued time and attention to this case.

Dated: Jamaica, New York
December 10, 2025

Respectfully submitted,
**SAGE LEGAL LLC**
  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

...

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

<u>**VIA ECF**</u>
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*