UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE FERNANDEZ, on behalf of herself and others similarly situated,

        Plaintiff,

v.

BULLDOZER HOSPITALITY GROUP, INC., d/b/a OSTERIA LA BAIA, ROBERT PETROSYANTS and MARIANNA SHAHMURADYAN,

        Defendants.

No.: 25-cv-04490 (AS)

## DECLARATION OF LUCAS C. BUZZARD

I, Lucas C. Buzzard, under penalty of perjury, affirm as follows:

1.     I am a partner with Joseph & Kirschenbaum LLP (JK"), Plaintiff's counsel in this action. I am familiar with the facts and circumstances set forth herein.

### EXHIBITS

2.     Attached hereto as **Exhibit 1** is a true and correct copy of the transcript of the November 18, 2025 deposition of Defendant Robert Petrosyants taken in this action.

3.     Attached hereto as **Exhibit 2** is a true and correct copy of the transcript of the December 3, 2025 deposition of Janos Paliko taken in this action.

4.     Attached hereto as **Exhibit 3** is a true and correct copy of the transcript of the December 8, 2025 deposition of Plaintiff Katherine Fernandez taken in this action.

5.     Attached hereto as **Exhibit 4** is a true and correct copy of the transcript of the December 2, 2025 deposition of Plaintiff Adrian Montor-Teran taken in this action.

6.     Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff's First Requests for the Production of Documents to all Defendants, which was served on or about July 30, 2025.

1

7. Attached hereto as **Exhibit 6** is a true and correct copy of Defendants' Responses and Objections to Plaintiff's Request for Document Production, which was served on or about September 3, 2025.

8. Attached hereto as **Exhibit 7** is a true and correct copy of the Declaration of Stephanie Willsey, which is dated December 10, 2025 and was produced by Defendants in this action.

9. Attached hereto as **Exhibit 8** is a copy of the spreadsheet produced by Defendants bearing file name 2021.csv, which Plaintiff's counsel has converted to PDF format from Excel format.

10. Attached hereto as **Exhibit 9** is a copy of the spreadsheet produced by Defendants bearing file name 2022.csv, which Plaintiff's counsel has converted to PDF format from Excel format.

11. Attached hereto as **Exhibit 10** is a copy of the spreadsheet produced by Defendants bearing file name 2023.csv, which Plaintiff's counsel has converted to PDF format from Excel format.

12. Attached hereto as **Exhibit 11** is a copy of the spreadsheet produced by Defendants bearing file name 2024.csv, which Plaintiff's counsel has converted to PDF format from Excel format.

13. Attached hereto as **Exhibit 12** is a copy of the spreadsheet produced by Defendants bearing file name 2025.csv, which Plaintiff's counsel has converted to PDF format from Excel format.

14. Attached hereto as **Exhibit 13** is a true and correct copy of an Instagram post from OLB's Instagram account dated November 14, 2021 which was accessed on December 10, 2025.

In that post, OLB states: Osteria La Baia is officially opening for dinner from Monday November 15th onwards!"

15. Attached hereto as **Exhibit 14** are true and correct copies of pictures taken of OLB's payroll system in which an employee named "Julio Perez" is listed as a "Restaurant Manager."

16. Attached hereto as **Exhibit 15** is a true and correct copy of a "corrective action record" produced by Defendants in discovery in this lawsuit.

17. Attached hereto as **Exhibit 16** is a true and correct copy of the transcript in *Encalada v. SDNY 19 Mad Park, LLC*, No. 13 Civ. 1926 (PAC) (S.D.N.Y. Nov. 16, 2014).

18. Attached hereto as **Exhibit 17** are true and correct copies of wage statements produced by Plaintiff in this lawsuit. (The highlighted portions were added by Plaintiffs' counsel for ease of reference).

19. Attached hereto as **Exhibit 18** is a proposed class notice.

## RELEVANT FACTUAL BACKGROUND

20. In May 2025, Plaintiff Fernandez, a former busser and runner at Osteria La Baia, commenced this putative class and collective action against Defendants Bulldozer Hospitality Group Inc. d/b/a Osteria La Baia ("OLB" or the "Restaurant"), Robert Petrosyants and Marianna Shahmuradyan (collectively "Defendants").

