# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE FERNANDEZ, on behalf of herself and others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>BULLDOZER HOSPITALITY GROUP, INC., d/b/a OSTERIA LA BAIA, ROBERT PETROSYANTS and MARIANNA SHAHMURADYAN,<br><br>          Defendants. | No.: 25-cv-2050 (RER) |

**PLAINTIFF'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS BULLDOZER HOSPITALITY GROUP, INC., d/b/a OSTERIA LA BAIA, ROBERT PETROSYANTS and MARIANNA SHAHMURADYAN**

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Katherine Fernandez, on behalf of herself and all others similarly situated, by her attorneys, Joseph & Kirschenbaum, LLP, requests that Defendants Bulldozer Hospitality Group, Inc., d/b/a Osteria La Baia, Robert Petrosyants and Marianna Shahmuradyan ("Defendants") respond to these Requests and produce for inspection and copying the documents and other tangible objects described below at the offices of Joseph & Kirschenbaum, LLP, 32 Broadway, Suite 601, New York, New York 10004 ("Plaintiffs' counsel") within thirty (30) days of service hereof.

**DEFINITIONS**

1.    Plaintiff hereby incorporates all definitions and instructions set forth in Local Rule 26.3.

2.    The terms "Osteria La Baia" or "OLB" refers to the restaurant located at 129 W 52nd St. in Manhattan called Osteria La Baia.

3.    The term "Plaintiff" means the named Plaintiff and any other person who has filed a consent to sue/join form in this case.

4. The terms "you" or "your," shall mean Defendants.

5. The term "Defendants" refers to any and all Defendants in this action, individually and collectively, any predecessor or successor in interest, any officers, directors, employees, owners, corporate parents, subsidiaries, affiliates, divisions, attorneys, agents, representatives, beneficiaries, or any other person acting or purporting to act on behalf of any of them, located in any headquarters office, field office, home office, or other location.

6. The term "Action" refers to the matter styled *Fernandez v. Bulldozer Hospitality Group, Inc. et al*, No. 25-CV-4490 (S.D.N.Y.).

7. The term "Defendants' Initial Disclosures" refers to those disclosures made by Defendants in this Action pursuant to Fed. R. Civ. P. 26(a)(1).

8. The terms "Complaint" and "Answer" shall mean each and every Complaint and Answer filed in this matter and shall include any Amended Complaint, or Amended Answer filed at any time.

9. The term "Plaintiff's First Set of Interrogatories" refers to the Plaintiff's First Set of Interrogatories served on Defendants in this Action.

10. The term "Interrogatory" refers to an interrogatory contained in Plaintiff's First Set of Interrogatories.

11. For the purposes of these requests, the term "Liability Period" means May 29, 2019 until the time of trial.  All document requests below include, unless otherwise specified, any and all documents relevant to the requests at any and/or all times within the Liability Period.

12. The term "Potential Class Members" means all non-exempt food-service employees who worked for OLB in a tipped position during the Liability Period.

**INSTRUCTIONS**

Unless otherwise indicated, the following instructions apply to, and are incorporated into, the definitions set forth above, all document requests, and these instructions.

1. These requests seek documents from and relating to each and every Defendant.

2. All requests pertain to the entirety of the Liability Period unless otherwise specified.

3. With respect to each document produced, Plaintiff requests that Defendants specify the request(s) to which the document is responsive.

4. Plaintiff requests that Defendants and their counsel prevent the destruction or alteration of any document requested herein by the operation of any electronic information system (routine or otherwise) and put Defendants on notice that any destruction or alteration of such document, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiff's counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants do not believe that they can reasonably comply with this instruction, Plaintiff requests that Defendants contact Plaintiff, in writing, within 10 days from receipt of these requests, to meet and confer about whether immediate Court intervention is necessary.

5. With respect to each request, Defendants are requested to provide all documents in Defendants' possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

6. If Defendants cannot respond to any part of the following requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond to the remainder of the requests.

7. If, to Defendants' knowledge, documents responsive to one or more requests were

3

never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

8. If any responsive document was formerly in Defendants' possession, custody, or control but has been eliminated from Defendants' possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a. Describe in detail the nature of the document and its contents;

    b. Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;

    c. List all dates when the document was copied, created or modified;

    d. List all dates when the document was eliminated from your possession in any way;

    e. State any reason(s) the document was eliminated from your possession in any way; and

    f. List all persons that have had possession of the document or have had knowledge of its contents.

