# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

| | |
|---|---|
| Charles Joseph | 45 Broadway, Suite 320 |
| D. Maimon Kirschenbaum | New York, NY 10006 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 981-9587 |
| Lucas Buzzard | www.jk-llp.com |
| Mike DiGiulio | |
| Leah M. Seliger | |

December 12, 2025

<u>VIA ECF</u>

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
            **No.: 25 CV 4490 (AS)**

Dear Judge Subramanian,

      We represent the Plaintiffs in the above-referenced matter. We write in response to the Court's Order yesterday and Defendants' December 10, 2025 motion to dismiss, to respectfully request an additional 10 days for opt-in Plaintiff Molina to appear for his deposition. Our office was able to reach Mr. Molina for the first time since his deposition briefly this afternoon at approximately 3:00pm. He informed us that serious personal issues prevented him from attending the deposition. For the reasons outlined below, dismissal, especially with prejudice, is not appropriate at this time.

      Federal Rule of Civil Procedure 37 permits the Court to dismiss an action or proceeding in whole or in part if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). "A district court has wide discretion in sanctioning a party" under Rule 37. *Reilly v. NatWest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). However, "[i]n evaluating a district court's exercise of discretion to impose Rule 37 sanctions, [courts] consider a number of factors, including: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quotation marks omitted).

      Here, there is no evidence that Mr. Molina's failure to appear is willful. He has informed Plaintiff's counsel that he was unable to attend the deposition on Wednesday due to serious personal issues that prevented him from doing so. Moreover, the duration of noncompliance is two

days which cannot warrant the severe sanction of dismissal with prejudice. Lastly, Mr. Molina has not been warned about the consequences of his failure to appear for a deposition. Accordingly, under these circumstances, Mr. Molina should not be dismissed from the case. *E.g., Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) ("Dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . , and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent.")(citations omitted).

      To be sure, even if the Court ultimately dismisses Mr. Molina's FLSA claims with prejudice, his New York Labor Law claims should not be dismissed with prejudice. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-08333 (ALC)(SN), 2015 U.S. Dist. LEXIS 175727, at *236 (S.D.N.Y. July 31, 2015) (denying dismissal of state labor law claims; "[i]t would be unfair to treat the opt-in plaintiffs differently than other employees who may have chosen not to opt-in to the FLSA action for the same reason that these plaintiffs have failed to participate"); *Lassen v. Hoyt Livery, Inc.*, No. 3:13-cv-01529 (VAB), 2015 U.S. Dist. LEXIS 63823, at *7 (D. Conn. May 15, 2015) ("[t]hese five [opt-in] plaintiffs will be allowed to continue to participate . . . as absent class members on their claims under [state wage law], if the Rule 23 class action remains certified"); *Ruiz v. Citibank, N.A.*, 2014 U.S. Dist. LEXIS 116111, at *12 (upholding magistrate judge's determination that "it would be unjust to dismiss [p]laintiffs' state law claims when they fail to comply with FLSA discovery while other [p]laintiffs who never opted in to FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal"); *Johnson v. Wave Comm GR LLC*, 2013 U.S. Dist. LEXIS 196440, at *1 (recommending that the non-responsive plaintiff be dismissed as "a named plaintiff on the [NYLL claims], without prejudice to [his] future participation . . . as a class member on these state law claims if the Rule 23 class action remains certified") *report and recommendation adopted by* 2013 U.S. Dist. LEXIS 196467 (N.D.N.Y. July 1, 2013).

      We thank the Court for its attention to this matter.

      Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

   s/ Lucas C. Buzzard

Lucas C. Buzzard
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640

2