**Exhibit 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| KATHERINE FERNANDEZ, on behalf of herself and other similarly situated, | Case No. 25-cv-2050 (RER) |

<em>Plaintiff</em>,

-against-

BULLDOZER HOSPITALITY GROUP, INC.,
d/b/a OSTERIA LA BAIA, ROBERT
PETROSYANTS and MARIANNA
SHAHMURADYAN,

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR DOCUMENT PRODUCTION**

<em>Defendants</em>.

-------------------------------------------------------------------x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and the local rules of the United States District Courts for the Southern District of New York, Defendant BULLDOZER HOSPITALITY GROUP, INC., d/b/a OSTERIA LA BAIA, ROBERT PETROSYANTS and MARIANNA SHAHMURADYAN ("Defendants"), by and through their attorneys, Kahn Yuniver Law, hereby responds and objects to Plaintiff KATHERINE FERNANDEZ, on behalf of herself and other similarly situated Request for Document Production, as follows:

## <u>GENERAL OBJECTIONS</u>

1. The following responses are based on discovery available as of the date hereof. These responses are given without prejudice to Defendants' right to produce or rely on subsequently discovered information.

2. Further discovery, independent investigation, or other analysis may lead to the discovery of additional information, which may lead to additions or changes to the responses set forth herein.

3.  By responding, Defendants do not concede that these discovery demands seek relevant information or documents, or that the discovery demands are reasonably calculated to lead to the discovery of admissible evidence. As such, Defendants object to all such discovery demands that are unduly burdensome and/or not reasonably calculated to lead to the discovery of admissible evidence. Defendants expressly preserve all objections as to relevancy and admissibility and preserve the right to object to further discovery relating to the subject matter of these discovery demands, or of the responses.

4.  Defendants object to the discovery demands to the extent they are overly broad, burdensome, vague, and oppressive and, in some instances, seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5.  Defendants object to the discovery demands to the extent they seek certain information believed to be in the possession of the Plaintiff and non-parties and, therefore, said information is equally, if not more, accessible to such other parties than to Defendants.

6.  Defendants object to the discovery demands to the extent that they are duplicative of other discovery, unduly or unreasonably burdensome and expansive, and not reasonably calculated to lead to the discovery of admissible evidence.

7.  Defendants object to the discovery demands to the extent that they seek documents that are not in its possession, custody, or control.

8.  Defendants object to the discovery demands to the extent they seek information that is private, confidential or constitute trade secrets, such as, including, without limitation, information relating to the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, drawing, design, method, technique, or improvement, or any business information or plans,

financial information, or listing of names, addresses, or telephone numbers that are secret in nature.

9.    Defendants object to the discovery demands to the extent that they seek information or documents protected by the attorney-client privilege, work product doctrine, trial preparation doctrine, or other applicable privilege.

10.   Nothing herein is intended to be or should be construed as a waiver of the attorney-client privilege, the trial preparation privilege, the work product doctrine, or any other applicable privilege or protection. Inadvertent production of such protected information is not intended to be and shall not operate as a waiver of the applicable privilege. Any information withheld on the basis of such privilege will be identified in a privilege log.

11.   Defendants reserve the right to condition the production of documents containing confidential or proprietary information or trade secrets on the Court's issuance of a confidentiality or protective order governing the disclosure of any such information.

12.   The production of any documents or information by Defendants is made without waiver, and with preservation, of any privilege or protection against disclosure afforded to documents containing confidential or proprietary information or trade secrets.

13.   Defendants object to the discovery demands to the extent that they seek information or documents that are a matter of public record and available through an examination of public record, and therefore, Defendants object to the discovery demands to the extent that providing the requested information or documents imposes an unreasonable burden and expense on Defendants, as said request are matters of public record.

14. Defendants object to the discovery demands to the extent that the demands are vague, contain undefined terms, seek to impose burdens on the Defendants that exceed the Federal Rules of Civil Procedure requirements, and/or assume facts which have not been established as true.

