**PICO BEN-AMOTZ**
General Counsel

**Department of Labor**
75 Varick Street
New York, NY 10013
www.labor.ny.gov

March 4, 2015

Hon. Joseph D. Morelle
Majority Leader
New York State Assembly
1945 East Ridge Road
Rochester, NY 14622

      Re: 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2

Dear Majority Leader Morelle:

      In response to your inquiry regarding *Hicks v T.L. Cannon Corp.*, 35 F. Supp. 3d 329 (W.D.N.Y. 2014), I write to summarize the Department of Labor's (DOL) interpretation of the intersection of the tip credit and notice of pay rules in 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2. Specifically, this letter explains why an employer in the food service industry can remain eligible to claim the tip credit pursuant to 12 N.Y.C.R.R. § 146-1.3 even when the notice of tip credit provided by the employer is not in writing.

      The tip credit provision in DOL's hospitality industry regulations, 12 N.Y.C.R.R. § 146-1.3, provides that, "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips <u>and if the employee has been notified of the tip credit as required in section 146-2.2 of this Part</u>." Failure to provide the requisite notice pursuant to Section 146-1.3 prevents an employer from claiming the tip credit.

      The notification rule in Section 146-2.2 provides that at the start of employment and prior to any change in an employee's hourly rate: "an employer shall give each employee written notice of the employee's regularly hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular pay day. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." 12 N.Y.C.R.R. § 146-2.2(a), (b). Failure to comply with the written notification requirements subjects an employer to civil penalties under Section 218 of the Labor Law.

      In your inquiry, you asked whether the portion of 12 N.Y.C.R.R. § 146-1.3 underlined above requires, as a precondition to claiming a tip credit, that an employer provide written notice of the tip credit rules. Alternatively, you asked whether an employer that fails to provide written notice of the tip credit rules may nonetheless claim a tip credit if the employer can demonstrate compliance with the all of the minimum wage requirements and that their employees understood the manner in which the employer took the tip credit.



Contrary to the Court's holding in *Hicks*, a food service employer is eligible to claim the tip credit even when they fail to provide written notice of the tip credit rules provided that the employer can demonstrate compliance with all of the other minimum wage requirements and that their employees understood the manner in which the employer took the tip credit. As an initial basis for interpretation, the plain language of the notice requirement in 12 N.Y.C.R.R. § 146-1.3 does not specify a "written" notice as a precondition to claiming the tip credit. Rather, Section 146-1.3 only requires that an employee be "notified of the tip credit as required in section 146-2.2 of this Part." This absence of an explicit written notice requirement in Section 146.1-3 is significant given that both the title and opening clause of Section 146-2.2 reference such a written notice requirement. Had Section 146.1-3 required a written notice of the tip credit rules, such a writing requirement would be explicit in the regulation.

This is not to suggest that an employer's failure to comply with the written notice requirements in 12 N.Y.C.R.R. § 146-2.2 is without consequence. If an employer fails to comply with Section 146-2.2, the employer is subject, at a minimum, to civil penalties pursuant to Section 218 of the Labor Law. Moreover, if an employer that fails to provide written notice of the tip credit rules cannot establish their compliance with all of the other minimum wage requirements and that their employees understood the manner in which the tip credit was taken, the employer would unquestionably lose its eligibility to claim the tip credit.

DOL's interpretation of 12 N.Y.C.R.R. § 146-1.3 is compelled both by the plain language of the regulation and the need to prevent unintended consequences, such as loss of eligibility for the tip credit for otherwise compliant employers and an unjustified windfall for employees that have actual notice of their employer's tip credit practices. If an employer can demonstrate compliance with the all of the other minimum wage requirements and that their employees understood the manner in which the employer took the tip credit, there is no policy rationale to preclude the employer from claiming the tip credit simply because the employer did not provide written notice of the tip credit rules. Alternatively stated, written notice is not necessary to protect employees that have actual knowledge of the tip credit rules.

In summary, DOL's interpretation of 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2 provides a sufficiently strong incentive to employers to comply with the written notice requirements in Section 146-2.2 without being unnecessarily punitive to those employers that do not provide the required written notice and without providing an inappropriate windfall to employees that have suffered no prejudice.

Please do not hesitate to contact me if you would like to discuss this matter further.

Very truly yours,

Pico Ben-Amotz
General Counsel