# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

December 10, 2025

**VIA ECF**
United States District Court
Southern District of New York
**Attn**: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

      *Re:*    **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
             **Case No.: 1:25-cv-4490 (AS) (GS)**

Dear Judge Subramanian:

      This firm represents the Defendants in the above-referenced case. Defendants respectfully submit this letter[1] motion to dismiss Plaintiff Javier Molina's ("Molina") claims for failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). See Fed. R. Civ. P. 41(b).

      For the reasons set forth below, this Court should dismiss Molina's claims due to his failure to appear at his deposition today.

**Legal Standard**

      Rule 41 provides a district court with the authority to dismiss an action for failure to prosecute. See Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

      When a plaintiff fails to prosecute an action, comply with court orders, or abide by the Federal Rules of Civil Procedure, "a defendant may move to dismiss the action or any claim against it." See Ramos v. City Wav Corp., 2024 WL 466415, at *7 (E.D.N.Y. Apr. 11, 2024) (quoting Fed. R. Civ. P. 41(b)). "As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered 'an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. (quoting Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009)).

---

[1] Defendants respectfully request leave of this Court to make the instant request as a letter motion rather than a formal motion (as required by Local Civil Rule 7.1) in accordance with Rule 1, which requires that the Rules be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. See Fed. R. Civ. P. 1 (emphasis added). Due to the nature of the relief requested arising from a failure to engage in discovery, and because Defendants are in the throes of preparing their motion for summary judgment, they respectfully submit that this Court should grant leave to file the instant motion as a letter motion rather than a formal motion.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
December 10, 2025
P a g e | 2

Courts deciding whether to dismiss for failure to prosecute may look to five (5) non-dispositive factors: "whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." Id. at *7-8 (quoting Lewis, 564 F.3d at 576).

**Relevant Procedural History**

On August 27, 2025, this Court issued a Civil Case Management Plan and Scheduling Order (hereinafter the "Scheduling Order"). See ECF Docket Entry 22. On October 28, 2025, Defendants substituted their counsel. See ECF Docket Entries 30 and 34. The parties had a dispute about completing Defendants' depositions by November 10, 2025, which this Court resolved by extending the time to complete the depositions to November 21, 2025, which was later extended to December 10, 2025. See ECF Docket Entries 31, 33, and 38.

The parties agreed to conduct the deposition of Molina on Wednesday, December 10, 2025 based on his and counsel's mutual availability. See Id.; see also ECF Docket Entry 39-6. This was the last day to complete depositions pursuant to this Court's Orders.

**Molina's Claims Must be Dismissed due to his Failure to Appear at his Deposition**

Here, each factor supports dismissal of Molina's claims with prejudice. Molina's lack of participation will significantly delay this litigation by prolonging the discovery period given that discovery is over as of today. Defendants have been forced to spend considerable time and resources preparing to depose Molina, noticing and arranging a deposition which Molina failed to attend, and filing the instant motion. Although this Court has not given Molina notice that his failure to prosecute could result in dismissal with prejudice, he is represented by capable counsel who should have informed him of the consequences for failure to appear at his deposition. Indeed, during the parties' virtual meet-and-confer concerning the instant application, Plaintiffs confirmed that they reminded Molina of his required appearance for today's deposition "earlier this week," presumably Monday if not yesterday. Dismissing Molina's claims with prejudice would allow this litigation to proceed beyond the discovery phase. Finally, no lesser sanction is appropriate as Molina has not responded to his own counsel's repeated attempts to contact him.

For the foregoing reasons, Molina's claims should be dismissed with prejudice. See Thompson v. BK Venture Grp. Ltd., 2023 WL 6796392, at *6-7 (E.D.N.Y. Oct. 13, 2023) (dismissing with prejudice the claims of opt-in plaintiffs in an FLSA action for failure to prosecute under Rule 41(b)).

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
December 10, 2025
P a g e | 3

  Consistent with Local Civil Rule § 37.2 and ¶ 5(B) of the Individual Rules, today at approximately 10:45 AM, your undersigned met-and-conferred virtually with Lucas Buzzard, Esq. ("Buzzard") for approximately three (3) minutes concerning the foregoing issues and Plaintiffs declined to agree to dismiss Molina's claims with prejudice because they have not yet spoken to him. Although under no obligation to do so, Defendants agreed with Plaintiffs that if Molina appears ready to proceed with his deposition before 11:30 AM such that notice can be sent to the court reporter and the interpreter, Defendants would proceed with Molina's deposition at noon today. Molina has failed to appear by 11:30 AM. The instant letter motion follows, which your undersigned informed Buzzard will be filed if Molina fails to appear. The required Lead Trial Counsel conference as defined in the Individual Rules has thus occurred.

  In light of these circumstances, where Molina did not cure his failure to appear despite amble opportunity to do so, Defendants respectfully request that this Court dismiss Molina's claims with prejudice. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
   December 10, 2025

Respectfully submitted,

**SAGE LEGAL LLC**
 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*

Defendants' motion is DENIED WITHOUT PREJUDICE. The parties shall meet and confer in good faith to schedule Molina's deposition, which should take place on or before **Tuesday, December 23, 2025**. If Molina fails again to appear for his deposition, or otherwise fails to comply with the Court's orders, Defendants may renew their letter-motion to dismiss for lack of prosecution. Defendants may, through a letter filed after the deposition, address the deposition's impact on defendants' summary judgment arguments. Costs of the deposition to be paid by plaintiffs.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 58.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 15, 2025