# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

January 5, 2026

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

   *Re:*  **Fernandez v. Bulldozer Hospitality Group, Inc.,** *et al.*
      **Case No.: 1:25-cv-4490 (AS) (GS)**

Dear Judge Subramanian:

  This firm represents the Defendants Bulldozer Hospitality Group, Inc (hereinafter "Bulldozer" or the "Corporate Defendant"), Robert Petrosyants ("Petrosyants"), and Mariana Shahmuradyan ("Shahmuradyan") (Petrosyants and Shahmuradyan collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants") in the above-referenced case. Defendants respectfully submit this letter motion for an extension of time to oppose Plaintiffs' Katherine Fernandez ("Fernandez"), Javier Molina ("Molina"), and Adrian Montor-Peran ("Montor-Peran")[1] (Fernandez, Molina, and Montor-Peran collectively hereinafter the "Plaintiffs") motion for partial summary judgment and separate motion to certify a class action and to certify a collective action.  For the reasons set forth below, this Court should exercise its discretion in favor of granting the requested extensions.

**Legal Standard**

  Rule 6 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expire."  <u>See</u> Fed. R. Civ. P. 6(b)(1)(A).

**Relevant Procedural History**

  On August 27, 2025, this Court issued a Civil Case Management Plan and Scheduling Order (hereinafter the "Scheduling Order").  <u>See</u> ECF Docket Entry 22.  The Scheduling Order provides, *inter alia*, the following briefing schedule for post-discovery summary judgment motions: (i) opposition papers by January 6, 2026; and reply papers by January 13, 2026.  <u>Id.</u> (emphasis added).  On December 4, 2025, this Court issued an Order extending, *inter alia*, the opposition and reply deadlines by two (2) days, to January 8, 2026 and January 15, 2026, respectively.

---

[1] Montor-Peran's correct spelling of his last name is Teran as confirmed at his deposition and payroll records.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
January 5, 2026
P a g e | 2

On Monday, December 8, 2025, Defendants conducted the deposition of Plaintiff Fernandez. On Wednesday, December 10, 2025, Defendants were to conduct the deposition of opt-in Plaintiff Molina, but he failed to appear. On December 15, 2025, this Court denied Defendants' motion to dismiss Molina's claims and required that his deposition be rescheduled, which took place on Tuesday, December 23, 2025. See ECF Docket Entry 77. Defendants received a copy of Molina's deposition transcript, totaling 167 pages, on December 30, 2025. At the time this Court decided the Defendants' letter motion for an extension of time to file motions for summary judgment, the foregoing issues with Molina were not anticipated.

**Good Cause Exists to Extend Defendants' Deadline to Oppose Both Plaintiffs' Motions**

Defendants' undersigned counsel is engaged out of the office every day this week, with: (i) an appearance on a motion for a preliminary injunction on Monday, January 5, 2026; (ii) an appearance on a motion before the Second Circuit on Tuesday, January 6, 2026 in the morning; (iii) an inquest in the Supreme Court of the State of New York, Queens County on Tuesday, January 6, 2026 in the afternoon; (iv) a virtual deposition on Wednesday, January 7, 2026; and (v) an in-person deposition on Thursday, January 8, 2026.[2]

Defendants respectfully submit that their undersigned counsel cannot properly complete opposition to Plaintiffs' motion for partial summary judgment *and* to certify a class action and collective action by January 8, 2026 when Molina's deposition transcript was only received on Tuesday, December 30, 2025.

Further, this Court's Individual Practices in Civil Cases ("Individual Rules") requires summary judgment motions to be accompanied by complete deposition transcripts with an index, and for memoranda of law to include sections discussing the relevant background and facts. Because Molina's deposition took place on December 23, 2025, after Defendants filed their motion for summary judgment, Defendants were unable to comply with the Individual Rules to supply deposition transcripts together with its summary judgment papers, and also wish to supplement their Local Civil Rule 56.1 Statement of Material Facts with critical testimony for the Court's consideration on its motion for summary judgment, which Defendants propose they may do by adding additional factual statements within their Local Civil Rule 56.1 Counterstatement of Material Facts.

Moreover, Defendants should not be forced to respond to two (2) motions at the same time, especially when their motion for summary judgment may moot Plaintiffs' motion to certify a class action and a collective action.

