# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Mike DiGiulio
Leah M. Seliger

45 Broadway, Suite 320
New York, NY 10006
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

January 5, 2026

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Fernandez v. Bulldozer Hospitality Group, Inc. et al,*
             No.: 25 CV 4490 (AS)

Dear Judge Subramanian,

      We represent the Plaintiffs in the above-referenced matter. We write in response to Defendants' letter motion filed earlier today in which they ask the Court for (1) a two-week extension to the time by which their opposition to Plaintiffs' summary judgment motion must be filed, and (2) permission to file their opposition to Plaintiffs' class and collective certification motion by a date that is more than 6 weeks after the *already elapsed* deadline. ECF No. 78. For the reasons outlined below, Defendants' motion should be denied.

      Taking Defendants' application about the certification motion first, the time to oppose that motion has passed and the Court should not grant Defendants any additional time, let alone five and half weeks to oppose that motion. Specifically, Plaintiff moved for class and collective certification on December 12, 2025. ECF No. 60. Under Local Rule 6.1, for motions under Fed. R. Civ. P. 23, "any opposing or response papers must be served within 14 days after service of the moving papers," *i.e.*, by December 29, 2026 (14 days from December 12, 2025 was December 26, 2025, however since that date was a federal holiday, Defendants' opposition was due the following Monday). *See* S.D.N.Y. Local Rule 6.1(b), *see also* Fed. R. Civ. P. § 6(a)(1)(c).

      Moreover, to the extent that Defendants raise any issues with the Court entertaining motions for partial summary judgment and class certification at the same time, those arguments should be rejected as that ship has sailed. On December 3, 2025, Plaintiffs explicitly sought approval from the Court to move forward in precisely this manner (class certification and

classwide summary judgement simultaneously). ECF No. 43. The Court accepted Plaintiffs' position and granted their request to brief those motions at the same time . *See* ECF. No. 45 at 3.

Turning to Defendants' request for an extension of the time to oppose Plaintiffs' summary judgment motion, Plaintiffs respectfully note that Defendants misleadingly state that "there have been no previous requests for an extension of time of the deadline to oppose the instant motions." ECF No. 78 at 3. That is simply not true. The Court earlier granted in part and denied in part Defendants' request to extend the summary judgment briefing deadlines and Ordered that "[t]he summary-judgment deadlines (for motions, oppositions, and replies) are moved by two days." ECF No. 47 at 3. To be sure, even prior to Defendants' first request for an extension of these deadlines, the Court had reiterated that the summary judgment deadlines would not be moved. *See* ECF No. 33 (extending the discovery deadline but noting that that "extension does not change any other deadlines in this case"), ECF No. 38 (allowing Defendants to conduct depositions after the discovery deadline but reiterating that "[t]he summary-judgment deadline, however, remains the same.").

Lastly, it merits highlighting that Defendants' main reason for requesting an extension is that their counsel is "out of the office every day this week." ECF No. 78 at 2. However, in Defendants' own telling, the depositions that they are involved in on January 7, 2026 and January 8, 2026 have been scheduled by court order since at least December 19, 2025. *Id*. at fn. 2. Accordingly, Defendants had plenty of time to prepare for this eventuality and there is no reason to grant and additional extension to them on this basis.

For all the forgoing reasons, Plaintiffs respectfully request that the Court (1) Order Defendants' to file their overdue opposition to Plaintiffs' certification motion by the earliest date the Court deems practicable failing which that motion will be deemed unopposed, and (2) deny Defendants' request to extend the summary judgment briefing schedule. To the extent the Court is inclined to give Defendants some relief, Plaintiffs respectfully request that all parties' summary judgment opposition papers be due no later than Monday January 12, 2026.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

  s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640