UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KATHERINE FERNANDEZ, on behalf of herself and
others similarly situated,                                    **Case No.: 1:25-cv-4490 (AS) (GS)**

                             Plaintiff,

              -against-

BULLDOZER HOSPITALITY GROUP, INC., d/b/a
OSTERIA LA BAIA, ROBERT PETROSYANTS and
MARIANNA SHAHMURADYAN,

                             Defendants.

----------------------------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO CERTIFY CLASS AND FLSA COLLECTIVE</u>**


**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ...................................................................... 1

STANDARD OF REVIEW ........................................................................... 4

    i.    <u>Rule 23 Class Action</u> ................................................................... 4

    ii.    <u>Collective Action Pursuant to 29 U.S.C. § 216(b)</u> ......................... 6

ARGUMENT .......................................................................................... 8

    **I.**    **PLAINTIFFS' MOTION SHOULD BE DENIED AS MOOT** .............................. 8

    **II.**    **PLAINTIFFS CANNOT ESTABLISH THE REQUISITE RULE 23 ELEMENTS** ........................................................................... 8

        **A. Plaintiffs have failed to establish the prerequisites of Rule 23(a)** ............... 8

            1.    <u>Plaintiffs cannot establish that the class is numerous</u> .................... 8

            2.    Plaintiffs Cannot Show That There Are Claims That Enumerate Specific Questions of Law or Fact Common to the Putative Class or that their Claims are Typical of the Members of the Putative <u>Class</u> ................................................................................. 10

                **a.**    **Minimum Wage Claim** ................................................. 10

                **b.**    **Retention of mandatory service charge** ........................ 14

                **c.**    **Recordkeeping Violations** ........................................... 16

                **d.**    **Plaintiffs' New Previously Unalleged Overtime Claims** .................................................................... 19

            3.    The Rule 23 Class Proposed by Plaintiffs is Overly Broad & Not <u>Ascertainable</u> ................................................................... 20

            4.    <u>Fernandez and Teran are not adequate representatives</u> ................ 21

    **III.**    **PLAINTIFFS CANNOT ESTABLISH THE RULE 23(b) REQUIREMENTS**  26

    **IV.**    **PLAINTIFFS' BID FOR A COLLECTIVE ACTION MUST BE DENIED** ..... 30

    **V.**    **PROBLEMS PLAGUE THE PLAINTIFFS' PROPOSED NOTICE** ................ 34

CONCLUSION ...................................................................................... 39

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Alix v. Wal-Mart Stores, Inc.,
    57 A.D.3d 1044 (3d Dept. 2008) ..................................................................... 28

Allen v. Trib. New York Newsp. Holdings, LLC,
    246 F.R.D. 465 (S.D.N.Y. 2007) ..................................................................... 22

Amchem Prods., Inc. v. Windsor,
    521 U.S. 591 (1997) ................................................................................. 22, 26

Amgen Inc. v. Conn. Ret. Plans & Trust Funds,
    133 S. Ct. 1184 (Feb. 27, 2013) ....................................................................... 4

Arevalo v. D.J.'s Underground, Inc.,
    2010 WL 4026112 (D.Md. 2010) ................................................................... 38

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,
    222 F.3d 52 (2d Cir. 2000) ............................................................................. 24

Bahr v. Pnw Enters.,
    2017 U.S. Dist. LEXIS 28929 (S.D.N.Y. 2017) ............................................ 31

Bano v. Union Carbide Corp.,
    2005 WL 6800401 (S.D.N.Y. 2005) ............................................................... 20

Basri v. Gordon,
    2025 WL 949578 (S.D.N.Y. 2025) ................................................................. 19

Bogosian v. All Am. Concessions,
    2008 WL 4534036 (E.D.N.Y. 2008) ................................................................. 7

Bondi v. New Rochelle Hotel Assocs.,
    2018 WL 7246962 (S.D.N.Y. Dec. 7, 2018) .................................................. 12

Brame v. Ray Bills Finance Corp.,
    76 F.R.D. 25 (N.D.N.Y. 1977) ....................................................................... 23

Braunstein v. Eastern Photographic Labs., Inc.,
    600 F.2d 335 (2d Cir. 1978) ............................................................................. 6

Califano v. Yamasaki,
    442 U.S. 682 (U.S.Hawai i, 1979) ................................................................... 4

Campbell v. Pricewaterhouse Coopers, LLP,
    2008 WL 2345035 (E.D.Cal. 2008) ................................................ 38

Camper v. Home Quality Mvnt. Inc.,
    200 F.R.D. 516 (D. Md. 2000) ..................................................... 7

Cano v. Four M Food Corp.,
    2009 WL 5710143 (E.D.N.Y. 2009) .............................................. 36

Carvente-Avila v. Chaya Mushkah Rest. Corp.,
    2016 WL 3221141 (S.D.N.Y. 2016) ................................... 13 n. 3, 14 n. 4

Catzin v. Thank You & Good Luck Corp.,
    15-cv-7109 (S.D.N.Y. Oct. 3, 2016) ............................................. 9

Chang v. Loui Amsterdam, Inc.,
    2022 WL 4586100 (E.D.N.Y. 2022) .............................................. 18

Charles v. Pinnacle Too, LLC,
    2024 WL 4491560 (S.D.N.Y. Oct. 15, 2024) ................................... 18

Cohen v. Beneficial Indus, Loan Corp.,
    337 U.S. 541 (1949) ........................................................ 11, 21

Colozzi v. St. Joseph's Hosp. Health Ctr.,
    595 F. Supp. 2d 200 (N.D.N.Y. 2009) .......................................... 38

Comcast Corp. v. Behrend,
    133 S. Ct. 1426 (Mar. 27, 2013) ................................................ 27

Darvin v. Int'l Harvester Co.,
    610 F. Supp. 255 (S.D.N.Y. 1985) .......................................... 24, 26

Dauphin v. Chestnut Ridge Transp., Inc.,
    2009 WL 2596636 (S.D.N.Y. 2009) .............................................. 27

Denney v. Deutsche Bank AG,
    443 F.3d 253 (2d Cir. 2006) .............................................. 11, 21, 25

Douglin v. GreatBanc Tr. Co.,
    115 F. Supp. 3d 404 (S.D.N.Y. 2015) ........................................... 5

Ellersick v. Monro Muffler Brake, Inc.,
    2017 WL 1196474 (W.D.N.Y. 2017) ......................................... 5, 11

Eng-Hatcher v. Sprint Nextel Corp.,
    2009 WL 7311383 (S.D.N.Y. 2009) ........................................................... 32

Engel v. Scully & Scully, Inc.,
    279 F.R.D. 117 (S.D.N.Y. 2011) .................................................................... 17

Enriquez v. Cherry Hill Mkt. Corp.,
    993 F. Supp. 2d 229 (E.D.N.Y. 2013) ............................................... 10, 11, 37

Enriquez v. Cherry Hill Market Corp.,
    2012 WL 440691 (E.D.N.Y. 2012). ................................................... 10, 11, 37

Espinoza v. 953 Assocs. LLC,
    280 F.R.D. 113 (S.D.N.Y. 2011) .................................................................... 20

Flood v. Just Energy Mktg. Corp.,
    904 F.3d 219 (2d Cir. 2018) ............................................................................. 8

Flores v. Osaka Health Spa, Inc.,
    2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. Mar. 16, 2006)  .............................. 31

Fu v. Mee May Corp.,
    2016 U.S. Dist. LEXIS 53199 (S.D.N.Y. Apr. 20, 2016) ................................ 31

Gen. Tel. Co. of Sw. v. Falcon,
    457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ........................... 4, 10

Gjurovich v. Emmanuel's Marketplace,
    282 F. Supp. 2d 101 (S.D.N.Y. September 19, 2003) ...................................... 36

Gregory v. Stewart's Shops Corp.,
    2016 WL 8290648 (N.D.N.Y. 2016) ............................................................... 17

Guan Ming Lin v. Benihana New York Corp.,
    2012 WL 7620734 (S.D.N.Y. 2012) ............................................................... 16

Guzman v. VLM, Inc.,
    2007 WL 2994278 (E.D.N.Y.,2007) ............................................................... 36

Hall v. Burk,
    2002 WL 413901 (N.D. Tex. Mar. 11, 2002) ................................................... 7

Hallissey v. America Online, Inc.,
    2008 WL 465112 (S.D.N.Y. 2008) ........................................................... 35, 36

Haynes v. Singer Co.,
       696 F.2d 884 (11th Cir. 1983) ........................................................................ 6

Heagney v. European Am. Bank,
       122 F.R.D. 125 (E.D.N.Y. 1988) ................................................................... 7

Hernandez v. Merrill Lynch & Co., Inc.,
       11-CIV.-8472 (KBF), 2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012) ............... 34

Hinckley v. Seagate Hospitality Group, LLC,
       2016 WL 6524314 (W.D.N.Y. 2016) ............................................................ 16

Hoffmann v. Sbarro,
       982 F. Supp. 249 (S.D.N.Y. 1997) ................................................................ 6

Hoffmann-La Roche, Inc. v. Sperling,
       493 U.S. 165 (1989) ........................................................................................ 6

Holt v. Rite Aid Corp.,
       333 F. Supp. 2d 1265 (M.D. Ala. 2004) ........................................................ 6

Huertero-Morales v. Raguboy Corp.,
       2017 U.S. Dist. LEXIS 147788 (S.D.N.Y. September 12, 2017) ................... 31

In re Drexel Burnham Lambert Grp., Inc.,
       960 F.2d 285 (2d Cir. 1992) .................................................................... 21, 24

In re Flag Telecom Holdings, Ltd. Sec. Litig.,
       574 F.3d 29 (2d Cir.2009) ............................................................................ 25

In re Literary Works in Elec. Databases Copyright Litig.,
       654 F.3d 242 (2d Cir. 2011) ......................................................................... 25

In re: Petrobras Sec. Litig.,
       312 F.R.D. 354, (S.D.N.Y. 2016) ................................................................... 5

In re: Petrobras Sec. Litig.,
       862 F.3d 250 (2d Cir. 2017) ........................................................................... 5

Jackson v. New York Tele. Co.,
       163 F.R.D. 429 (S.D.N.Y. 1995) ................................................................... 7

Joshi v Flagship,
       No. 17-CIV.-5785 (ALC) (SN), 2018 US Dist. LEXIS 33759 (S.D.N.Y. Mar. 1, 2018)  31

Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec.
    Indus., 172 F. Supp. 2d 389 (S.D.N.Y. 2001) ..................................................................... 9

Jermyn v. Best Buy Stores, L.P.,
    276 F.R.D. 167 (S.D.N.Y. 2011) ................................................................................... 11

Johnson v. Nextel Commc'ns Inc.,
    780 F.3d 128 (2d Cir.2015) ............................................................................................ 27

Junjiang Ji v. Jling Inc.,
    2016 U.S. Dist. LEXIS 66013 (E.D.N.Y. May 19, 2016) ............................................. 31

