# Sage Legal LLC
**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

February 9, 2026

**VIA ECF**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

        *Re:*    <u>Fernandez v. Bulldozer Hospitality Group, Inc., *et al.*</u>
              <u>Case No.: 1:25-cv-4490 (AS) (GS)</u>

Dear Judge Subramanian:

      This firm represents the Defendants in the above-referenced case. Defendants respectfully renew their letter motion for an enlargement of the word count to oppose Plaintiffs' motion to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or Rule") and, separately, to certify a collective action pursuant to 29 U.S.C. § 216(b), in accordance with this Court's February 5, 2026 Order directing the parties to meet and confer.[1]

      The parties met-and-conferred telephonically by and through their respective counsel today at 4:46 PM today for one (1) minute. The parties provide their respective positions herein below.

<u>Plaintiff's Position</u>

      Plaintiffs object to Defendants' request. Defendants had almost 8 weeks to prepare a response to this motion and there is no reason they needed to make this application after their opposition was filed. To be sure, Plaintiffs' motion was submitted within the prescribed word limits and thus there is no reason that the opposition to that motion should require an additional 4,500 words to respond. Moreover, much of Defendants' opposition includes block cites of case law and legal standards that could have easily been pared down. Lastly, Plaintiffs highlight that this is not the first time Defendants have tried to backdoor an enlargement of the word limits at the eleventh hour as they filed a 23-page motion for judgment on the pleadings just five days before filing a 27-page motion for summary judgment. *See* ECF No. 59 ("It is difficult to view this motion, filed just days before the summary judgment deadline, as anything other than an effort to evade the word limits applicable to defendants' forthcoming motion for summary judgment [. . . ] *Defendants should decide what their best arguments are, and present them in the words provided* in their forthcoming motion for summary judgment.") (emphasis added). For all these reasons, Defendants request should be denied, and they should be ordered to file their opposition papers forthwith and in accordance with the Local Rules.

---

[1] Notably, this Court's Individual Practices in Civil Cases only require the parties to meet-and-confer on discovery disputes and to file sealed or redacted documents.

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
February 9, 2026
P a g e | 2

Defendants' Position

Plaintiffs submitted a motion to certify a class action and collective action within the prescribed word limit count only because they gave their motion to certify a collective action short shrift. As argued in Defendants' opposition papers, Plaintiffs failed to meet the standard required and did not discuss in any detail how, if at all, they are similarly situated to other employees, let alone provide some evidence of same. Moreover, Plaintiffs' motion is on a significant issue that entitles Defendants to raise all available arguments in opposition, and this Court should permit Defendants to raise those arguments to allow a decision on the merits rather than hamper Defendants in defending against the motion based on procedural rules.

Indeed, Defendants essentially opposed two (2) separate, but combined, motions with different standards and issues. Both motions involve the review of evidence following the completion of discovery. Given the fact-intensive nature of the arguments raised in opposition, Defendants respectfully submit that an enlargement of the word count by one-a-half-times the standard word count limit of 8,750 words – i.e., 13,125 words – is appropriate. Accordingly, Defendants respectfully submit that good cause exists for an enlargement of the word count limit. Further, Defendants are amenable to a reciprocal one-and-a-half times enlargement of Plaintiffs' word count limit for their reply papers to address the numerous arguments raised by Defendants in opposition to their separate motions.

For the foregoing reasons, Defendants' renewed letter motion to enlarge the word count limit should be granted. Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
February 9, 2026                                    Respectfully submitted,

                                                    SAGE LEGAL LLC
                                                     /s/ Emanuel Kataev, Esq.
                                                    Emanuel Kataev, Esq.
                                                    18211 Jamaica Avenue
                                                    Jamaica, NY 11423-2327
                                                    (718) 412-2421 (office)
                                                    (917) 807-7819 (cellular)
                                                    (718) 489-4155 (facsimile)
                                                    emanuel@sagelegal.nyc

                                                    *Attorneys for Defendants*
                                                    *Bulldozer Hospitality Group, Inc.,*
                                                    *Robert Petrosyants, and*
                                                    *Marianna Shahmuradyan*

Hon. Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
February 9, 2026
P a g e | 3

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*
*Katherine Fernandez,*
*Javier Molina, and*
*Adrian Montor-Peran*

Defendants' renewed motion for leave to file excess pages is DENIED. Plaintiffs' motion to certify a class and collective action was submitted within the prescribed word limits, *see* Dkt. 61, and defendants' opposition must comply with the same limits, especially given that defendants had nearly eight weeks to prepare their response.

By **Friday, February 13, 2026**, Defendants shall re-file their opposition in compliance with the prescribed word limits. Plaintiffs' deadline to reply is extended to **Wednesday, February 25, 2026**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 97.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 9, 2026