UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATHERINE FERNANDEZ, on behalf of herself and
others similarly situated,

                      Plaintiff,           Case No.: 1:25-cv-4490 (AS) (GS)

     -against-

BULLDOZER HOSPITALITY GROUP, INC., d/b/a
OSTERIA LA BAIA, ROBERT PETROSYANTS and
MARIANNA SHAHMURADYAN,

                      Defendants.
------------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    I. Defendants are Entitled to Summary Judgment on Plaintiffs' FLSA Tip Claim ............ 3

    II. Supplemental Jurisdiction ................................................................................................ 6

    III. Defendants are Entitled to Summary Judgment on Plaintiffs' NYLL Tip Claim ......... 6

    IV. Defendants are Entitled to Summary Judgment on Plaintiffs' Recordkeeping Claims 7

    V. Summary Judgment Should be Granted on Claims against Individual Defendants ...... 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

De La Cruz Moreno v. Happy Angel Nail Spa Inc.,
   No. 15-CIV.-10078 (LGS) (GWG), 2019 WL 2438966 (S.D.N.Y. June 12, 2019)....................5

De La Cruz Moreno v. Happy Angel Nail Spa Inc.,
   No. 15-CIV.-10078 (LGS) (GWG), 2019 WL 2717153 (S.D.N.Y. June 28, 2019)....................5

Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc.,
   No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382 (E.D.N.Y. Sept. 15, 2009) .................5

Garcia v. La Revise Assocs. LLC,
   No. 08 CIV 9356 LTS THK, 2011 WL 135009 (S.D.N.Y. Jan. 13, 2011)................................5

Irizarry v. Catsimatidis,
   722 F.3d 99, 109 (2d Cir. 2013) ...........................................................................................8

Mendez v. Int'l Food House Inc.,
   No. 13-CV-2651 JPO, 2014 WL 4276418 (S.D.N.Y. Aug. 28, 2014) ........................................5

Reyes v. Sofia Fabulous Pizza Corp.,
   No. 13-CIV.-7549 (LAK) (JCF), 2014 WL 12768922 (S.D.N.Y. Apr. 7, 2014) ................... 6-7

Reyes v. Sofia Fabulous Pizza Corp.,
   No. 13-CIV.-7549 (LAK) (JCF), 2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014) ................... 6-7

Sai Qin Chen v. E. Mkt. Rest., Inc.,
   No. 13-CIV.-3902 (HBP), 2018 WL 340016 (S.D.N.Y. Jan. 9, 2018) .......................................6

Salinas v. Starjem Rest. Corp.,
   123 F. Supp. 3d 442 (S.D.N.Y. 2015) .......................................................................................8

**Statutes**

12 NYCRR § 146-2.2..........................................................................................................................6

NYLL § 195.................................................................................................................................1, 2

**Rules**

Fed. R. Civ. P. 56 ...........................................................................................................................9

## PRELIMINARY STATEMENT

In opposing summary judgment, Plaintiffs tell only part of the story, misrepresent the record, and bury their head in the sand hoping that Defendants Bulldozer Hospitality Group, Inc. ("Bulldozer" or "Corporate Defendant"), Robert Petrosyants ("Petrosyants"), and Marianna Shahmuradyan ("Shahmuradyan") (Petrosyants and Shahmuradyan collectively "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively "Defendants") and this Court will not notice.

Plaintiffs' opposition does not identify admissible evidence that creates a genuine dispute of material fact on the issues that matter. Plaintiffs attempt to defeat summary judgment primarily through (i) conclusory characterizations of Perez as a "manager," (ii) a misdirection on NYLL tip-credit notice that ignores Defendants' evidence of written notice (including paystubs, records, and other writings), (iii) an effort to resurrect NYLL § 195 claims through a "recordkeeping/'accounting' injury" theory that is both legally and factually unsupported, and (iv) a sweeping "operational control" narrative that contradicts Defendants' evidence and does not satisfy the governing individual-liability standards.

Plaintiffs argue that summary judgment should be denied on their claim that Julio Perez ("Perez"), the Captain at Bulldozer, was a manager such that he was ineligible to receive tips in order to deprive Bulldozer of the use of a tip credit. However, Plaintiffs rely on inadmissible hearsay and self-serving statements which should be disregarded under the sham affidavit doctrine. Notably, Plaintiffs did not bother to depose Perez, and his declaration unequivocally demonstrates that he does not meet the manager test under the Code of Federal Regulations.

Specifically: (i) Perez's primary duty was to serve customers, not manage the enterprise; (ii) Perez did not customarily and regularly direct the work of two or more employees; and (iii)

Perez did not have the authority to hire or fire other employees, nor were his suggestions and recommendations as to hiring, firing, advancement, promotion, etc. taken into account.

