UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATHERINE FERNANDEZ, on behalf of herself and
others similarly situated,                                        **Case No.: 1:25-cv-4490 (AS) (GS)**

                                     Plaintiff,

             -against-

BULLDOZER HOSPITALITY GROUP, INC., d/b/a
OSTERIA LA BAIA, ROBERT PETROSYANTS and
MARIANNA SHAHMURADYAN,

                                     Defendants.
------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO CERTIFY CLASS AND FLSA COLLECTIVE</u>**

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

STANDARD ............................................................................................................. 3

    i.    <u>Class</u> ............................................................................................................ 3

    ii.    <u>Collective</u> .................................................................................................... 4

ARGUMENT ........................................................................................................... 6

    I.    PLAINTIFFS' MOTION IS MOOT ................................................................. 6

    II.    PLAINTIFFS CANNOT ESTABLISH R23 ELEMENTS................................... 6

        A.  Plaintiffs failed to establish the R23(a) prerequisites .............................. 6

            1.  <u>Numerosity</u>............................................................................................ 6

            2.  <u>Commonality and Typicality</u> ............................................................... 7

                a.  Minimum Wage ............................................................................. 8

                b.  Retention of MSC ........................................................................ 10

                c.  Overtime ...................................................................................... 13

            3.  <u>Unascertainable</u> ................................................................................. 14

            4.  <u>Adequacy</u> .......................................................................................... 15

    III.    PLAINTIFFS CANNOT ESTABLISH THE R23(b) REQUIREMENTS.......... 18

    IV.    COLLECTIVE ACTION .............................................................................. 21

    V.    PROBLEMS PLAGUE PLAINTIFFS' PROPOSED NOTICE ......................... 23

CONCLUSION ...................................................................................................... 27

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Alix v. Wal-Mart Stores, Inc.</u>,
    57 A.D.3d 1044 (3d Dept. 2008) ........................................................................ 20, 20 n. 6

<u>Allen v. Trib. New York Newsp. Holdings, LLC</u>,
    246 F.R.D. 465 (S.D.N.Y. 2007) ...................................................................................... 16

<u>Amchem Prods., Inc. v. Windsor</u>,
    521 U.S. 591 (1997) ................................................................................................. 16, 18

<u>Amgen Inc. v. Conn. Ret. Plans & Trust Funds</u>,
    133 S. Ct. 1184 (Feb. 27, 2013) ........................................................................................ 3

<u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>,
    222 F.3d 52 (2d Cir. 2000) ............................................................................................... 17

<u>Bano v. Union Carbide Corp.</u>,
    2005 WL 6800401 (S.D.N.Y. 2005) ................................................................................ 14

<u>Basri v. Gordon</u>,
    2025 WL 949578 (S.D.N.Y. 2025) .................................................................................. 13

<u>Bogosian v. All Am. Concessions</u>,
    2008 WL 4534036 (E.D.N.Y. 2008) .................................................................................. 5

<u>Bondi v. New Rochelle Hotel Assocs.</u>,
    2018 WL 7246962 (S.D.N.Y. Dec. 7, 2018) ..................................................................... 8

<u>Brame v. Ray Bills Finance Corp.</u>,
    76 F.R.D. 25 (N.D.N.Y. 1977) ........................................................................................ 16

<u>Braunstein v. Eastern Photographic Labs., Inc.</u>,
    600 F.2d 335 (2d Cir. 1978) .............................................................................................. 4

<u>Califano v. Yamasaki</u>,
    442 U.S. 682 (1979) .......................................................................................................... 3

<u>Camper v. Home Quality Mvnt. Inc.</u>,
    200 F.R.D. 516 (D. Md. 2000) .......................................................................................... 5

<u>Carvente-Avila v. Chaya Mushkah Rest. Corp.</u>,
    2016 WL 3221141 (S.D.N.Y. 2016) ......................................................................... 9 n. 3, 10 n. 4

Catzin v. Thank You & Good Luck Corp.,
    15-cv-7109 (S.D.N.Y. Oct. 3, 2016) ................................................................ 6

Chang v. Loui Amsterdam, Inc.,
    2022 WL 4586100 (E.D.N.Y. 2022) .............................................................. 13

Charles v. Pinnacle Too, LLC,
    2024 WL 4491560 (S.D.N.Y. Oct. 15, 2024) .................................................. 13

Colozzi v. St. Joseph's Hosp. Health Ctr.,
    595 F.Supp.2d 200 (N.D.N.Y. 2009) .............................................................. 26

Comcast Corp. v. Behrend,
    133 S. Ct. 1426 (Mar. 27, 2013) ..................................................................... 19

Darvin v. Int'l Harvester Co.,
    610 F.Supp.255 (S.D.N.Y. 1985) ............................................................. 17, 18

Denney v. Deutsche Bank AG,
    443 F.3d 253 (2d Cir. 2006) ..................................................................... 15, 18

Eng-Hatcher v. Sprint Nextel Corp.,
    2009 WL 7311383 (S.D.N.Y. 2009) .............................................................. 22

Engel v. Scully & Scully, Inc.,
    279 F.R.D. 117 (S.D.N.Y. 2011) ................................................................... 12

Enriquez v. Cherry Hill Mkt. Corp.,
    993 F.Supp.2d 229 (E.D.N.Y. 2013) ...................................................... 7, 8, 25

Espinoza v. 953 Assocs. LLC,
    280 F.R.D. 113 (S.D.N.Y. 2011) ................................................................... 14

Flood v. Just Energy Mktg. Corp.,
    904 F.3d 219 (2d Cir. 2018) ............................................................................ 6

Gen. Tel. Co. of Sw. v. Falcon,
    457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982) ............................. 3, 7

Gregory v. Stewart's Shops Corp.,
    2016 WL 8290648 (N.D.N.Y. 2016) ............................................................. 12

Guan Ming Lin v. Benihana New York Corp.,
    2012 WL 7620734 (S.D.N.Y. 2012) .............................................................. 11

Guzman v. VLM, Inc.,
 2007 WL 2994278 (E.D.N.Y.,2007)...................................................... 25

Hall v. Burk,
 2002 WL 413901 (N.D. Tex. Mar. 11, 2002) ...................................... 5

Hallissey v. America Online, Inc.,
 2008 WL 465112 (S.D.N.Y. 2008)................................................. 24, 25

Haynes v. Singer Co.,
 696 F.2d 884 (11th Cir. 1983) ......................................................... 4

Hernandez v. Merrill Lynch & Co., Inc.,
 2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012)...................................... 23

Hinckley v. Seagate Hospitality Group, LLC,
 2016 WL 6524314 (W.D.N.Y. 2016) ............................................... 11

Hoffmann v. Sbarro,
 982 F.Supp. 249 (S.D.N.Y. 1997) ..................................................... 4

Hoffmann-La Roche, Inc. v. Sperling,
 493 U.S. 165 (1989)............................................................................ 4

In re Drexel Burnham Lambert Grp., Inc.,
 960 F.2d 285 (2d Cir. 1992)........................................................ 15, 17

In re: Petrobras Sec. Litig.,
 312 F.R.D. 354, (S.D.N.Y. 2016) ..................................................... 4

Johnson v. Nextel Commc'ns Inc.,
 780 F.3d 128 (2d Cir.2015)............................................................... 19

Kim Man Fan v. Ping's on Mott, Inc.,
 2014 WL 1512034 (S.D.N.Y. Apr. 14, 2014)................................... 23

Kiobel v. Royal Dutch Petroleum Co.,
 2004 WL 5719589 (S.D.N.Y. 2004) ................................................ 14

Kline v. Wolf,
 702 F.2d 400 (2d Cir. Mar. 11, 1983) .............................................. 18

Lapin v. Goldman Sachs & Co.,
 254 F.R.D. 168 (S.D.N.Y. 2008) ................................................. 17, 18

*Lianyuan Feng v. Hampshire Times,*
    2015 U.S. Dist. LEXIS 29899 (S.D.N.Y. Mar. 11, 2015) ................................................. 22

