UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE FERNANDEZ, on behalf of herself
and others similarly situated,

                Plaintiff,

    v.

                               No.: 25-cv-04490 (AS)

BULLDOZER HOSPITALITY GROUP, INC., d/b/a
OSTERIA LA BAIA, ROBERT PETROSYANTS and
MARIANNA SHAHMURADYAN,

                Defendants.

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER  SUPPORT OF THEIR MOTION FOR CLASS AND COLLECTIVE CERTIFCATION

## JOSEPH & KIRSCHENBAUM LLP

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiffs*
*and Putative Fed. R. Civ. P. Rule 23 Class*

**TABLE OF CONTENTS**

I.     ARGUMENT ................................................................................................................ 1

   A.   Plaintiffs Satisfy Numerosity ............................................................................... 1

   B.   Commonality/Typicality Are Satisfied ................................................................ 2

   C.   The Class Is Ascertainable .................................................................................. 6

   D.   The Class Is Adequately Represented .................................................................. 6

   E.   Plaintiffs Satisfy Predominance/Superiority ....................................................... 8

   F.   The Court Should Certify the Collective Action ............................................... 10

II.    CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Baffa v. Donaldson*, 222 F.3d 52 (2d Cir. 2000) ............................................................ 7

*Alix v. Wal-Mart Stores, Inc*.,

    57 A.D.3d 1044, 868 N.Y.S.2d 372  (Sup. Ct. App. Div. 3d Dep't 2008) ............................ 8, 9

*Alonso v. Uncle Jack's Steakhouse, Inc*., 2011 U.S. Dist. LEXIS 106356 (S.D.N.Y. 2011)......... 10

*Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 133 S. Ct. 1184 (2013) .......... 3

*Carollo v. United Capital Corp*., 528 F. Supp. 3d 37 (N.D.N.Y. 2021)........................................ 9

*Chakma v. Sushi Katsuei, Inc.,* 2025 U.S. Dist. LEXIS 22048  (S.D.N.Y. 2024).......................... 9

*Cromer Fin. Ltd. v. Berger,* 205 F.R.D. 113 (S.D.N.Y. 2001) ........................................... 8

*Cruz v. Lawson Software, Inc*., 2009 U.S. Dist. LEXIS 130882 (D. Minn. 2009) ...................... 1

*Damassia v. Duane Reade, Inc*., 250 F.R.D. 152 (S.D.N.Y. 2008)........................................... 9

*Enriquez v. Cherry Hill Mkt. Corp*., 2012 U.S. Dist. LEXIS 17036 (E.D.N.Y. 2012) ................ 11

*Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113 (S.D.N.Y. 2011) ................................................ 2, 6

*Flores v. Anjost Corp*., 284 F.R.D. 112 (S.D.N.Y. 2012) ........................................................ 7

*Gonzalez v. Hanover Ventures Marketplace LLC*,

    2024 U.S. Dist. LEXIS 48475 (S.D.N.Y. 2024) ..................................................... 3, 9

*Guan Ming Lin v. Benihana N.Y. Corp*.,

    2012 U.S. Dist. LEXIS 186526 (S.D.N.Y. 2012) ..................................................... 4, 6

*Guzman v. VLM, Inc*., 2007 U.S. Dist. LEXIS 75817 (E.D.N.Y. 2007) ...................................... 11

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) ................................................ 11

*Hinckley v. Seagate Hospitality Grp., LLP*,

    2016 U.S. Dist. LEXIS 152799 (W.D.N.Y. 2016) ................................................... 4

*Huang v. Shanghai City Corp.*, 2022 U.S. Dist. LEXIS 84498 (S.D.N.Y. 2022) .......................... 1

*In re Avon Sec. Litig*., 1998 U.S. Dist. LEXIS 18642  ((S.D.N.Y. 1998) ...................................... 8

*Isidro Gallardo v. 530 Food Corp*., 2026 U.S. Dist. LEXIS 17576 (S.D.N.Y. 2026) ........... 10, 11

