JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Mike DiGiulio
Leah M. Seliger

45 Broadway, Suite 320
New York, NY 10006
Phone (212) 688-5640
Fax (212) 981-9587
www.jk-llp.com

October 19, 2026

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Fernandez v. Bulldozer Hospitality Group, Inc. et al,***
**No.: 25 CV 4490 (AS)**

Dear Judge Subramanian,

We represent the Plaintiffs and the Fed. R. Civ. P. Rule 23 class ("Plaintiffs") in the above-referenced matter. We write jointly with Defendants and in accordance with the Court's October 2, 2026 Order (ECF No. 112), to respectfully (a) provide the Court with proposed trial dates, and (b) submit Plaintiffs' proposed notice of this collective/class action.

**A. Proposed Trial Dates**

In its October 2, 2026 Order, the Court requested that the parties propose their availability for trial over the next six (6) months. The Parties respectfully note that they have not yet disseminated notice of the collective and class that the Court certified last month. Assuming a 60-day opt-in/opt-out period, the parties do not believe that this case will be realistically ready for trial until February 2027. Accordingly, the Parties propose the following their availability, subject to confirmation with the parties' respective clients, for trial in February and March 2027 as follows:

- February 1 – 5
- February 8-12
- February 15-19
- March 15-19
- March 29-April 2

**B. The Proposed Notice and Process for Dissemination**

**a. Plaintiffs' Position**

Attached hereto as Exhibit A is a copy of the proposed notice. Plaintiffs respectfully request that the Court (a) approve the content of this notice, (b) Order that the notice be disseminated via mail and email,[1] (c) Order that Defendants post the notice in a conspicuous location at Defendants' restaurant, (d) permit Plaintiffs to disseminate reminder notices to potential opt-in Plaintiffs, and (e) Order Defendants to produce a class list in Excel format. *See, e.g., Reilly v. City of N.Y.*, No. 23-CV-521 (AS), 2024 U.S. Dist. LEXIS 140763 (S.D.N.Y. Aug. 7, 2024) (Subramanian J.); *Reyes v. A.B. Bakery Rest. Corp*., 2023 U.S. Dist. LEXIS 160439, *12-13 (S.D.N.Y. Sept. 11, 2023).

This Court has previously approved the notification framework Plaintiffs propose here, including posted notice. *E.g., Reilly*, 2024 U.S. Dist. LEXIS 140763, *7; *Reyes*., 2023 U.S. Dist. LEXIS 160439, *13 (quoting *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 669 (S.D.N.Y. 2013) which found that such requests to post notice of collective actions are "routinely approve[d]"). In terms of reminder notices, "[t]he weight of caselaw in the Second Circuit has in recent years moved towards approval of reminder notices in light of the remedial purpose of the FLSA. The modern-day volume of information to which even ordinary citizens are subject makes such a notice helpful and mitigates the risk that it will be perceived as badgering." *Mangahas v. Eight Oranges Inc.*, 2022 U.S. Dist. LEXIS 190192, 2022 WL 10383029, at *9 (S.D.N.Y. Oct. 18, 2022) (cleaned up) (collecting cases); *see also Reilly*, 2024 U.S. Dist. LEXIS 140763, *7 (Subramanian J.).

Plaintiffs also respectfully request that the Court Order Defendants to produce a class list, in Microsoft Excel format, which includes the names, last known mailing addresses, all known email addresses, positions worked, and dates of employment of all potential collective/class action members who worked for Defendants at any point from May 29, 2019, to the present.

Finally, the Court should equitably toll the statute of limitations on the FLSA claim from December 12, 2025, the date when Plaintiffs filed their motion for conditional certification, until the date Plaintiffs are able to send the notice to potential opt-in plaintiffs. *See, e.g., Reyes,* 2023 U.S. Dist. LEXIS 160439, at *13-14 (Subramanian J.); *Xiao Ling Chen v. XpresSpa at Term. 4 JFK, LLC*, No. 15 CV 1347 (CBA) (CLP), 2016 U.S. Dist. LEXIS 20003, at *32 (E.D.N.Y. Feb. 16, 2016) ("As plaintiffs correctly point out, equitable tolling is commonly granted upon the filing of a motion for conditional certification of a collective action because of the high potential for prejudice to potential opt-in plaintiffs.") (collecting cases).

In sum, Plaintiffs respectfully request that the Court:

(a) Approve the content of the attached notice,
(b) Order that the notice be disseminated via mail and email,

[1] This request presumes that Defendants have email addresses from all potential class/collective members. In the event that that is not the case, Plaintiffs intend to seek permission to send notice via text message to phone number Defendants have in file for these individuals.

(c) Order that Defendants post the notice in a conspicuous place at Defendants' restaurant,
(d) Permit Plaintiffs to disseminate reminder notices to potential opt-in Plaintiffs,
(e) Order Defendants to produce a class list in Excel format (as outlined above) within 14 days; and
(f) Order that equitable tolling will run from December 12, 2025.

**b. Defendants' Position**

Defendants respectfully seek a ruling on the propriety of the notice(s) and dissemination, which was briefed by the parties in their cross-motions for summary judgment. See ECF Docket Entry 94 at 33-39. The Defendants respectfully note that this Court's decision on those motions did not address the parties' positions concerning same, and respectfully submit a ruling is necessary prior to proceeding with issuing or disseminating any notice. Defendants respectfully seek a week's time to address Plaintiffs' other requests, i.e., equitable tolling.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640