# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE FERNANDEZ, on behalf of herself and others similarly situated,

Plaintiff,

v.

BULLDOZER HOSPITALITY GROUP, INC., d/b/a OSTERIA LA BAIA, ROBERT PETROSYANTS and MARIANNA SHAHMURADYAN,

Defendants.

No.: 25-cv-04490 (AS)

**If you are or were employed as tipped employee, including a server, busser, runner, and/or bartender at Osteria La Baia restaurant in Manhattan at any time from November 15, 2021 to October 1, 2026, please read this notice.**

**A pending class/collective action lawsuit may affect your legal rights.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

Two former Osteria La Baia employees (collectively, the "Plaintiffs" and "Class Representatives") have sued Osteria La Baia, Robert Petrosyants and Marianna Shahmuradyan (collectively, "Defendants") claiming that Osteria La Baia required them to share portions of their tips with non-tip eligible employees and did not pay them all of their wages. Defendants deny all claims in this lawsuit.

- The Court has conditionally certified this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"). The collective members consist of servers, bussers, runners, and bartenders who were employed by Osteria La Baia at any time from December 12, 2022 to October 1, 2026.
- The Court has also allowed the lawsuit to proceed as a certified class action under the New York Labor Law ("NYLL"). The class consists of servers, bussers, runners, and bartenders who were employed by Osteria La Baia at any time between November 15, 2021 and the October 1, 2026.
- Your legal rights may be affected, and you have a choice to make now.

## I. BASIC INFORMATION

### 1. Why did I get this Notice?

Osteria La Baia's records show that you have worked for Osteria La Baia as a server, busser, runner, and/or bartender at some time between November 21, 2025 and October 1,

2026. This Notice explains that the Court has authorized Plaintiffs to proceed with a collective action lawsuit under the FLSA and a class action lawsuit under New York Labor Law.

You have legal rights and options that you may exercise. A trial may be necessary to decide whether the claims being made against Osteria La Baia, on your behalf, are correct or whether the various defenses to those claims are correct. The Honorable Arun Subramanian, a judge in the United States District Court for the Southern District of New York, is overseeing this lawsuit. The lawsuit is known as Fernandez v. Bulldozer Hospitality Group, Inc., Case No. 25 Civ. 04490.

## 2. What is this lawsuit about?

This lawsuit is about whether Osteria La Baia violated the FLSA and NYLL requiring tipped employees to share their tips with non-tip eligible employees. The lawsuit is also about whether Osteria La Baia violated the NYLL by not paying employees all the wages they were due under New York State law.

## 3. What is Osteria La Baia's position?

Osteria La Baia denies all of Plaintiffs' claims. It maintains that it has fully complied with all of the federal and state wage and hour laws at issue, and that no current or former employees are legally entitled to any additional compensation.

## 4. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims under the FLSA. All servers, bussers, runners, and bartenders who decide to participate in the case must file the attached Consent to Sue form and become "opt-in plaintiffs." Osteria La Baia, Robert Petrosyants and Marianna Shahmuradyan are the defendants. One court resolves the issues for everyone who decides to join the case as opt-in plaintiffs.

## 5. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. In this case, the Class Representatives, Katheine Fernandez and Adrian Montor-Teran, sued Osteria La Baia under the New York Labor Law. The court procedure for class actions is different from the collective action described in paragraph 4. For the New York Labor Law claim, everyone who worked for Osteria La Baia as a server, busser, runner, and/or bartender from November 21, 2025 to October 1, 2026 is automatically included in the case, except for those people who choose to exclude themselves from the Class.

**6. Has the Court decided who is right?**

The Court has not made any determinations about which side is right.

**7. Is there any money available now?**

There is no guarantee that money or benefits will ever be obtained. If they are, and if you join the FLSA collective action or remain in the New York Labor Law class action, you will be notified how to ask for a share.

## II. WHO IS IN THE CLASS

**8. Am I part of the FLSA Collective?**

Judge Subramanian decided that any individual employed by Osteria La Baia as a server, busser, runner, and/or bartender at any time between December 12, 2022 and October 1, 2026 is eligible to join the FLSA Collective. You are not a member of the FLSA Collective unless you return the Consent to Sue form, which will be filed with the Court.

**9. Am I part of the New York Labor Law Class?**

Judge Subramanian decided that all servers, bussers, runners, and/or bartenders who were employed by Osteria La Baia between November 15, 2021 and October 1, 2026 in this matter are members of the New York State Labor Law Class, unless they request to be excluded from the Class.

**10. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling Class Counsel, Joseph & Kirschenbaum LLP at (212) 688-5640 or emailing Josef Nussbaum at jnussbaum@jk-llp.com.

**11. Can I participate in this lawsuit even though, due to my immigration status, I am not working at Osteria La Baia legally?**

Yes. Your immigration status does not affect your entitlement to recover back wages or to participate in this lawsuit.

**12. Can Osteria La Baia fire me or take other action against me because I am a part of this case?**

No. Federal and New York law prohibit Osteria La Baia from discharging or in any other manner discriminating against any worker for joining this lawsuit. If you have any questions about this, contact Class Counsel, Joseph & Kirschenbaum LLP, at the telephone number or email address listed on the last page of this Notice.

