# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**


October 27, 2026

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

***Re:*** **Fernandez v. Bulldozer Hospitality Group, Inc., *et al.***
**Case No.: 1:25-cv-4490 (AS) (GS)**

Dear Judge Subramanian:

This firm represents the Defendants in the above-referenced case. Pursuant to the Court's October 20, 2026 Order, Defendants oppose the requests in Plaintiffs' letter-motion and their revised proposed notice (hereinafter the "Revised Notice"), and preserve every argument in their certification opposition, including the notice objections the Revised Notice still does not address. (See ECF Docket Entries ("ECF") 94 at 33-39, 103 at 23-26, 111, 113, 114, and 115). Defendants' proposed notice and forms are annexed as Exhibit A.

**The Revised Notice Does Not Conform to the Opinion**

Compared to the original notice, the Revised Notice mainly adds an October 1, 2026 end date, drops the dismissed NYLL § 195 claim, adds servers to ¶ 9, and fills the ¶ 6 placeholder. (Compare ECF 62-18, with ECF 115-1).

It still offers FLSA membership to every server, busser, runner, and bartender since December 12, 2022, though the Court certified only "a collective of non-managerial employees who participated in the tip pool at OLB alongside Perez," so the definition must be so limited. See ECF 111 at 5; ECF 115-1 ¶ 8; see also Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989) (notice must be "accurate").

It says Defendants did not pay them all of their wages, though Plaintiffs "never allege" pay "less than the tipped statutory minimum," so it must instead describe the Perez tip-sharing and tip-credit notice claims and Defendants' defenses. See ECF 111 at 5, 7, 9; see also Fed. R. Civ. P. 23(c)(2)(B)(iii).

It also: (i) starts the class on "November 21, 2025" in ¶¶ 1 and 5; (ii) sends consents and exclusions to "32 Broadway" in ¶¶ 13-14 but lists 45 Broadway in ¶ 21; (iii) calls the form a "Consent to Sue" though it is titled "Consent to Join"; (iv) calls opt-in Adrian Montor-Teran a "Class Representative" though the Opinion appointed only class counsel; (v) inappropriately refers to an "FLSA Class"; (vi) leaves malformed bracketed deadlines; (vii) misspells a Plaintiff's name; and (viii) limits Defendants' position and the binding effect of a judgment to "Osteria La Baia," omitting the individual Defendants. See Fed. R. Civ. P. 23(c)(2)(B)(vii); see also ECF 111 at 13-14.

**The Revised Notice Ignores Defendants' Briefed Objections**

*First*, it still omits defense counsel's contact information, which this Court has previously required in similar cases. See, e.g., Reyes v. A.B. Bakery Rest. Corp., No. 23-CV-1612 (AS), 2023 WL 5918056, at *5 (S.D.N.Y. Sept. 11, 2023); see also Gallardo v. 530 Food Corp., No. 25-CV-201 (AS), 2026 WL 237519, at *4 (S.D.N.Y. Jan. 29, 2026)

*Second*, the "court authorized this Notice" banner should be deleted or followed by the statement that "[t]he Court neither encourages nor discourages participation in the lawsuit." See states Reilly v. City of New York, No. 23-CV-521 (AS), 2024 WL 4125360, at *2 (S.D.N.Y. Aug. 7, 2024); see also Hoffmann-La Roche, 493 U.S. at 174.

*Third*, consents should go to the Clerk of Court "[t]o avoid disputes over timeliness," which the conflicting addresses invite, or Class Counsel should file each within three (3) business days, with a warning that limitations run until filing. See Reyes, 2023 WL 5918056, at *6; see also 29 U.S.C. § 256(b).

*Fourth*, the consent form's designation of "the Named Plaintiff to act on my behalf" on settlement and fees, and its binding of opt-ins to an unseen retainer agreement, should be replaced with a statement that each may choose counsel, appear through counsel, or sue separately. See Fed. R. Civ. P. 23(c)(2)(B)(iv); see also Gallardo, 2026 WL 237519, at *4.

*Fifth*, ¶ 14 requires a "form" that does not exist and never says what an exclusion request must contain, so Defendants propose the exclusion form in Exhibit A, with copies to all counsel. See Fed. R. Civ. P. 23(c)(2)(B)(vi).

