UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE FERNANDEZ, on behalf of herself and others similarly situated,

Plaintiff,

-against-

BULLDOZER HOSPITALITY GROUP, INC., et al.,

Defendants.

25-CV-4490 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court sets this case for trial from **March 15–19, 2027.** The statute of limitations on the FLSA claim is equitably tolled from December 12, 2025—the date plaintiffs filed their motion for conditional certification—until the date they are able to send notice to potential opt-in plaintiffs. *See, e.g.*, *Reyes v. A.B. Bakery Rest. Corp.*, 2023 WL 5918056, at *5 (S.D.N.Y. Sept. 11, 2023) ("[E]quitable tolling is commonly granted upon the filing of a motion for conditional certification of a collective action because of the high potential for prejudice to potential opt-in plaintiffs.").

Plaintiffs should, on or before November 10, 2026, furnish a revised notice that addresses the issues raised by the defendants, including clear factual inconsistencies. The defendants, in turn, should be raising their concerns to plaintiffs' counsel and attempting to resolve them without the Court's intervention, not sending letters to the Court with a list of typos they have discovered. Dkt. 116 at 1. The Court agrees with plaintiffs that the notice may state that it was authorized by a court, as this is factually true. The notice's descriptions of the certified collective and class, however, are overbroad, and should be limited to those non-managerial employees who participated in a tip pool with Perez or were subject to the tip credit that defendants are

alleged to have unlawfully taken. *See* Dkt. 115-1 at 2, 3, 4. In addition, the notice should clearly and specifically state the claims at issue. It is not enough to say that the suit is a "collective action lawsuit under the FLSA and a class action lawsuit under New York Labor Law," or that the state law claims are about "whether Osteria La Baia violated the NYLL by not paying employees all the wages they were due." *Id.* at 3. The notice must make clear that the claims at issue concern the allegedly unlawful inclusion of a managerial employee in the tip pool, and the allegedly unlawful taking of a tip credit.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 113.

SO ORDERED.

Dated: November 5, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge