KIRSCHENBAUM LLP
Attorneys at Law

D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com


November 18, 2026

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***Fernandez v. Bulldozer Hospitality Group, Inc. et al.*,**
**No.: 25 CV 4490 (AS)**

Dear Judge Subramanian:

We represent Plaintiffs and the Rule 23 class ("Plaintiffs") in the above-referenced matter. We write to respectfully submit a revised notice for the Court's review and approval. Plaintiffs apologize for not submitting this notice sooner; we misunderstood the Court's instructions as requiring only that we furnish Defendants' counsel with a revised notice by November 10, 2026 (which we did). A copy of the revised notice is attached as Exhibit A.

The parties met and conferred regarding the notice on November 10, 2026. Based on our conversations with Defendants' counsel and the redline edits we received after the meet and confer, the parties remain unable to agree on the form of the notice. The principal disputes are that (1) Defendants wish to include an exclusion request form, and (2) Defendants wish to instruct class members that they can contact Defendants' counsel to discuss the case. Both requests are improper in a class action notice, and the Court should reject them.

First, Rule 23 requires only that class members receive notice that explains in "plain, easily understood language . . . that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B). Accordingly, "[c]ourts have often refused to allow an opt-out form to be included with a class notice . . . because the approach creates more confusion than it remedies." *In re Prudential Ins. Co. of Am.*, 962 F. Supp. 450, 531 (D.N.J. 1997). *See also, e.g.*, *Mendez v. United States Nonwovens Corp.*, 2017 U.S. Dist. LEXIS 238714, at *9 (E.D.N.Y. Aug. 2, 2017) ("it is possible that an opt-out form included with the notice could be construed as an opt-in form, resulting in class members unwittingly excluding themselves from the litigation [and w]hile the parties disagree as to the degree of confusion an opt-out form would create, whatever the risk, 'it is an unnecessary one.'") (quoting *Damassia v. Duane Reade, Inc.*, No. 04 CIV. 8819,

2008 U.S. Dist. LEXIS 65973, 2008 WL 7863651, at *1 (S.D.N.Y. Aug. 27, 2008)); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 553–54 (N.D. Ga. 1992) (inclusion of opt-out form would confuse class members); *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D. Cal. 1988) (observing that on balance "a separate form will engender confusion and encourage investors to unwittingly opt out of the class").

Next, it is axiomatic that "after class certification, *ex parte* communications with individual class members are generally disfavored because class counsel are counsel to the entire class—both Class Representatives and absent class members." *Dial Corp. v. News Corp.*, 2015 U.S. Dist. LEXIS 168363, at *11–12 (S.D.N.Y. Nov. 16, 2015) (citing Manual for Complex Litigation § 21.33 (2004) ("Once a class has been certified, the rules governing communications apply as though each class member is the client of class counsel.... Defendants' attorneys, and defendants acting in collaboration with their attorneys, may only communicate through class counsel with class members on matters regarding the litigation.") and Rule 4.2(a) of the New York Rules of Professional Conduct ("a lawyer shall not communicate or cause another to communicate about the subject matter of the representation with a party the lawyer knows to be represented by another lawyer in the matter[.]")). Accordingly, it would be improper for Defendants to instruct class members that they should contact Defendants' counsel if they have any questions about the lawsuit.

Finally, in addition to approving the proposed notice, Plaintiffs reiterate their request that the Court (a) order that the notice be disseminated via mail and email,[1] (b) order that Defendants post the notice in a conspicuous location at Defendants' restaurant, (c) permit Plaintiffs to disseminate reminder notices to potential opt-in Plaintiffs, and (d) order Defendants to produce a class list (including the names, last known mailing addresses, all known telephone numbers, all known email addresses, positions worked, and dates of employment of all potential class and collective members who worked for Defendants at any point from November 15, 2021, to the present) in Excel format. *See, e.g., Reilly v. City of N.Y.*, No. 23-CV-521 (AS), 2024 U.S. Dist. LEXIS 140763 (S.D.N.Y. Aug. 7, 2024) (Subramanian, J.); *Reyes v. A.B. Bakery Rest. Corp.*, 2023 U.S. Dist. LEXIS 160439, at *12–13 (S.D.N.Y. Sept. 11, 2023). *See generally* Plaintiffs' October 19, 2026 letter (ECF No. 113).

We thank the Court for its attention to this matter.

Respectfully submitted,

**KIRSCHENBAUM LLP**

s/ *Josef Nussbaum*

Josef Nussbaum
45 Broadway, Suite 320
New York, NY 10006

[1] This request presumes that Defendants have email addresses for all potential class and collective members. If that is not the case, Plaintiffs intend to seek permission to send notice via text message to the phone numbers Defendants have on file for these individuals.

Tel: (212) 688-5640

cc: All counsel of record (via ECF)