# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE FERNANDEZ, on behalf of herself and others similarly situated,

Plaintiff,

v.

BULLDOZER HOSPITALITY GROUP, INC., d/b/a OSTERIA LA BAIA, ROBERT PETROSYANTS and MARIANNA SHAHMURADYAN,

Defendants.

No.: 25-cv-4490 (AS) (GS)

**If you worked at Osteria La Baia restaurant in Manhattan as a non-managerial employee at any time from November 15, 2021 through October 1, 2026 and you either participated in a tip pool with Julio Perez and/or were paid a reduced hourly rate under a tip credit that Defendants are alleged to have unlawfully taken, please read this Notice.**

**A pending class/collective action lawsuit may affect your legal rights.**

*A court authorized this Notice. This is not a solicitation from a lawyer.*

Katherine Fernandez, a former Osteria La Baia employee (the "Named Plaintiff"), Adrian Montor-Teran, and Javier Molina, former Osteria La Baia employees who joined the lawsuit as opt-in plaintiffs (together, "Plaintiffs"), have sued Bulldozer Hospitality Group, Inc. d/b/a Osteria La Baia ("Osteria La Baia"), Robert Petrosyants, and Marianna Shahmuradyan (collectively, "Defendants"). Plaintiffs allege that Defendants unlawfully included a managerial employee, Julio Perez, in the tip pool, and unlawfully took a tip credit without giving tipped employees the written notice that New York regulations require. Defendants deny all claims in this lawsuit.

- The Court has certified this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA") on the tip pool claim only. The collective consists of non-managerial employees who participated in the tip pool at Osteria La Baia alongside Julio Perez at any time from December 12, 2022 through October 1, 2026 (the "FLSA Collective").
- The Court has also certified this lawsuit as a class action under the New York Labor Law ("NYLL") on two claims: (i) the allegation that a managerial employee, Julio Perez, was unlawfully included in the tip pool; and (ii) the allegation that Defendants unlawfully took a tip credit without giving the required written notice. The class consists of non-managerial food-service employees (including servers, runners, bussers, and bartenders) who worked at Osteria La Baia at any time from November 15, 2021 through October 1, 2026 and who either participated in a tip pool with Julio Perez or were subject to the tip credit that Defendants are alleged to have unlawfully taken (the "New York Labor Law Class" or "NYLL Class").

- Your legal rights may be affected, and you have a choice to make now.

## I. BASIC INFORMATION

### 1. Why did I get this Notice?

Osteria La Baia's records show that you worked for Osteria La Baia as a non-managerial tipped employee at some time between November 15, 2021 and October 1, 2026. This Notice explains that the Court has authorized Plaintiffs to proceed with a collective action under the FLSA on the claim that Julio Perez was allegedly unlawfully included in the tip pool, and with a class action under the NYLL on that tip pool claim and on the claim that Defendants unlawfully took a tip credit without giving the required written notice.

You have legal rights and options that you may exercise. A trial may be necessary to decide whether the claims being made against Defendants, on your behalf, are correct or whether the various defenses to those claims are correct. The Honorable Arun Subramanian, a judge in the United States District Court for the Southern District of New York, is overseeing this lawsuit. The lawsuit is known as Fernandez v. Bulldozer Hospitality Group, Inc., Case No. 25-cv-4490 (AS) (GS).

### 2. What is this lawsuit about?

This lawsuit is about two claims. First, Plaintiffs allege that Defendants violated the FLSA and the NYLL by unlawfully including a managerial employee, Julio Perez, in the tip pool that tipped employees were required to share. Specifically, Plaintiffs allege that they were required to share tips with Julio Perez, and they contend that Mr. Perez was a manager and thus not tip eligible.

Second, Plaintiffs allege that Defendants violated the NYLL by unlawfully taking a tip credit. Specifically, Plaintiffs allege that they were paid a reduced hourly rate below the full minimum wage (a "tip credit"), and that Osteria La Baia was not entitled to do so because it did not provide the written notice of the tip credit required by New York law.

### 3. What is Defendants' position?

Defendants deny all of Plaintiffs' claims. Defendants contend that Julio Perez was a senior service employee, not a manager, and was entitled to share in tips. Defendants also contend that employees received the required written notices of the tip credit. Robert Petrosyants and Marianna Shahmuradyan also deny that they are personally liable as employers. Defendants maintain that they have fully complied with all of the federal and state wage and hour laws at issue, and that no current or former employees are legally entitled to any additional compensation.

### 4. What is a collective action and who is involved?

In a collective action lawsuit, one or more persons sue on behalf of other people who have similar claims under the FLSA. All members of the FLSA Collective (described in paragraph 8) who decide to participate in the case must file the attached Consent to Join form and become "opt-in plaintiffs." Osteria La Baia, Robert Petrosyants, and Marianna Shahmuradyan are the defendants. One court resolves the issues for everyone who decides to join the case as opt-in plaintiffs.

