**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

November 18, 2026

**VIA ECF**
United States District Court
Southern District of New York
Attn: Hon. Arun Subramanian, U.S.D.J.
500 Pearl Street, Courtroom 15A
New York, NY 10007-1312

***Re:*** **Fernandez v. Bulldozer Hospitality Group, Inc., *et al.***
**Case No.: 1:25-cv-4490 (AS) (GS)**

Dear Judge Subramanian:

This firm represents the Defendants in the above-referenced case. Defendants respectfully submit this letter in partial opposition to Plaintiffs' November 18, 2026 letter-motion (ECF Docket Entry ("ECF") 119) and the revised notice annexed to it (ECF 119-1) (the "Filed Notice"). The Filed Notice adopts some of Defendants' revisions, but, as filed, it does not fully conform to the Court's November 5, 2026 Order (ECF 117) (the "11/5 Order") and removes others that accuracy and Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") require. Defendants therefore ask that the Court approve Defendants' proposed counter-notice, annexed hereto as Exhibit A, in place of the Filed Notice. For the Court's convenience, a redline comparing the Filed Notice to Exhibit 1 is annexed hereto as Exhibit B.

**The Filed Notice Does Not Fully Conform to this Court's November 5, 2026 Order (ECF 117)**

The 11/5 Order held that the notice's descriptions of the collective and class were overbroad and "should be limited to those non-managerial employees who participated in a tip pool with Perez or were subject to the tip credit that defendants are alleged to have unlawfully taken." See ECF 117 at 1-2. Plaintiffs made that change in the headline and the page-one class description, but Question 9, which defines the class, still in broad swathe reaches every employee who was "paid pursuant to a tip credit." See ECF 119-1 ¶ 9. That is the definition the Court found overbroad. The 11/5 Order also requires the notice to make clear that the claims concern the "allegedly unlawful taking of a tip credit," ECF 117 at 2, yet Question 1 describes it as the claim "that Defendants unlawfully took a tip credit," omitting the "allegedly" that the same sentence uses for the tip-pool claim. See ECF 119-1 ¶ 1. Exhibit A conforms Question 9 to the Court's language and adds "allegedly" to Question 1.

**The Filed Notice Misstates the Status of the Case**

A court-authorized notice must be "accurate." See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Question 6 tells class members that "[t]he Court has not made any determinations about which side is right," but that is not accurate, as the Court granted Defendants summary judgment on the service-charge claim and dismissed the NYLL § 195 claim. See ECF 119-1 ¶ 6, ECF 111 at 14. This significant ruling is something class and collective action members are entitled to notice of. The Filed Notice also omits Defendants' proposed sentence in Question 2

advising that those claims are no longer part of the case. Exhibit A corrects both answers. In addition, because the Court permitted the notice to say that "[a] court authorized this Notice" (ECF 117 at 1, ECF 119-1 at 1), the statement that the Court "neither encourages nor discourages participation" belongs on page one next to that banner, not at the end of Question 6, where Plaintiffs placed it. See ECF 119-1 ¶ 6; see also Hoffmann-La Roche, 493 U.S. at 174 (courts "must take care to avoid even the appearance of judicial endorsement"); Reilly v. City of New York, No. 23-CV-521 (AS), 2024 WL 4125360, at *2 (S.D.N.Y. Aug. 7, 2024).

**Plaintiffs' Letter Does Not Identify All of the Disputed Revisions**

As the 11/5 Order directed, Defendants raised their concerns with Plaintiffs' counsel directly.[1] They sent a redline on November 10, 2026, met and conferred that afternoon for approximately ten to fifteen (10-15) minutes, and sent a further redline with supporting authorities on November 18, 2026. Plaintiffs' letter describes two "principal disputes," but the Filed Notice also omits at least fifteen other revisions to which Defendants never agreed. Among them, it removes the statement of Defendants' position: Defendants' denial that Mr. Perez was a managerial employee, the word "alleged" before "managerial employee" on page one, and the basis for Defendants' position in Question 3 that Mr. Perez served customers at tables assigned to him. See Fed. R. Civ. P. 23(c)(2)(B)(iii). On the morning of November 18, 2026, Plaintiffs' counsel wrote that, if Defendants agreed to remove the two disputed items, Plaintiffs would "circulate a redline with those changes and a few small nits." No redline was circulated before Plaintiffs' latest proposed notice was filed. Exhibit B shows every difference between the Filed Notice and Exhibit A.

**Listing Defendants' Counsel Is Not an Invitation to Contact Them**

Plaintiffs state that Defendants wish to instruct class members that they can contact Defendants' counsel to discuss the case. See ECF 119 at 1-2. That is not Defendants' position. Exhibit A directs all questions to Class Counsel and lists Defendants' counsel below Class Counsel under "Getting More Information," as this Court has previously required. See Reyes v. A.B. Bakery Rest. Corp., No. 23-CV-1612 (AS), 2023 WL 5918056, at *5 (S.D.N.Y. Sept. 11, 2023) ("The notice should also include defense counsel's contact information under 'Getting More Information'"); see also Gallardo v. 530 Food Corp., No. 25-CV-201 (AS), 2026 WL 237519, at *4 (S.D.N.Y. Jan. 29, 2026) ("Defendants' counsel's information should be included as proposed"). Defendants provided Plaintiffs with these authorities and they have ignored it. Instead, Plaintiffs assert that the inclusion of Defendants' counsel's information is tantamount to a violation of Rule 4.2 of the New York Rules of Professional Conduct. Dial Corp., as Plaintiffs quote it, concerns *ex parte* communications with class members after certification. Defendants propose none, and a Court-approved notice identifying counsel for all parties is not such a