21. Plaintiff filed an amended complaint on July 23, 2025. ECF No. 15.

22. In her complaint, she alleges that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by requiring tipped employees to share tips with the restaurant' manager.

23. Plaintiff also alleges that Defendants violated New York law by (1) paying tipped employees pursuant to a tip credit without providing the notices required under New York law; (2)

retaining a "service charge" the Restaurant charge customers at private events, (3) failing to pay tipped employees the appropriate overtime rate; and (4) failing to provide employees with wage notices and wage statements required under N.Y. Lab. L. § 195.

24. Fact discovery in this case closed on November 21, 2025. ECF No. 33.

25. In discovery, Plaintiffs deposed the two individual Defendants.

26. Plaintiffs also took two Fed. R. Civ. P. 30(b)(6) depositions.

27. Defendant Petrosyants acted as one of the 30(b)(6) witnesses and the Restaurant's general manager, Janos Palyko, was the other 30(b)(6) witness.

28. Defendants deposed Plaintiffs Fernandez and Montor-Teran.

29. In discovery in this Action, Plaintiffs served document requests ("Document Requests") on all Defendants (the "Requests"). *See* Exs. 5-6.

30. Requests Nos. 1, 5, 10, 11 also sought the production of any and all written notices of pay rates that Defendants provided to any Class Member. *Id*.

31. In response to these requests, Defendants did not produce any written wage notices that Defendants contend they provided to any Class Member.

32. Specifically, I have reviewed all documents produced by Defendants to Plaintiffs in this lawsuit. As of the date of this declaration, Defendants have not produced any written wage notices or pay rate acknowledgement forms.

33. On or about October 3, 2025, as part of the parties' agreement concerning pre-certification discovery, Defendants produced spreadsheet summaries of annual payroll that was run at OLB. (*See* Exs. 8-12.)

34. Defendants also produced a Declaration of Stephanie Willsey, which is dated December 10, 2025. In that Declaration, Ms. Willsey explains the categories of information summarized in the spreadsheets summaries. (*See* Ex. 7.)

35. The summaries for 2024 and 2025 (Exs. 11-12) indicate that the tipped employees were paid pursuant to a tip credit wage rate of $11 per hour in 2025 and $10.65 per hour in 2024. The same records indicate that an employee named Julio Perez was paid a regular hourly rate of $20.

36. The summaries for 2021, 2022 and 2023 indicate that OLB paid the tipped employees $15 per hour for overtime hours. (Exs. 8-10.)

37. The summary for 2024 indicates that OLB paid the tipped employees $15.98 per hour for overtime hours. (Ex. 11.)

38. The summary for 2025 indicates that OLB paid the tipped employees $16.50 per hour for overtime hours. (Ex. 12.)

39. Upon review of the names of employees listed in Exhibits 8 to 12, Defendants paid more than 200 individuals to work as tipped employees at OLB since 2021.

## PLAINTIFFS' COUNSEL

40. JK is a law firm dealing almost exclusively with employee rights. Specifically, the firm represents employees in wage/hour and employment discrimination matters.

41. D. Maimon Kirschenbaum manages the firm.

42. Since graduating from Fordham University School of Law in 2005, Mr. Kirschenbaum has worked at JK. As a result of his accomplishments, he became member/partner of the firm in May of 2007.

43. I graduated *magna cum laude*, Order of the Coif, from American University, Washington College of Law in 2010. I joined JK in September 2015. In the interim, I worked as a law clerk in the Staff Attorney's Office of the United States Court of Appeals for the Second Circuit and then as a law clerk to the Hon. Peter W. Hall of the United States Court of Appeals for the Second Circuit. I became partner at JK in January 2025.

44. Josef Nussbaum graduated from McGill University's Faculty of Law in 2009 and joined JK in 2011. He became a partner in 2020.

45. The majority of Mr. Kirschenbaum's, Mr. Nussbaum's and my current dockets consist of class and collective action lawsuits against New York employers for wage and hour violations.