16. In accordance with Fed. R. Civ. P. 26(b)(5) and Local Civil Rule 26.2, if any document responsive to Plaintiff's discovery requests is withheld pursuant to a claim of attorney-client privilege, attorney work product privilege, litigation materials privilege, or any other common law or statutory privilege or protection, please specify the following:

    a. The basis for withholding such document;

    b. A generic description of the document being withheld;

    c. The date the information contained in the document was learned or the

document created;

      d.    The identity of the individual(s) who learned the information or authored the document;

      e.    The date the document was transmitted or otherwise made available to anyone; and

      f.    The specific request(s) to which the withheld document relates.

17.    If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents.

18.    Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendants' possession, custody, or control, or the possession, custody, or control of Defendants' agents or anybody acting on Defendants' behalf.

## REQUESTS FOR PRODUCTION

**Request for Production 1:**

For each Plaintiff, his/her complete personnel file, including but not limited to applications for employment, hire forms, new-hire wage rate notices, annual wage rate notices, payroll reports, payroll information, paystubs, wage statements, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials.

**Request for Production 2:**

For each Plaintiff, all 1099 and/or W-2 forms.

**Request for Production 3:**

For each Potential Class Member, all 1099 and/or W-2 forms.

**Request for Production 4:**

For each Plaintiff, all documents showing the compensation that Defendants paid to him or her during the Liability Period, including but not limited to payroll records, payroll registers, paystubs, wage statements, paychecks, tip records, tip sheets, receipts, and ledgers.

**Request for Production 5:**

For each Potential Class Member, all documents showing the compensation that Defendants paid to him or her during the Liability Period, including but not limited to payroll records, payroll registers, paystubs, paychecks, tip records, receipts, ledgers, new-hire wage rate notices, and annual wage rate notices.

**Request for Production 6:**

All documents concerning information relied upon by Defendants when issuing each Plaintiff's paychecks.

**Request for Production 7:**

All documents concerning information relied upon by Defendants when issuing each Potential Class Member's paychecks.

**Request for Production 8:**

For each Plaintiff, all documents concerning Defendants' methods of pay and/or their rate of pay.

**Request for Production 9:**

For each Potential Class Member, all documents concerning Defendants' methods of pay and/or their rate of pay.

**Request for Production 10:**

All wage notices provided to each Plaintiff during their employment at OLB.

**Request for Production 11:**

All wage notices provided to each Potential Class Member during their employment at OLB.

**Request for Production 12:**

For each Plaintiff, all documents reflecting the amount and/or percentage of tips that Plaintiff had to share with any managers, assistant managers, and/or supervisors.

**Request for Production 13:**

For each Potential Class Member, all documents reflecting the amount and/or percentage of tips that Class Member had to share with any managers, assistant managers, and/or supervisors.

**Request for Production 14:**

For each Plaintiff, all documents reflecting the amount and/or percentage of tips that Plaintiff had to share with Julio Perez.

**Request for Production 15:**

For each Potential Class Member, all documents reflecting the amount and/or percentage of tips that Class Member had to share with Julio Perez.

**Request for Production 16:**

All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Plaintiff was scheduled to work.

**Request for Production 17:**

All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Potential Class Member was scheduled to work.

**Request for Production 18:**

Documents sufficient to show each Restaurant's hours of operations throughout the Liability Period.

**Request for Production 19:**

For each Plaintiff, all records of hours worked, including but not limited to time records, time reports, clock-in reports, clock-in chits, sign-in/sign-out sheets, and spreadsheets. (If there is more than one version of these documents, or if the documents have been adjusted electronically, provide all versions of the documents. If there are no records of Plaintiffs' hours worked please so indicate.)

**Request for Production 20:**

For each Potential Class Member, all records of hours worked, including but not limited to time records, time reports, clock-in reports, clock-in chits, sign-in/sign-out sheets, and spreadsheets. (If there is more than one version of these documents, or if the documents have been adjusted electronically, provide all versions of the documents. If there are no records of Class Members' hours worked please so indicate.)

**Request for Production 21:**

All documents concerning the operation of Defendants' timekeeping system(s), if any, throughout the Liability Period, including, but not limited to, instruction manuals and settings.

**Request for Production 22:**

For each Plaintiff, all documents concerning any determination to adjust or adjustment made of time reflected in Defendants' timekeeping system, if any.

**Request for Production 23:**

For each Potential Class Member, all documents concerning any determination to adjust or adjustment made of time reflected in Defendants' timekeeping system, if any.

**Request for Production 24:**

All documents reflecting any training given to Defendants' employees regarding recording the hours worked by employees.