15. Defendants object to the discovery demands to the extent that the demands seek information or documents not reasonably defined for Defendants to respond to such demands. Similarly, Defendants object to said discovery demands to the extent that said demands are vague, ambiguous, and not reasonably limited in scope and seek the production of information not relevant to this matter or not reasonably calculated to lead to the discovery of relevant or admissible information or documents.

16. Defendants object to the discovery demands to the extent any "Instructions" and/or "Definitions" seek to impose upon Defendants' duties and responsibilities that are greater than required under the FRCP.

17. Defendants object to discovery demands for information or documents that pertain to a period of time that is outside the relevant period of time.

18. Defendants' responses are made subject to, and without waiver of, their right to:

   a. Contest the admissibility of any evidence disclosed in these responses or in any disclosure of information occurring pursuant to any document production;

   b. Object to any other discovery demand that may or may not relate to these responses; and

   c. Seek a protective order.

19. Defendants' responses to the demands are made subject to continuing and ongoing discovery and Defendants reserves its right to modify or supplement their responses to the demands

with respect to any response contained herein. Defendants specifically reserve the right to rely on any additional facts that may develop or be revealed as the case progresses.

20. Defendants' response is subject to and without waiving any of the specific or general conditions or objections set forth in these responses. These general objections are continuing, and they are incorporated by reference in each response below.

## RESPONSES TO DOCUMENT REQUEST

Defendants respond to Plaintiff's document request as follows:

1. REQUEST NO. 1: For each Plaintiff, his/her complete personnel file, including but not limited to applications for employment, hire forms, new-hire wage rate notices, annual wage rate notices, payroll reports, payroll information, paystubs, wage statements, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials.

RESPONSE TO REQUEST NO. 1: Defendants object to this request as overly broad, unreasonably cumulative, duplicative of other demands, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, Defendants hereby produce non-privileged documents and communications in their possession, custody, or control concerning or involving documents and communications that are responsive and relevant to the claims or defenses in this Action. See Exhibits A to F, Bate Stamped as _____.

2. REQUEST NO. 2: For each Plaintiff, all 1099 and/or W-2 forms.

RESPONSE TO REQUEST NO. 2: See Exhibits A to C, Bate Stamped as _____.

3. <u>REQUEST NO. 3:</u> For each Potential Class Member, all 1099 and/or W-2 forms.

   <u>RESPONSE TO REQUEST NO. 3:</u> Defendants object to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

4. <u>REQUEST NO. 4:</u> For each Plaintiff, all documents showing the compensation that Defendants paid to him or her during the Liability Period, including but not limited to payroll records, payroll registers, paystubs, wage statements, paychecks, tip records, tip sheets, receipts, and ledgers.

   <u>RESPONSE TO REQUEST NO. 4:</u> Defendants object to this request as overly broad, unreasonably cumulative, duplicative of other demands, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, Defendants hereby produce non-privileged documents and communications in their possession, custody, or control concerning or involving documents and communications that are responsive and relevant to the claims or defenses in this Action. See Exhibits A to C; J-1 to J-4; K-1 to K-4; L-1 to L-4; M-1 to M-3; N-1 to N-4; O-1 to O-4.

5. <u>REQUEST NO. 5:</u> For each Potential Class Member, all documents showing the compensation that Defendants paid to him or her during the Liability Period, including but not limited to payroll records, payroll registers, paystubs, paychecks, tip records, receipts, ledgers, new-hire wage rate notices, and annual wage rate notices.

RESPONSE TO REQUEST NO. 5: Defendants object to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

6. REQUEST NO. 6: All documents concerning information relied upon by Defendants when issuing each Plaintiff's paychecks.

RESPONSE TO REQUEST NO. 6: Defendants object to this request as vague, overly broad, duplicative of other demands, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, Defendants hereby produce non-privileged documents and communications in their possession, custody, or control concerning or involving documents and communications that are responsive and relevant to the claims or defenses in this Action. See Exhibit M-1 to M-3; N-1 to N-4.