---

[2] Both of the foregoing depositions are court Ordered by the Hon. James M. Wicks, U.S.M.J. in Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 363 and Text Only Order dated December 19, 2025 (" the Court adopts the deposition schedule proposed at ECF No. 363. These deposition dates are final and shall not be changed without leave from the Court").

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
January 5, 2026
P a g e | 3

Indeed, "[c]ourts are not required to decide class certification before reaching the merits of a case." See Orrico v. Nordic Nats., Inc., No. 22-CIV. 3195 (NRM) (CLP), 2025 WL 3470101, at *2 (E.D.N.Y. Dec. 3, 2025) (citing Kurtz v. Kimberly-Clark Corp., 321 F.R.D. 482, 507 (E.D.N.Y. 2017); Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (2d Cir. 1998) (holding that the "decision to award summary judgment before acting on class certification was well within the discretion of the district court," and the argument that class certification needed to be addressed first was "without merit"); Carollo v. United Cap. Corp., 528 F. Supp. 3d 37, 49 (N.D.N.Y. 2021) (holding that "there is no point in reaching a decision on class certification if the claims the class would bring are fundamentally meritless")).

As a rule, holding class certification in abeyance is appropriate where resolution of the dispositive issue will "necessarily inform and perhaps moot" class certification issues and where the party opposing abeyance would not be prejudiced. See Authors Guild, Inc. v. Google Inc., 721 F.3d 132, 134-35 (2d Cir. 2013); see also Schultz v. Stoner, No. 00-CIV.-439, 2009 WL 455163, at *17 (S.D.N.Y. Feb. 24, 2009) (holding class certification motion practice in abeyance pending resolution of dispositive motions). As the court in R. A-G ex rel. R.B. v. Buffalo City School District Board of Education stated, "because the purpose of early certification is for the benefit of defendants, a defendant may waive this protection and move for a judgment on the merits before a decision on certification." See No. 12-CIV.-960S, 2013 WL 3354424, at *4 (W.D.N.Y. July 3, 2013), aff'd, 569 Fed. Appx. 41 (2d Cir. 2014).

In light of the foregoing, and to enable Defendants to file proper opposition papers that comply with the Individual Rules, Defendants propose the following schedule: (i) the parties shall oppose the cross-motions for summary judgment by Thursday, January 22, 2026; (ii) the parties shall file reply papers in further support of the cross-motions for summary judgment by Thursday, February 5, 2026; (ii) Defendants shall oppose Plaintiffs' motion to certify a class action and collective action by Thursday, February 12, 2026; and (iv) Plaintiffs shall file reply papers in further support of their motion to certify a class and collective action by Thursday, February 19, 2026. The foregoing schedule will permit this Court to properly resolve this case on the merits without prejudice to either side.

Consistent with ¶ 3(E) of this Court's Rules, Defendants respectfully submit that:

(1) the original dates post-discovery summary judgment motions must be briefed are identified *supra*;

(2-3) there have been no previous requests for an extension of time of the deadline to oppose the instant motions;

(4) the reason for the requested extension is set forth *supra* at page 2;

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
January 5, 2026
P a g e | 4

(5) the adversary has not indicated whether they consent;[3] and

(6) the docket does not reflect any future date for the parties' next scheduled appearance before the Court.

In light of these circumstances, Defendants thus respectfully request that this Court exercises its discretion in favor of granting the requested extension. See Fed. R. Civ. P. 6(b)(1)(A). Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
       January 5, 2026

Respectfully submitted,
SAGE LEGAL LLC
 /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*
*Katherine Fernandez,*
*Javier Molina, and*
*Adrian Montor-Peran*

---

[3] In advance of requesting a meet-and-confer, Defendants submitted the instant letter motion on January 4, 2026 for the Plaintiffs' review. Defendants followed up today via email. Receiving no response, your undersigned attempted to contact Josef Nussbaum, Maimon Kirschenbaum, and Lucas Buzzard, respectively, three (3) separate times by phone. Defendants were therefore unable to meet-and-confer as required by LCR 37.2 and ¶ 5(B) of the Individual Rules. The instant letter motion follows, which your undersigned implicitly informed Plaintiffs will be filed by sending the instant draft letter motion.