Kim Man Fan v. Ping's on Mott, Inc.,
    No. 13-CIV.-4939 (AT), 2014 WL 1512034 (S.D.N.Y. Apr. 14, 2014) .......................... 34

Kiobel v. Royal Dutch Petroleum Co.,
    2004 WL 5719589 (S.D.N.Y. 2004) ............................................................................. 20

Kline v. Wolf,
    702 F.2d 400 (2d Cir. Mar. 11, 1983) ........................................................................... 25

Lapin v. Goldman Sachs & Co.,
    254 F.R.D. 168 (S.D.N.Y. 2008) ............................................................................ 24, 26

Lianyuan Feng v. Hampshire Times,
    2015 U.S. Dist. LEXIS 29899 (S.D.N.Y. Mar. 11, 2015) ............................................. 31

Lozano v. Rugfrit 1350 LLC,
    2015 WL 1938754 (N.Y. Sup. Ct. 2015) ................................................. 13 n. 3, 16 n. 5

Lujan v. Cabana Management, Inc.,
    2011 WL 317984 (E.D.N.Y. 2011) ........................................................................ 32, 35

Maddison v. Comfort Systems USA (Syracuse), Inc.,
    2018 WL 679477 (N.D.N.Y. 2018) ............................................................................... 30

Madrid v. Minolta Bus. Sols., Inc.,
    2002 WL 31190172 (S.D.N.Y. 2002) ............................................................................. 6

Martinez v. Zero Otto Nove Inc.,
    2016 WL 3554992 (S.D.N.Y. 2016) ............................................................................. 30

Mata v. Foodbridge LLC,
    2015 WL 3457293 (S.D.N.Y. 2015) ....................................................................... 30, 32

Mendoza v. Casa de Cambio Delgado, Inc.,
    2008 WL 938584 (S.D.N.Y. 2008) ................................................................ 32

Menking v. Daines,
    287 F.R.D. 166 (S.D.N.Y. Dec. 9, 2011) .................................................. 11, 21

Mike v. Safeco Ins. Co.,
    274 F. Supp. 2d 216 (D. Conn. 2003) ............................................................ 6

Miles v. Merrill Lynch & Co. ("IPO"),
    471 F. 3d 24 (2d Cir. 2006) ..................................................................... 5, 20

Mohamed v. Sophie's Cuban Cuisine Inc.,
    2015 WL 5563206 (S.D.N.Y. 2015) ............................................................ 38

Moore v. Eagle Sanitation, Inc.,
    276 F.R.D. 54 (E.D.N.Y. 2011) ................................................................... 36

Moore v. PaineWebber, Inc.,
    306 F.3d 1247 (2d Cir. 2002) ...................................................................... 27

Murphy v. Lajaunie,
    2016 WL 1192689 (S.D.N.Y. 2016) ............................................................ 12

Myers v. Hertz Corp.,
    624 F.3d 537 (2d Cir. 2009) ......................................................................... 4

Noble v. 93 Univ. Place Corp.,
    224 F.R.D. 330 (S.D.N.Y. 2004) ................................................................. 20

Nuchell v. Cousins Submarines, Inc.,
    2017 WL 782443 (E.D. Wis. Feb. 28, 2017) ............................................... 35

PAL v. Sandal Wood Bar N Grill,
    2015 WL 237226 (S.D.N.Y. 2015) .............................................................. 35

Palmer v. Reader's Digest Ass'n.,
    1986 WL 11458 (S.D.N.Y. Oct. 3, 1986) ...................................................... 7

Pecere v. Empire Blue Cross & Blue Shield,
    194 F.R.D. 66 (E.D.N.Y. 2000) .................................................................... 4

Prizmic v. Armour, Inc.,
    2006 WL 1662614 (E.D.N.Y. 2006) .............................................................. 7

Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.,
    277 F.R.D. 97 (S.D.N.Y. 2011) ................................................................. 8, 9

Qing Gu v. T.C. Chikurin, Inc.,
    2014 WL 1515877 (E.D.N.Y. 2014) ............................................................ 32

Ouedraogo v. A-1 Intern. Courier Service, Inc.,
    2014 WL 4652549 (S.D.N.Y. 2014) ............................................................ 11

Realite v. Ark Restaurants Corp.,
    7 F. Supp. 2d 303 (S.D.N.Y. 1998) ............................................................. 6

Reyes v. Nidaja, LLC,
    2015 WL 4622587 (S.D.N.Y. 2015) ........................................................ 30, 31

Rivas-Montano v. United States of America,
    2006 U.S. Dist. LEXIS 31893 (M.D.Fl. May 22, 2006) ................................. 33

Roach v. T.L. Cannon Corp.,
    2015 WL 10818750 (N.D.N.Y. 2015) .......................................................... 30

Robidoux v. Celani,
    987 F.2d 931, 936 (2d Cir. 1993) ................................................................. 8

Rodriguez v. It's Just Lunch Int'l,
    2018 WL 3733944 (S.D.N.Y. 2018) .............................................................. 5

Rodolico v. Unisys Corp.,
    199 F.R.D. 468 (E.D.N.Y. 2001) ................................................................. 7

Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.,
    2018 WL 1831850 (S.D.N.Y. 2018)............................................................... 5

Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A.,
    2018 WL 739580 (S.D.N.Y. 2018) ............................................................... 5

Salon Fad v. L'Oreal USA, Inc.,
    2011 WL 4089902 (S.D.N.Y. 2011) ............................................................ 11

Sanchez v. JMP Ventures, L.L.C.,
    2014 WL 465542 (S.D.N.Y. 2014) .......................................................... 31, 32

Santiago v. Home Infusion Grp., Inc.,
    2022 WL 5175117 (E.D.N.Y. June 7, 2022) ................................................ 18

Santiago v. Home Infusion Grp., Inc.,
      2022 WL 17798164 (E.D.N.Y. Dec. 19, 2022) ............................................... 18

Savino v. Computer Credit,
      164 F.3d 81 (2d Cir. Dec. 21, 1998) ............................................................... 25

Schear v. Food Scope Am., Inc.,
      297 F.R.D. 114 (S.D.N.Y. 2014) ..................................................................... 12

Schlesinger v. Reservists Comm. to Stop the War,
      418 U.S. 208 (1974) .......................................................................................... 4

Severin v. Project Ohr, Inc.,
      2012 WL 2357410 (S.D.N.Y. 2012) ............................................................... 28

Shajan v. Barolo, Ltd.,
      2010 WL 2218095 (S.D.N.Y.,2010) ............................................................... 35

Sharma v. Burberry Ltd.,
      52 F. Supp. 3d 443 (E.D.N.Y. 2014) .............................................................. 38

Shayler v. Midtown Investigations, Ltd.,
      2013 WL 772818 (S.D.N.Y. 2013) .................................................................. 9

Sheehan v. Purolator, Inc.,
      103 F.R.D. 641, 649 (E.D.N.Y. 1984) ............................................................ 9

Singh v. Cap. One Fin. Corp.,
      2026 WL 92311, at *2 (S.D.N.Y. 2026) .......................................................... 5

Tortorici v. Bus-Tev, LLC,
      2021 WL 4177209 (S.D.N.Y. Sept. 14, 2021) ............................................... 18

Trapaga v. Central States Joint Board Local 10,
      2007 U.S. Dist. LEXIS 23438 (N.D.Il. March 30, 2007) ............................... 33

United State of America v. Napoles,
      2007 U.S. Dist. LEXIS 54159 (S.D.Tx. July 25, 2007) .................................. 33

Velasquez v. Digital Page, Inc.,
      2014 WL 2048425 (E.D.N.Y. 2014) ............................................................... 11

Wal-Mart Stores, Inc. v. Dukes,
      564 U.S. 338 (2011) ...................................................... 4, 5, 9, 10, 11, 17

Wilson v. Toussie,
   2008 WL 905903 (E.D.N.Y. 2008) .......................................................................... 20, 21

Yang v Asia Mkt. Corp.,
   No. 17-CIV.-6886 (VEC), 2018 US Dist. LEXIS 56847 (S.D.N.Y. Apr. 3, 2018) ......... 30

Ying Ying Dai v. ABNS NY Inc.,
   490 F. Supp. 3d 645 (E.D.N.Y. 2020) ............................................................................ 18

Zann Kwan v. Andalex Grp. LLC,
   737 F.3d 834 (2d Cir. 2013) ........................................................................................... 19

Zemel Family Trust v. Philips Int'l Realty Corp.,
   205 F.R.D. 434 (S.D.N.Y. Feb. 5, 2002) ....................................................................... 25

Zhirzhan v. AGL Industries, Inc.,
   14-7567 (E.D.N.Y Sept. 15, 2015, ECF Doc. No. 49) ................................................... 35

Zurita v. High Definition Fitness Center, Inc.,
   2016 WL 3619527 (E.D.N.Y. 2016) ............................................................................... 16

**Statutes**

CPLR 901 .................................................................................................................................. 16

29 U.S.C. § 216.................................................................................................................... 4, 6

N.Y. Lab. Law § 195 ............................................................................................................... 12

N.Y. Lab. Law § 195 ......................................................................................................... 12, 16

N.Y. Lab. Law § 198 ............................................................................................................... 18

N.Y. Lab. Law § 652 ............................................................................................................... 11

**Rules**

Fed. R. Civ. P. 23......................................................................................................................... 2

**Other Authorities**

5 James Wm. Moore, et al., Moore's Federal Practice, § 23.21 [3][d] (3d ed. 2008) ................. 20

McLaughlin on Class Actions § 5:23 ......................................................................................... 27

## PRELIMINARY STATEMENT

Plaintiffs' Katherine Fernandez ("Fernandez"), Javier Molina ("Molina"), and Adrian Montor Teran's ("Teran") motion for class certification under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") should respectfully be denied. As a threshold matter, the Court should grant Defendants' pending motion for summary judgment which would moot Plaintiffs' motion to certify a class under Rule 23. Even assuming *arguendo* that Defendants' motion for summary judgment is denied in whole or in part (which it should not be), Plaintiffs are unable to establish the requisite Rule 23 elements.

First, Plaintiffs cannot establish numerosity because their counsel already solicited the putative class members and only two of those individuals joined this lawsuit over the past year. This demonstrated lack of interest in this lawsuit from putative class members evinces that there are not forty (40) or more individuals who have been aggrieved. Additionally, Plaintiffs have not established that they or anybody else have actually been aggrieved by any of Defendants' policies. As explained in Defendants' pending motion for summary judgment, Plaintiff and the opt-ins have not been aggrieved.

Second, Plaintiffs cannot establish commonality and typicality. The only commonality in the answers to the factual and legal questions regarding the claims that Plaintiffs seek to have certified is that the answers to the questions will all be in the negative with respect to liability. Even assuming *arguendo* that the answer to the questions regarding the claims that Plaintiffs seek to have certified are not all in the negative with respect to liability, an individualized assessment of each putative class member must be undertaken which would uncover different answers for members of the purported class.