Plaintiffs devote substantial briefing to arguing that NYLL requires written notice and that Defendants' reliance on an Opinion Letter should be rejected. That discussion is largely a diversion, because Defendants' motion is supported by record evidence that Plaintiffs did receive verbal and written notice, including wage documentation and records reflecting the tip credit and how it worked. Critically, each Plaintiff testified that they understood that their tips make up the difference in the minimum wage obligation, which the evidence adduced in discovery reflects *never* occurred, i.e., the tips were *always* sufficient to make up the difference between the tipped wage and minimum wage.

Plaintiffs attempt to avoid summary judgment by recasting § 195 into a broad "accounting-like" duty and arguing that a purported informational/recordkeeping defect itself establishes injury. That theory is inconsistent with the record and does not supply the missing proof of a compensable injury. This is because Plaintiffs received notice of their pay rate and payday as conceded by Teran, and were never paid below the minimum wage when accounting for the tips they received. Defendants' failure to produce wage notices is not dispositive. Moreover, given Plaintiffs' repeated position that all employees are similarly situated, everyone else received notice. Otherwise, this argument effectively concedes that Teran is not similarly situated to employees.

Plaintiffs argue the Individual Defendants are "employers" because they "oversee everything," "discuss staffing," and have general authority. But the legal standard is operational control *related to* Plaintiffs' employment, not titles or generalized involvement. Plaintiffs' argument relies on conclusory characterizations and disputed assertions that Defendants have directly controverted with record evidence.

For the sake of brevity, Defendants respectfully incorporate by reference the arguments made in their moving papers and in opposition to Plaintiffs' motion for partial summary judgment. ECF 71 and 87.

## ARGUMENT

### I. Defendants are Entitled to Summary Judgment on Plaintiffs' FLSA Tip Claim

Plaintiffs' lead argument is that Defendants are not entitled to summary judgment on the FLSA tip-misappropriation claim because Perez was allegedly a "manager/supervisor." Plaintiffs organize this claim into three subparts: (i) primary duty; (ii) direction of two or more employees; and (iii) authority to hire and fire. But Plaintiffs' showing rests on selective snippets and characterizations that do not satisfy the governing standard or overcome Defendants' evidence.

As to primary duty, Plaintiffs attempt to relabel routine senior-employee tasks (e.g., coordinating service, communicating with staff, being present at pre-shift meetings) as "management" to fit their theory. But summary judgment turns on what the record shows Perez primarily did, not on Plaintiffs' litigation gloss. Plaintiffs cite activities that are consistent with a lead server/captain function and do not establish that Perez's "primary duty" was management within the applicable framework. Perez has zero decision-making authority over front-of-house staff, which authority is vested with Janos Paliko ("Paliko"), the General Manager. See Defendants' Response to Plaintiffs' Statement of Additional Material Facts ("RSAMF") ¶¶ 153-203. Crucially, Plaintiffs' opposition does not negate Defendants' evidentiary record that Perez did not exercise the kind of managerial authority that would convert him into a statutory "manager/supervisor" for purposes of Plaintiffs' tip theory.

Plaintiffs' disagreement over how to describe the same facts is not enough; they must point to admissible proof of management as the primary duty.

3

The evidence they cite to is inconclusive to rebut the fact Perez has no managerial authority over employees to render him tip-ineligible. For example, Plaintiffs assert that Perez interviews employees, but ignore the fact Paliko handles the interview and their testimony that Paliko was the one who hired them. RSAMF ¶¶ 156-159, 161. Plaintiffs also rely on inadmissible hearsay for this contention. RSAMF ¶ 160. As another example, Plaintiffs claim Perez terminated individuals but Fernandez could not name a single person that was fired, and Plaintiffs otherwise rely on inadmissible hearsay to support this argument. RSAMF ¶¶ 162-164. At the end of the day, Perez's primary duty is serving customers. RSAMF ¶¶ 175-176. All of these facts and circumstances demonstrate Perez is not a manager.

As to directing two or more employees, Plaintiffs emphasize that Perez "directed the work" of multiple employees. Even accepting that Perez sometimes gave direction in the moment (as a senior service employee would), Plaintiffs still must establish the broader manager/supervisor criteria they invoke. Plaintiffs' opposition reads the standard as though any day-to-day direction equals management; that is incorrect and would collapse the distinction between a senior service employee and actual management. The record reflects that Perez gave some direction as to service, but also that he was busy with his own tables. RSAMF ¶¶ 187-188, 200, 202.