*Lozano v. Rugfrit 1350 LLC,*
    2015 WL 1938754 (N.Y. Sup. Ct. 2015) ........................................................ 9 n. 3, 11 n. 5

*Lujan v. Cabana Management, Inc.,*
    2011 WL 317984 (E.D.N.Y. 2011) ................................................................. 22, 24

*Maddison v. Comfort Systems USA (Syracuse), Inc.,*
    2018 WL 679477 (N.D.N.Y. 2018) ................................................................. 21

*Madrid v. Minolta Bus. Sols., Inc.,*
    2002 WL 31190172 (S.D.N.Y. 2002) ................................................................. 4

*Martinez v. Zero Otto Nove Inc.,*
    2016 WL 3554992 (S.D.N.Y. 2016) ................................................................. 21

*Mata v. Foodbridge LLC,*
    2015 WL 3457293 (S.D.N.Y. 2015) ................................................................. 21, 22

*Mendoza v. Casa de Cambio Delgado, Inc.,*
    2008 WL 938584 (S.D.N.Y. 2008) ................................................................. 22

*Mike v. Safeco Ins. Co.,*
    274 F.Supp.2d 216 (D. Conn. 2003) ................................................................. 5

*Miles v. Merrill Lynch & Co. ("IPO"),*
    471 F. 3d 24 (2d Cir. 2006) ................................................................. 4

*Mohamed v. Sophie's Cuban Cuisine Inc.,*
    2015 WL 5563206 (S.D.N.Y. 2015) ................................................................. 26

*Moore v. Eagle Sanitation, Inc.,*
    276 F.R.D. 54 (E.D.N.Y. 2011) ................................................................. 25

*Moore v. PaineWebber, Inc.,*
    306 F.3d 1247 (2d Cir. 2002) ................................................................. 19

*Murphy v. Lajaunie,*
    2016 WL 1192689 (S.D.N.Y. 2016) ................................................................. 8

*Myers v. Hertz Corp.,*
    624 F.3d 537 (2d Cir. 2009) ................................................................. 3

Noble v. 93 Univ. Place Corp.,
    224 F.R.D. 330 (S.D.N.Y. 2004) ................................................................... 14

PAL v. Sandal Wood Bar N Grill,
    2015 WL 237226 (S.D.N.Y. 2015)................................................................. 24

Pecere v. Empire Blue Cross & Blue Shield,
    194 F.R.D. 66 (E.D.N.Y. 2000) ..................................................................... 3

Prizmic v. Armour, Inc.,
    2006 WL 1662614 (E.D.N.Y. 2006)................................................................ 5

Qing Gu v. T.C. Chikurin, Inc.,
    2014 WL 1515877 (E.D.N.Y. 2014)............................................................... 22

Realite v. Ark Restaurants Corp.,
    7 F.Supp.2d 303 (S.D.N.Y. 1998) ............................................................. 4, 5

Reyes v. Nidaja, LLC,
    2015 WL 4622587 (S.D.N.Y. 2015)............................................................... 21

Rivas-Montano v. USA,
    2006 U.S. Dist. LEXIS 31893 (M.D.Fl. May 22, 2006)....................................... 23

Roach v. T.L. Cannon Corp.,
    2015 WL 10818750 (N.D.N.Y. 2015) ............................................................. 21

Robidoux v. Celani,
    987 F.2d 931, 936 (2d Cir. 1993)................................................................. 6

Rodolico v. Unisys Corp.,
    199 F.R.D. 468 (E.D.N.Y. 2001) ................................................................... 5

Salon Fad v. L'Oreal USA, Inc.,
    2011 WL 4089902 (S.D.N.Y. 2011)................................................................ 7

Sanchez v. JMP Ventures, L.L.C.,
    2014 WL 465542 (S.D.N.Y. 2014)................................................................. 21

Santiago v. Home Infusion Grp., Inc.,
    2022 WL 5175117 (E.D.N.Y. June 7, 2022) .................................................... 13

Savino v. Computer Credit,
    164 F.3d 81 (2d Cir. Dec. 21, 1998) ............................................................. 18

Schear v. Food Scope Am., Inc.,
297 F.R.D. 114 (S.D.N.Y. 2014) ............................................................. 8

Schlesinger v. Reservists Comm. to Stop the War,
418 U.S. 208 (1974) ............................................................................... 3

Severin v. Project Ohr, Inc.,
2012 WL 2357410 (S.D.N.Y. 2012) ....................................................... 20

Shajan v. Barolo, Ltd.,
2010 WL 2218095 (S.D.N.Y.,2010) ....................................................... 35

Sharma v. Burberry Ltd.,
52 F.Supp.3d 443 (E.D.N.Y. 2014) ....................................................... 38

Shayler v. Midtown Investigations, Ltd.,
2013 WL 772818 (S.D.N.Y. 2013) ......................................................... 9

Sheehan v. Purolator, Inc.,
103 F.R.D. 641, 649 (E.D.N.Y. 1984) .................................................... 9

Singh v. Cap. One Fin. Corp.,
2026 WL 92311, at *2 (S.D.N.Y. 2026) ................................................. 5

Tortorici v. Bus-Tev, LLC,
2021 WL 4177209 (S.D.N.Y. Sept. 14, 2021) ........................................ 18

Trapaga v. Central States Joint Board Local 10,
2007 U.S. Dist. LEXIS 23438 (N.D.Il. March 30, 2007) ........................ 33

United State of America v. Napoles,
2007 U.S. Dist. LEXIS 54159 (S.D.Tx. July 25, 2007) ........................... 33

Velasquez v. Digital Page, Inc.,
2014 WL 2048425 (E.D.N.Y. 2014) ....................................................... 11

Wal-Mart Stores, Inc. v. Dukes,
564 U.S. 338 (2011) ...................................................................... 3, 4, 7, 12

Wilson v. Toussie,
2008 WL 905903 (E.D.N.Y. 2008) ................................................... 14, 15

Yang v. Asia Mkt. Corp.,
2018 US Dist. LEXIS 56847 (S.D.N.Y. Apr. 3, 2018) ............................ 22

Ying Ying Dai v. ABNS NY Inc.,
    490 F.Supp.3d 645 (E.D.N.Y. 2020) ................................................................. 13

Zann Kwan v. Andalex Grp. LLC,
    737 F.3d 834 (2d Cir. 2013) ............................................................................. 14

Zemel Family Trust v. Philips Int'l Realty Corp.,
    205 F.R.D. 434 (S.D.N.Y. Feb. 5, 2002) ......................................................... 18

Zhirzhan v. AGL Industries, Inc.,
    14-7567 (E.D.N.Y Sept. 15, 2015, ECF49) ..................................................... 24

Zurita v. High Definition Fitness Center, Inc.,
    2016 WL 3619527 (E.D.N.Y. 2016) ................................................................. 11

**Statutes**

CPLR 901 ........................................................................................................................ 11

N.Y. Lab. Law §195 ......................................................... 8, 9 n. 3, 10 n. 4, 11, 11 n. 5, 23

N.Y. Lab. Law §198 ....................................................................... 10 n. 4, 11, 12, 23

N.Y. Lab. Law § 652 ........................................................................................... 9 n. 3

**Rules**

Fed. R. Civ. P. 23 ........................................... 1, 2, 3, 4, 6, 11, 14, 15, 18, 19, 20, 20 n. 6

**Other Authorities**

5 James Wm. Moore, et al., Moore's Federal Practice, § 23.21 [3][d] (3d ed. 2008) ................. 14

## PRELIMINARY STATEMENT

Plaintiffs' motion for certification under Rule 23 ("R23") should be denied. Preliminarily, the Court should grant Defendants' motion for summary judgment which would moot Plaintiffs' motion. Even assuming *arguendo* Defendants' motion is denied, Plaintiffs cannot establish the R23 elements.

Plaintiffs cannot establish numerosity because their counsel already solicited members and only two joined. This demonstrated lack of interest from members evinces that there aren't 40 or more individuals who've been aggrieved. Plaintiffs can't establish anyone has actually been aggrieved by Defendants' policies. As explained in Defendants' motion, Plaintiffs have not been aggrieved.