*Krebs v. Canyon Club, Inc*., 22 Misc. 3d 1125(A) ................................................................ 9

*Lorenzo v. Dee Mark Inc*., 2026 U.S. Dist. LEXIS 36315 (S.D.N.Y. 2026)................................... 5

*Masoud v. 1285 Bakery, Inc*., 2017 U.S. Dist. LEXIS 14927 (S.D.N.Y. 2017)............................. 6

*Martinenko v. 212 Steakhouse, Inc*., 2024 U.S. Dist. LEXIS 173358 (S.D.N.Y. 2024) ................ 3

*Mendez v. United States Nonwovens Corp.*, 2017 U.S. Dist. LEXIS 238714 (E.D.N.Y. 2017) ... 11

*Meyers v. Crouse Health Sys., Inc.*, 274 F.R.D. 404 (N.D.N.Y. 2011)............................................ 1

*Orellana v. One If By Land Rest. LLC*, 2020 U.S. Dist. LEXIS 178095 (S.D.N.Y. 2020) ............ 8

*Pichardo v. Carmine's Broadway Feast, Inc.*, 2016 U.S. Dist. LEXIS 130658 (S.D.N.Y. 2016) .. 4

*Reyes v. A.B. Bakery Rest. Corp.*, ..........................................................................................................

    2023 U.S. Dist. LEXIS 160439 (S.D.N.Y. 2023) ..................................................................... 11

*Sanchez v. Clipper Realty, Inc.*, 2026 U.S. Dist. LEXIS 36716 (S.D.N.Y. 2026) ........................ 5

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010).......................... 4

*Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234 (2d Cir. 2011). ...................... 2, 9

*Vargas v. Howard*, 324 F.R.D. 319 (S.D.N.Y. 2018)....................................................................... 4

*Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61 (S.D.N.Y. 2018) ............................................... 6, 8

**Statutes**

29 U.S.C. § 203 ........................................................................................................................... 10

Fed. R. Civ. P . 23…………………………………………………………………….. *passim*

NYCRR § 146-2.2 ........................................................................................................................ 3

NYLL § 195(1) ........................................................................................................................ 4, 5, 6

NYLL § 198(1-d).......................................................................................................................... 5

Plaintiffs submit this Reply Memorandum of Law in further support of their motion for class certification.[1]

## I. ARGUMENT

### A. Plaintiffs Satisfy Numerosity

Defendants' argument that numerosity is not established because of the opt-in rate is silly. Ds' MOL 6-7. This case was never certified as a collective action and thus potential opt-ins were never formally notified of this lawsuit. Indeed, "it would be unreasonable for the [c]ourt to require a significant number of potential class members to learn of the existence of this lawsuit before notice is sent . . ." *Cruz v. Lawson Software, Inc*., 2009 U.S. Dist. LEXIS 130882, *30 (D. Minn. 2009).[2]

Even had notice of collective action been disseminated, Defendants argument would be rejected. Courts "in the Second Circuit . . . continue to assess numerosity based on the number of proposed class members rather than the number of opt-ins." *Meyers v. Crouse Health Sys., Inc.*, 274 F.R.D. 404, 414 (N.D.N.Y. 2011). *See also Huang v. Shanghai City Corp.*, 2022 U.S. Dist. LEXIS 84498, at *50 (S.D.N.Y. 2022) ("just because potential class members fail to join a FLSA collective action, it does not follow that they would also elect to opt-out of the Rule 23 class." (quotations omitted).

Finally, Plaintiffs provided evidence (based on OLB's own payroll records) that there are more than 200 potential class members. ECF No. 62 at ¶ 39, No. 62 8-12. Accordingly, Defendants'

---

[1] Together with this memorandum, Plaintiffs submit the March 2, 2026 declaration of Josef Nussbaum and Exhibit appended thereto. Moreover, as used herein, "Ps' MOL" refers to Plaintiffs' moving brief on this motion, Dkt. 61 and "Ds' MOL" refers to Defendants' brief opposing this motion, Dkt. 103. Abbreviated terms herein track the abbreviations in Ps' MOL.