## III. YOUR RIGHTS AND OPTIONS

You have to decide whether to file the attached Consent to Sue form to assert your FLSA claim.

### 13. How do I join the FLSA Collective?

If you choose to join the FLSA Collective, you have to read, sign, and promptly return the Consent to Sue form at the end of this Notice. The form must be sent to:

**Josef Nussbaum**
**Joseph & Kirschenbaum LLP**
**32 Broadway, Suite 320**
**New York, NY 10006**
**jnussbaum@jk-llp.com**

The form must be postmarked by [**60 days from the mailing[.**

### 14. How do I ask to be excluded from the New York Labor Law Class?

If you choose to be excluded from the New York Labor Law Class, you have to send a request to be excluded from the Class to:

**Josef Nussbaum**
**Joseph & Kirschenbaum LLP**
**32 Broadway, Suite 320**
**New York, NY 10006**
**jnussbaum@jk-llp.com**

The form must be postmarked by **[60 days from the mailing].**

### 15. What happens if I do nothing at all?

If you do nothing, you will be bound by all of the orders the Court issues and judgments the Court enters in the NYLL class action lawsuit, but not the FLSA collective action claim. Thus, you keep the possibility of getting money or benefits that may come from a trial or settlement of the NYLL claim, but you will not be eligible for money or benefits that may come from a trial or settlement of the FLSA claim.

Keep in mind that if you do nothing now, regardless of whether the plaintiffs win or lose at trial, you will not be able to sue Osteria La Baia about the same legal claims that are the subject of this lawsuit under New York State Labor Law.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in the case?

The Court decided that the law firm of Joseph & Kirschenbaum LLP is qualified to represent you and all Class Members and has been designated as "Class Counsel" in this lawsuit. More information about Joseph & Kirschenbaum LLP is available at http://www.jk-llp.com.

### 17. Should I get my own lawyer?

If you elect to participate in the FLSA Class or to not be excluded from the NYLL Class, you do not need to hire your own lawyer because Class Counsel will be working on your behalf. Of course, if you do want to hire your own lawyer, you may do so.

### 18. How will the lawyers be paid?

Joseph & Kirschenbaum LLP is handling this matter on a contingency basis, *i.e.,* the attorneys' fees and costs will be determined on a percentage basis and Plaintiffs will not be responsible for fees and/or costs if there is no recovery for the Plaintiffs. The agreement further provides that in the event that the Plaintiffs prevail on their claims at the conclusion of the case, Plaintiffs' counsel will make an application to the Court for the recovery of fees and costs, that the Court has discretion of the amount of fees to award, and that the fees may be as much as 33 1/3 % of any settlement fund or judgment, after the deduction of costs and expenses.

## IV. THE TRIAL

### 19. How and when will the Court decide who is right?

As long as the case is not dismissed or resolved by a settlement, Class Counsel will have to prove the plaintiffs' claims at trial. Any trial would take place in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that they will get any money for tipped employees.

### 20. Do I have to come to the trial?

You do not need to attend the trial, unless you are called as a witness by either Plaintiffs or Defendants. Class Counsel will present the case for the Plaintiffs, and Osteria La Baia will present the defenses. If you are not called as a witness, you and your own lawyer are welcome to come at your own expense.

## V. GETTING MORE INFORMATION

**21. Are there more details available?**

Yes. If you have any questions or require additional information, please contact:

**Josef Nussbaum**
**Joseph & Kirschenbaum LLP**
**45 Broadway, Suite 320**
**New York, NY 10006**
**Tel: 212-688-5640**
**http://www.jk-llp.com**

# CONSENT TO JOIN

**I WANT TO JOIN THE LAWSUIT** Fernandez, v. Bulldozer Hospitality Group Inc., et al, which is pending in the United States District Court for the Southern District of New York. I understand that this lawsuit seeks unpaid wages and tips that may be owed to me and that by joining this lawsuit I will become a plaintiff pursuant to the Fair Labor Standards Act. I agree to be bound by any adjudication in the lawsuit whether it is favorable or unfavorable. I understand that, by filing this form, I am voluntarily becoming a party plaintiff to this action, with the obligations and rights of a plaintiff in a case as explained in this form. I wish to pursue any claims that I may have to the greatest extent possible.

I authorize the representative Plaintiffs or Plaintiffs' attorneys to file this consent with the Clerk of Court. I hereby further authorize and designate the Named Plaintiff to act on my behalf concerning this litigation, this investigation, consideration of any potential settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that if I sign this Consent to Join, unless I inform Plaintiff's Counsel or the Court in writing, I will be represented by Plaintiffs' Counsel, Joseph & Kirschenbaum LLP and will be bound by the Attorney Retainer Agreement that Plaintiffs entered into with Joseph & Kirschenbaum LLP.

Date:_____________________

_____________________________ Signature

_____________________________ Phone Number*

_____________________________ Print Name

_____________________________ E-mail Address*

_____________________________ Dates of Employment*

_____________________________ Position(s) Held*

_____________________________

_____________________________

_____________________________ Mailing Address*

*This information will not be filed with the Court.