*Sixth*, the notice should state that opt-ins "may be asked to testify and provide information about the work [they] performed," and Defendants preserve their other objections. See Hernandez v. Immortal Rise, Inc., No. 11-CV-4360 (RRM) (LB), 2012 WL 4369746, at *7 (E.D.N.Y. Sept. 24, 2012); see also ECF 103 at 23-26.

*Seventh*, because the collective was certified only after discovery and summary judgment, and opt-ins will join claims proceeding directly to trial, the notice should accurately tell them that, as parties, they may be liable for Defendants' taxable costs if Defendants prevail and may face sanctions for pursuing claims in bad faith or without a factual basis. See Fed. R. Civ. P. 54(d)(1); 28 U.S.C. § 1920; see also Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013) (Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs"); Fed. R. Civ. P. 11(b)-(c); Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); see also Bah v. Shoe Mania, Inc., No. 08-CV-9380, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) (requiring notice that opt-ins may be responsible for costs); Hallissey v. Am. Online, Inc., 2008 WL 465112, at *4 (S.D.N.Y. Feb. 19, 2008) (requiring notice that opt-ins may "pay costs if they do not prevail").

Although some courts have rejected costs language as having an *in terrorem* effect where costs were only a remote possibility at the conditional-certification stage, that concern does not apply to a case headed to trial, and Defendants propose: "If you join the FLSA Collective and Defendants prevail, the Court may order you to pay a share of Defendants' taxable court costs, which ordinarily do not include attorneys' fees, and, like any party, you may be subject to sanctions if you pursue claims in bad faith or without a factual basis." See Kucher v. Domino's Pizza, Inc., No. 16-CV-2492 (AJN), 2017 WL 2987216, at *3 (S.D.N.Y. May 22, 2017) (noting that courts in this Circuit "have split" on this subject); but see Guzman v. VLM, Inc., No. 07-CV-1126 (JG) (RER), 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007).

Finally, Plaintiffs must bear the cost of notice, including any certified Spanish translation filed for review. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178-79 (1974).

**Plaintiffs' Dissemination Requests Should Be Denied or Limited**

Posting should be denied or, at a minimum, limited to a non-public area, because it merely duplicates the mail and email notice that current employees will already receive, and posting was permitted in Reyes only because the defendants there did not oppose it. See Hallissey, 2008 WL 465112, at *3.

Any reminder should be one (1) Court-approved reminder to non-responding collective members thirty (30) days after mailing, ending with the Reilly neutrality sentence, and text messages should be barred absent a showing that mail, email, and posting are insufficient. Reilly, ECF 128 at 2.

The class list should run from November 15, 2021, not May 29, 2019, because the class begins then and the restaurant opened in 2022, and should be produced within thirty (30) days for notice purposes only. See ECF 111 at 1, 10; see also Reilly, ECF 128 at 3.

Equitable tolling is "a rare remedy to be applied in unusual circumstances," and is premature because no opt-in has shown diligence, an extraordinary circumstance, or a time-barred claim, and further delay stems from Plaintiffs' deficient filings. See Wallace v. Kato, 549 U.S. 384, 396 (2007); see also Contrera v. Langer, 278 F. Supp. 3d 702, 724-26 (S.D.N.Y. 2017); ECF 114.

Alternatively, any tolling should end October 1, 2026, with the FLSA notice period otherwise running three (3) years back from mailing. See Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011).

Defendants respectfully request that the Court order a notice conforming to Exhibit A and deny or limit Plaintiffs' other requests as set forth above.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
October 27, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
_/s/ Emanuel Kataev, Esq._
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants Bulldozer Hospitality Group, Inc., Robert Petrosyants, and Marianna Shahmuradyan*

**VIA ECF**
Joseph & Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*

**Certification of Compliance**

Pursuant to ¶ 3(A) of the Court's Individual Practices, the undersigned certifies that the body of this letter does not exceed three (3) pages and, although Local Civil Rule 7.1(c) does not apply to letters, that it contains 1,286 words, exclusive of the caption, signature block, and these certifications, as counted by the word-processing program used to prepare it.

_/s/ Emanuel Kataev, Esq._

**Certification Regarding Use of Artificial Intelligence**

Pursuant to ¶ 8(F) of the Court's Individual Practices, the undersigned certifies that, to the extent ChatGPT or any other artificial intelligence tool was used in preparing this letter, the undersigned has personally confirmed the accuracy of all research conducted by such means, including every citation to the record and to legal authority, and bears responsibility for this filing.

_/s/ Emanuel Kataev, Esq._