**5. What is a class action and who is involved?**

In a class action lawsuit, one or more people sue on behalf of other people who have similar claims. In this case, the Named Plaintiff, Katherine Fernandez, sued Defendants under the New York Labor Law on behalf of the NYLL Class. The court procedure for class actions is different from the procedure for collective actions described in paragraph 4. For the New York Labor Law claims, every member of the NYLL Class (described in paragraph 9) is automatically included in the case, except for those people who choose to exclude themselves from the Class. Instructions on how to exclude yourself may be found in the answer to Question 14 below.

**6. Has the Court decided who is right?**

The Court has not made any determinations about which side is right and the claims will be decided at a trial unless the case is otherwise resolved. . The Court neither encourages nor discourages participation in this lawsuit.

**7. Is there any money available now?**

There is no money available now, and there is no guarantee that money or benefits will ever be obtained. If they are, and if you join the FLSA collective action or remain in the New York Labor Law class action, you will be notified how to ask for a share. Based on Plaintiffs' calculations, if Plaintiffs prevail, each employee may be entitled to an average of $2,924.67 for the tip-credit claim and $919.20 for the tip pool claim. Defendants deny that any damages are owed and dispute Plaintiffs' calculation of the damages. To the extent Plaintiffs are successful, individual recoveries will vary.

## II. WHO IS IN THE COLLECTIVE AND THE CLASS

**8. Am I part of the FLSA Collective?**

The Court certified an FLSA Collective of non-managerial employees who participated in the tip pool at Osteria La Baia alongside Julio Perez. If you were employed by Osteria La Baia as a non-managerial employee and participated in the tip pool alongside Julio Perez at any time between December 12, 2022 and October 1, 2026, you are eligible to join the FLSA Collective. Employees who did not participate in the tip pool alongside Julio Perez are not eligible to join the FLSA Collective. You are not a member of the FLSA Collective unless you return the Consent to Join form by 60 days from the mailing, which will be filed with the Court.

**9. Am I part of the New York Labor Law Class?**

The Court certified a class of all non-managerial food-service employees (including servers, runners, bussers, and bartenders) who were employed by Osteria La Baia between November 15, 2021 and October 1, 2026, and who either participated in a tip pool with Julio Perez and/or were paid pursuant to a tip credit. These individuals are automatically included in the New York Labor Law Class, unless they request to be excluded from the Class.

**10. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can get free help by calling Class Counsel, Kirschenbaum LLP at (212) 688-5640 or emailing Josef Nussbaum at jnussbaum@jk-llp.com.

**11. Can I participate in this lawsuit even though, due to my immigration status, I am not working at Osteria La Baia legally?**

Yes. Your immigration status does not affect your entitlement to recover back wages or to participate in this lawsuit.

**12. Can Defendants fire me or take other action against me because I am a part of this case?**

No. Federal and New York law prohibit Defendants from discharging or in any other manner discriminating against any worker for joining this lawsuit. If you have any questions about this, contact Class Counsel, Kirschenbaum LLP, at the telephone number or email address listed on the last page of this Notice.

## III. YOUR RIGHTS AND OPTIONS

You have to decide whether to file the attached Consent to Join form to assert your FLSA claim, and whether to remain in or exclude yourself from the New York Labor Law Class.

**13. How do I join the FLSA Collective?**

If you choose to join the FLSA Collective, you have to read, sign, and promptly return the Consent to Join form at the end of this Notice. The form must be sent to:

**Josef Nussbaum**
**Kirschenbaum LLP**
**45 Broadway, Suite 320**
**New York, NY 10006**
**jnussbaum@jk-llp.com**

The form must be postmarked by [**60 days from the mailing**]. Class Counsel will file each Consent to Join form with the Court within three (3) business days of receipt. The time limit to bring an FLSA claim, except for the period the Court has already tolled, continues to run until your Consent to Join form is filed with the Court.

If you join the FLSA Collective, you will be bound by any ruling, settlement, or judgment on the FLSA claim, whether favorable or unfavorable. You may be asked to testify and provide information about the work you performed for Defendants in order to help the Court decide whether you are owed any money.

**14. How do I ask to be excluded from the New York Labor Law Class?**

If you choose to be excluded from the New York Labor Law Class, you have to send a request to be excluded from the Class to:

**Josef Nussbaum**
**Kirschenbaum LLP**
**45 Broadway, Suite 320**
**New York, NY 10006**
**jnussbaum@jk-llp.com**

Any request to be excluded must be postmarked by **[60 days from the mailing].**

If you exclude yourself, you will not receive any money from the New York Labor Law Class claims and will not be bound by any judgment on those claims.