---

[1] Defendants take to heart this Court's direction that the parties should have met-and-conferred about typos and related items prior to Plaintiffs' first proposed notice. The problem, however, was that Plaintiffs filed the notice without sharing it with Defendants in advance, despite Defendants' request, twice over, to share a joint letter on the items this Court asked the parties to address following its decision on the parties' cross-motions for summary judgment. Defendants were therefore unable to meet-and-confer with Plaintiffs concerning the notice.

communication. To resolve any concern, Exhibit A also states that Defendants' counsel "represents Defendants, not you, and is listed for your information only," and asks class members to "direct any questions about this Notice or the lawsuit to Class Counsel." Plaintiffs ignore the fact that a class or collective action may wish to be fully informed about all individuals involved in this case to determine whether or not they wish to opt in to a collective action or opt out of a class action. Their strained arguments about potential future *ex parte* communication that has not yet occurred merits no attention.

**The Notice Must Explain How to Request Exclusion**

Defendants submit that a separate exclusion form is necessary and is not in any way confusing as Plaintiffs suggest. See Fed. R. Civ. P. 23(c)(2)(B)(v)-(vi). The Filed Notice says only that a class member must "send a request to be excluded," without saying what the request must contain. See ECF 119-1 ¶ 14. To avoid confusion between the two procedures, Question 14 should also state that excluding oneself from the class does not by itself prevent joining the FLSA Collective. Exhibit A does each of these things.

**The Consent to Join Should Not Bind Opt-Ins to Terms They Have Not Seen**

The Filed Notice's Consent to Join still designates "the Named Plaintiff to act on my behalf" regarding "consideration of any potential settlement and attorneys' fees and costs," and binds each opt-in to "the Attorney Retainer Agreement that Plaintiffs entered into with Kirschenbaum LLP," which is not attached. See ECF 119-1 at 8. Each opt-in becomes a "party plaintiff" in his or her own right, see 29 U.S.C. § 216(b), and cannot meaningfully agree to a contract he or she has never seen. Exhibit A removes that language and, as this Court required in Gallardo, makes clear that opt-ins may "retain their own attorneys should they so choose." See 2026 WL 237519, at *4; see also ECF 116 at 2. Exhibit A likewise adds to Question 17 that a class member "may enter an appearance through your own lawyer." See Fed. R. Civ. P. 23(c)(2)(B)(iv).

**Plaintiffs' Dissemination Requests Should Be Limited as Set Forth in ECF 116**

Plaintiffs reiterate the dissemination requests in their October 19, 2026 letter (ECF 113), but do not acknowledge Defendants' opposition (ECF 116) or that ECF 117 did not grant those requests and directed that the motion at ECF 113 be terminated. For the reasons in ECF 116: (i) the class list should cover those who worked from November 15, 2021 through October 1, 2026, not "to the present," (see ECF 119 at 2) which is inconsistent with the October 1, 2026 end date in Plaintiffs' own notice, and should be used for notice purposes only, see Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011); see also Reilly, ECF 128 at 3; (ii) any reminder should be a single Court-approved reminder to non-responding collective members thirty (30) days after mailing; and (iii) text messages and posting should be denied absent a showing that mail and email are insufficient or, at a minimum, any posting should be limited to a non-public area. See Reilly, ECF 128 at 2; see also Hallissey v. Am. Online, Inc., 2008 WL 465112, at *3 (S.D.N.Y. Feb. 19, 2008). In light of the foregoing, and given Plaintiffs' abject failure to meaningfully meet-

and-confer, Defendants respectfully request that the Court approve the notice annexed as Exhibit A and deny or limit Plaintiffs' remaining requests as set forth above and in ECF 116.

Defendants thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
November 18, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
_*/s/ Emanuel Kataev, Esq.*_____
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Bulldozer Hospitality Group, Inc.,*
*Robert Petrosyants, and*
*Marianna Shahmuradyan*

**VIA ECF**

Kirschenbaum LLP
Attn: Josef Nussbaum, Esq.
45 Broadway, Suite 320
New York, NY 10006-3007
(212) 688-5640 (office)
jnussbaum@jk-llp.com

*Attorneys for Plaintiffs*

**Certification of Compliance**

Pursuant to ¶ 3(A) of the Court's Individual Practices, the undersigned certifies that the body of this letter (excluding letterhead, addressee block, title, and signature block) does not exceed three (3) pages and, although Local Civil Rule 7.1(c) does not apply to letters, that it contains 1,679 words, exclusive of the caption, signature block, and these certifications, as counted by the word-processing program used to prepare it.

_*/s/ Emanuel Kataev, Esq.*_____

**Certification Regarding Use of Artificial Intelligence**

Pursuant to ¶ 8(F) of the Court's Individual Practices, the undersigned certifies that, to the extent ChatGPT or any other artificial intelligence tool was used in preparing this letter, the undersigned has personally confirmed the accuracy of all research conducted by such means, including every citation to the record and to legal authority, and bears responsibility for this filing.

_*/s/ Emanuel Kataev, Esq.*_____