46. Mr. Kirschenbaum, Mr. Nussbaum, JK, and I have been approved numerous times as lead or co-lead class counsel (or counsel for representative plaintiffs in FLSA collective actions) in wage and hour actions in federal and state courts. *E.g.*, *Shahriar v. Smith & Wollensky Rest. Group*, 659 F.3d 234 (2d Cir. 2011); *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. 2018); *Murphy v. Lajaunie*, No. 13 CV 6503, 2015 U.S. Dist. LEXIS 97531 (S.D.N.Y. July 24, 2015); *Megason v. Starjem Rest. Corp.*, No. 12 Civ. 1299, 2014 U.S. Dist. LEXIS 3910 (S.D.N.Y. Jan. 13, 2014); *Schear v. Food Scope Am, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011); *Spicer v. Pier Sixty LLC*, 2010 U.S. Dist. LEXIS 76782 (S.D.N.Y. July 26, 2010); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009); *Williams v. Twenty Ones, Inc.*, No. 07-Civ-3978, 2008 WL 2690734 (S.D.N.Y. June 30, 2008); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. Oct. 5, 2007).

47. Several of these cases have changed the landscape of wage and hour class and collective litigation in general, and such litigation in the food service industry specifically. *See*, *e.g.*, *Shahriar*, 659 F.3d 234 (affirming class certification and holding that in FLSA actions pursued on a collective basis under 29 U.S.C. § 216(b), courts may exercise supplemental jurisdiction over state law claims pursued on a class basis under Fed. R. Civ. P. 23); *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) (holding that the New York Court of Appeals' decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), finding that mandatory charges can be gratuities applies retroactively and issuing first denial of a defendant's summary judgment motion on *World Yacht* claim).

48. As a result of these lawsuits, JK has recovered over $100 million for thousands of workers. *E.g.*, *Gordon v. Bluetriton Brands, Inc.*, No. 616877/2022 (N.Y. Sup. Ct. Nassau County Oct. 24, 2023) (granting final approval of $8.4 million settlement); *Capsolas*, 2012 U.S. Dist. LEXIS 144651 (granting final approval of $5.25 million settlement); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240, 2012 U.S. Dist. LEXIS 137409 (S.D.N.Y. Sept. 14, 2012) (granting final approval of $8.5 million settlement); *Fernandez v. Kinray, Inc.,* No. 13 Civ. 4938 (E.D.N.Y.) at Dkt. Nos. 412, 416 (approving $7.5 settlement); *Ramirez v. Lovin' Oven Catering Suffolk, Inc.*, No. 11 Civ. 0520, 2012 U.S. Dist. LEXIS 25060 (S.D.N.Y. Feb. 24, 2012) (granting final approval of $4,750,000 settlement); *Alderman v. 21 Club Inc.*, No. 09 Civ. 2418 (S.D.N.Y. Jan. 27, 2012) (granting final approval of $2,000,000 settlement); *In re Milos Litig.*, No. 08 Civ. 6666, 2011 U.S. Dist. LEXIS 138473 (S.D.N.Y. Sept. 8, 2011) (granting final approval of $1,975,000 settlement); *Braunstein v. Hudson Hall LLC*, No. 19 Civ. 7983 (S.D.N.Y. May 14, 2021) (approving $950,000 settlement); *Ahad v. BLT Steak LLC*, No. 08 Civ. 5528 (S.D.N.Y. Aug. 13, 2010) (approving $925,000 settlement); *Brinker v. Planet Hollywood N.Y., L.P.*, No. 08 Civ. 443, 2009 U.S. Dist.

LEXIS 76613 (S.D.N.Y. Aug. 13, 2009) (granting final approval of $900,000 settlement); *Agofonova v. Nobu Corp.*, No. 07 Civ. 6926 (S.D.N.Y. Feb. 6, 2009) (granting final approval of $2.5 million settlement).

49. Our law firm has zealously pursued the claims in this case and is willing and able to commit the necessary resources to represent the class in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 12, 2025                          /s/ *Lucas C. Buzzard*
New York, NY                                 Lucas C. Buzzard