**Request for Production 25:**

All documents reflecting any training given to Defendants' managers and/or employees responsible for payroll at OLB regarding how to pay employees for hours worked.

**Request for Production 26:**

For each Plaintiff, all records of the date the Plaintiff was actually paid. (For the avoidance of doubt, this request does not merely seek records of the dates that paychecks were issued and/or printed but also seeks records that establish the specific date(s) that wages were actually paid to Plaintiffs.)

**Request for Production 27:**

For each Potential Class Member, all documents concerning any deductions from his or her wages.

**Request for Production 28:**

All documents not otherwise produced that refer by name to any Plaintiff.

**Request for Production 29:**

All documents concerning Defendants' compensation policies and practices during the Liability Period, including but not limited to, employee manuals, memoranda, e-mails, correspondence, complaints, and/or communications.

**Request for Production 30:**

All documents concerning the job duties and responsibilities of every person who received a portion of gratuities left by customer, including all cash and credit card tips, gratuities, mandatory

gratuities, service charges, or similar charges.

**Request for Production 31:**

All documents showing the amount of gratuities that the OLB's customers paid during each shift within the Liability Period, including all cash and credit card tips, gratuities, mandatory gratuities, service charges, or similar charges.

**Request for Production 32:**

If any portion of gratuities, including all cash and credit card tips, gratuities, mandatory gratuities, service charges, or similar charges, paid by customers at OLB was not distributed to the restaurant's service employees, provide all documents showing how that money was allocated, including but not limited to documents that identify the entity or individual to whom that money was paid.

**Request for Production 33:**

All documents concerning communications between or among any of Defendants' employees regarding Defendants' methods, policies, practices, and/or procedures of apportioning and/or distributing tips, gratuities, mandatory gratuities, fixed gratuities, and/or service charges, whether or not so denominated.

**Request for Production 34:**

For each person who received a portion of cash and credit card tips, gratuities, mandatory gratuities, service charges, or similar charges paid by customers at OLB, all documents concerning their job duties, including but not limited to, job postings, job descriptions, internal emails, employee handbooks, responsibilities and/or activities related to hiring, firing, disciplining, and scheduling employees, employee compensation, employee complaints and OLB's business operations.

**Request for Production 35:**

For each person employed by Defendants as a manager, assistant manager, and/or supervisor, all documents concerning their job duties including but not limited to job postings, job descriptions, responsibilities and/or duties, internal emails and employee handbooks.

**Request for Production 36:**

For each person employed by Defendants as a manager, assistant manager, and/or supervisor, their complete personnel files, including but not limited to job applications, resumes, employee files, employee applications, degrees, certificates, and licenses.

**Request for Production 37:**

For each person employed by Defendants as a manager, assistant manager and/or supervisor, all documents that establish how much they earned in wages, salary and/or tips at OLB during the Liability Period.

**Request for Production 38:**

All documents concerning Defendants' practices, policies, and/or procedures regarding interviewing new employees for hire at OLB, including but not limited to, which individuals were responsible for or had the capacity to interview potential new hires.

**Request for Production 39:**

All documents concerning Defendants' practices, policies, and/or procedures regarding hiring at OLB, including but not limited to, which individuals were responsible for or had the capacity to interview and hire employees.

**Request for Production 40:**

All documents concerning Defendants' practices, policies, and/or procedures regarding firing at OLB, including but not limited to, which individuals were responsible for or had the capacity to terminate employees.

**Request for Production 41:**

All documents concerning Defendants' practices, policies, and/or procedures regarding disciplinary action taken at OLB, including but not limited to, which individuals were responsible for or had the capacity to discipline employees.

**Request for Production 42:**

All documents concerning Defendants' practices, policies, and/or procedures regarding employee scheduling, including but not limited to which employees were responsible for creating and/or implementing employees' schedules.

**Request for Production 43:**

All documents concerning Defendants' practices, policies, and/or procedures regarding recommending employees for promotions and/or demotions, including but not limited to which employees were responsible for recommending and/or implementing promotions and/or demotions.

**Request for Production 44:**

Documents sufficient to show the ownership and/or control of Mac Brothers II LLC throughout the Liability Period, including but not limited to organizational charts, shareholders,

board of director members, and executive staff.  This request includes documents relating to the management structure and names and titles of individual managers.

**Request for Production 45:**

Bulldozer Hospitality Group, Inc.'s formation documents.

**Request for Production 46:**

All documents concerning or reflecting Bulldozer Hospitality Group, Inc.'s gross annual sales or revenue for the entire Liability Period, including but not limited to receipts, ledgers, and tax returns.