7. REQUEST NO. 7: All documents concerning information relied upon by Defendants when issuing each Potential Class Member's paychecks.

RESPONSE TO REQUEST NO. 7: Defendants object to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving these objections, Defendants state that the responsive documents are contained in Exhibits M-1 through M-3 and N-1 through N-4, which include receipts and private event orders reflecting the source of tips that were pooled and distributed among employees.

8.  REQUEST NO. 8: For each Plaintiff, all documents concerning Defendants' methods of pay and/or their rate of pay.

RESPONSE TO REQUEST NO. 8: Defendants object to this request as vague, overly broad, duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, Defendants refer to their document production containing the non-privileged documents and communications in their possession, custody, or control concerning or involving documents and communications that are responsive and relevant to the claims or defenses in this Action.

9.  REQUEST NO. 9: For each Potential Class Member, all documents concerning Defendants' methods of pay and/or their rate of pay.

RESPONSE TO REQUEST NO. 9: Defendants object to this request as vague, overly broad, duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, Defendants refer to their document production containing the non-privileged documents and communications in their possession, custody, or control concerning or involving documents and communications that are responsive and relevant to the claims or defenses in this Action.

10. REQUEST NO. 10: All wage notices provided to each Plaintiff during their employment at OLB.

RESPONSE TO REQUEST NO. 10: Defendants object to this request as overly broad, irrelevant, and not reasonably relevant to the claims and defenses in this Action or proportional to the needs of this Action. Defendants further object to this request because it seeks documents, if any, in possession of, known to, or otherwise equally available to the plaintiff.

11. REQUEST NO. 11: All wage notices provided to each Potential Class Member during their employment at OLB.

RESPONSE TO REQUEST NO. 11: Defendants object to this request as overly broad, irrelevant, and not reasonably relevant to the claims and defenses in this Action or proportional to the needs of this Action.

12. REQUEST NO. 12: For each Plaintiff, all documents reflecting the amount and/or percentage of tips that Plaintiff had to share with any managers, assistant managers, and/or supervisors.

RESPONSE TO REQUEST NO. 12: Defendants object to this request as argumentative, vague, and overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

13. REQUEST NO. 13: For each Potential Class Member, all documents reflecting the amount and/or percentage of tips that Class Member had to share with any managers, assistant managers, and/or supervisors.

RESPONSE TO REQUEST NO. 13: Defendants object to this request as argumentative, vague, and overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

14. <u>REQUEST NO. 14:</u> For each Plaintiff, all documents reflecting the amount and/or percentage of tips that Plaintiff had to share with Julio Perez.

<u>RESPONSE TO REQUEST NO. 14:</u> Defendants object to this request as argumentative, vague, and overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, to the extent that the tips are pooled and shared with other employees, refer to Exhibits M-1 through M-3 and N-1 through N-4, which include receipts and private event orders reflecting the source of tips that were pooled and distributed among employees.

15. <u>REQUEST NO. 15:</u> For each Potential Class Member, all documents reflecting the amount and/or percentage of tips that Class Member had to share with Julio Perez.

<u>RESPONSE TO REQUEST NO. 15:</u> Defendants object to this request as argumentative, vague, and overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, to the extent that the tips are pooled and shared with other employees, refer to Exhibits M-1 through M-3 and N-1 through N-4, which include receipts and private event orders reflecting the source of tips that were pooled and distributed among employees.

16. <u>REQUEST NO. 16:</u> All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Plaintiff was scheduled to work.

<u>RESPONSE TO REQUEST NO. 16:</u> See Exhibit L-1 through L-4 containing in-time and out-time for each named Plaintiff.

17. <u>REQUEST NO. 17:</u> All documents, including but not limited to weekly schedules, concerning when and/or for how much time each Potential Class Member was scheduled to work.