Third, Plaintiffs cannot establish that the class is ascertainable because, in order to ascertain who is a class member, the Court would be forced to conduct a mini-trial with respect to each purported class member to determine (1) if that employee worked a special event at which the customer was not notified about a portion of the mandatory service charge that was retained by the restaurant; (2) if that employee worked as a busser or runner at the restaurant; (3) the amount that employee received in mandatory service charge distributions and tips; (4) if that employee received notification of the tip credit; and (5) if that employee received a wage notice containing all of the required information.

Fourth, the three proposed class representatives and their counsel are not adequate representatives. Indeed, an inference can be made that Plaintiffs' counsel improperly solicited Fernandez. Fernandez is not an adequate class representative because she is unaware of what is going on in this case, took no effort to learn about same, made no effort to contact or organize putative class and/or collective action members, and has a demonstrated bias towards men at the restaurant.

Further, she is not similarly situated to the putative class and/or collective action members because she was one of only two (2) employees who was paid a higher tip credit wage than all the other bussers and/or runners and also has a separate sexual harassment claim against the restaurant. Her deposition testimony also establishes that she does not understand the legal basis for her claims. The other proposed class representative – Teran[1] – is likewise an inadequate class representative because he is dishonest. Teran lied that he never received his pay stubs when the electronic evidence clearly and unequivocally establishes that he did.

---

[1] Plaintiffs' motion papers seek to appoint only Fernandez and Teran as class representatives, not Molina. See ECF 61 at 10, 63 and 64.

Fifth, Plaintiffs cannot establish the Rule 23(b) predominance and superiority requirements because if the Plaintiff or the opt-ins were not paid lawfully, such a finding has no bearing on a hypothetical claim for unpaid wages by other employees and there is a need for numerous individualized determinations with respect to every putative class member to determine liability, if any, making Plaintiffs' proposed class action unmanageable.

Sixth, Plaintiffs' motion to certify a collective action must similarly be denied for several reasons. As an initial matter, Plaintiffs failed to establish by competent proof that Defendants have a policy that violated the Fair Labor Standards Act ("FLSA") with respect to Plaintiffs or similarly situated employees as required under 29 U.S.C. § 216(b). The evidence adduced by Plaintiffs is insufficient to justify certification of the collective action as it does not establish that Defendants maintained a common scheme or policy that violated the FLSA, and Plaintiffs cannot rely on their alleged NYLL violations to establish a policy that violates the FLSA. Moreover, Plaintiffs' pleadings, affidavits, and deposition testimony evince a trove of differences in the terms and conditions of their employment related to their claims requiring an individualized inquiry which defeats the very purpose of seeking to certify a collective action of similarly situated employees. Namely, Fernandez was paid a different tip credit rate at varying times, has a separate sexual harassment claim against the restaurant, and testified that all the men at the restaurant harassed here, creating a conflict of interest between herself and any putative collective action member. Meanwhile, Teran conceded being provided with verbal and written notice of the tip credit and that not all bussers and runners were assigned to work special events such that not all the front-of-house staff are similarly situated to each other.

Even if either of Plaintiffs' motions are granted (which they should not be), Plaintiffs' proposed notice has several significant deficiencies as discussed herein.

## STANDARD OF REVIEW

i.      Rule 23 Class Action

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Califano v. Yamasaki, 442 U.S. 682, 700-01 (1979).  "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met."  Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2009).  A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982).

The Rule 23 inquiry may overlap with the merits of the underlying claims. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338 (2011). When this occurs, courts are to consider the merits questions only to the extent "they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."  Amgen Inc. v. Conn. Ret. Plans & Trust Funds, 133 S. Ct. 1184 (Feb. 27, 2013).  Rule 23(a) sets out four (4) threshold requirements for certification, and to maintain a class action, all four of these requirements must be met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  See Fed. R. Civ. P. 23. Critically, the class representative must "possess the same interest and suffer the same injury shared by all members of the class he represents." Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974); Dukes, 564 U.S. at 348-349.

The "failure to meet any one of Rule 23's requirements destroys the alleged class action." Pecere v. Empire Blue Cross & Blue Shield, 194 F.R.D. 66, 69-70 (E.D.N.Y. 2000).

Rule 23 does not set forth a mere pleading standard. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule." Dukes, 564 U.S. at 350; Miles v. Merrill Lynch & Co. ("IPO"), 471 F. 3d 24, 41 (2d Cir. 2006) ("[A] district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met").

If Plaintiffs demonstrate by a preponderance of the evidence that the proposed class meets these standards, the Court then must determine whether the action satisfies one of the criteria of Rule 23(b).

"Under Rule 23(b), a party may only maintain a class action by demonstrating that:

(1) bringing the claims as separate actions would create a risk of inconsistent or adverse adjudications;

(2) the party opposing the class has acted or refused to act on grounds that apply to the class in general, making injunctive or declaratory relief appropriate for the class as a whole, or

(3) that common questions of fact or law predominate over any individual questions and that a class action is a superior method of efficiently and fairly adjudicating the matter."

Ellersick v. Monro Muffler Brake, Inc., 2017 WL 1196474, at *4 (W.D.N.Y. 2017); In re: Petrobras Sec. Litig., 312 F.R.D. 354, 363 (S.D.N.Y. 2016), aff'd in part, vacated in part, 862 F.3d 250 (2d Cir. 2017); Douglin v. GreatBanc Tr. Co., 115 F. Supp. 3d 404, 411-415 (S.D.N.Y. 2015); Jermyn v. Best Buy Stores, L.P., 276 F.R.D. 167 (S.D.N.Y. 2011); Rodriguez v. It's Just Lunch Int'l, 2018 WL 3733944 (S.D.N.Y. 2018); Singh v. Cap. One Fin. Corp., 2026 WL 92311, at *2 (S.D.N.Y. 2026); Royal Park Invs. SA/NV v. Wells Fargo Bank, N.A., 2018 WL 1831850, at *4-9 (S.D.N.Y. 2018), report and recommendation adopted, 2018 WL 739580 (S.D.N.Y. 2018).

ii.    Collective Action Pursuant to 29 U.S.C. § 216(b)

In a putative FLSA collective action, district courts have discretion on whether to allow a collective action and direct that notice be given to potential class members. Madrid v. Minolta Bus. Sols., Inc., 2002 WL 31190172, at *1 (S.D.N.Y. 2002), withdrawn pursuant to settlement (Nov. 26, 2003) (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170 (1989); Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978)).

This discretionary power, however, must only be exercised in appropriate cases. Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265, 1268 (M.D. Ala. 2004); Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983).

"The question, therefore, is ... whether the 'appropriate' circumstances exist for the Court to exercise its discretion in this matter." Hoffmann v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); Realite v. Ark Restaurants Corp., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

To warrant the exercise of the court's discretion, a plaintiff must demonstrate that the potential class members are similarly situated. Realite, 7 F. Supp. 2d at 306; Mike v. Safeco Ins. Co., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) ("[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether the plaintiff has demonstrated that potential class members are similarly situated").

Neither the FLSA nor its implementing regulations define the term "similarly situated." Hoffman, 982 F. Supp. at 261. However, courts in this Circuit have held that to meet this burden of proof, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiff are *victims of a common policy or plan that violated the law.*" Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220 (D. Conn. 2003) (emphasis added); Hoffman, 982 F. Supp. at 261.

"Courts in this Circuit look to several factors to determine whether members of a putative class are similarly situated, including (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification of the class." Bogosian v. All Am. Concessions, 2008 WL 4534036, at *5 (E.D.N.Y. 2008). "A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations." Prizmic v. Armour, Inc., 2006 WL 1662614, at *2 (E.D.N.Y. 2006).

"Absent such a factual showing, an employer may be 'unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.'" Id. Thus, "[m]ere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516, 519 (D. Md. 2000) (citations omitted); Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("at the notice stage, courts 'require …substantial allegations that the putative class members were together the victims of a single decision, policy or plan'") (citations omitted) (emphasis added); Hall v. Burk, 2002 WL 413901, at *3 (N.D. Tex. Mar. 11, 2002) (denying motion for notice because "[u]nsupported assertions of widespread violations are not sufficient to meet Plaintiffs' burden") (citation omitted); Jackson v. New York Tele. Co., 163 F.R.D. 429, 432 (S.D.N.Y. 1995) (plaintiffs required to "demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme"); Heagney v. European Am. Bank, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (requiring "some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination" (quoting Palmer v. Reader's Digest Ass'n., 1986 WL 11458 *1 (S.D.N.Y. Oct. 3, 1986)).

As discussed below, Plaintiffs have not met their burden under either standard.

<u>**ARGUMENT**</u>

**I.    PLAINTIFFS' MOTION SHOULD BE DENIED AS MOOT**

On the same day Plaintiffs moved to certify a class action and sought certification of a collective action, Defendants filed a motion for summary judgment with respect to all claims Plaintiffs seek to certify as a class or collective action.  <u>See</u> ECF Docket Entries 70-76.

Because Defendants' motion for summary judgment should be granted, Plaintiffs' motion for class certification should be denied as moot.  <u>Flood v. Just Energy Mktg. Corp.</u>, 904 F.3d 219, 226 (2d Cir. 2018).

**II.    PLAINTIFFS CANNOT ESTABLISH THE REQUISITE RULE 23 ELEMENTS**

Even assuming *arguendo* that Defendants' motion for summary judgment is not granted in its entirety, making the instant motion moot, Plaintiffs are unable to demonstrate the requisite elements of Rule 23, as discussed below.

**A.  Plaintiffs have failed to establish the prerequisites of Rule 23(a)**

1.  <u>Plaintiffs cannot establish that the class is numerous</u>

Plaintiffs argue that numerosity is met because there were at least forty (40) front-of-house staff during the relevant period.  However, this is not the standard for meeting the numerosity requirement.  Rule 23(a)(1) requires the Plaintiffs to show that the class they propose is "so numerous that joinder of all members is impracticable."  <u>See</u> Fed. R. Civ. P. 23(a)(1).

The Court's "[d]etermination of practicability depends on all the circumstances surrounding the case, not on mere numbers."  <u>Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.</u>, 277 F.R.D. 97, 104 (S.D.N.Y. 2011) (quoting <u>Robidoux v. Celani</u>, 987 F.2d 931, 936 (2d Cir. 1993)).

"Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." Id.

The numerosity requirement can only be met by a proposed class of individuals who have actually been *aggrieved* by the conduct forming the basis of the complaint. Sheehan v. Purolator, Inc., 103 F.R.D. 641, 649 (E.D.N.Y. 1984) (emphasis added).

On a more granular level, "[a]lthough the court may make common sense assumptions to support a finding of numerosity, it cannot do so on the basis of pure speculation without any factual support." Jeffries v. Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Elec. Indus., 172 F. Supp. 2d 389, 394 (S.D.N.Y. 2001) (internal quotations and citations omitted).