As to hiring and firing authority, Plaintiffs concede this question is "disputed," but they do not present evidence that Perez had actual authority or that his recommendations carried particular weight in hiring or firing decisions such that he should be treated as management for tip purposes. Plaintiffs' "dispute" is largely rhetorical. On summary judgment, Plaintiffs must show record evidence from which a reasonable factfinder could conclude Perez possessed and exercised the relevant authority—not merely that Perez was experienced, respected, or involved in service operations. RSAMF ¶¶ 153-154, 156-165, 167, 173-176, 183-184.

4

Courts in this District has previously granted defendants' motion for summary judgment where "captains" demonstrated no real control over employees, and where plaintiffs' impressions were speculative. See Garcia v. La Revise Assocs. LLC, No. 08 CIV 9356 LTS THK, 2011 WL 135009, at *5-8 (S.D.N.Y. Jan. 13, 2011) ("In determining whether a participating employee is one who 'customarily and regularly receives tips,' courts in this Circuit and others focus on whether the employee in question is 'part of an occupation that customarily and regularly receives tips,' or whether they have more than 'de minimis' interaction with customers as a part of their employment" (internal citations omitted)) (holding that captains' inclusion in tip pool was proper where they did not act as employers and had more than de minimis interaction with customers) (cited in De La Cruz Moreno v. Happy Angel Nail Spa Inc., No. 15-CIV.-10078 (LGS) (GWG), 2019 WL 2438966, at *3 n. 6 (S.D.N.Y. June 12, 2019), report and recommendation adopted, No. 15CIV10078LGSGWG, 2019 WL 2717153 (S.D.N.Y. June 28, 2019); Mendez v. Int'l Food House Inc., No. 13-CV-2651 JPO, 2014 WL 4276418, at *5 n. 3, *10 (S.D.N.Y. Aug. 28, 2014) (granting judgment in favor of Defendants, in part, because sharing tips "would not violate the tip credit rule [if] those individuals regularly interacted with customers. [internal citations omitted])."

Accordingly, Plaintiffs have not carried their burden to show a genuine dispute of material fact, and Defendants are entitled to summary judgment on the FLSA tip claim.

Moreover, Plaintiffs did not address Defendants' motions for summary judgment concerning the FLSA tip misappropriation claim as it relates to service charges and concerning notice of the tip credit. Plaintiffs thus concede these claims. See Dunkin' Donuts Franchised Restaurants LLC v. Tim & Tab Donuts, Inc., No. 07-CV-3662, (KAM) (MDG), 2009 WL 2997382, at *9 (E.D.N.Y. Sept. 15, 2009) ("Federal courts may deem a claim abandoned when

5

a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way").

## II. Supplemental Jurisdiction

Upon reflection and review of authority, Defendants respectfully concede this point.

## III. Defendants are Entitled to Summary Judgment on Plaintiffs' NYLL Tip Claim

Plaintiffs' opposition repeatedly frames the record as though Defendants provided—at most—oral notice. That is not the record Defendants presented. Defendants' filings are explicit that Plaintiffs received written wage documentation consistent with the NYLL requirements for tip credit notice. See RSAMF ¶¶ 257-259, 267-269, 272; see also ECF 76-9 at 47:22-49:20; ECF 76-7 at 32:21-34:2. Plaintiffs' refusal to credit that evidence does not create a genuine dispute of these material facts. Moreover, Plaintiffs' reliance on the statutory text of 12 NYCRR § 146-2.2 is unavailing. The statute provides that "[t]he employer has the burden of proving compliance with the notification provisions of this section," and provides *an example* as to how the notice requirement be met. It does not provide that notice of the tip credit must be on a prescribed wage notice form, and the statutory text permits any written notice. See Sai Qin Chen v. E. Mkt. Rest., Inc., No. 13-CIV.-3902 (HBP), 2018 WL 340016, at *7 (S.D.N.Y. Jan. 9, 2018) ("The New York Department of Labor's website states: 'The employer may provide its own notice, as long as it includes all of the required information, or [the employer may] use the Department's sample notices. …'"). Between the paystubs, wage notice they received when being onboarded, and the labor law posters, Plaintiffs received the required written notice.

Indeed, reading the statute as a whole, and giving effect to every word therein as required by statutory interpretation construction rules, this Court cannot find on this record that Defendants failed to provide Plaintiffs with written notice of the tip credit. See Reyes v. Sofia Fabulous Pizza

Corp., No. 13-CIV.-7549 (LAK) (JCF), 2014 WL 12768922, at *9 (S.D.N.Y. Apr. 7, 2014), report and recommendation adopted, 2014 WL 1744254 (S.D.N.Y. Apr. 24, 2014) (violations of wage statement notice provision no longer invalidate the tip credit).