Plaintiffs cannot establish commonality and typicality. The only commonality in the answers to the questions regarding claims Plaintiffs seek to certify is that the answers to the questions will all be in the negative as to liability. Even assuming *arguendo* that the answer to the questions regarding the claims aren't all in the negative, an individualized assessment of each member must be undertaken which would uncover different answers for each member.

Plaintiffs cannot establish that the class is ascertainable because, to do so, a mini-trial with respect to each member would be required to determine (1) if that employee worked a special event at which the customer was not notified about a portion of the mandatory service charge ("MSC") that was retained by the restaurant; (2) if that employee worked as a busser or runner; (3) the amount that employee received in MSC distributions and tips; (4) if that employee received notification of the tip credit; and (5) if that employee received a wage notice containing all of the required information.

The proposed representatives and their counsel are inadequate. An inference can be made that Plaintiffs' counsel ("Counsel") improperly solicited Fernandez. She is not an adequate representative because she is unaware of what is going on in this case, took no effort to learn about same, didn't contact or organize members, and has demonstrated bias towards male members. Further, she is not similarly situated to the members because she was one of only 2 who was paid a higher tipped wage than all other tipped employees and also has a separate harassment claim. Her deposition establishes that she does not understand the legal basis for her claims. The other proposed representative – Teran[1] – is inadequate because he is dishonest. Teran lied that he never received paystubs when electronic evidence clearly establishes he did.

Plaintiffs cannot establish R23(b) predominance and superiority because if they were not paid lawfully, this has no bearing on a hypothetical claim for unpaid wages by other employees and there is a need for numerous individualized determinations with respect to every member to determine liability, if any, making Plaintiffs' proposed class unmanageable.

Plaintiffs' motion must be denied. They offer no competent proof of an FLSA-violating policy, cannot rely on NYLL claims, and individualized employment differences defeat certification.

Fernandez had varying tipped wage rates, a separate harassment claim, and has conflicts with male members. Further, Teran admitted receiving a wage notice, and not all staff worked special events, so they are not similarly situated. Even if Plaintiffs' motions are granted (they should not), their notice has several significant deficiencies.

---

[1] Plaintiffs' motion seeks to appoint only Fernandez and Teran as representatives, not Molina. ECF61 at 10, 63, 64.

## STANDARD

i.    <u>Class</u>

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." <u>Califano v. Yamasaki</u>, 442 U.S. 682, 700-01 (1979).  "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of [R23's] requirements has been met." <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 547 (2d Cir. 2009).  A class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of [R23(a)] have been satisfied." <u>Gen. Tel. Co. of Sw. v. Falcon</u>, 457 U.S. 147, 161 (1982).

The R23 inquiry may overlap with the merits of the underlying claims. <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338 (2011). When this occurs, courts are to consider the merits questions only to the extent "they are relevant to determining whether the [R23] prerequisites for class certification are satisfied." <u>Amgen Inc. v. Conn. Ret. Plans & Trust Funds</u>, 133 S. Ct. 1184 (Feb. 27, 2013).  R23(a) sets out four threshold requirements for certification, and to maintain a class action, and all four must be met: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Critically, the representative must "possess the same interest and suffer the same injury shared by all members of the class he represents." <u>Schlesinger v. Reservists Comm. to Stop the War</u>, 418 U.S. 208, 216 (1974); <u>Dukes</u>, 564 U.S. at 348-349.

The "failure to meet any one of [R23's] requirements destroys the alleged class action." <u>Pecere v. Empire Blue Cross & Blue Shield</u>, 194 F.R.D. 66, 69-70 (E.D.N.Y. 2000).

R23 does not set forth a mere pleading standard. "A party seeking class certification must affirmatively demonstrate his compliance with [R23]." Dukes, 564 U.S. at 350; Miles v. Merrill Lynch & Co. ("IPO"), 471 F. 3d 24, 41 (2d Cir. 2006) (requiring each R23 element met).

If Plaintiffs demonstrate by a preponderance of the evidence that the proposed class meets these standards, the Court then must determine whether the action satisfies one of the criteria of R23(b). "Under R23(b), a party may only maintain a class action by demonstrating that: (1) bringing the claims as separate actions would create a risk of inconsistent or adverse adjudications; (2) the party opposing the class has acted or refused to act on grounds that apply to the class in general, making injunctive or declaratory relief appropriate for the class as a whole, or (3) that common questions of fact or law predominate over any individual questions and that a class action is a superior method of efficiently and fairly adjudicating the matter." In re: Petrobras Sec. Litig., 312 F.R.D. 354, 363 (S.D.N.Y. 2016), aff'd in part, vacated in part, 862 F.3d 250 (2d Cir. 2017)

ii.    Collective

In a collective action, district courts have discretion on whether to allow a collective action and direct that notice be given to potential members. Madrid v. Minolta Bus. Sols., Inc., 2002 WL 31190172, at *1 (S.D.N.Y. 2002); Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170 (1989); Braunstein v. Eastern Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978)). This discretionary power, however, must only be exercised in appropriate cases. Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983).

"The question, therefore, is ... whether the 'appropriate' circumstances exist for the Court to exercise its discretion in this matter." Hoffmann v. Sbarro, 982 F.Supp. 249, 261 (S.D.N.Y. 1997); Realite v. Ark Restaurants Corp., 7 F.Supp.2d 303, 306 (S.D.N.Y. 1998).

To warrant the exercise of the court's discretion, a plaintiff must demonstrate that the potential members are similarly situated.  Realite, 7 F.Supp.2d at 306; Mike v. Safeco Ins. Co., 274 F.Supp.2d 216, 220 (D.Conn. 2003).  Neither the FLSA nor its implementing regulations define the term "similarly situated."  Hoffman, 982 F.Supp. at 261.  However, courts have held that to meet this burden, plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiff are *victims of a common policy or plan that violated the law.*" Mike v.  Safeco Ins. Co. of Am., 274 F.Supp.2d 216, 220 (D.Conn. 2003); Hoffman, 982 F.Supp. at 261.  "Courts … look to several factors to determine whether members of a putative class are similarly situated, including (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification of the class." Bogosian v. All Am. Concessions, 2008 WL 4534036, at *5 (E.D.N.Y. 2008).

"A plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations."  Prizmic v. Armour, Inc., 2006 WL 1662614, at *2 (E.D.N.Y. 2006).  "Absent such a factual showing, an employer may be 'unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense.'"  Id.  Thus, "[m]ere allegations in the complaint aren't sufficient; some factual showing … must be made." Camper v. Home Quality Mvnt. Inc., 200 F.R.D. 516, 519 (D.Md. 2000); Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("at the notice stage, courts 'require …substantial allegations that the putative class members were together the victims of a single decision, policy or plan'"); Hall v. Burk, 2002 WL 413901, at *3 (N.D.Tex. Mar. 11, 2002) (denying motion for notice because "[u]nsupported assertions of widespread violations aren't sufficient to meet Plaintiffs' burden").

## ARGUMENT

### I.    PLAINTIFFS' MOTION IS MOOT

On the same day Plaintiffs made this motion, Defendants sought summary judgment on all claims Plaintiffs seek to certify.  ECF70-76.  Because Defendants' motion should be granted, Plaintiffs' motion should be denied as moot.  Flood v. Just Energy Mktg. Corp., 904 F.3d 219, 226 (2d Cir. 2018).

### II.    PLAINTIFFS CANNOT ESTABLISH R23 ELEMENTS

Assuming Defendants' motion is not granted making this motion moot, Plaintiffs are unable to demonstrate the R23 requisite elements.