[2] To be sure, both cases Defendants cite in support of their wrongheaded position involved situations where a collective action had previously been certified.

unsupported claim that there are "approximately 50 potential members" is simply untrue and should be disregarded.

### B. Commonality/Typicality Are Satisfied

The Second Circuit has unequivocally held that where "class claims all derive from the same compensation policies and tipping practices[,]" commonality is satisfied. *Shahriar v. Smith & Wollensky Rest. Group, Inc*., 659 F.3d 234, 252 (2d Cir. 2011). *See Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 128 (S.D.N.Y. 2011) ("[W]age claims are especially suited to class litigation—perhaps the most perfect questions for class treatment—despite differences in hours worked, wages paid, and wages due.") (collecting cases). Here, Plaintiffs marshalled significant evidence that class members were subject to common wage and tipping policies at OLB. Ps' MOL 4-13. Defendants' hodgepodge of half-baked and inapposite arguments do nothing to undo the fact their policies applied commonly/typically to all food-service employees.

At the outset, Defendants' statement that "there is no evidence that Defendants had common policies that violated the NYLL" is especially absurd in light of the evidence Plaintiffs submitted in support of this motion and Defendants' own general manager's and Fed. R. Civ. P. 30(b)(6) witness's unequivocal (and unsurprising) testimony that the restaurant applied common polices. Specifically, the GM testified as follows:

> Q.  You're in charge of the tipped employees at the restaurant; right?
> A.  Yes, I am.
> Q.  And they're all subject to the same payroll policies at Osteria La Baia; right?
> A.  Yes.
> Q.  Okay. They're all subject to the same personnel policies at Osteria La Baia?
> A.  Yes.
> Q.  And in terms of documents that you give tipped employees, you give the tipped employees the same types of documents; right? There's no difference between the types of documents that one employee would get versus another; correct?
> A.  Correct.
>     […]

2

Q.   And as far as you know, if there's a specific document that's not given to one
     employee, that would mean it's not given to any of the employees; correct?
A.   Correct.

Paliko Dep. (ECF No. 62-2) at 78:22-80:11.

Before turning to Defendants' specific claims, it bears highlighting that Defendants do not

bother to address the allegations that all food-service employees were (commonly) required to

share tips with a management employee. Ps' MOL 6-9. That is not surprising, as "improper tip

pooling [is one of] the most perfect questions for class treatment." *Gonzalez v. Hanover Ventures

Marketplace LLC*, 2024 U.S. Dist. LEXIS 48475, *10 (S.D.N.Y. 2024) (internal quotation marks

omitted).[3]

In terms of the specific contentions, Defendants' claim that their unlawful application of

the tip credit was not common cannot be taken seriously. The record is clear that Defendants

provided (or failed to provide) the same documentation to all their employees and they admit that

they never provided written notice of the tip credit that met the requirements of NYCRR § 146-

2.2. Accordingly, this claims is clearly common/typical to all class members.

Similarly, Defendants' unlawful retention of service charges obviously applied equally to

all food-service employees.  Defendants' arguments that there is no evidence that all class

members worked special events, does not defeat commonality as "courts certify classes based on

a theory of a common policy of unlawful practice even if there is evidence that some of the putative

class members were either not affected or were affected to a lesser degree." *Martinenko v. 212

Steakhouse, Inc.*, 2024 U.S. Dist. LEXIS 173358, *12 (S.D.N.Y. 2024) (citation omitted).  *See

also Pichardo v. Carmine's Broadway Feast, Inc.*, 2016 U.S. Dist. LEXIS 130658, at *13

---

[3]  Defendants also raise numerous merits-based arguments none of which relevant at the Rule 23 stage. *See, e.g.,
Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466, 133 S. Ct. 1184, (2013).

(S.D.N.Y. 2016) (fact that "some workers were ultimately paid the proper amount . . . do[es] not militate against class certification").