**15. What happens if I do nothing at all?**

If you do nothing, you will remain in the New York Labor Law Class and will be bound by all of the orders the Court issues and judgments the Court enters on the NYLL Class claims against all Defendants, whether favorable or unfavorable, but you will not be part of the FLSA Collective. Thus, you keep the possibility of getting money or benefits that may come from a trial or settlement of the NYLL claims, but you will not be eligible for money or benefits that may come from a trial or settlement of the FLSA claim.

## IV. THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in the case?**

The Court appointed the law firm of Joseph & Kirschenbaum LLP (now known as Kirschenbaum LLP) as counsel for the New York Labor Law Class ("Class Counsel") in this lawsuit. More information about Kirschenbaum LLP is available at http://www.jk-llp.com.

**17. Should I get my own lawyer?**

If you elect to participate in the FLSA Collective or do not exclude yourself from the NYLL Class, you do not need to hire your own lawyer because Class Counsel will be working on your behalf. Of course, if you do want to hire your own lawyer, you may do so.

**18. How will the lawyers be paid?**

Kirschenbaum LLP is handling this matter on a contingency basis, which means that you will not owe Class Counsel any fees or costs if there is no recovery. If Plaintiffs prevail on their claims at the conclusion of the case, Class Counsel will make an application to the Court for the recovery of fees and costs, the Court has discretion over the amount of fees to award, and the fees may be as much as one-third (33⅓%) of any settlement fund or judgment, in addition to costs and expenses Kirschenbaum LLP incurred.

## V. THE TRIAL

**19. How and when will the Court decide who is right?**

As long as the case is not dismissed or resolved by a settlement, Class Counsel will have to prove the plaintiffs' claims at trial. The Court has scheduled the trial to take place from March 15 to 19, 2027, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendants are right about the claims in the lawsuit. There is no guarantee that Plaintiffs will win, or that they will get any money for tipped employees.

**20. Do I have to come to the trial?**

You do not need to attend the trial, unless you are called as a witness by either Plaintiffs or Defendants. Class Counsel will present the case for the Plaintiffs, and Defendants' counsel will present Defendants' defenses. If you are not called as a witness, you and your own lawyer, should you choose to retain one, are welcome to come at your own expense.

## VI. GETTING MORE INFORMATION

**21. Are there more details available?**

Yes. If you have any questions or require additional information, please contact Class Counsel:

**Josef Nussbaum**
**Kirschenbaum LLP**
**45 Broadway, Suite 320**
**New York, NY 10006**
**Tel: 212-688-5640; 718-915-5304**
**Email: jnussbaum@jk-llp.com**

**http://www.jk-llp.com**

You may also review the court file at the Clerk's Office, 500 Pearl Street, New York, NY 10007, or through PACER at www.pacer.uscourts.gov. Please do not call or write to the Judge about this Notice.

# CONSENT TO JOIN

**I WANT TO JOIN THE LAWSUIT** *Fernandez v. Bulldozer Hospitality Group, Inc., et al.*, No. 25-cv-04490 (AS) (GS), which is pending in the United States District Court for the Southern District of New York. I understand that my claim under the Fair Labor Standards Act ("FLSA") concerns the alleged unlawful inclusion of a managerial employee, Julio Perez, in the tip pool, and that by joining this lawsuit I will become a party plaintiff pursuant to the FLSA, 29 U.S.C. § 216(b). I understand that I will be bound by any ruling, settlement, or judgment on the FLSA claim, whether favorable or unfavorable. I understand that, by filing this form, I am voluntarily becoming a party plaintiff to this action, with the obligations and rights of a plaintiff in a case as explained in this form and in the Notice.

I authorize Class Counsel to file this consent with the Clerk of Court. I hereby further authorize and designate the Named Plaintiff to act on my behalf concerning this litigation, this investigation, consideration of any potential settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that if I sign this Consent to Join, unless I inform Plaintiff's Counsel or the Court in writing, I will be represented by Plaintiffs' Counsel, Kirschenbaum LLP and will be bound by the Attorney Retainer Agreement that Plaintiffs entered into with Kirschenbaum LLP.

**Return this form so that it is postmarked by [60 days from the mailing] to the address in paragraph 13 of the Notice.**

Date:_____________________

_____________________________ _____________________________
Signature Phone Number*

_____________________________ _____________________________
Print Name E-mail Address*

_____________________________ _____________________________
Dates of Employment*

_____________________________ _____________________________
Position(s) Held*

_____________________________
Mailing Address*

*This information will not be filed with the Court.