**Request for Production 47:**

All bank statements from all banks used by Mac Brothers II LLC during the Liability Period.

**Request for Production 48:**

All records of cash payments made to Bulldozer Hospitality Group, Inc. during the Liability Period.

**Request for Production 49:**

All documents reflecting the prices of goods sold and/or services rendered by Bulldozer Hospitality Group, Inc. during the Liability Period.

**Request for Production 50:**

All documents reflecting the amount of tips paid by customers of Bulldozer Hospitality Group, Inc. during the Liability Period.

**Request for Production 51:**

All documents concerning the annual expenses of Bulldozer Hospitality Group, Inc. for the entire Liability Period, including but not limited to rent; utilities; employee, independent contractor, executive, and consultant compensation; taxes; professional services; and other goods and/or services.

**Request for Production 52:**

Any and all non-privileged communications which identify which individuals own/owned OLB during the Liability Period and their percentage stake in OLB.

**Request for Production 53:**

Any and all non-privileged communications between any of the Defendants, or any management employees of Defendants, relating to the claims alleged this Action.

**Request for Production 54:**

All write-ups, disciplinary forms, new hire forms, and/or other personnel documents signed by any manager or supervisor employed at OLB.

**Request for Production 55:**

All written communications, including without limitation e-mails, text messages, WhatsApp messages and/or social media messages, to or from any manager, assistant manager, or supervisor employed by Defendants concerning (1) personnel matters at OLB, including but not limited to hiring, firing, scheduling, training, promotions, demotions, wages and salaries; and (2) budgeting and/or purchasing at OLB.

**Request for Production 56:**

All non-privileged documents containing communications regarding this Action.

**Request for Production 57:**

All posters, signs, and/or other documents that discuss the requirements of the Fair Labor Standards Act and/or the New York Labor Law that were provided to employees during the Liability Period.

**Request for Production 58:**

All posters, signs, and/or other documents that discuss the requirements of the Fair Labor Standards Act and/or the New York Labor Law that were posted at OLB during the Liability Period.

**Request for Production 59:**

All documents concerning wage and hour investigations and or audits of any Defendant or subsidiary of any Defendant by the federal and/or New York Departments of Labor, including but not limited to correspondence, notes, complaints, letters, memoranda, settlement offers, settlement agreements, checks offered to and/or accepted by Plaintiffs or Class Members, and checks offered to and/or accepted by the federal and/or New York Departments of Labor on Plaintiffs' or Class Members' behalf.

**Request for Production 60:**

All documents concerning rulings, decisions, or opinions rendered by any federal or state court or administrative or governmental agency regarding whether Defendants' wage and hour policies conform to the requirements of the Fair Labor Standards Act and/or the state laws.

**Request for Production 61:**

All documents concerning all compensation which Defendants claim has been paid to Plaintiffs and/or Class Members for periods that are not compensable under the FLSA and/or New York Labor Law.

**Request for Production 62:**

All documents concerning and/or supporting any of the Affirmative Defenses listed in Defendants' Answer.

**Request for Production 63:**

All documents that Defendants intend to use as exhibits in depositions of Plaintiffs, Class Members, or other witness(es).

**Request for Production 64:**

All documents concerning Defendants' policies, practices, and/or procedures regarding the retention and/or destruction of documents and/or electronic data.

**Request for Production 65:**

All documents not otherwise produced identified in Defendants' Initial Disclosures.

**Request for Production 66:**

For each person identified in Defendants' responses to Plaintiffs' First Set of Interrogatories, documents sufficient to show his or her dates of employment by Defendants, positions held, and job duties.

**Request for Production 67:**

All documents identified in Defendants' responses to Plaintiffs' First Set of Interrogatories.

Dated: New York, New York
       July 30, 2025

                                              **JOSEPH & KIRSCHENBAUM LLP**

                                              By: s/*Josef Nussbaum*
                                                  D. Maimon Kirschenbaum
                                                  Josef Nussbaum
                                                  32 Broadway, Suite 601
                                                  New York, NY 10004
                                                  (212) 688-5640
                                                  (212) 981-9587 (fax)

**CERTIFICATE OF SERVICE**

      This is to certify that on July 30, 2025 a copy of the foregoing Plaintiff's First Request for the Production of Documents was caused to be sent via e-mail to:

Irene Sinayskaya
Nicholas Trotta
SINAYSKAYA YUNIVER LAW
710 Avenue U
Brooklyn, NY 11223
irene@sypcl.com
ntrotta@sypcl.com

*Attorneys for Defendants*

  __s/*Josef Nussbaum*___
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
*Attorneys for Plaintiff*