<u>RESPONSE TO REQUEST NO. 17:</u> Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

18. <u>REQUEST NO. 18:</u> Documents sufficient to show each Restaurant's hours of operations throughout the Liability Period.

<u>RESPONSE TO REQUEST NO. 18:</u> See Exhibit H of Defendants' Document Production.

19. <u>REQUEST NO. 19:</u> For each Plaintiff, all records of hours worked, including but not limited to time records, time reports, clock-in reports, clock-in chits, sign-in/sign-out sheets, and spreadsheets. (If there is more than one version of these documents, or if the documents have been adjusted electronically, provide all versions of the documents. If there are no records of Plaintiffs' hours worked please so indicate.)

<u>RESPONSE TO REQUEST NO. 19:</u> Defendants object to this request as duplicative of other demands and overly broad. Subject to and without waiving the foregoing objections, see Exhibit L-1 through L-4 containing in-time and out-time for each named Plaintiff.

20. <u>REQUEST NO. 20:</u> For each Potential Class Member, all records of hours worked, including but not limited to time records, time reports, clock-in reports, clock-in chits, sign-in/sign-out sheets, and spreadsheets. (If there is more than one version of these documents, or if the

documents have been adjusted electronically, provide all versions of the documents. If there are no records of Class Members' hours worked please so indicate).

<u>RESPONSE TO REQUEST NO. 20:</u> Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

21. <u>REQUEST NO. 21:</u> All documents concerning the operation of Defendants' timekeeping system(s), if any, throughout the Liability Period, including, but not limited to, instruction manuals and settings.

<u>RESPONSE TO REQUEST NO. 21:</u> Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

22. <u>REQUEST NO. 22:</u> For each Plaintiff, all documents concerning any determination to adjust or adjustment made of time reflected in Defendants' timekeeping system, if any.

<u>RESPONSE TO REQUEST NO. 22:</u> Defendants object to this request as argumentative, duplicative of other demands and overly broad. Subject to and without waiving the foregoing objections, see Exhibit L-1 through L-4 containing in-time and out-time for each named Plaintiff.

23. <u>REQUEST NO. 23:</u> For each Potential Class Member, all documents concerning any determination to adjust or adjustment made of time reflected in Defendants' timekeeping system, if any.

<u>RESPONSE TO REQUEST NO. 23:</u> Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action

24. <u>REQUEST NO. 24</u>: All documents reflecting any training given to Defendants' employees regarding recording the hours worked by employees.

<u>RESPONSE TO REQUEST NO. 24:</u> Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

25. <u>REQUEST NO. 25</u>: All documents reflecting any training given to Defendants' managers and/or employees responsible for payroll at OLB regarding how to pay employees for hours worked.

<u>RESPONSE TO REQUEST NO. 25:</u> Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

26. <u>REQUEST NO. 26</u>: For each Plaintiff, all records of the date the Plaintiff was actually paid. (For the avoidance of doubt, this request does not merely seek records of the dates that paychecks were issued and/or printed but also seeks records that establish the specific date(s) that wages were actually paid to Plaintiffs.)

<u>RESPONSE TO REQUEST NO. 26:</u> Defendants object to this request as overly broad, argumentative, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

27. <u>REQUEST NO. 27</u>: For each Potential Class Member, all documents concerning any deductions from his or her wages.

<u>RESPONSE TO REQUEST NO. 27.</u> Defendants object to this request as overly broad, argumentative, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

28. <u>REQUEST NO. 28</u>: All documents not otherwise produced that refer by name to any Plaintiff.

<u>RESPONSE TO REQUEST NO. 28:</u> Defendants object to this request as overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Defendants' Document Production for documents referencing Plaintiff by name.

29. REQUEST NO. 29: All documents concerning Defendants' compensation policies and practices during the Liability Period, including but not limited to, employee manuals, memoranda, e-mails, correspondence, complaints, and/or communications.