In this case, out of approximately fifty (50) potential class members, only two (2) opted into this lawsuit. "This severely undermines the notion that joinder is an impracticable alternative to Rule 23 class certification." Catzin v. Thank You & Good Luck Corp., 15-cv-7109 (S.D.N.Y. Oct. 3, 2016) (ECF Doc. No. 182) (Forrest, J.) (numerosity not met where only three of the sixty-five potential class members chose to opt-in to plaintiffs' FLSA collective action alleging similar claims of underpayment of minimum wage and overtime wages) (citing Shayler v. Midtown Investigations, Ltd., 2013 WL 772818, at *7 (S.D.N.Y. 2013) ("Since all but a few of the plaintiffs known about have already received specific notice of the FLSA opt-in class and have not chosen to join, it is not at all clear that there is any judicial economy to be gained from litigating this matter as a Rule 23 class (which Wal–Mart [v. Dukes] reminds us should be the exception and not the rule")).

The lack of more opt-ins in light of the two (2) that have joined is the strongest evidence that there are not forty (40) or more individuals who have been aggrieved.  If the number of aggrieved individuals were sufficiently numerous, then other employees would have opted into this case like Molina and Teran; but they did not.

Defendants' pending motion for summary judgment is further evidence that potential class members have not been aggrieved.

Plaintiffs argue that there are at least 200 potential class members.  However, they do not argue or provide any evidence that Plaintiffs/opt-ins and these putative class members were aggrieved by Defendants' policies.  Accordingly, Plaintiffs motion should be denied as they cannot establish numerosity as required by Rule 23.

> 2. Plaintiffs Cannot Show That There Are Claims That Enumerate Specific Questions of Law or Fact Common to the Putative Class or that their Claims are Typical of the Members of the Putative Class

The commonality and typicality requirements "tend to merge" into a single inquiry: "[W]hether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Dukes, 131 S. Ct. at 2551 n.5 (quoting Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, n.13 (U.S. 1982)).  To obtain class certification, the plaintiff must demonstrate that "the class members 'have suffered the same injury.'" Enriquez v. Cherry Hill Mkt. Corp., 993 F. Supp. 2d 229 (E.D.N.Y. 2013) (quoting Falcon, 457 U.S. at 157); Dukes, 131 S. Ct. at 2550.  "This does not mean merely that they have all suffered a violation of the same provision of law."  Dukes at 2551.

Rather, the class claims "must depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Id.

10

"What matters to class certification ... is not the raising of common "questions"—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."  Id.; Salon Fad v. L'Oreal USA, Inc., 2011 WL 4089902 (S.D.N.Y. 2011) (following Duke's analysis in denying class certification).

In Enriquez, the Court denied plaintiff's motion for class certification because the answers to the questions concerning whether the putative class was paid minimum wage and overtime in accordance with NYLL were individualized depending entirely on each employee's total pay and total hours worked for a given week and adjudication of the plaintiff's claim would not answer those questions for any other employee.  See 993 F. Supp. 2d at 235.

Similarly, in Ellersick v. Monro Muffler Brake, Inc., 2017 WL 1196474 (W.D.N.Y. 2017) and Velasquez v. Digital Page, Inc., 2014 WL 2048425 (E.D.N.Y. 2014), the courts in those cases denied motions for class certification because individualized analyses would need to be conducted concerning each class members' weekly compensation to determine if the overtime exemption under 29 U.S.C. § 207(i) existed for each class member and such individualized determinations would predominate over the entire case and make the cases unmanageable and chaotic.

Likewise, in Ouedraogo v. A-1 Intern. Courier Service, Inc., 2014 WL 4652549 (S.D.N.Y. 2014), the plaintiffs failed to prove by a preponderance of the evidence that the plaintiffs' status as employees was sufficiently capable of class-wide proof to satisfy the requirement of commonality under Rule 23(a)(2) because there was evidence that the amount of control exerted by the defendant over the purported employees varied from individual to individual.

In this case, there is no evidence that Defendants had common policies that violated the NYLL.

The bare-bones declarations from Fernandez and Teran provide no details about how their claims are common to all other tipped employees. Bondi v. New Rochelle Hotel Assocs., 2018 WL 7246962, at *17 (S.D.N.Y. Dec. 7, 2018) (holding that plaintiffs' anecdotal evidence failed to show a common policy and finding that the declarations provided by plaintiffs were "conclusory and lack[ed] the kind of precision and detail from which the Court might infer a uniform policy on the part of Defendants to deny compensation to their employees").

Moreover, as discussed below, individualized analyses of each member of the putative class must be conducted in order to obtain answers to each of the issues that Plaintiffs seek to have certified as a class action. Plaintiffs therefore fail to establish commonality and typicality under Rule 23 as discussed below.

### a. Minimum Wage Claim

Plaintiffs' claim – that Defendants were not permitted to take a tip credit under NYLL because they violated NYLL § 196-d and did not provide each employee a written notice in accordance with NYLL § 195(3) containing the tip credit amount – fails to take into account both that Teran conceded completed a wage notice and that, under the NYLL, so long as the employee receives at least the minimum wage after combining all of the employee's wages earned for the week, including hourly wages and tips, the employer does not lose the ability to take the tip credit. Murphy v. Lajaunie, 2016 WL 1192689, at *6 (S.D.N.Y., 2016) ("the Court concludes that an employer's violation of Section 196-d does not entitle employees to recover tip credits as damages, unless the unlawful misappropriation of gratuities resulted in the employees receiving less than the general minimum hourly wage") (citations omitted) (reconsideration granted on other grounds); Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 133 (S.D.N.Y. 2014).

In this case, the hourly pay of the Plaintiffs combined with their tips at all times exceeded the applicable minimum wage rate for Plaintiff and the opt-ins.[2]  See ECF 50-2, 62-17, 76-1, 76-3, and 83-1. Each of these pay stubs establish that the "tip makeup" is $0.00, indicating that no Plaintiff ever earned less than the minimum wage when accounting for their wages and tips combined, and none of the wage statements show that the "tip credit allowed" is less than the total tips earned.  Critically, Plaintiffs do not argue that they received less the minimum wage in any week that they worked.  This is because they cannot do so, as the tips they earned always exceeded the amount the restaurant took as a tip credit.  Assuming *arguendo* that Defendants violated NYLL § 196-d and/or failed to provide notice[3] (neither of which they violated), there is no instance where hourly wages together with tips did not bring some of the plaintiffs above the minimum wage rate.  Therefore, even assuming *arguendo* Defendants violated NYLL § 196-d or failed to provide proper notice, the answer to the question concerning whether Plaintiffs were paid the minimum wage does not yield common answers.

---

[2] Plaintiffs also argue that Julio Perez, a captain or head waiter who serves customers, was a "manager" such that Defendants should not be permitted to take a tip credit.  Defendants incorporate by reference herein the arguments made in their motion for summary judgment, and in opposition to Plaintiffs' motion for partial summary judgment, concerning this issue and all other applicable arguments therein.  See ECF 71 and 87.

[3] As discussed in Defendants' motion for summary judgment, strict compliance with 12 NYCRR § 146-2.2 is not required, and a food service employer is eligible to claim the tip credit even when the employer fails to provide written notice of the tip credit rules where its employees understand the manner in which the employer took the tip credit. See ECF 76-4 (Department of Labor March 4, 2015 opinion letter; see also Carvente-Avila v. Chaya Mushkah Restaurant Corp., 2016 WL 3221141 (S.D.N.Y. 2016); Lozano v. Rugfrit 1350 LLC, 2015 WL 1938754 (N.Y. Sup. Ct. 2015).  Moreover, NYLL § 652(4), which addresses minimum wage requirements under NYLL, does not provide for a notice requirement in order to pay an employee a wage less than the minimum wage.  The New York State Legislature enacted separate legislation that governs the notice that employers must provide their employees regarding their wages.  See NYLL § 195. Plaintiffs, who argue that there is an automatic loss of the tip credit if the wage statement fails to include the per-hour amount of the tip credit and the total amount of the tip credit, apparently overlooked the March 4, 2015 Department of Labor letter and Carvente-Avila. The DOL and the Court in Carvente-Avila concluded that an employer does not lose the tip credit where employees have actual notice of their employer's tip credit practices. As addressed in Defendants' motion for summary judgment, Plaintiffs had actual notice of the tip credit as they were given verbal and written notice by the restaurant about the tip credit in their pay stubs, on the wage notice, and on labor law posters. See ECF 76-9; 76-7; 90-6, SMF ¶¶ 35-37; 42-44; SSMF  ¶ 8.

13

Indeed, all the Plaintiffs/opt-ins received at least the NYLL minimum wage rate for all hours worked. Additionally, at their depositions, each Plaintiff conceded that they received verbal notice of the tip credit.[4]  See ECF 76-9; 76-7; 90-6, Statement of Material Facts ("SMF") ¶¶ 35-37; 42-44; Supplemental Statement of Material Facts ("SSMF") ¶¶ 8-9. Moreover, despite arguing in their brief that Defendants failed to notify Plaintiffs/opt-ins about their tip credit in writing, Teran conceded at his deposition that he received a wage notice containing information regarding the tip credit.  See ECF 76-7 at 95:2-12 (Teran confirms filling out Notice and Acknowledgment of Pay Rate and Payday form at the restaurant)).

Because some of the Plaintiff/opt-ins concede they were notified in writing about the tip credit, this establishes both that there is no commonality and/or typicality and that there is no evidence of a common policy to not provide notice to the entire class.  Therefore, the question whether the purported class members received notice of the tip credit does not yield common answers.

### b. Retention of mandatory service charge

Plaintiffs argue that Defendants had a policy to retain a portion of the mandatory service charge but failed to notify customers about the policy.  However, as discussed in detail, and supported by extensive documentary evidence in Defendants' motion for summary judgment, all customers were notified in writing about the restaurant's policy to issue a three percent (3%) mandatory service charge together with an eighteen percent (18%) mandatory gratuity.

---

[4] Even assuming *arguendo* that Defendants failed to provide wage statements under NYLL § 195, violations of NYLL § 195 have their own statutory damages explicitly detailed in NYLL § 198, which currently caps damages for each violation of NYLL § 195 at $5,000.00 with no mention of tip credit loss.  Under the textual canon, *expression unius est exclusion alterios*, since NYLL § 198 only expresses monetary fines of up to $5,000.00 as damages for NYLL § 195 violations, the loss of the tip credit is not available as a penalty for such violations.  Indeed, in Carvente-Avila, the court distinguished between a violation of NYLL § 195 and 12 NYCRR 142-2.2, holding that only a violation of the latter's actual notice requirement would result in a forfeiture of the tip credit.  See 2016 U.S. Dist. LEXIS 75396, *3-4.

Indeed, Defendants produced dozens of documents signed by the customers such that the two items being listed together next to each other makes it evident that the eighteen percent (18%) gratuity goes to the employees as tips and the three percent (3%) service charge is not a gratuity. See ECF 50-1, SMF ¶ 31-34.  Indeed, it is common sense that the service charge is not a gratuity because that would render the eighteen percent (18%) gratuity meaningless.  Fernandez admitted as much in her deposition.  See ECF 90-4 at 107:2-108:14.