Plaintiffs also attack the New York State Department of Labor ("NYSDOL") Opinion Letter. However, their argument is misplaced, because Defendants provided written notice of the tip credit in each and every single pay stub presented to the Plaintiffs, and each Plaintiff conceded that they were aware that their tips make up the difference between the tipped wage and the minimum wage. See RSAMF ¶¶ 257-259, 267-269, 272; see also ECF 76-9 at 47:22-49:20; ECF 76-7 at 32:21-34:2. The Opinion Letter's reasoning that the statute should not be permitted to provide an unjustified windfall is directly on point here, where the Plaintiffs cannot claim that their tips did not make up the difference between the tipped wage and minimum wage.

Accordingly, summary judgment on Plaintiffs' NYLL tip credit claim should be granted.

**IV.    Defendants are Entitled to Summary Judgment on Plaintiffs' Recordkeeping Claims**

Plaintiffs fail to address Teran's testimony acknowledging receipt of a written wage notice, and rely instead on the argument that because Defendants failed to produce any written wage notices, they must never have been provided.

This is contradicted by the record, where Teran admittedly received a wage notice, as did all other employees. See RSAMF ¶¶ 259, 267-269, 272.

Plaintiffs' argument that they were hindered in their ability to assess their wages is belied by the fact that they each concede (except Teran, who demonstrably perjured himself) they received pay stubs which provided them the wage information they sought.

For the same reason, because Plaintiffs received both oral and written notice concerning their compensation, they cannot claim any downstream harm. Their entire argument is circular in

7

that the record evidence demonstrates Plaintiffs were never paid below the minimum wage because their tips more than made up for the difference between the tipped wage and minimum wage.

V.       **Summary Judgment Should be Granted on Claims against Individual Defendants**

Defendants' record evidence reflects that day-to-day employment control—hiring/firing, scheduling authority, and supervision—was not exercised by the Individual Defendants in the manner Plaintiffs claim. Plaintiffs' opposition does not squarely confront these evidentiary points; it instead strings together high-level business involvement as a substitute for the required operational control analysis.

Plaintiffs recite the Carter factors and then assume the conclusion. But Carter and its progeny require a fact-specific showing that the individual *possessed and exercised* operational control over employees in a way tied to Plaintiffs' employment.

Plaintiffs' opposition does not provide admissible evidence sufficient to meet that standard, and Defendants' evidence demonstrates the opposite. See RSAMF ¶¶ 204-256.  Moreover, in similar circumstances, courts have found that individuals such as Shahmuradyan and Petrosyants were not employers under the law.  Salinas v. Starjem Rest. Corp., 123 F. Supp. 3d 442, 464 (S.D.N.Y. 2015) ("First, an individual does not become an employer merely by directing employees to carry out tasks related to customer service. Second, Marion Scotto's daily presence at the Restaurant reveals nothing about her level of authority. Third, it is well-settled that "[o]wnership, or a stake in a company, is insufficient to establish that an individual is an 'employer' without some involvement in the company's employment of the employees") (citing Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2d Cir. 2013)).

Accordingly, Defendants are entitled to summary judgment on Plaintiffs' individual liability theories.

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court grant their motion for summary judgment pursuant to Rule 56, dismiss the Complaint with prejudice, and grant Defendants such other and further relief as this Court deems just and proper.

Dated: Jamaica, New York
February 11, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

  /s/ Emanuel Kataev, Esq.
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*
*Katherine Fernandez,*
*Javier Molina, and*
*Adrian Montor-Peran*

## WORD COUNT CERTIFICATION

  I, Emanuel Kataev, Esq., hereby certify – under penalty of perjury – that the foregoing reply memorandum of law in further support of Defendants' motion for summary judgment, which was prepared using the Times New Roman 12-point typeface, complies with Local Civil Rule 7.1(c) and ¶ 8(C) of this Court's Individual Practices in Civil Cases in that it contains 2,401 words, excluding the parts of the document that are exempted by such rules. In preparing this certification, I have relied on the word count of the word processing system (i.e., Microsoft Word) used to prepare this certification.

Dated: Jamaica, New York
   February 11, 2026        Respectfully submitted,

                       **SAGE LEGAL LLC**

                       _/s/ Emanuel Kataev, Esq._
                       Emanuel Kataev, Esq.
                       18211 Jamaica Avenue
                       Jamaica, NY 11423-2327
                       (718) 412-2421 (office)
                       (917) 807-7819 (cellular)
                       (718) 489-4155 (facsimile)
                       emanuel@sagelegal.nyc

                       _Attorneys for Defendants_
                       _Bulldozer Hospitality Group, Inc.,_
                       _Robert Petrosyants, and_
                       _Marianna Shahmuradyan_

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

_Attorneys for Plaintiff_
_Katherine Fernandez_