#### A.  Plaintiffs failed to establish the R23(a) prerequisites

##### 1.  Numerosity

Plaintiffs argue numerosity is met because there were at least 40 front-of-house staff during the relevant period.  But this is not the standard.  R23(a)(1) requires a showing that the class is "so numerous that joinder of all members is impracticable."  The Court's "[d]etermination of practicability depends on all the circumstances surrounding the case, not on mere numbers." Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993).  Numerosity can only be met by a proposed class who have actually been *aggrieved* by the conduct alleged in the complaint.  Sheehan v. Purolator, Inc., 103 F.R.D. 641, 649 (E.D.N.Y. 1984).  Here, of approximately 50 potential members, only 2 opted in.  "This severely undermines the notion that joinder is an impracticable alternative to [R23] class certification." Catzin v. Thank You & Good Luck Corp., 15-cv-7109 (S.D.N.Y. 2016) (ECF182) (numerosity not met where only 3 of 65 members opted in); Shayler v. Midtown Investigations, Ltd., 2013 WL 772818, at *7 (S.D.N.Y. 2013) (finding it is unclear any judicial economy is to be gained from litigating this matter as a class since all but a few joined).

The lack of more opt-ins in light of the 2 that joined is the strongest evidence that there aren't 40+ aggrieved individuals. If the number of aggrieved individuals were sufficiently numerous, then others would have opted in like Molina and Teran; but they didn't. Defendants' pending motion is further evidence that potential members have not been aggrieved.

Plaintiffs argue that there are at least 200 members. However, they do not argue or provide any evidence that Plaintiffs and these members were aggrieved by Defendants' policies. Accordingly, Plaintiffs' motion should be denied.

2. Commonality & Typicality

The commonality and typicality requirements "tend to merge" into a single inquiry: "[W]hether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Dukes, 131 S. Ct. at 2551 n.5. To obtain certification, the plaintiff must demonstrate that "the class members 'have suffered the same injury.'" Enriquez v. Cherry Hill Mkt. Corp., 993 F.Supp.2d 229 (E.D.N.Y. 2013) (quoting Falcon, 457 U.S. at 157). "This does not mean merely that they have all suffered a violation of the same provision of law." Dukes at 2551.

Rather, the class claims "must depend upon a common contention … of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id.

"What matters to class certification ... is not the raising of common "questions"—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." Id.; Salon Fad v. L'Oreal USA, Inc., 2011 WL 4089902 (S.D.N.Y. 2011) (following Duke's analysis in denying certification).

In <u>Enriquez</u>, the Court denied certification because the answers to the questions concerning whether the class was paid in accordance with NYLL were individualized depending entirely on each employee's total pay and total hours worked for a given week and adjudication of the claims would not answer those questions for any other employee.  993 F.Supp.2d at 235.

Here, there is no evidence that Defendants had common policies that violated the NYLL. The Fernandez & Teran declarations provide no details about how their claims are common to all other tipped employees.  <u>Bondi v. New Rochelle Hotel Assocs.</u>, 2018 WL 7246962, at *17 (S.D.N.Y. Dec. 7, 2018) (holding plaintiffs' anecdotal evidence failed to show common policy and finding plaintiffs' declarations were conclusory).

Moreover, individualized analyses of each member of the class must be done to answer each issue Plaintiffs seek certified.  Plaintiffs therefore fail to establish commonality and typicality.

### a.  Minimum Wage

Plaintiffs' claim – that Defendants were not permitted to take a tip credit because they violated NYLL §196-d and didn't provide each employee a written notice in accordance with NYLL §195(3) containing the tip credit amount – fails to take into account both that Teran conceded completing a wage notice and that, so long as employees receive at least the minimum wage after combining all of their wages earned for the week, including tips, the employer does not lose the ability to take the tip credit.  <u>Murphy v. Lajaunie</u>, 2016 WL 1192689, at *6 (S.D.N.Y., 2016) ("an employer's violation of [NYLL] 196-d does not entitle employees to recover tip credits as damages, unless the unlawful misappropriation of gratuities resulted in the employees receiving less than the … minimum … wage"); <u>Schear v. Food Scope Am., Inc.</u>, 297 F.R.D. 114, 133 (S.D.N.Y. 2014).

Here, Plaintiffs' wages combined with tips at all times exceeded the minimum wage rate.[2] ECF 50-2, 62-17, 76-1, 76-3, and 83-1. Each paystub establishes that the "tip makeup" is $0.00, indicating no Plaintiff ever earned below minimum wage when combining their wages and tips, and no wage statement shows the "tip credit allowed" is *less* than the total tips earned.

Plaintiffs do not argue they received less than the minimum wage in any week they worked. They cannot do so, as the tips they earned always exceeded the amount taken as a tip credit. Assuming Defendants violated NYLL §196-d and/or failed to provide notice[3], there's no instance where wages with tips didn't bring plaintiffs above minimum wage.

Therefore, even assuming Defendants violated NYLL §196-d or failed to provide notice, the answer to the question concerning whether Plaintiffs were paid the minimum wage does not yield common answers.

---

[2] Plaintiffs argue that Julio Perez, a captain who serves customers, was a "manager" such that Defendants should not be permitted to take a tip credit.  Defendants incorporate by reference the arguments made in their motion, and in opposition to Plaintiffs' motion for partial summary judgment, concerning this and all other arguments therein.  ECF 71 and 87.

[3] As discussed in Defendants' motion, strict compliance with 12 NYCRR § 146-2.2 is not required, and an employer is eligible to claim the tip credit even when it fails to provide written notice of the tip credit where its employees understand the manner in which the employer took the tip credit.  ECF 76-4 (March 4, 2015 opinion letter; Carvente-Avila v. Chaya Mushkah Restaurant Corp., 2016 WL 3221141 (S.D.N.Y. 2016); Lozano v. Rugfrit 1350 LLC, 2015 WL 1938754 (N.Y.Sup.Ct. 2015).  Moreover, NYLL § 652(4), which addresses minimum wage requirements under NYLL, does not provide for a notice requirement in order to pay an employee a wage less than the minimum wage. The Legislature enacted separate legislation that governs the notice that employers must provide employees regarding wages.  NYLL § 195. Plaintiffs, who argue that there is an automatic loss of the tip credit if the statement fails to include the per-hour amount of the tip credit and the total amount of the tip credit, apparently overlooked the opinion letter and Carvente-Avila. The DOL and the Court in Carvente-Avila concluded that an employer does not lose the tip credit where employees have actual notice of their employer's practices. As addressed in Defendants' motion, Plaintiffs had actual notice of the tip credit as they were given verbal and written notice by the restaurant about the tip credit in their pay stubs, on the wage notice, and on labor law posters. ECF 76-9 43:14-44:23; 48:22-49:14; 72:20-73:3; 73:10-21; 57:16-58:13; 91:13-15; 92:7-10; 76-7 27:6-33:20; 35:20-23; 74:24-75:7; 90-6 34:17-35:5; 37:10-19; 43:25-44:22; 58:17-18; 59:4-7; 60:6-25; 63:18-22; 64:23-66:2; 69:5-9; 87:6-20; 102:4-103:6; 107:10-20; 110:13-130:3; 132:7-133:8, SMF ¶¶ 35-37; 42-44; SSMF ¶¶ 8-9.

Additionally, each Plaintiff conceded during depositions they received notice of the tip credit.[4] ECF 76-9 43:14-44:23; 48:22-49:14; 72:20-73:3; 73:10-21; 57:16-58:13; 91:13-15; 92:7-10; 76-7 27:6-33:20; 35:20-23; 74:24-75:7; 90-6 34:17-35:5; 37:10-19; 43:25-44:22; 58:17-18; 59:4-7; 60:6-25; 63:18-22; 64:23-66:2; 69:5-9; 87:6-20; 102:4-103:6; 107:10-20; 110:13-130:3; 132:7-133:8, SMF ¶¶ 35-37; 42-44; SSMF ¶¶ 8-9. Moreover, despite arguing Defendants failed to notify Plaintiffs about their tip credit in writing, Teran conceded he received a notice containing information regarding the tip credit.  ECF 76-7 at 95:2-12.

Because some Plaintiffs admit receiving written tip-credit notice, there is no commonality, typicality, or common unlawful policy, and the notice issue does not yield common answers.

### b. Retention of MSC

Plaintiffs argue Defendants had a policy to retain a portion of the MSC but failed to notify customers about it.  However, all customers were notified in writing about the 3% MSC together with an 18% mandatory gratuity.