Finally, Defendants do not seriously dispute that they never provided putative class members with new hire notices as required by NYLL § 195(1). Defendants also do not dispute that they provided all putative class members wage statements that followed the same format. Accordingly, it is axiomatic that class members were all commonly affected by these policies.

Defendants' jumbled arguments here have no legs. First, in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, the Supreme Court ruled that state law statutes that prohibit class actions seeking penalties are superseded by Rule 23. 559 U.S. 393, 408-10 (2010). *See also Vargas v. Howard*, 324 F.R.D. 319, 331 (S.D.N.Y. 2018) ("The Supreme Court has addressed New York's rule against liquidated damages […] and determined that [it] is superseded by Rule 23."). Defendants' statement that "there is no private cause of action for failure to provide employees with an annual wage notice" is completely off topic. NYLL § 195(1), which requires employers to provide employees with a notice *at the time of hire*, previously required employees to provide such notices *annually* as well. *See Hinckley v. Seagate Hospitality Grp., LLP*, 2016 U.S. Dist. LEXIS 152799, *25 (W.D.N.Y. 2016) ("Defendants' argument regarding a private right of action pertains only to the *annual* notice requirement (which only existed prior to February 2015), and not to the requirement to give notice at the time of hire ...") (emphasis in original). Thus, despite Defendants' attempts to cloud this issue, there is no dispute that "employees who did not receive a proper wage and hour notice at the time of hiring can sue for a penalty." *Guan Ming Lin v. Benihana N.Y. Corp.*, 2012 U.S. Dist. LEXIS 186526 *23 (S.D.N.Y. 2012).

Next, Defendants' claim that Plaintiff "Teran does not claim that he was not provided with an annual notice" is obviously misleading. First, Teran submitted a declaration in support of this

motion in which he says precisely the opposite. *See* ECF No. 64 at ¶ 4 ("Defendants did not present me with, nor did I ever sign, a written wage notice.")  Next, the undisputed record in this case is that Defendants *never* provided their employees with new hire notices. Ps' MOL 4-6.  Thus, not surprisingly, the deposition testimony Defendants cite to does not support their bizarre position. Teran Dep. at 95:2-12.

Finally, Defendants' argument that commonality is somehow defeated because there is an affirmative defense to recordkeeping violations if the employer made complete and timely payment of all wages also fails. First, this argument in fact concedes that all employees are commonly situated vis-à-vis the underlying violation, *i.e.*, they all did not receive new hire notices/received deficient wage statements. Moreover, the argument ignores Plaintiffs' classwide claims that the class did *not* receive their *complete* wages because Defendants illegally paid below the minimum wage by unlawfully applying a tip credit and misappropriating tips. *See, e.g., Lorenzo v. Dee Mark Inc*., 2026 U.S. Dist. LEXIS 36315, *20 (S.D.N.Y. 2026)  ("Defendants' arguments—a complete payment defense under NYLL § 198(1-d) […]—rest[s] on the faulty premise that Defendants paid Plaintiff in full and at a rate exceeding the relevant minimum wages.").

Last, for all the reasons outlined in Plaintiffs' motion for partial summary judgment, the food-service employees have standing to pursue these claims as they have adequately alleged and established actual and concrete downstream harm. Specifically, with respect to NYLL § 195(1), Defendants' failure to provide written wage notices is the very thing that made their use of the tip credit an unlawful underpayment.  Moreover, Defendants' failure to maintain proper wage statements impaired Plaintiffs' ability to seek relief due to a lack of information. *E.g., Sanchez v. Clipper Realty, Inc.*, 2026 U.S. Dist. LEXIS 36716, *61 (S.D.N.Y. 2026) (simultaneously

certifying class and granting summary judgment to employees who were not provided notices/statements that complied with requirements of NYLL § 195.).