RESPONSE TO REQUEST NO. 29: Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

30. REQUEST NO. 30: All documents concerning the job duties and responsibilities of every person who received a portion of gratuities left by customer, including all cash and credit card tips, gratuities, mandatory gratuities, service charges, or similar charges.

RESPONSE TO REQUEST NO. 30: See Defendants' company census with employees' names and positions annexed as Exhibit G.

31. REQUEST NO. 31: All documents showing the amount of gratuities that the OLB's customers paid during each shift within the Liability Period, including all cash and credit card tips, gratuities, mandatory gratuities, service charges, or similar charges.

RESPONSE TO REQUEST NO. 31: Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit M-1 through M-3; N-1 through N-4.

32. REQUEST NO. 32: If any portion of gratuities, including all cash and credit card tips, gratuities, mandatory gratuities, service charges, or similar charges, paid by customers at OLB was not distributed to the restaurant's service employees, provide all documents showing how that money was allocated, including but not limited to documents that identify the entity or individual to whom that money was paid.

RESPONSE TO REQUEST NO. 32: Defendants object to this request as overly broad, argumentative, vague, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

33. REQUEST NO. 33: All documents concerning communications between or among any of Defendants' employees regarding Defendants' methods, policies, practices, and/or procedures of apportioning and/or distributing tips, gratuities, mandatory gratuities, fixed gratuities, and/or service charges, whether or not so denominated.

RESPONSE TO REQUEST NO. 33: Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

34. REQUEST NO. 34: For each person who received a portion of cash and credit card tips, gratuities, mandatory gratuities, service charges, or similar charges paid by customers at OLB, all documents concerning their job duties, including but not limited to, job postings, job descriptions, internal emails, employee handbooks, responsibilities and/or activities related to

hiring, firing, disciplining, and scheduling employees, employee compensation, employee complaints and OLB's business operations.

RESPONSE TO REQUEST NO. 34: Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions; Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

35. REQUEST NO. 35: For each person employed by Defendants as a manager, assistant manager, and/or supervisor, all documents concerning their job duties including but not limited to job postings, job descriptions, responsibilities and/or duties, internal emails and employee handbooks.

RESPONSE TO REQUEST NO. 35: Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions; Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

36. REQUEST NO. 36: For each person employed by Defendants as a manager, assistant manager, and/or supervisor, their complete personnel files, including but not limited to job applications, resumes, employee files, employee applications, degrees, certificates, and licenses.

RESPONSE TO REQUEST NO. 36: Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to

the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions.

37. REQUEST NO. 37: For each person employed by Defendants as a manager, assistant manager and/or supervisor, all documents that establish how much they earned in wages, salary and/or tips at OLB during the Liability Period.

RESPONSE TO REQUEST NO. 37: Defendants object to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

38. REQUEST NO. 38: All documents concerning Defendants' practices, policies, and/or procedures regarding interviewing new employees for hire at OLB, including but not limited to, which individuals were responsible for or had the capacity to interview potential new hires.

RESPONSE TO REQUEST NO. 38: Defendants object to this request as overly broad, not duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions; Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

39. REQUEST NO. 39: All documents concerning Defendants' practices, policies, and/or procedures regarding hiring at OLB, including but not limited to, which individuals were responsible for or had the capacity to interview and hire employees.

<u>RESPONSE TO REQUEST NO. 39:</u> Defendants object to this request which is in the form of an interrogatory as opposed to a request for document production. Defendants further object to this request as overly broad, not duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions and Defendants' responses and objections to the Interrogatories.

40. <u>REQUEST NO. 40</u>: All documents concerning Defendants' practices, policies, and/or procedures regarding firing at OLB, including but not limited to, which individuals were responsible for or had the capacity to terminate employees.

<u>RESPONSE TO REQUEST NO. 40:</u> Defendants object to this request which is in the form of an interrogatory as opposed to a request for document production. Defendants further object to this request as overly broad, not duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions and Defendants' responses and objections to the Interrogatories.