Moreover, Plaintiffs each testified they did not speak to patrons and were unfamiliar with the event contracts.  See ECF 90-4 at 64:3-8, 67:6-11, 109:16-25.    Fernandez also testified the basis of her claim is that she always thought that the gratuity was twenty percent (20%) rather than eighteen percent (17%), without regard to the mandatory service charge of three percent (3%).  See ECF 90-4 at 109:16-25.

Plaintiffs have not submitted any evidence that customers understood that the mandatory service charge would be distributed in full to the service employees.  As discussed *supra*, and in Defendants' motion for summary judgment, customers understood that the service charge was for the restaurant and that the gratuity was for the employees.

Finally, even assuming *arguendo* that summary judgment is not granted on this claim (which it should be), Plaintiffs have not submitted any evidence that the entire putative class worked at special events for which customers were not sufficiently informed about the breakdown of the mandatory service charge.  Even assuming *arguendo* that customers were not informed about the breakdown (which they were), there is no evidence submitted by Plaintiffs that the entire class all worked special events.  To the contrary, the record demonstrates that only certain employees were chosen to work special events. Teran Dep. 98:23-99:23 (some bussers – those with less experience – were *never* selected to work special events); Id. at 99:24-100:2 (only some

servers worked special events); Fernandez Dep. 93:9-13 (some employees were chosen for special events more than others). For example, unlike the other Plaintiffs, Molina was not assigned to perform work related to special events at the restaurant. Molina Dep. 141:6-11; Fernandez Dep. 45:14-16; Teran Dep. 99:6-7. Accordingly, the answer to the question as to whether the entire class was subjected to a policy in which service charges from special events at which they worked was illegally retained by Defendants does not yield common answers.

### c.  Recordkeeping Violations

Plaintiffs seek to certify a class under Rule 23 with respect to claims under NYLL § 195(1) for failure to provide wage notices.[5]  However, penalties for violations of NYLL § 195 (that are contained in NYLL § 198) – which are the only monetary damages for a violation of NYLL § 195 – may not be pursued in a class action.  CPLR 901(b)).  Moreover, there is no private cause of action under the NYLL for failure to provide employees with an annual pay rate notice under the former NYLL § 195(1) or for failure to provide notice under NYLL § 195(2) each time an employee's wage rate changes.  See, e.g., Guan Ming Lin v. Benihana New York Corp., 2012 WL 7620734, at *8 (S.D.N.Y. 2012) ("[t]he proper interpretation of NYLL § 198(1-b) is that only employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty pursuant to § 198(1-b)"); Hinckley v. Seagate Hospitality Group, LLC, 2016 WL 6524314 (W.D.N.Y., 2016) (dismissing NYLL 195(1)(a) claim on the basis that *inter alia*, it does not provide a private right of action for employees who were not given the required post-hire annual notice); Zurita v. High Definition Fitness Center, Inc., 2016 WL 3619527 (E.D.N.Y. 2016) (same).

---

[5] Defendants provided Plaintiffs the opt-ins with wage notices.  SMF ¶¶ 21-48.  To the extent that Plaintiffs argue that the wage notices contained minor errors (such as no telephone number), it does not result in a violation under NYLL § 195.  See Lozano v. Rugfrit 1350 LLC, 2015 WL 1938754 (N.Y. Sup. Ct. 2015).

Additionally, an individualized assessment is necessary with regard to whether there is liability for each class member regarding this claim for several reasons.

First, one of the opt-in Plaintiffs, Teran, does not claim that he was not provided with an annual notice. See ECF Docket Entry 76-7 at 95:2-12 (Teran confirms filling out Notice and Acknowledgment of Pay Rate and Payday form at the restaurant). Because he was provided with an annual notice, the answer to the question as to whether the entire class was provided with an annual notice does not yield common answers.

Second, under NYLL § 198, there can be no liability imposed for a violation of NYLL § 195 if, *inter alia*, the employer made complete and timely payment of all wages due to Plaintiffs pursuant to NYLL.  As discussed *supra*, individualized proof is required to determine if any class member was not paid at least the minimum wage rate.  Gregory v. Stewart's Shops Corp., 2016 WL 8290648 (N.D.N.Y., 2016). Therefore, individualized proof is necessary to determine if there is liability under NYLL § 198 for alleged violations of NYLL § 195.

Many of the common questions of law and fact Plaintiffs assert are just uncontroversial statements of Federal and New York law in question form, and are really being offered to define a class essentially as those who may have valid wage and hour claims. This proposed class definition is circular and does not demonstrate a common question of law.  Engel v. Scully & Scully, Inc., 279 F.R.D. 117, 127 (S.D.N.Y. 2011) (defining a class as essentially those customers who have valid FACTA claims is circular).

Assuming the answers to the "questions" stating what the law requires is "yes," that does not resolve the relevant question of whether proposed class members "have suffered the same injury." Dukes, 131 S. Ct. at 2551 (citation omitted).

Whether each employee was in fact not provided with sufficient notice and wage statements, whether each employee was paid the minimum wage notwithstanding Defendants' ability to take a tip credit, and whether class members worked any special events in which customers were not informed that the mandatory service charge would be retained by the restaurant, require a highly individualized fact-specific analysis not subject to class-wide resolution.

Additionally, there is a total lack of evidence of concrete injuries suffered by any member of the proposed class – there are only assertions in the complaint. Thus, there appear to be individualized inquiries needed to ascertain whether there are affirmative defenses to this claim and whether any class member even has a valid claim or concrete injuries from any deficiencies in their wage notices or wage statements. See, e.g., Chang v. Loui Amsterdam, Inc., 2022 WL 4586100, at *12 (E.D.N.Y. 2022) (quoting NYLL 198 (1-b)); Ying Ying Dai v. ABNS NY Inc., 490 F. Supp. 3d 645, 661 (E.D.N.Y. 2020) ("Under Section 198(1-b), employers have an affirmative defense if they pay their employe[e]s properly."); Santiago v. Home Infusion Grp., Inc., No. 20-cv-5455 (ENV) (LB), 2022 WL 5175117, at *6 n.11 (E.D.N.Y. June 7, 2022) (recognizing legitimacy of affirmative defense that "complete and timely payment of all wages ... serves as an affirmative defense to a wage notice or wage statement claim.") (internal quotations and citations omitted), report and recommendation adopted, 2022 WL 17798164 (E.D.N.Y. Dec. 19, 2022); Tortorici v. Bus-Tev, LLC, No. 17-cv-7507 (PAC) (KHP), 2021 WL 4177209, at *14-15 (S.D.N.Y. Sept. 14, 2021) (recognizing affirmative defense pursuant to NYLL 198(1-d) that failure to provide proper wage statements under Section 195(3) where Plaintiff was always paid in timely manner).

Plaintiffs have thus failed to show commonality with regard to the proposed wage notice and wage statement claims of the proposed class by a preponderance of evidence.  <u>Charles v. Pinnacle Too, LLC</u>, No. 22-cv-4232 (DEH) (JW), 2024 WL 4491560, *13 (S.D.N.Y. Oct. 15, 2024) (observing that a finding that plaintiffs were paid the wages they were owed eliminates the basis for finding a concrete injury sufficient to establish standing, such that, "no wage violations [means] no standing").

In sum, there are more differences than similarities for the purported class members.  This shows a lack of commonality, and would require the Court to engage in an individualized assessment to determine which class members, if any, are owed money, and if so, how much they are owed.

This is a waste of the Court's resources and is impracticable.

### d.  Plaintiffs' New Previously Unalleged Overtime Claims

Plaintiffs argue in their papers that Defendants failed to pay them the correct overtime rate. This by-the-by argument must not be considered.  This is because Plaintiffs' complaint does not plead any overtime claim.  <u>See</u> ECF <u>15</u> ¶¶ 38-51 (bringing one cause of action under the FLSA for illegal deductions from gratuities, and three causes of action under the NYLL for illegal deductions from gratuities, minimum wage violations, and "notice requirements").

The failure to plead this claim in their complaint deprives them of the ability to assert it now that discovery has closed.  <u>Basri v. Gordon</u>, 2025 WL 949578 at 10, n.2 (S.D.N.Y. 2025) ("Plaintiff appears to raise a [new] claim … for the first time in his opposition. This is improper, as a party may not raise new claims not contained in a complaint through motion papers … The Court will thus not address this belated addition") (<u>citing</u>, <u>e.g.</u>, <u>Zann Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 843 (2d Cir. 2013)).

19

3.   The Rule 23 Class Proposed by Plaintiffs is Overly Broad & Not Ascertainable

As explained in Espinoza v. 953 Assocs. LLC:

> To bridge the wide gap between an individual's claim and the existence of a class of persons who have suffered the same injury as the individual, plaintiff must demonstrate the existence of an aggrieved class. Plaintiff must also demonstrate that the aggrieved class can be readily identified. A class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially requires a mini-hearing on the merits of each plaintiff's case.

See 280 F.R.D. 113, 125 (S.D.N.Y. 2011).    Thus, "courts commonly examine whether a class is adequately defined before turning to the other requirements for certification." See 5 James Wm. Moore, et al., Moore's Federal Practice, § 23.21 [3][d] (3d ed. 2008); Bano v. Union Carbide Corp., 2005 WL 6800401, at *4–5 (S.D.N.Y. 2005) (finding that although not expressly required by Rule 23, ascertainability is an element of class certification).

Where class membership cannot be ascertained until it is determined whether the individual at issue suffered an injury, the class is not sufficiently ascertainable under Rule 23.  Kiobel v. Royal Dutch Petroleum Co., 2004 WL 5719589 at *5-6 (S.D.N.Y.,2004); Wilson v. Toussie, 2008 WL 905903, at *4 (E.D.N.Y. 2008) ("A class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially require[s] a mini hearing on the merits of each [plaintiffs] case") (quoting Noble v. 93 Univ. Place Corp., 224 F.R.D. 330, 341-42 (S.D.N.Y. 2004)); see also generally IPO, 471 F. 3d 24, 44-45 (2d Cir. 2006) (discussing the importance of ascertainment and noting that the need for individualized determinations of class membership also supports the conclusion that individual questions will permeate the litigation).

In this case, Plaintiffs define the proposed Rule 23 class in their motion as all tipped employees. Plaintiffs' class definition is untenable because membership in the class is not ascertainable and the class definitions are overly broad.

In order to ascertain who is a class member, the Court would be forced to conduct a mini-trial with respect to each purported class member to determine (1) if that employee worked a special event at which the customer was not notified about the mandatory service charge that was retained by the restaurant; (2) the amount that employee received in mandatory service charge distributions and tips and in hourly wages; (3) if that employee received notification of the tip credit; and (4) if that employee received a wage notice. Wilson, 2008 WL 905903, at *11.

Accordingly, Plaintiffs' proposed class is not ascertainable.