Defendants produced dozens of documents signed by customers with the two items listed together, making it evident that the 18% gratuity goes to the employees as tips and the 3% MSC is not a gratuity.  ECF 50-1, SMF ¶ 31-34.  It is common sense that the service charge is not a gratuity because that would render the 18% gratuity meaningless.  ECF 76-9 at 107:2-108:14.

Moreover, Plaintiffs didn't speak to patrons and were unfamiliar with event contracts.  ECF 90-4 at 64:3-8, 67:6-11, 109:16-25.   Fernandez also claimed she always thought the gratuity was 20% rather than 18%, without regard to the 3% MSC.  ECF 90-4 at 109:16-25.

---

[4] Even assuming *arguendo* Defendants failed to provide wage statements, violations of NYLL § 195 have their own statutory damages explicitly detailed in NYLL § 198, which currently caps damages for each violation at $5,000.00 with no mention of tip credit loss.  Under the textual canon, *expression unius est exclusion alterios*, since NYLL § 198 only expresses monetary fines of up to $5,000.00 as damages for NYLL § 195 violations, the loss of the tip credit is not available as a penalty for such violations.  Indeed, in Carvente-Avila, the court distinguished between a violation of NYLL § 195 and 12 NYCRR 142-2.2, holding that only a violation of the latter's actual notice requirement would result in a forfeiture of the tip credit.  2016 U.S. Dist. LEXIS 75396, *3-4.

Plaintiffs offer no evidence customers believed the MSC went entirely to employees; the record shows customers understood it was for the restaurant, with gratuity for staff.

Finally, even assuming summary judgment is not granted, Plaintiffs have not submitted any evidence that the entire class worked at special events. Even if customers were not informed about the breakdown (they were), there's no evidence that all members worked special events. Instead, the record demonstrates that certain employees were chosen to work special events. ECF76-7 98:23-99:23 (some bussers with less experience *never* selected for special events); Id. 99:24-100:2 (only some worked special events); ECF76-9 93:9-13 (some chosen for special events more than others). Molina, for example, was not assigned to work special events. ECF90-6 141:6-11; ECF76-9 45:14-16; ECF76-7 99:6-7.

Accordingly, whether Defendants issued the MSC does not yield common answers.

### c. Recordkeeping

Plaintiffs seek to certify a class under R23 with for NYLL §195(1) claims for failure to provide wage notices.[5] However, penalties for violations of NYLL §195 (contained in NYLL §198) – which are the only monetary damages for a NYLL §195 violations – may not be pursued in a class. CPLR 901(b). Moreover, there is no private cause of action for failure to provide employees with an annual wage notice. Guan Ming Lin v. Benihana New York Corp., 2012 WL 7620734, at *8 (S.D.N.Y. 2012) ("[t]he proper interpretation of NYLL §198(1-b) is that only employees who [didn't] receive a proper wage and hour notice at the time of hiring can sue for a penalty …"); Hinckley v. Seagate Hospitality Group, LLC, 2016 WL 6524314 (W.D.N.Y., 2016); Zurita v. High Definition Fitness Center, Inc., 2016 WL 3619527 (E.D.N.Y. 2016).

---

[5] Defendants provided employees with wage notices. SMF ¶¶ 21-48. To the extent Plaintiffs argue that the wage notices contained minor errors, it does not result in a violation under NYLL §195. Lozano v. Rugfrit 1350 LLC, 2015 WL 1938754 (N.Y.Sup.Ct. 2015).

Additionally, an individualized assessment is necessary with regard to whether there is liability for each class member regarding this claim for several reasons.

First, Teran does not claim that he was not provided with an annual notice. ECF76-7 at 95:2-12. Because he was provided with notice, the answer to the question as to whether the entire class was provided with an annual notice does not yield common answers.

Second, under NYLL §198, there can be no liability imposed for NYLL violations if, *inter alia*, the employer made complete and timely payment of all wages due to Plaintiffs. As discussed, individualized proof is required to determine if any class member was not paid at least the minimum wage rate. Gregory v. Stewart's Shops Corp., 2016 WL 8290648 (N.D.N.Y. 2016). Therefore, individualized proof is necessary to determine if there is liability.

Many of the common questions Plaintiffs assert are just uncontroversial statements of federal and New York law in question form, and are really being offered to define a class essentially as those who may have valid wage and hour claims. This proposed definition is circular and does not demonstrate a common question of law. Engel v. Scully & Scully, Inc., 279 F.R.D. 117, 127 (S.D.N.Y. 2011) (defining class as essentially those customers who have valid claims is circular). Assuming the answers to the "questions" stating what the law requires is "yes," that does not resolve the relevant question of whether proposed class members "have suffered the same injury." Dukes, 131 S. Ct. at 2551. Whether each employee was in fact not provided with sufficient notice and wage statements, whether each employee was paid the minimum wage notwithstanding Defendants' ability to take a tip credit, and whether class members worked any special events in which customers were not informed that the MSC would be retained by the restaurant, require a highly individualized fact-specific analysis not subject to class-wide resolution.

12

Further, that Plaintiffs are all Spanish-speaking is another difference, as many employees speak English.

Additionally, there is a total lack of evidence of concrete injuries suffered by any member – only allegations. Thus, there are individualized inquiries necessary to ascertain whether there are affirmative defenses to this claim and whether any member even has a valid claim or concrete injuries from any deficiencies in wage notices or wage statements. Chang v. Loui Amsterdam, Inc., 2022 WL 4586100, at *12 (E.D.N.Y. 2022); Ying Ying Dai v. ABNS NY Inc., 490 F.Supp.3d 645, 661 (E.D.N.Y. 2020); Santiago v. Home Infusion Grp., Inc., No. 20-cv-5455 (ENV) (LB), 2022 WL 5175117, at *6 n.11 (E.D.N.Y. June 7, 2022), R&R adopted, 2022 WL 17798164 (E.D.N.Y. Dec. 19, 2022); Tortorici v. Bus-Tev, LLC, No. 17-cv-7507 (PAC) (KHP), 2021 WL 4177209, at *14-15 (S.D.N.Y. Sept. 14, 2021).

Plaintiffs have thus failed to show commonality with regard to the proposed recordkeeping claims of the proposed class by a preponderance of evidence. Charles v. Pinnacle Too, LLC, No. 22-cv-4232 (DEH) (JW), 2024 WL 4491560, *13 (S.D.N.Y. Oct. 15, 2024) ("no wage violations [means] no standing").

In sum, differences predominate, defeating commonality and requiring impracticable individualized damages determinations.

### d. Overtime

Plaintiffs argue that Defendants failed to pay them the correct overtime rate. This by-the-by argument must not be considered because their complaint does not plead any overtime claim. ECF15 ¶¶ 38-51.

The failure to plead this claim in their complaint deprives them of the ability to assert it now that discovery has closed. Basri v. Gordon, 2025 WL 949578 at 10, n.2 (S.D.N.Y. 2025)

("Plaintiff appears to raise a [new] claim … for the first time in his opposition. This is improper, as a party may not raise new claims not contained in a complaint through motion papers … The Court will thus not address this belated addition") (<u>citing</u>, <u>e.g.</u>, <u>Zann Kwan v. Andalex Grp. LLC</u>, 737 F.3d 834, 843 (2d Cir. 2013)).

3. <u>Unascertainable</u>

As explained in <u>Espinoza v. 953 Assocs. LLC</u>:

> To bridge the wide gap between an individual's claim and the existence of a class of persons who have suffered the same injury as the individual, plaintiff must demonstrate the existence of an aggrieved class. Plaintiff must also demonstrate that the aggrieved class can be readily identified. A class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially requires a mini-hearing on the merits of each plaintiff's case.

280 F.R.D. 113, 125 (S.D.N.Y. 2011). Thus, "courts commonly examine whether a class is adequately defined before turning to the other requirements for certification." 5 James Wm. Moore, et al., Moore's Federal Practice, § 23.21 [3][d] (3d ed. 2008); <u>Bano v. Union Carbide Corp.</u>, 2005 WL 6800401, at *4–5 (S.D.N.Y. 2005) (although not expressly required by R23, ascertainability is an element of class certification).