### C.  The Class Is Ascertainable

Defendants' arguments against ascertainably are incoherent and should be rejected. Courts in this District routinely find ascertainable classes in wage and hour cases. *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 77 (S.D.N.Y. 2018) ("In employment matters such as this one, courts in this District have found that a class is ascertainable where its members can be determined using objective documentation, such as Defendants' employment records.") (collecting cases); *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 127 n.85 (ascertainability "easily identified from [the employer's] payroll records"); *Guan Ming Lin*, 2012 U.S. Dist. LEXIS 186526, at *36 ("[m]embership in the class can be ascertained by objective documentation, such as the defendants' payroll records and wage statements").

Here, Plaintiffs seek to certify a class of all OLB tipped employees, including servers, bussers, runners, and bartenders who worked for OLB at any time on or after November 15, 2021. Ps' MOL at 2. The identifies of these individuals are all readily available in Defendants' payroll records.  In fact, Plaintiffs attached spreadsheets in support of this motion which list the putative class members. Accordingly, ascertainably is easily satisfied. *E.g., Zivkovic*, 329 F.R.D. at 77 ("Plaintiffs have provided objective definitions for each subclass with clear temporal limitations that easily allow the identities of potential class members to be determined."); *Masoud v. 1285 Bakery, Inc*., 2017 U.S. Dist. LEXIS 14927, *12 (S.D.N.Y. 2017).

### D.  The Class Is Adequately Represented

Defendants' claim that J&K are not adequate counsel because, almost twenty years ago, the firm faced and beat a motion for sanctions is more silly than it is offensive. In any event, it

bears mentioning that J&K has been appointed class/collective counsel on dozens of occasions over the last two decades. Ex. 1.[4]

In terms of the adequacy of the class representatives, the Court should not countenance Defendants' desperate attempts to create conflicts between class members. Defendants cast wild accusations of misogyny and dishonesty against the proposed class representatives, however a close review of the evidence and caselaw Defendants cite evidence that their claims falls flat.

In *Baffa v. Donaldson* (cited by Defendants), the Second Circuit emphasized that "[g]enerally, adequacy of representation entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." 222 F.3d 52, 60 (2d Cir. 2000). Similarly, the Supreme Court has "expressly disapproved of attacks on the adequacy of a class representative based on the representative's ignorance." *Id.* at 61 (citation omitted). *See also Flores v. Anjost Corp.*, 284 F.R.D. 112, 129 (S.D.N.Y. 2012) (finding that "a rigid application" of knowledge or familiarity requirement "is inappropriate where […] the class comprises relatively low-skilled laborers" as "[s]uch inflexibility runs counter to a principal objective of the class action mechanism—to facilitate recovery for those least able to pursue an individual action.")(citation omitted). Here, there is no real evidence that Plaintiffs' interests are antagonistic to the class. Nor is there any evidence that Plaintiffs are unfamiliar with the claims and, in any event, any supposed lack of knowledge by the representatives about the legal issues presented here does not render them inadequate. *E.g., In re Avon Sec. Litig.*, 1998 U.S. Dist. LEXIS 18642, *27 ((S.D.N.Y.

---

[4] Similarly, Defendants' request that the Court infer that the plaintiffs in the case were improperly solicited because opt-in Plaintiff Molina joined without speaking to the Named Plaintiff is also silly and offensive. While counsel should not have to respond to such wild accusations, it bears highlighting that Molina testified about how he became involved in the case, *i.e.*, that he heard about the case from other people who told him about. (*See* Molina Dep. (ECF No. 82-2) at 137:8-138:10 ("[…] I have knowledge of it speaking to people in the street that told me there was a demand about. Only by a conversation.").

1998) ("Plaintiffs' lack of knowledge concerning the details of the litigation is not a ground to

deny class certification; plaintiffs are entitled to rely on their counsel.")

Next, the fact that Fernandez has a separate EEOC claim against Defendants does not

impair her adequacy to be a representative. *E.g., Zivkovic*, 329 F.R.D. at 66 (granting motion to

certify NYLL class where class representative was separately pursuing an individual claim for

discrimination); *Orellana v. One If By Land Rest. LLC*, 2020 U.S. Dist. LEXIS 178095, *21

(S.D.N.Y. 2020) (same).