41. <u>REQUEST NO. 41</u>: All documents concerning Defendants' practices, policies, and/or procedures regarding disciplinary action taken at OLB, including but not limited to, which individuals were responsible for or had the capacity to discipline employees.

<u>RESPONSE TO REQUEST NO. 41:</u> Defendants object to this request which is in the form of an interrogatory as opposed to a request for document production. Defendants further object to this request as overly broad, not duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions and Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

42. <u>REQUEST NO. 42</u>: All documents concerning Defendants' practices, policies, and/or procedures regarding employee scheduling, including but not limited to which employees were responsible for creating and/or implementing employees' schedules.

<u>RESPONSE TO REQUEST NO. 42:</u> Defendants object to this request which is in the form of an interrogatory as opposed to a request for document production. Defendants further object to this request as overly broad, not duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions and Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

43. <u>REQUEST NO. 43</u>: All documents concerning Defendants' practices, policies, and/or procedures regarding recommending employees for promotions and/or demotions, including but not limited to which employees were responsible for recommending and/or implementing promotions and/or demotions.

RESPONSE TO REQUEST NO. 43: Defendants object to this request which is in the form of an interrogatory as opposed to a request for document production. Defendants further object to this request as overly broad, not duplicative of other demands, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Exhibit G – census with employees' names and positions and Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

44. REQUEST NO. 44: Documents sufficient to show the ownership and/or control of Mac Brothers II LLC throughout the Liability Period, including but not limited to organizational charts, shareholders, 11 board of director members, and executive staff. This request includes documents relating to the management structure and names and titles of individual managers.

RESPONSE TO REQUEST NO. 44: Defendants object to this request as utterly irrelevant, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

45. REQUEST NO. 45: Bulldozer Hospitality Group, Inc.'s formation documents.

RESPONSE TO REQUEST NO. 45: Defendants object to this request as utterly irrelevant, vague as to what documents are sought in this request, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

46. <u>REQUEST NO. 46</u>: All documents concerning or reflecting Bulldozer Hospitality Group, Inc.'s gross annual sales or revenue for the entire Liability Period, including but not limited to receipts, ledgers, and tax returns.

<u>RESPONSE TO REQUEST NO. 46:</u> Defendants object to this request as utterly irrelevant, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as improperly seeking production of confidential and proprietary information completely irrelevant to this Action. Subject to and without waiving the foregoing objections, Defendants refer to Exhibit M and N for receipts reflecting part of the revenues.

47. <u>REQUEST NO. 47</u>: All bank statements from all banks used by Mac Brothers II LLC during the Liability Period.

<u>RESPONSE TO REQUEST NO. 47:</u> Defendants object to this request as utterly irrelevant, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as improperly seeking production of confidential and proprietary information completely irrelevant to this Action.

48. <u>REQUEST NO. 48</u>: All records of cash payments made to Bulldozer Hospitality Group, Inc., during the Liability Period.

<u>RESPONSE TO REQUEST NO. 48:</u> Defendants object to this request as utterly irrelevant, ambiguous, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this Action.

49. REQUEST NO. 49: All documents reflecting the prices of goods sold and/or services rendered by Bulldozer Hospitality Group, Inc. during the Liability Period.

RESPONSE TO REQUEST NO. 49: Defendants object to this request as utterly irrelevant, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as improperly seeking production of confidential and proprietary information completely irrelevant to this Action. Subject to and without waiving the foregoing objections, see Exhibit P.

50. REQUEST NO. 50: All documents reflecting the amount of tips paid by customers of Bulldozer Hospitality Group, Inc. during the Liability Period.

RESPONSE TO REQUEST NO. 50: Defendants object to this request as duplicative of other demands and overly broad in proportion to the needs of this Action. Subject to and without waiving the foregoing objections, Defendants refer to Exhibit M and N for receipts pertaining to the shifts of each named Plaintiff.