####    4.    Fernandez and Teran are not adequate representatives

The Rules require that in a class action, "the interests of the class" must be "fairly and adequately protect[ed]." See Fed. R. Civ. P. 23(a)(4). To ensure that all members of the class are adequately represented, district courts must make sure that the members of the class are credible, possess the same interests, and that no fundamental conflicts exist among the members. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 549 (1949); Menking v. Daines, 287 F.R.D. 166, 172 (S.D.N.Y. Dec. 9, 2011); Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006).

"Under Rule 23(a)(4), adequacy of representation is measured by two standards. First, class counsel must be 'qualified, experienced and generally able' to conduct the litigation. Second, the class members must not have interests that are 'antagonistic' to one another." In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992) ("Drexel").

Further, Rule 23(g) orders the district court to consider four (4) particular indicators of adequacy. See Fed. R. Civ. P. 23(g).

It provides also that the district court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." See Fed. R. Civ. P. 23(g)(1)(B). Additionally, this inquiry considers the competency of class counsel and the existence of conflicts that might impair representation. Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997).

Here, there are questions concerning the adequacy of representation of the proposed class representatives and their counsel. Plaintiffs' counsel is not an adequate representative, as its principals have previously faced a motion for sanctions for improperly bringing suit. Allen v. Trib. New York Newsp. Holdings, LLC, 246 F.R.D. 465, 466 (S.D.N.Y. 2007). Although the Court in Allen declined to impose sanctions, it found itself "highly skeptical of plaintiffs' counsel's conduct," and agreed "that the actions of plaintiffs' counsel in voluntarily dismissing this complaint immediately following the initial conference were problematic" given that the explanation proffered by him "cannot bear scrutiny." Id. This conduct warrants a finding that Plaintiffs' counsel is not an adequate representative. Further, each Plaintiff denied speaking to each other about this case, leaving the question of how they learned about this suit and opted in unanswered, and giving rise to an inference that they were solicited by Plaintiffs' counsel. Notably, Molina was previously represented by Plaintiffs' counsel against another restaurant. SMF ¶ 24. Meanwhile, Fernandez was the named Plaintiff in this case and testified that she found out about Plaintiffs' counsel through an internet search. Fernandez Dep. 100:8-15. Then, somehow, without Fernandez speaking to him, Molina joined this suit and brought Teran along for the ride. Fernandez Dep. 100:16-20; Molina Dep. 136:3-17 ("Q. Did you ever have any discussions with [Teran] about this lawsuit? A. No. No. No. No. Q. Would it surprise you to learn at [Teran's] deposition he told me you were the one who referred him to your lawyers? A. No. I haven't said anything;" "I had a conversation with [Teran] about this case, but I didn't tell him to join").

Given that the Plaintiffs deny speaking to each other (except for Molina and Teran, who only admit this sometimes, and which still does not explain how they learned Fernandez filed suit), there is a strong inference that Plaintiffs' counsel solicited the Plaintiffs, such that they should not be deemed adequate counsel.  See Brame v. Ray Bills Finance Corp., 76 F.R.D. 25 (N.D.N.Y. 1977) ("an attorney who was guilty of maintenance or solicitation in violation of the Code of Professional Responsibility should be disqualified from representing a class").

Fernandez has both total ignorance of and a fundamental misunderstanding of the legal and factual bases of her claims. When asked "what is your understanding of what your duties and responsibilities would be as the class representative?", Fernandez testified "I don't have any responsibilities. I'm demanding only what is coming to me. I'll only demand what was done wrong to me. I'm demanding because it's my right as a resident of the United States." Fernandez Dep. 136:13-23. Fernandez testified further that she's "presenting a demand for what happened to me. I don't know about the rest." Fernandez Dep. 135:25-136:7.

Notably, Fernandez testified that she is suing because "they harassed me and they discriminate me," despite the fact that no such claims have been brought in the instant lawsuit. Fernandez Dep. 96:8-18. She further testified that, to resolve the case, she wants, among other things, "them to pay for the harassment, for the discrimination, […] for all of my suffering." Fernandez Dep. 97:15-98:20.  Fernandez also testified that the basis for her NYLL § 196-d claim is that she feels she should have been given a twenty percent (20%) gratuity rather than the eighteen percent (18%) because that is what she was told by management, despite the fact that her claims have nothing to do with the three percent (3%) mandatory service charge. Fernandez Dep. 109:20-25; 149:13-152:13. Because she does not have adequate knowledge of the case, she is not an appropriate class member.

Indeed, "'the motivation behind requiring representative plaintiffs to demonstrate great familiarity with the case is a fear that the representatives, during pretrial discovery and at trial, will give misleading and contradictory testimony with regard to basic issues in the case that might make their claims subject to unique defenses.'" See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 61 (2d Cir. 2000) (internal citations omitted). Darvin v. Int'l Harvester Co., 610 F. Supp. 255, 256 (S.D.N.Y. 1985) ("The Court finds that plaintiff would not be a suitable class representative and would not adequately protect the interests of the class because […] plaintiff has demonstrated a serious lack of familiarity with the suit"); Lapin v. Goldman Sachs & Co., 254 F.R.D. 168, 176 (S.D.N.Y. 2008) ("[c]ourts also consider 'whether a putative representative is familiar with the action, whether he has abdicated control of the litigation to class counsel, and whether he is of sufficient moral character to represent a class'").

Moreover, Fernandez's separate claim against the restaurant for sexual harassment and a demonstrated disdain towards all men at the restaurant, all of whom she claims harassed her, demonstrates a conflict of interest, precluding her adequacy as a class representative.

For example, Fernandez believes she was treated differently than the other Plaintiffs because "[t]he rest of the Defendants [*sic*] are men and they used to harass [her] sexually, harass [her] at work and [she's] not interested in any of them because they are all men." Fernandez Dep. 138:10-19. Given that Fernandez is a female with prejudice against men, and Teran and Molina are male, their interests are antagonistic. Drexel, 960 F.2d at 291. In fact, Fernandez is currently pursuing an EEOC Charge against Defendants for harassment. In such circumstances, courts have found that the proposed class representative is not adequate.

"Adequacy is twofold: the proposed class representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests

of other class members." Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006). Not every conflict among subgroups of a class will prevent class certification—the conflict must be "fundamental" to violate Rule 23(a)(4). In re Literary Works in Elec. Databases Copyright Litig., 654 F.3d 242, 249 (2d Cir. 2011) (quoting In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 35 (2d Cir.2009).

Likewise, Teran is not an adequate class representative because he is dishonest.  See Savino v. Computer Credit, 164 F.3d 81 (2d Cir. Dec. 21, 1998); Zemel Family Trust v. Philips Int'l Realty Corp., 205 F.R.D. 434 (S.D.N.Y. Feb. 5, 2002) (plaintiff's lack of honesty and trustworthiness made him an inadequate class representative).  He disclaimed any knowledge of reviewing his paystubs despite electronic evidence that he accessed his pay stubs on the Toast application he conceded opening an account for, and that Controller Stephanie Willsey confirmed that he had accessed Toast. Teran Dep. 39:6-9; Willsey Decl. (73) ¶¶ 15-19. Because Teran is not credible, he is not an appropriate class representative.  See Kline v. Wolf, 702 F.2d 400 (2d Cir. Mar. 11, 1983) (affirming denial of class certification because of plaintiff's lack of credibility).

Moreover, none of the Plaintiffs had any knowledge about the developments in the case, nor did they take any steps to coordinate with other employees to discuss this case and see whether additional employees would opt in to a collective action or provide evidence supporting their claims. Fernandez Dep. 10:21-13:15 (Fernandez has only been to her attorneys' offices twice; has only had one virtual meeting; and is not aware of any other employees who signed any documents related to this case); Teran Dep. 15:24-16:4 ("Q; Are you aware of any other employees at Osteria La Baia who signed an affidavit, statement, declaration or any other document under oath concerning their employment at the restaurant? A: No"); 57:7-10 ("Q: After you decided to pursue a claim against the restaurant in October of '24, did you speak to any other employees about it? A:

No"); Molina Dep. 15:23-17:4 (Molina is not aware of any employees that have signed an affidavit statement, declaration, or any other document under oath or affirmation concerning this lawsuit; has never reviewed any documents related to this case, including the Complaint, other than his Consent to Sue; has not spoken to anyone other than his attorney, including employees of the restaurant; does not maintain any contact with any of his former coworkers).

Courts have declined to find class representatives adequate in precisely these circumstances. Darvin v. Int'l Harvester Co., 610 F. Supp. 255, 256 (S.D.N.Y. 1985) ("The Court finds that plaintiff would not be a suitable class representative and would not adequately protect the interests of the class because […] plaintiff has demonstrated a serious lack of familiarity with the suit"); Lapin v. Goldman Sachs & Co., 254 F.R.D. 168, 176 (S.D.N.Y. 2008) ("[c]ourts also consider 'whether a putative representative is familiar with the action, whether he has abdicated control of the litigation to class counsel, and whether he is of sufficient moral character to represent a class'").

Accordingly, the proposed class representatives are inadequate.

## III.    .PLAINTIFFS CANNOT ESTABLISH THE RULE 23(b) REQUIREMENTS

Plaintiffs are unable to establish the requirements under Rule 23(b)(3) that: (1) the common questions of fact or law predominate over questions affecting individual class members; and (2) a class action is superior to other methods of adjudication.

This requirement is "far more demanding" than the commonality and typicality requirements under Rule 23(a). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623-624 (1997). These requirements seek to identify cases "in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Id. at 615

(citation, internal quotation marks and alteration omitted).   Plaintiffs cannot demonstrate satisfaction of the more demanding elements of the Rule 23(b)(3) standard.   Therefore, their motion must be denied.

"Like the commonality inquiry, a court examining predominance must assess (1) the 'elements of the claims and defenses to be litigated;' and (2) 'whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief.'"   Johnson v. Nextel Commc'ns Inc., 780 F.3d 128, 138 (2d Cir.2015) (quoting McLaughlin on Class Actions § 5:23).  However, predominance requires a further inquiry "into whether the common issues can profitably be tried on a class-wide basis, or whether they will be overwhelmed by individual issues." Id.

Accordingly, the predominance inquiry is "more demanding than Rule 23(a)."  Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (Mar. 27, 2013). Matters pertinent to superiority include the class members' interests in individually controlling the prosecution of separate actions and the likely difficulties in managing the class action.  See Fed. R. Civ. P. 23(b)(3)(A) & (D). Thus, class certification will be denied where the fact-finder would need to establish liability by reviewing "individualized proof" or engaging in "a series of mini-trials" for each putative class member's claim. Dauphin v. Chestnut Ridge Transp., Inc., 2009 WL 2596636, at *3 (S.D.N.Y. 2009); see also Moore v. PaineWebber, Inc., 306 F.3d 1247, 1253 (2d Cir. 2002).