Where class membership cannot be ascertained until it is determined whether the individual at issue suffered an injury, the class is not sufficiently ascertainable. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 2004 WL 5719589 at *5-6 (S.D.N.Y. 2004); <u>Wilson v. Toussie</u>, 2008 WL 905903, at *4 (E.D.N.Y. 2008); <u>Noble v. 93 Univ. Place Corp.</u>, 224 F.R.D. 330, 341-42 (S.D.N.Y. 2004); <u>IPO</u>, 471 F. 3d 24, 44-45 (2d Cir. 2006).

14

Here, Plaintiffs define the proposed class in their motion as all tipped employees. Plaintiffs' definition is untenable because membership is not ascertainable and the definition is overly broad.

In order to ascertain who is a class member, the Court would be forced to conduct a mini-trial with respect to each purported class member to determine (1) if that employee worked a special event at which the customer was not notified about the MSC that was retained by the restaurant; (2) the amount that employee received in MSC distributions and tips and in hourly wages; (3) if that employee received notification of the tip credit; and (4) if that employee received a wage notice. Wilson, 2008 WL 905903, at *11.

Accordingly, the proposed class is unascertainable.

4. Adequacy

The Rules require that in a class action, "the interests of the class" must be "fairly and adequately protect[ed]." R23(a)(4). To ensure all members of the class are adequately represented, courts must make sure that the members are credible, possess the same interests, and that no fundamental conflicts exist among the members. Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006).

"Under [R23(a)(4)], adequacy of representation is measured by two standards. First, class counsel must be 'qualified, experienced and generally able' to conduct the litigation. Second, the class members must not have interests that are 'antagonistic' to one another." In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992). Further, R23(g) orders the district court to consider four (4) particular indicators of adequacy. It provides also that the district court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." R23(g)(1)(B).

15

Additionally, this inquiry considers the competency of class counsel and the existence of conflicts that might impair representation.  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997). Here, there are questions concerning the adequacy of representation of the proposed representatives and counsel. Counsel is not an adequate representative, as its principals have previously faced a motion for sanctions for improperly bringing suit.  Allen v. Trib. New York Newsp. Holdings, LLC, 246 F.R.D. 465, 466 (S.D.N.Y. 2007).  Although the Court in Allen declined to impose sanctions, it found itself "highly skeptical of [Counsel's] conduct," and agreed "that the actions of [Counsel] in voluntarily dismissing this complaint immediately following the initial conference were problematic" given that the explanation proffered by him "cannot bear scrutiny." Id.  This conduct warrants finding that Counsel is not adequate.  Further, each Plaintiff denied speaking to each other about this case, leaving the question of how they learned about this suit and opted-in unanswered, giving rise to an inference they were solicited by Counsel.  Notably, Molina was previously represented by Counsel against another restaurant. SMF ¶ 24. Meanwhile, Fernandez as named Plaintiff testified she found out about counsel through an internet search. ECF76-9 100:8-15. Then, somehow, without her speaking to him, Molina joined and brought Teran along. Id. 100:16-20; ECF90-6 136:3-17.

Because Plaintiffs deny communicating, there is a strong inference of improper solicitation, rendering them inadequate. Brame v. Ray Bills Finance Corp., 76 F.R.D. 25 (N.D.N.Y. 1977) ("an attorney who was guilty of … solicitation … should be disqualified from representing a class").

Fernandez has both total ignorance of and a fundamental misunderstanding of the legal and factual bases of her claims. ECF76-9 136:13-23. She's "presenting a demand for what happened to [her and doesn't] know about the rest." Id. 135:25-136:7.

Notably, she is suing because "they harassed me and they discriminate me," even though no such claims have been brought here. Id. 96:8-18. She wants, *inter alia*, "them to pay for the harassment, for the discrimination, […] for all of my suffering." Id. 97:15-98:20. The basis for her NYLL §196-d claim is that she feels she should receive a 20% gratuity rather than 18% because management told her so, despite the fact this has nothing to do with the 3% MSC. Id. 109:20-25; 149:13-152:13. Since she lacks adequate knowledge of the case, she is not an appropriate representative.

Indeed, "'the motivation behind requiring representative plaintiffs to demonstrate great familiarity with the case is a fear that the representatives, during pretrial discovery and at trial, will give misleading and contradictory testimony with regard to basic issues in the case that might make their claims subject to unique defenses.'" Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 61 (2d Cir. 2000); Darvin v. Int'l Harvester Co., 610 F.Supp. 255, 256 (S.D.N.Y. 1985) (plaintiff not suitable representative and would not adequately protect the interests of the class because plaintiff demonstrated serious lack of familiarity with suit); Lapin v. Goldman Sachs & Co., 254 F.R.D. 168, 176 (S.D.N.Y. 2008) ("[c]ourts also consider 'whether a putative representative is familiar with the action, whether he has abdicated control of the litigation to class counsel, and whether he is of sufficient moral character to represent a class'").

Moreover, Fernandez's separate claim against the restaurant for harassment and a demonstrated disdain towards all men at the restaurant, who she claims all harassed her, demonstrates a conflict of interest, precluding her adequacy. ECF76-9 138:10-19. Because Fernandez is a female with prejudice against men, and Teran and Molina are male, their interests are antagonistic. Drexel, 960 F.2d at 291.

"Adequacy is twofold: the proposed representative must have an interest in vigorously pursuing the claims of the class, and must have no interests antagonistic to the interests of other class members." Denney v. Deutsche Bank AG, 443 F.3d 253, 268 (2d Cir. 2006).

Likewise, Teran is not an adequate representative because he is dishonest. Savino v. Computer Credit, 164 F.3d 81 (2d Cir. Dec. 21, 1998); Zemel Family Trust v. Philips Int'l Realty Corp., 205 F.R.D. 434 (S.D.N.Y. Feb. 5, 2002) (plaintiff's lack of honesty made him inadequate). He disclaimed any knowledge of reviewing paystubs despite electronic evidence that he accessed them on the Toast application he conceded opening. ECF76-7 39:6-9; ECF73 ¶¶ 15-19, ECF73-1. Because Teran is not credible, he is not an appropriate representative. Kline v. Wolf, 702 F.2d 400 (2d Cir. 1983) (affirming certification denial because plaintiff lacks credibility).

Moreover, no Plaintiff had any knowledge about the developments in the case, nor did they take any steps to coordinate with other employees to discuss this case and see whether additional employees would opt in to a collective action or provide evidence supporting their claims. ECF76-9 10:21-13:15; ECF76-7 15:24-16:4; 57:7-10; ECF83-2 15:23-17:4. Courts have declined to find representatives adequate in precisely these circumstances. Darvin, 610 F.Supp. at 256; Lapin, 254 F.R.D. at 176.        Accordingly, the proposed representatives are inadequate.

## III.    .PLAINTIFFS CANNOT ESTABLISH THE R23(b) REQUIREMENTS

Plaintiffs are unable to establish the requirements under R23(b)(3) that: (1) the common questions of fact or law predominate over questions affecting individual class members; and (2) a class action is superior to other methods of adjudication. This requirement is "far more demanding" than the commonality and typicality requirements under R23(a). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623-624 (1997).