Finally, Defendants' accusation that Plaintiff Teran is dishonest is similarly not supported

by the record. Specifically, Defendants first point to one part of Teran's deposition in which he

said he did not use the Toast application. Defendants then point to evidence that Teran did use the

application—albeit on one day only—to claim that Teran is lying about his use of the application.

Leaving aside the silliness of this "gotcha" argument, Teran testified that he *did* use the application.

*See* Teran Dep. (ECF No. 62-4) 39:17-23, 40:5-12, 74:23-75:7. Defendants simply chose to hide

that fact. Accordingly, there is no suggestion that Teran is dishonest and thus no basis to impugn

his adequacy as representative. *See, e.g., Cromer Fin. Ltd. v. Berger,* 205 F.R.D. 113, 125

(S.D.N.Y. 2001) (refusing to bar class representatives on grounds of credibility where it was not

clear that plaintiffs lied or fabricated testimony).

### E.  Plaintiffs Satisfy Predominance/Superiority

Defendants argue that individual issues will predominate in this case, but they fail to clarify

precisely how. Defendants rely on *Alix v. Wal-Mart Stores, Inc*., a New York case that applies

state law rather than Rule 23. 57 A.D.3d 1044, 868 N.Y.S.2d 372, 375-76 (Sup. Ct. App. Div. 3d

Dep't 2008).  However, *Alix* involved individualized questions of whether each plaintiff in fact

worked overtime that would need to be answered *before* the defendants could be held liable. *See*

*Krebs v. Canyon Club, Inc*., 22 Misc. 3d 1125(A) ("[In *Alix*, there] would have to be a fact-specific inquiry into each individual worker's circumstances and the accuracy of the time records reflecting the hours worked of each worker."). By contrast, Plaintiffs' claims here can be resolved with answers to common questions and "[a]n affirmative answer to any of those common questions settles defendants' liability to all plaintiffs in the relevant subclass at once." *Carollo v. United Capital Corp*., 528 F. Supp. 3d 37, 59 (N.D.N.Y. 2021) (distinguishing *Alix* and noting that where, as here, "plaintiffs' claims live or die by the common question of whether defendants' policies regarding their tip credit, the banquet service charges, or wage notices violated NYLL[,]" predominance is satisfied under Rule 23.).

Defendants' suggestion that the Court should look to the FLSA opt-in rate in assessing whether a class action is superior has been explicitly rejected by the Second Circuit. *Shahriar*, 659 F.3d at 244 (emphasizing that an employee being "fearful of retaliation or of being 'blackballed' in his or her industry may choose not to assert his or her FLSA rights.") (*citing, inter alia, Damassia v. Duane Reade, Inc*., 250 F.R.D. 152, 163 (S.D.N.Y. 2008) ("Indeed, it may be that in the wage claim context, the opt-out nature of a class action is a valuable feature lacking in an FLSA collective action, insofar as many employees will be reluctant to participate in the action due to fears of retaliation." (internal citations omitted)).

Similarly, "courts in this Circuit have routinely held that class actions are [the] superior method for adjudicating NYLL claims because large numbers of employees are injured by common policies, but the damages suffered are small relative to the burden of individual litigation, meaning class treatment may be the only mechanism for those employees to obtain relief." *Gonzalez*, 2024 U.S. Dist. LEXIS 48475, at *19. *See also Chakma v. Sushi Katsuei, Inc.,* 2025 U.S. Dist. LEXIS 22048, *37 (S.D.N.Y. 2024) ("as is common in wage and hour actions, [i]t is

unlikely that the class members would engage in individual actions because the amount of potential recovery is low and likely to be outweighed by the individual cost of litigation.") (citation omitted). Moreover, "a class action is superior to other available methods, given that the [New York Labor Law] claims are nearly identical to the FLSA claims, which will be tried collectively in this Court." *Alonso v. Uncle Jack's Steakhouse, Inc.*, 2011 U.S. Dist. LEXIS 106356, *16 (S.D.N.Y. 2011). Accordingly, the predominance/superiority requirements are satisfied