51. REQUEST NO. 51: All documents concerning the annual expenses of Bulldozer Hospitality Group, Inc. for the entire Liability Period, including but not limited to rent; utilities; employee, independent contractor, executive, and consultant compensation; taxes; professional services; and other goods and/or services.

RESPONSE TO REQUEST NO. 51: Defendants object to this request as utterly irrelevant, ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request as improperly seeking production of confidential and proprietary information completely irrelevant to this Action.

52. <u>REQUEST NO. 52</u>: Any and all non-privileged communications which identify which individuals own/owned OLB during the Liability Period and their percentage stake in OLB.

<u>RESPONSE TO REQUEST NO. 52:</u> Defendants object to this request which is in the form of an interrogatory as opposed to a request for document production. Subject to and without waiving the foregoing objections, Marianna Shahmuradyan is the sole owner of Bulldozer Hospitality Group, Inc., which in turn owns OLB.

53. <u>REQUEST NO. 53</u>: Any and all non-privileged communication between any of the Defendants, or any management employees of Defendants, relating to the claims alleged this Action.

<u>RESPONSE TO REQUEST NO. 53:</u> Defendants object to this request as overly broad and not limited to any specific subject matter or time frame beyond what is reasonably relevant to the claims and defenses in this Action.

54. <u>REQUEST NO. 54</u>: All write-ups, disciplinary forms, new hire forms, and/or other personnel documents signed by any manager or supervisor employed at OLB.

<u>RESPONSE TO REQUEST NO. 54:</u> Defendants object to this request as duplicative of other demands, overly broad in proportion to the needs of the instant Action. Subject to and without waiving the foregoing objections, see Exhibit A containing write-ups pertaining to Plaintiff Katherine Fernandez.

55. REQUEST NO. 55: All written communications, including without limitation e-mails, text messages, WhatsApp messages and/or social media messages, to or from any manager, assistant manager, or supervisor employed by Defendants concerning (1) personnel matters at OLB, including but not limited to hiring, firing, scheduling, training, promotions, demotions, wages and salaries; and (2) budgeting and/or purchasing at OLB.

RESPONSE TO REQUEST NO. 55: Defendants object to this request as overly broad and not limited to any specific subject matter or time frame beyond what is reasonably relevant to the claims and defenses in this Action.

56. REQUEST NO.  56: All non-privileged documents containing communication regarding this Action.

RESPONSE TO REQUEST NO. 56: Defendants object to this request as overly broad and not limited to any specific subject matter or time frame beyond what is reasonably relevant to the claims and defenses in this Action.

57. REQUEST NO. 57: All posters, signs, and/or other documents that discuss the requirements of the Fair Labor Standards Act and/or the New York Labor Law that were provided to employees during the Liability Period.

RESPONSE TO REQUEST NO. 57: See Exhibit I of Defendants' Document Production; Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

58. <u>REQUEST NO. 58</u>: All posters, signs, and/or other documents that discuss the requirements of the Fair Labor Standards Act and/or the New York Labor Law that were posted at OLB during the Liability Period.

<u>RESPONSE TO REQUEST NO. 58:</u> See Exhibit I of Defendants' Document Production.

59. <u>REQUEST NO. 59</u>: All documents concerning wage and hour investigations and or audits of any Defendant or subsidiary of any Defendant by the federal and/or New York Departments of Labor, including but not limited to correspondence, notes, complaints, letters, memoranda, settlement offers, settlement agreements, checks offered to and/or accepted by Plaintiffs or Class Members, and checks offered to and/or accepted by the federal and/or New York Departments of Labor on Plaintiffs' or Class Members' behalf.

<u>RESPONSE TO REQUEST NO. 59:</u> Defendants object to this request as overly broad and not limited to any specific subject matter or time frame beyond what is reasonably relevant to the claims and defenses in this Action. Defendants further object to this request to the extent that it seeks documents protected by attorney-client privilege, work product doctrine, trial preparation doctrine, or other applicable privilege.