Here, Plaintiffs contend that the central and predominant issues in this case are whether Defendants maintained a policy that uniformly (i) failed to provide employees with proper wage notices; (ii) failed to provide employees with proper wage notices which results in loss of the tip credit; (iii) failed to provide notice to employees about the tip credit which results in loss of the tip credit; (iv) whether Defendants failed to notify customers that the restaurant was retaining the

mandatory service charge which results in loss of the tip credit and reimbursement of the retained portion paid by the customers; and (v) improperly included a manager in the tip pool.

In <u>Alix v. Wal-Mart Stores, Inc.</u>, 57 A.D.3d 1044 (3d Dept. 2008), the plaintiffs sought certification of a class action lawsuit for violation of New York Labor Law.[6] The plaintiffs claimed that company policy discouraged overtime, yet employees were expected to complete their tasks and were disciplined for failing to do so and that this "set the stage for routine 'off the clock' hours." <u>Id.</u> The court held that plaintiffs failed to meet the predominance requirement for class certification, and reasoned that "[w]hile proof of this atmosphere of unrelenting pressure to cut payroll costs may be relevant, it primarily serves as a backdrop to the fact-specific inquiries that must, of necessity, occupy center stage." <u>Id.</u> As the court explained, in order to establish a *prima facie* case of violation of NYLL, "plaintiffs must adduce specific evidence as to which associates worked 'off the clock,' on what occasions, and for how long . .. [and] that defendant either knew or had reason to know that its employees were thus engaged." As the court concluded, because "defendant's liability to any aggrieved litigant can only be established by the proof of facts specific to that individual plaintiff[,]" class certification was inappropriate. <u>Id.</u> at 896.

Thus, it cannot be said that the common factual questions predominate over those which affect only individual members of the proposed class. For the same reasons as in <u>Alix</u>, Plaintiffs have failed to establish the Rule 23(b)(3) predominance and superiority requirements and therefore the motion for Rule 23 class certification should be denied. <u>Severin v. Project Ohr, Inc.</u>, 2012 WL 2357410 (S.D.N.Y. 2012) (denying Rule 23 class for New York Labor Law claims). According

---

[6] <u>Alix</u> applied New York class action law which, similar to Rule 23(b)(3), requires that "questions of law or fact common to the class ... predominate over any questions affecting only individual members." <u>Id.</u> While a state court case, the appellate court's analysis of state law is compelling.

to Plaintiffs, a class action is also the superior method of adjudication because, if these issues are not tried in a single forum, the result is numerous individual actions.

However, a case-by-case analysis is required to determine liability, if any, for each putative class member. The need for numerous individualized determinations with respect to every putative class member to determine liability under NYLL, if any, makes Plaintiffs' proposed class action unmanageable, and hence a class action is not superior to other methods of adjudication.

Moreover, there is no evidence that there will be numerous individual actions. Only two (2) individuals have joined this case since it was filed in May 2025. Nobody has joined this case since July 2025.

Plaintiffs also argue that this matter should be certified as a class because it does not make sense for the class members to litigate their claims separately given the relatively small amount of each class members' individual recovery.

However, to the contrary, the alleged damages of the Plaintiffs and the opt-ins are substantial. Plaintiffs likewise cannot establish that requirements under Rule 23(b)(1)(A) because prosecuting separate actions by individual class members would not create a risk of inconsistent adjudications. Only an analysis of each class members' circumstances would establish liability, if any.

In light of the foregoing, the motion to certify a class should be denied.

## IV.    PLAINTIFFS' BID FOR A COLLECTIVE ACTION MUST ALSO BE DENIED

In order to establish a common policy in violation of the FLSA that was applied to other employees, courts routinely require the submission of declarations from plaintiffs, which, at a minimum, identifies other employees who were subjected to the same policy in violation of the FLSA, explains the manner in which the FLSA was violated, and provides details regarding the

manner in which the declarants learned that an employer violated the FLSA with respect to the other individuals.  Reyes v. Nidaja, LLC, 2015 WL 4622587, at *3 (S.D.N.Y. 2015) ("[W]here a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide *a minimum level of detail* regarding the contents of those conversations or observations") (emphasis added); Martinez v. Zero Otto Nove Inc., 2016 WL 3554992, at *4 (S.D.N.Y. 2016) (same).

Here, Plaintiffs fail to provide any declarations whatsoever establishing that they are similarly situated to other employees.  For this reason alone, a collective action must be denied.

Further, Fernandez's claims are limited to October 2022 through May 19, 2025, and she therefore did not work for Defendants during the entire proposed class period of November 15, 2021 through the present.  Fernandez Dep. 47:13-16; 119:7-10.  Fernandez therefore cannot maintain a class action for all Class Members from November 15, 2021 until October 2022, nor can she do so from May 19, 2025 until the present.  Maddison v. Comfort Systems USA (Syracuse), Inc., 2018 WL 679477 (N.D.N.Y. 2018) (holding that Plaintiff cannot claim to have been injured by any underpayment made by Defendant to its employees before or after his dates of employment) (citing Roach v. T.L. Cannon Corp., No. 10-CIV.-591, 2015 WL 10818750, at *6 (N.D.N.Y. Sept. 4, 2015) (narrowing the "temporal scope" of named plaintiffs' class claims because named plaintiffs did not have standing to represent the class on dates before or after they were employed by defendant).

Further, as discussed *supra*, Plaintiffs' declarations in support fail to state anything more than they were never presented with or asked to sign a written wage notice without discussing any other employees.  Such declarations do not pass muster to permit granting conditional certification of a collective action.  Mata v. Foodbridge LLC, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015)

30

(denying conditional certification of collective action where "Plaintiff's brief declaration merely summarizes the FLSA and NYLL violations that he allegedly suffered in the course of his own employment by Defendants and claims that other non-managerial employees at the Restaurants were subject to similar wage and hour practices") (citing <u>Sanchez v. JMP Ventures, L.L.C.</u>, 2014 WL 465542, at *1 (S.D.N.Y. 2014) ("Though ... the bar for conditional certification of a collective action under the FLSA is low, it is not this low")).

Indeed, Plaintiffs' declarations do not provide any details concerning the manner in which the individuals with whom Plaintiffs spoke were purportedly not paid the correct wages. The declarations do not identify the number of hours worked by the other employees or identify the hourly wage rate they were paid making it impossible to determine if these other employees informed them that they were allegedly the victims of FLSA violations or some other wage violation (which would not be pertinent to the instant motion that merely concerns FLSA violations). Because Plaintiffs fail to provide this minimum level of detail, their motion for a collective action must be denied. See <u>Yang v. Asia Market Corp.</u>, 2018 WL 2227607 (S.D.N.Y. 2018); <u>see also</u> <u>Joshi v. Flagship S B Amsterdam NY, LLC</u>, 2018 WL 1135566 (S.D.N.Y. 2018); <u>Huertero-Morales v. Raguboy Corp.</u>, 2017 WL 4046337 (S.D.N.Y., 2017); <u>Bahr v. PNW Enterprises, LLC</u>, 2017 WL 816140 (S.D.N.Y., 2017); <u>Martinez</u>, 2016 WL 3554992, at *4; <u>Flores v. Osaka Health SPA, Inc.</u>, 2006 WL 695675 (S.D.N.Y. 2006); <u>Ji v. Jling Inc.</u>, 2016 WL 2939154, at *5 (E.D.N.Y. 2016); <u>Fu v. Mee May Corp.</u>, 2016 WL 1588132 <u>Fu v. Mee May Corp.</u>, 2016 U.S. Dist. LEXIS 53199 (S.D.N.Y. Apr. 20, 2016); <u>Reyes v. Nidaja, LLC</u>, 2015 U.S. Dist. LEXIS 101728 (S.D.N.Y. July 31, 2015); <u>Lianyuan Feng v. Hampshire Times</u>, 2015 U.S. Dist. LEXIS 29899, 7-8 (S.D.N.Y. Mar. 11, 2015) ("By contrast, Plaintiffs do not profess to attest to the hourly compensation of other employees").

2e86f485030479b5

Moreover, Plaintiffs fail to describe when they learned that the other employees were allegedly not paid the correct wages. See Mata v. Foodbridge LLC, 2015 U.S. Dist. LEXIS 70550, 9-13 (S.D.N.Y. June 1, 2015) (denying motion for collective action where the plaintiff did not state where or when his observations of and conversations with identified coworkers occurred); see also Sanchez v. JMP Ventures, L.L.C., 2014 U.S. Dist. LEXIS 14980, *5 (S.D.N.Y. Jan. 27, 2014) (same); Qing Gu v. T.C. Chikurin, Inc., 2014 U.S. Dist. LEXIS 53813, 10 (E.D.N.Y. Apr. 17, 2014) (denying motion for collective action where plaintiffs made only general allegations that other employees of defendants were denied minimum wage and overtime compensation, and failed to provide any factual detail about the other employees, such as when they had conversations about not receiving minimum wage or overtime compensation); Eng-Hatcher v. Sprint Nextel Corp., 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009) (denying motion for collective action where plaintiff identified five individuals who worked at her store and told plaintiff they were not paid for overtime, but plaintiff provided no information about these conversations).

As they do with themselves, Plaintiffs also fail to identify the time period during which these other employees were allegedly not properly paid. Therefore, as with the Plaintiffs, there is no evidence that these other individuals were not paid properly under the FLSA. Similarly, Plaintiffs do not provide the dates when they spoke to any collective action member, making it impossible to know whether the conversations occurred during the relevant FLSA period. See Lujan v. Cabana Mgmt., Inc., 2011 U.S. Dist. LEXIS 9542, 2011 WL 317984, at *7-9 (E.D.N.Y. Feb. 1, 2011) (declining to conditionally certify an FLSA collective action for defendants' Florida restaurants under the same ownership because the Court lacked "firsthand evidence of violations at the Florida restaurants during the limitations period") (emphasis added); Mendoza v. Casa De Cambio Delgado, Inc., 2008 U.S. Dist. LEXIS 27519, 6-7 (S.D.N.Y. Apr. 7, 2008) (the Plaintiffs

have failed to provide allegations of the factual nexus between the named Plaintiffs and other putative class members).

Accordingly, Plaintiffs have not provided sufficient evidence establishing that Defendants' alleged common policy in violation of the FLSA applied to other employees.

It is also noteworthy to mention at this point that Plaintiffs' declarations are defective and should be disregarded by the Court.  In this case, each of the Plaintiffs in their declarations state that "This declaration has been read to me in Spanish which is my native language."  See ECF 63 and 64.  However, since no declaration in Spanish was provided, Defendants are made to presume, without any basis, that the declarations, as stated in English, were actually completely and properly translated into Spanish for Plaintiffs.  The federal courts are in accord that declarations in a foreign language need to be docketed with an official translation.  See, e.g., United State of America v. Napoles, 2007 U.S. Dist. LEXIS 54159 at *2, 3 (S.D.Tx. July 25, 2007).  Federal courts have struck foreign language documents that did not contain a certified English translation.  See, eg., Rivas-Montano v. United States of America, 2006 U.S. Dist. LEXIS 31893 at *2, 3 (M.D. Fl. May 22, 2006); see also Trapaga v. Central States Joint Board Local 10, 2007 U.S. Dist. LEXIS 23438 at *22-25 (N.D. Ill. March 30, 2007).  As such, an affidavit in English that had allegedly been translated from a foreign language should also include the affidavit in the foreign language.  Since that is not the case here, this Court should not consider Plaintiffs' defective declarations.