These requirements seek to identify cases "in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Id. at 615. Plaintiffs cannot demonstrate satisfaction of the more demanding elements of the R23(b)(3) standard, requiring denial of the motion. "Like the commonality inquiry, a court examining predominance must assess (1) the 'elements of the claims and defenses to be litigated;' and (2) 'whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief.'" Johnson v. Nextel Commc'ns Inc., 780 F.3d 128, 138 (2d Cir.2015). However, predominance requires a further inquiry "into whether the common issues can profitably be tried on a class-wide basis, or whether they will be overwhelmed by individual issues." Id. Accordingly, the predominance inquiry is "more demanding than R23(a)." Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013). Matters pertinent to superiority include the class members' interests in individually controlling the prosecution of separate actions and the likely difficulties in managing the class action. R23(b)(3)(A)&(D). Thus, class certification will be denied where the fact-finder would need to establish liability by reviewing "individualized proof" or engaging in "a series of mini-trials" for each class member's claim. Moore v. PaineWebber, Inc., 306 F.3d 1247, 1253 (2d Cir. 2002). Here, Plaintiffs contend that the central and predominant issues here are whether Defendants maintained a policy that uniformly failed to provide (i) employees wage notices; (ii) employees with proper wage notices which results in loss of the tip credit; (iii) notice to employees about the tip credit which results in loss of tip credit; as well as whether (iv) Defendants failed to notify customers that the restaurant was retaining the MSC which results in loss of tip credit; and (v) improperly included a manager in the tip pool.

In Alix v. Wal-Mart Stores, Inc., plaintiffs failed to meet the predominance requirement for certification. 57 A.D.3d 1044 (3d Dept. 2008).[6] In order to establish a *prima facie* NYLL violation, "plaintiffs must adduce specific evidence" as to same; because "defendant's liability to any aggrieved litigant can only be established by the proof of facts specific to that individual plaintiff[,]" class certification was inappropriate. Id. at 896.

Thus, it cannot be said that the common factual questions predominate over those which affect only individual members of the proposed class. For the same reasons as in Alix, Plaintiffs have failed to establish the R23(b)(3) predominance and superiority requirements and therefore the motion should be denied. Severin v. Project Ohr, Inc., 2012 WL 2357410 (S.D.N.Y. 2012).

According to Plaintiffs, a class action is also the superior method of adjudication because, if these issues aren't tried in a single forum, the result is numerous individual actions. However, a case-by-case analysis is required to determine liability, if any, for each member. The need for numerous individualized determinations with respect to every member to determine liability, if any, makes Plaintiffs' proposed class unmanageable, and hence a class action is not superior.

Moreover, only two individuals joined since May 2025 – none since July – showing no risk of numerous individual actions. Plaintiffs argument for certification – because it does not make sense for the members to litigate their claims separately given the relatively small amount of each class members' individual recovery –  is refuted by Plaintiffs' alleged damages, which are substantial. Plaintiffs likewise cannot establish the requirements under R23(b)(1)(A) because prosecuting separate actions by individuals would not create a risk of inconsistent adjudications. Only an analysis of each class members' circumstances would establish liability, if any.

---

[6] Alix applied New York class action law which, similar to R23(b)(3), requires that "questions of law or fact common to the class ... predominate over any questions affecting only individual members." Id. While a state court case, the appellate court's analysis of state law is compelling.

Thus, certification should be denied.

## IV.    COLLECTIVE ACTION

In order to establish a common policy in violation of the FLSA that was applied to other employees, courts require declarations from plaintiffs, which, at a minimum, identify others subjected to the same policy, explain the manner in which it was violated, and provide details regarding the manner in which they learned an employer violated the FLSA with respect to others. Reyes v. Nidaja, LLC, 2015 WL 4622587, at *3 (S.D.N.Y. 2015) (requiring *a minimum level of detail* regarding conversations or observations); Martinez v. Zero Otto Nove Inc., 2016 WL 3554992, at *4 (S.D.N.Y. 2016) (same).

Plaintiffs do not provide such declarations establishing they are similarly situated to others, requiring denial of certification.

Further, Fernandez's claims are limited to October 2022 through May 2025, as she didn't work during the entire proposed class period. ECF76-9 47:13-16; 119:7-10; Maddison v. Comfort Systems USA (Syracuse), Inc., 2018 WL 679477 (N.D.N.Y. 2018) (no claim of injury for employees before or after plaintiff's dates of employment); Roach v. T.L. Cannon Corp., 2015 WL 10818750, at *6 (N.D.N.Y. Sept. 4, 2015) (same).

Further, as discussed *supra*, Plaintiffs' declarations in support fail to state anything more than they were never presented with or asked to sign a written wage notice without discussing any other employees. Such declarations do not pass muster to permit granting conditional certification of a collective action. Mata v. Foodbridge LLC, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015); Sanchez v. JMP Ventures, L.L.C., 2014 WL 465542, at *1 (S.D.N.Y. 2014) ("Though ... the bar for … certification of a collective … is low, it is not this low")).

21

Plaintiffs' declarations lack details on any improper pay, warranting denial of collective certification. <u>Yang v. Asia Market Corp.</u>, 2018 WL 2227607 (S.D.N.Y.  2018); <u>Lianyuan Feng v. Hampshire Times</u>, 2015 U.S. Dist. LEXIS 29899, 7-8 (S.D.N.Y. Mar. 11, 2015) ("By contrast, Plaintiffs do not profess to attest to the hourly compensation of other employees").

Moreover, Plaintiffs fail to describe when they learned other employees were allegedly not paid the correct wages.  <u>Mata</u>, at 9-13 (denying collective where plaintiff didn't state where or when his observations of and conversations with coworkers occurred); <u>Qing Gu v. T.C. Chikurin, Inc.</u>, 2014 U.S. Dist. LEXIS 53813, 10 (E.D.N.Y. Apr. 17, 2014) (denying motion where plaintiffs made only general allegations that other employees were denied compensation, and failed to provide any factual detail); <u>Eng-Hatcher v. Sprint Nextel Corp.</u>, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009) (denying motion where plaintiff identified five individuals and told plaintiff they were not paid for overtime, but provided no information about conversations).

Plaintiffs similarly fail to identify the time period during which other employees were allegedly not properly paid.  Similarly, Plaintiffs do not provide the dates when they spoke to any collective action member, making it impossible to know whether the conversations occurred during the relevant FLSA period.  <u>Lujan v. Cabana Mgmt., Inc.</u>, 2011 WL 317984, at *7-9 (E.D.N.Y. Feb. 1, 2011) (denying certification of defendants' Florida restaurants under the same ownership because the Court lacked "firsthand evidence of violations at the Florida restaurants during the limitations period"); <u>Mendoza v. Casa De Cambio Delgado, Inc.</u>, 2008 U.S. Dist. LEXIS 27519, 6-7 (S.D.N.Y. Apr. 7, 2008) (Plaintiffs have failed to provide allegations of the factual nexus between the named Plaintiffs and other members).

Accordingly, Plaintiffs have not provided sufficient evidence establishing that Defendants' alleged common policy in violation of the FLSA applied to other employees.

Plaintiffs' declarations are also defective and should be disregarded. Each Plaintiffs' declarations state that it was read to them and verbally translated. ECF63 and 64. However, no declaration in Spanish was provided. The federal courts are in accord that declarations in a foreign language need to be docketed with an official translation. USA v. Napoles, 2007 U.S. Dist. LEXIS 54159 at *2, 3 (S.D.Tx. July 25, 2007). Federal strike such declarations. Rivas-Montano v. USA, 2006 U.S. Dist. LEXIS 31893 at *2, 3 (M.D.Fl. May 22, 2006); Trapaga v. Central States Joint Board Local 10, 2007 U.S. Dist. LEXIS 23438 at *22-25 (N.D.Ill. March 30, 2007).

As such, this Court should not consider Plaintiffs' defective declarations.

## V.    PROBLEMS PLAGUE PLAINTIFFS' PROPOSED NOTICE

Plaintiffs' certification motion should be denied. However, assuming *arguendo* that it is granted, Plaintiffs' proposed notice should be rejected.

Any statements indicating that the Court has authorized or approved this notice should be deleted. Kim Man Fan v. Ping's on Mott, Inc., 2014 WL 1512034, at *3 n. 1 (S.D.N.Y. Apr. 14, 2014); Hernandez v. Merrill Lynch & Co., Inc., 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) (holding this language contains a "certain specter of authority" which may imply "more court sponsorship than appropriate").

The notice is directed at all tipped employees as opposed to just tipped employees who received less than the minimum wage with their tips and who worked at special events. As discussed *supra*, Plaintiffs do not allege, nor can they, that tipped employees were not paid all of their wages. Under NYLL §198, where an employee is paid all wages, there is no monetary penalty associated with a violation of NYLL §195. Therefore, notice should not be sent to all tipped employees, but rather, should only be sent (if at all) to only tipped employees who earned less than the minimum wage with their tips and who worked at special events.