### F. The Court Should Certify the Collective Action

Defendants' opposition to Plaintiffs' motion for a collective action is bewildering. Specifically, Plaintiffs seek certification of a collective action because, in violation of 29 U.S.C. § 203(m)(2)(B), Defendants included an employee in the tip pool that had managerial authority including, among other things, firing, disciplining and scheduling. Ps' MOL 24. In their opposition, Defendants do not address this contention at all. As Defendants have not opposed Plaintiffs' arguments on this issue, they waived any objections and the collective should be certified.

### A. The Proposed Notice Should Be Approved

Defendants lodge multiple complaints about the proposed notice. Plaintiffs address them as follows:

- The notice should state that it is "Court approved" because that is what it is. *See Isidro Gallardo v. 530 Food Corp.*, 2026 U.S. Dist. LEXIS 17576, *9-10 (S.D.N.Y. 2026) ("As a general matter, the Court maintains broad discretion over the form and content of the notice.") (Subramanian J.).

- The notice should not include an opt-out form. Rule 23 requires only that the class members receive notice that explains in "plain, easily understood language . . . that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P.

23(c)(2)(B). *See also Mendez v. United States Nonwovens Corp.*, 2017 U.S. Dist. LEXIS 238714, *8-9 (E.D.N.Y. 2017) (refusing "to allow an opt-out form to be included with a class notice . . . because the approach creates more confusion than it remedies.").

- The notice should be posted in the restaurant. This court has previously cited with approval that "such requests are 'routinely approve[d]'". *Reyes v. A.B. Bakery Rest. Corp.*, 2023 U.S. Dist. LEXIS 160439, *13 (S.D.N.Y. 2023) (Subramanian J.) (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013)).

- The Court should reject Defendants' proposed additional language. Ds' MOL at 25. The language is obviously targeted at dissuading individuals from participating in the cases and is thus inappropriate. *E.g., Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036, at *7-8 (E.D.N.Y. 2012) (rejecting language that notifies plaintiffs of their obligations to participate in discovery because it may "unduly potential plaintiffs from opting in"). Similarly, requests to include threats about potential litigation costs should also be rejected. *See Guzman v. VLM, Inc.*, 2007 U.S. Dist. LEXIS 75817, at *23-24 (E.D.N.Y. 2007) (language about litigation costs may present "an *in terrorem* effect that is disproportionate to the actual likelihood that the costs or counterclaim damages will occur").

- As this court has previously held, "notice[s] may be returned to [plaintiff's] lawyers, not the Court, as return to the Court might create unnecessary delays." *Isidro Gallardo*, 2026 U.S. Dist. LEXIS 17576, *10.

- Similarly, this court has previously held "defendants should furnish […] email addresses, and telephone numbers of any potential opt-in class members [as] the Court

sees little harm in it given the volume of electronic contacts that each of us already receive every day." *Id.* at 9.

## II.  CONCLUSION

For the reasons stated herein and in Plaintiffs' moving papers, the Court should grant the motion in full.

Dated: March 2, 2026                    **JOSEPH & KIRSCHENBAUM LLP**

                                         ___/s/ *Josef Nussbaum*
                                         Maimon Kirschenbaum
                                         Lucas C. Buzzard
                                         Josef Nussbaum
                                         45 Broadway, Suite 320
                                         New York, NY 10004
                                         (212) 688-5640
                                         (212) 981-9587 (fax)

                                         *Attorneys for Plaintiffs and the putative Class*

12

## CERTIFICATE OF COMPLIANCE

This brief complies with the word count limitation of Local Civil Rule 7.1(c) because it contains 3,479 words, not including the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates.

Dated: March 2, 2026                                    By:     s/ *Josef Nussbaum*
                                                                    Josef Nussbaum