60. <u>REQUEST NO. 60</u>: All documents concerning rulings, decisions, or opinions rendered by any federal or state court or administrative or governmental agency regarding whether Defendants' wage and hour policies conform to the requirements of the Fair Labor Standards Act and/or the state laws.

<u>RESPONSE TO REQUEST NO. 60:</u> Defendants object to this request as overly broad and not limited to any specific subject matter or time frame beyond what is reasonably relevant to the

claims and defenses in this Action. Defendants further object to this request to the extent that it seeks documents protected by attorney-client privilege, work product doctrine, trial preparation doctrine, or other applicable privilege.

61. <u>REQUEST NO. 61</u>: All documents concerning all compensation which Defendants claim has been paid to Plaintiffs and/or Class Members for periods that are not compensable under the FLSA and/or New York Labor Law.

<u>RESPONSE TO REQUEST NO. 61</u>: Defendants object to this request as overly broad, duplicative of other demands, and not limited to any specific subject matter or time frame beyond what is reasonably relevant to the claims and defenses in this Action. Subject to and without waiving the foregoing objections, see Defendants' Document Production containing all documents concerning compensation paid to Plaintiffs.

62. <u>REQUEST NO. 62</u>: All documents concerning and/or supporting any of the Affirmative Defenses listed in Defendants' Answer.

<u>RESPONSE TO REQUEST NO. 62</u>: Defendants object to this request as vague and overly broad. Subject to and without waiving the foregoing objections, see Defendants' Document Production containing all documents concerning compensation paid to Plaintiffs.

63. <u>REQUEST NO. 63</u>: All documents that Defendants intend to use as exhibits in depositions of Plaintiffs, Class Members, or other witness(es).

<u>RESPONSE TO REQUEST NO. 63:</u> See Defendants' Document Production. Defendants reserve their right to rely upon any other document not produced herein.

64. <u>REQUEST NO. 64</u>: All documents concerning Defendants' policies, practices, and/or procedures regarding the retention and/or destruction of documents and/or electronic data.

<u>RESPONSE TO REQUEST NO. 64:</u> Defendants object to this request as overly broad, irrelevant, and not reasonably relevant to the claims and defenses in this Action or proportional to the needs of this Action. Subject to and without waiving the foregoing objections, see Employee Handbook annexed as part of Exhibit D at Bate Stamped pages DEFS-000233 through DEFS-000285.

65. <u>REQUEST NO. 65</u>: All documents not otherwise produced identified in Defendants' Initial Disclosures.

<u>RESPONSE TO REQUEST NO. 65:</u> Defendants object to this request as overly broad and vague. Subject to and without waiving the foregoing objections, see Defendants' Document Production.

66. <u>REQUEST NO. 66</u>: For each person identified in Defendants' responses to Plaintiffs' First Set of Interrogatories, documents sufficient to show his or her dates of employment by Defendants, positions held, and job duties.

<u>RESPONSE TO REQUEST NO. 66:</u> Defendants object to this request which is in the form of an interrogatory as opposed to a request for document production. Subject to and without waiving the foregoing objections, see employee census annexed as Exhibit G.

67. <u>REQUEST NO. 67</u>: All documents identified in Defendants' responses to Plaintiffs' First Set of Interrogatories.

<u>RESPONSE TO REQUEST NO. 67:</u> Defendants object to this request as overly broad and vague. Subject to and without waiving the foregoing objections, see Defendants' Document Production.

Dated: September 3, 2025
     Brooklyn, New York

                                    Respectfully Submitted,

                                    /s/ *Irene  Sinayskaya Kahn*
                                    Irene Sinayskaya Kahn, Esq.
                                    KAHN YUNIVER LAW
                                    710 Avenue U
                                    Brooklyn, NY 11223
                                    T: (718) 402-2240
                                    F: (718) 305-4571
                                    E: Irene@kypcl.com

To: Josef Nussbaum
32 Broadway,
Suite 601
New York, NY 10004
(212) 688-5640
Attorneys for Plaintiff