## V.    PROBLEMS PLAGUE THE PLAINTIFFS' PROPOSED NOTICE

Plaintiffs' motion for class certification should be denied for all of the reasons discussed *supra*.  However, assuming *arguendo* that the Court grants Plaintiffs' motion, Plaintiffs' proposed notice should be rejected for the reasons discussed below.

First, any statements indicating that the Court has authorized or approved this notice should be deleted. Kim Man Fan v. Ping's on Mott, Inc., No. 13-CIV.-4939 (AT), 2014 WL 1512034, at *3 n. 1 (S.D.N.Y. Apr. 14, 2014) (citing Hernandez v. Merrill Lynch & Co., Inc., 11-CIV.-8472 (KBF), 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) (holding that this language contains a "certain specter of authority" which may imply "more court sponsorship than appropriate." ).

Second, Plaintiffs' proposed notice is directed at all tipped employees as opposed to just tipped employees who received less than the minimum wage with their tips and who worked at special events. As discussed *supra*, Plaintiffs do not allege, nor can they, that tipped employees were not paid all of their wages. Under NYLL § 198, where an employee is paid all wages, there is no monetary penalty associated with a violation of NYLL § 195. Therefore, notice should not be sent to all tipped employees, but rather, should only be sent (if at all) to only tipped employees who earned less than the minimum wage with their tips and worked at special events.

Third, Plaintiffs' proposed notice only briefly discusses how to opt-out of the lawsuit and requires various unnecessary steps that must be undertaken in order to opt-out. Additionally, Plaintiffs' notice fails to include an opt-out form with the notice. Instead, Plaintiffs require individuals who want to opt-out to draft their own opt-out form, and further demand that the form be mailed, none of which is necessary. Placing the onus on the recipients to draft their own form and postmark it by a date certain is unnecessary and unfair. It is respectfully submitted that Plaintiffs' purpose in not providing an opt-out form is to dissuade individuals from opting out. Plaintiffs should be required to include a simple and straightforward opt-out form with the class notice that merely requires the recipients to check off a box stating they wish to opt-out. Plaintiffs should also be required to provide pre-addressed and postage-prepaid envelopes to send back the opt-out forms or expressly accept opt-out forms via email.

Fourth, Plaintiffs give no explanation or justification for their request that the class notice be posted at the restaurant. "In selecting the manner of issuing the notice, th[e] court must strike the appropriate balance in ensuring notification to the former [employees] while minimizing disturbance to [the employer's] business." Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387, *9 (S.D.N.Y. Feb. 19, 2008).

If Defendants are required to mail the notices to putative class members, it is repetitive, and unwarranted to require Defendants to also post the notice in their workplace since the contact information of current employees will be accurate. Zhirzhan v. AGL Industries, Inc., 14-7567 (E.D.N.Y Sept. 15, 2015, ECF Doc. No. 49); PAL v. Sandal Wood Barn Grill, Inc., 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015) ("since defendants will be required to provide plaintiffs with contact information for past and current employees, posting of notice" at the workplace is unnecessary); Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010) ("Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace.").

Fifth, Plaintiffs' notice directs putative class members to a website – http://www.jk-llp.com – for answers to additional questions. This website is not Court-approved and should not be included in any Court-approved notice. Moreover, this website is not specifically directed to this case, and has no additional information about this case.

Sixth, Plaintiffs' proposed notice does not provide a time period to opt-in. Courts have routinely restricted the opt-in period to forty-five (45) days. Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 at *44 (E.D.N.Y. Feb. 1, 2011) (45 days); Nuchell v. Cousins Submarines, Inc., No. 16-CV-232-PP, 2017 WL 782443 (E.D. Wis. Feb. 28, 2017). Therefore, Defendants

35

respectfully request that the notice be revised to require opt-in notices to be sent within forty-five

(45) days from the date on which conditional certification is granted.

Seventh, the notice should explain the consequences of joining the action.  Courts routinely

require the notice to explain that, as a result of joining the lawsuit, the putative class members may

be required to pay costs if they do not prevail.  Hallissey v. America Online, Inc., 2008 U.S. Dist

LEXIS 18387 at *12 (S.D.N.Y. 2008); Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817 at

*23 (E.D.N.Y. Oct. 11, 2007).  Defendants respectfully request that the notice contain this

language:

> By participating as a class member, you are subject to discovery and you may
> have to produce your tax records and other private documents, submit to a
> deposition, and/or be subpoenaed to testify as a witness at the trial of this
> matter.  You may be responsible for attorneys' fees and costs in the event your
> claim is denied.  Finally, as noted, Defendants anticipate dismissing the
> collective action at the end of this case.  Should Defendants prevail on their
> motion, then the class will be eliminated, the lawsuit will be limited to the
> named plaintiffs and you will no longer be part of this lawsuit.  If you do not
> wish to participate in this lawsuit, you need not do anything as a collective
> action member but will be required to affirmatively opt out as a class action
> member.  If you decide not to participate in this lawsuit, you may not be eligible
> to receive any benefits in the event that a settlement or judgment is obtained.
> You would be free to file and pursue your claims, if any, against any of the
> Defendants independently.
>
> Anyone who joins the action may be responsible for attorney's fees, depending
> on their arrangement with counsel, and will be responsible for costs to the
> Defendants if their claim is denied or otherwise dismissed.

Eighth, Defendants' counsel information should be stated on the notice.  Courts routinely

permit the notice to contain the name, address, and telephone number of Defendants' counsel.

Moore v. Eagle Sanitation, Inc., 2011 U.S. Dist. LEXIS 77126 at *19 (E.D.N.Y. July 18, 2011);

Gjurovich v. Emmanuel's Marketplace, 282 F. Supp. 2d 101, 108 (S.D.N.Y. September 19, 2003);

Cano v. Four M Food Corp., 2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009).  Therefore,

Defendants respectfully request that the notice contain their counsel's name, address, and telephone number.

Ninth, Defendants must be able to explain that they believe that a class action or a collective action is not warranted. A class or collective action gives the impression to class members that there was a widespread failure to pay correct overtime. The recipients should be made aware that it has not been established that any employee who worked for Defendants were paid incorrectly. Enriquez, 2012 U.S. Dist. LEXIS 17036 at *9 (E.D.N.Y. February 10, 2012). Accordingly, Defendants propose the inclusion of the following language:

> Defendants dispute Plaintiffs' contentions that they were not properly paid and do not believe that a collective action is proper in this lawsuit and anticipate moving to decertify the collective action at the close of discovery in this matter, as they have the right to do. Defendants do not believe that Plaintiffs have demonstrated the necessary elements required to establish a collective action.

Tenth, the reference to an anti-retaliation provision must be excluded. Plaintiffs propose the inclusion of the anti-retaliation language of the FLSA. However, the notice must not be a vehicle for communicating proscribed conduct for the purpose of prompting recipients to attempt to expand the underlying lawsuit. In this case, there is no evidence of retaliation, and therefore, there is no need for the inclusion of anti-retaliation language.

Eleventh, with respect to the provisions concerning retaining Plaintiffs' counsel or another attorney, putative class or collective action members should be provided additional information. Defendants submit that the following should be added to the answer for Question 17: "You can, alternatively, join this lawsuit by counsel of your own choosing or commence a lawsuit in the future on your own." Without this additional language, a layperson would reasonably believe he or she loses the right to bring a lawsuit in the future if he or she does not join this lawsuit either by being represented by Plaintiffs' counsel or by another attorney.

Twelfth, Plaintiff's proposed notice says that to join the lawsuit, the recipient must sign a "Consent to Sue" form and send it to the office of Plaintiffs' counsel. However, "[t]he common practice … is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiffs' counsel." Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 462 (E.D.N.Y. 2014) (collecting cases).  Accordingly, the notice should be made returnable to the Clerk of the Court.

Thirteenth, Defendants object to Plaintiffs' request that they be provided phone numbers and email addresses.  Due to privacy concerns, courts do not require the production of this information until a large number of notices are returned as undeliverable.  Mohamed v. Sophie's Cuban Cuisine, Inc., 2015 U.S. Dist. LEXIS 126012, 13-15 (S.D.N.Y. Sept. 21, 2015); Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F. Supp. 2d 200, 201 (N.D.N.Y. 2009) ("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers, social security numbers, and dates of birth."); Arevalo v. D.J.'s Underground, Inc., 2010 U.S. Dist. LEXIS 109193, 7 (D. Md. Oct. 13, 2010) (denying plaintiffs' motion to compel defendants to produce phone numbers for the putative plaintiffs); Campbell v. PriceWaterhouse Coopers, LLP, 2008 U.S. Dist. LEXIS 44795, 7-8 (E.D. Cal. June 5, 2008) (holding that telephone numbers should not be released unless notification of putative plaintiffs by first class mail is insufficient).  Therefore, it is premature for the Court to order Defendants to produce telephone numbers, e-mail addresses, dates of birth, or social security numbers at this juncture.

Moreover, Rule 7.3 of the New York Rules of Professional Conduct, 22 NYCRR § 1200, specifically prohibits Plaintiffs' counsel from soliciting potential clients by telephone and text message.  See 22 NYCRR § 1200, Rule 7.3.  Since it would violate Rule 7.3 of the New York Rules of Professional Conduct for Plaintiffs' counsel to solicit potential opt-ins by telephone and

text message, Defendants should not be ordered to produce telephone numbers of its current and former employees who Plaintiffs' counsel does not represent. In fact, the mere fact that Plaintiffs are asking for telephone numbers shows Plaintiffs' counsel's desire to violate the Rules of Professional Conduct. The Court should not countenance such behavior and enable Plaintiffs' counsel to violate the Rules of Professional Conduct.

## **CONCLUSION**

Accordingly, Defendants respectfully request that Plaintiffs' motion to certify the class and FLSA collective must be denied.

Dated: Jamaica, New York
     February 4, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
_/s/ Emanuel Kataev, Esq._____
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*

## WORD COUNT CERTIFICATION

I, Emanuel Kataev, Esq., hereby certify – under penalty of perjury – that the foregoing memorandum of law in opposition to Plaintiffs' motion for partial summary judgment, which was prepared using the Times New Roman 12-point typeface, does not comply with Local Civil Rule 7.1(c) and ¶ 8(C) of this Court's Individual Practices in Civil Cases in that it contains 13,101 words, excluding the parts of the document that are exempted by such rules. In preparing this certification, I have relied on the word count of the word processing system (i.e., Microsoft Word) used to prepare this certification.  Defendants will seek leave of this Court to exceed the word count limit because, *inter alia*, they are opposing two (2) distinct motions.

Dated: Jamaica, New York
      February 4, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
 */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*

40