23

The notice only briefly discusses how to opt-out and requires various unnecessary steps that must be undertaken to do so. Plaintiffs' notice fails to include an opt-out form. Instead, individuals who want to opt-out must draft their own form, which also need not be mailed. Placing the onus on the recipients to draft their own form and postmark it by a date certain is unnecessary and unfair. Plaintiffs' purpose in not providing a form is to dissuade individuals from opting out. Plaintiffs should make a simple and straightforward opt-out form with the notice that merely requires recipients to check off a box. Plaintiffs should provide pre-addressed and postage-prepaid envelopes to send opt-out forms or expressly accept opt-out forms via email, which should go to all counsel.

Plaintiffs give no explanation or justification for their request that the class notice be posted at the restaurant. Hallissey v. Am. Online, Inc., 2008 U.S. Dist. LEXIS 18387, *9 (S.D.N.Y. Feb. 19, 2008) (requiring courts to strike appropriate balance in ensuring notification to the employees while minimizing disturbance to employer's business). If Defendants are required to mail notices to members, it is repetitive and unwarranted to require posting the notice in their workplace. Zhirzhan v. AGL Industries, Inc., 14-7567 (E.D.N.Y 2015, ECF49); PAL v. Sandal Wood Barn Grill, Inc., 2015 U.S. Dist. LEXIS 5279 (S.D.N.Y. Jan. 15, 2015); Shajan v. Barolo, Ltd., 2010 U.S. Dist. LEXIS 54581, at *5 (S.D.N.Y. June 2, 2010).

Plaintiffs' notice directs class members to a website for answers to questions, which is not Court-approved and should be excluded. Moreover, this website is not specifically directed to this case, and has no additional information about same.

Plaintiffs' notice does not provide a time period to opt-in, which courts routinely restrict to 45 days. Lujan v. Cabana Mgmt., 2011 U.S. Dist. LEXIS 9542 at *44 (E.D.N.Y. Feb. 1, 2011).

The notice should explain the consequences of joining. Courts routinely require the notice to explain that, as a result of joining, members may be required to pay costs if they do not prevail. Hallissey, 2008 U.S. Dist LEXIS 18387 at *12; Guzman v. VLM, Inc., 2007 U.S. Dist. LEXIS 75817 at *23 (E.D.N.Y. Oct. 11, 2007). Defendants request the notice contain this language:

> By participating as a class member, you are subject to discovery and you may have to produce your tax records and other private documents, submit to a deposition, and/or be subpoenaed to testify as a witness at the trial of this matter. You may be responsible for attorneys' fees and costs in the event your claim is denied. Finally, as noted, Defendants anticipate dismissing the collective action at the end of this case. Should Defendants prevail on their motion, then the class will be eliminated, the lawsuit will be limited to the named plaintiffs and you will no longer be part of this lawsuit. If you do not wish to participate in this lawsuit, you need not do anything as a collective action member but will be required to affirmatively opt out as a class action member. If you decide not to participate in this lawsuit, you may not be eligible to receive any benefits in the event that a settlement or judgment is obtained. You would be free to file and pursue your claims, if any, against any of the Defendants independently.

> Anyone who joins the action may be responsible for attorney's fees, depending on their arrangement with counsel, and will be responsible for costs to the Defendants if their claim is denied or otherwise dismissed.

Defendants' counsel information should be stated on the notice, which courts routinely permit. Moore v. Eagle Sanitation, Inc., 2011 U.S. Dist. LEXIS 77126 at *19 (E.D.N.Y. July 18, 2011). Defendants must be able to explain they believe that certification is not warranted. A class or collective action gives the impression to members that there was a widespread failure to pay wages. Recipients should be made aware, as follows, that it has not been established any employee was paid incorrectly. Enriquez, 2012 U.S. Dist. LEXIS 17036 at *9 (E.D.N.Y. February 10, 2012).

> Defendants dispute Plaintiffs' contentions that they were not properly paid and do not believe that a collective action is proper in this lawsuit and anticipate moving to decertify the collective action at the close of discovery in this matter, as they have the right to do. Defendants do not believe that Plaintiffs have demonstrated the necessary elements required to establish a collective action.

The reference to an anti-retaliation provision must be excluded; there is no evidence of retaliation.

As to provisions concerning retaining Counsel or another attorney, members should be provided additional information. Defendants submit that the following should be added: "You can, alternatively, join this lawsuit by counsel of your own choosing or commence a lawsuit in the future on your own." Without this additional language, a layperson would reasonably believe s/he loses the right to bring suit in the future if s/he does not join either by being represented by Counsel or by another attorney.

The notice says that to join the lawsuit, the recipient must sign a "Consent to Sue" form and send it to Counsel. However, "[t]he common practice … is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to [Counsel]." Sharma v. Burberry Ltd., 52 F.Supp.3d 443, 462 (E.D.N.Y. 2014).

Defendants object to providing phone numbers and email addresses. Due to privacy concerns, courts do not require the production of this information until a large number of notices are returned as undeliverable. Mohamed v. Sophie's Cuban Cuisine, Inc., 2015 U.S. Dist. LEXIS 126012, 13-15 (S.D.N.Y. Sept. 21, 2015); Colozzi v. St. Joseph's Hosp. Health Ctr., 595 F.Supp.2d 200, 201 (N.D.N.Y. 2009). Therefore, it is premature for the Court to order Defendants to produce telephone numbers, e-mail addresses, dates of birth, or social security numbers at this juncture.

Moreover, Rule 7.3 of the New York Rules of Professional Conduct ("RPC") prohibits Counsel from soliciting clients by phone. Since it would violate Rule 7.3 for them to do so, Defendants should not be ordered to produce telephone numbers of its employees who counsel does not represent. The mere fact Plaintiffs ask for numbers shows their desire to violate the RPC. The Court should not countenance this and enable violations.

## **CONCLUSION**

Plaintiffs' motion should be denied.

Dated: Jamaica, New York
      February 15, 2026

                                    Respectfully submitted,
                                    **SAGE LEGAL LLC**
                                     _/s/ Emanuel Kataev, Esq._____
                                    Emanuel Kataev, Esq.
                                    18211 Jamaica Avenue
                                    Jamaica, NY 11423-2327
                                    (718) 412-2421 (office)
                                    (917) 807-7819 (cellular)
                                    (718) 489-4155 (facsimile)
                                    emanuel@sagelegal.nyc

                                    *Attorneys for Defendants*
                                    *Bulldozer Hospitality Group, Inc.,*
                                    *Robert Petrosyants, and*
                                    *Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*

## **WORD COUNT CERTIFICATION**

I, Emanuel Kataev, Esq., hereby certify – under penalty of perjury – that the foregoing memorandum of law in opposition to Plaintiffs' motion for partial summary judgment, which was prepared using the Times New Roman 12-point typeface, complies with Local Civil Rule 7.1(c) and ¶ 8(C) of this Court's Individual Practices in Civil Cases in that it contains 8,749 words, excluding the parts of the document that are exempted by such rules. In preparing this certification, I have relied on the word count of the word processing system (i.e., Microsoft Word) used to prepare this certification.

Dated: Jamaica, New York
      February 15, 2026

                                  Respectfully submitted,

                                  **SAGE LEGAL LLC**
                                  */s/ Emanuel Kataev, Esq.*
                                  Emanuel Kataev, Esq.
                                  18211 Jamaica Avenue
                                  Jamaica, NY 11423-2327
                                  (718) 412-2421 (office)
                                  (917) 807-7819 (cellular)
                                  (718) 489-4155 (facsimile)
                                  emanuel@sagelegal.nyc

                                  *Attorneys for Defendants*
                                  *Bulldozer Hospitality Group, Inc.,*
                                  *Robert Petrosyants, and*
                                  *Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
<u>Attn</u>: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiff*
*Katherine Fernandez*