UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHERINE FERNANDEZ, on behalf of herself and others similarly situated,

Plaintiff,

-against-

BULLDOZER HOSPITALITY GROUP, INC., et al.,

Defendants.

25-cv-4490 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court has received the competing proposed notices that the parties have filed. It rules as follows on the defendants' objections, as captured by the redline filed at Dkt. 120-2:

- Page 1: The Court rejects as redundant defendants' addition of the phrase "an alleged" before "managerial employee."

- Page 2: The Court rejects defendants' addition to Section 2: "Plaintiffs do not claim that any employee was paid less than the minimum hourly rate for tipped employees. Claims about service charges and about wage notices under NYLL § 195 have been dismissed and are no longer part of this lawsuit." The notice should describe what the lawsuit is about, not what it's *not* about. The suggested addition is unnecessary and potentially confusing.

- Page 3: The Court rejects the defendants' revisions to Section 6 as unnecessary and potentially confusing.

- Page 4: The Court rejects defendants' addition to Section 9: "The New York Labor Law Class includes only the claim that Julio Perez was allegedly unlawfully included in the tip pool and the claim that Defendants allegedly unlawfully took a tip credit without giving the required written notice." The proposed addition is unnecessary and redundant.

- Page 5: The Court approves the inclusion of the Exclusion Request Form and the corresponding instructions in Section 14. The notice states clearly that the form should only be completed, signed, and sent if an individual "choose[s] to be excluded from the New York Labor Law Class," and the Court does not believe it reasonably likely that the form will be confused for an opt-in form.

- Page 6: The Court rejects defendants' additions to Sections 15 and 17 as unnecessary and potentially confusing.

- Page 7: The Court rejects defendants' addition to Section 19 as irrelevant to the notice.

- Page 7: The Court approves the inclusion of contact information for defendants' counsel. *See, e.g.*, *Reyes v. A.B. Bakery Rest. Corp.*, 2023 WL 5918056, at *5 (S.D.N.Y. Sept. 11, 2023); *Gallardo v. 530 Food Corp.*, 2026 WL 237519, at *4 (S.D.N.Y. Jan. 29, 2026). The inclusion of defendants' counsel's information does not amount to an invitation to contact them for ex parte communications. However, to make this clear, the proposed addition "Defendants' counsel represents Defendants, not you, and is listed for your information only. Please direct any questions about this Notice or the lawsuit to Class Counsel" should be moved to appear directly above defendants' counsel's information, after class counsel's information.

- Consent to Join: The Court agrees with defendants that the consent form cannot include a provision providing that opt-in plaintiffs are "bound by the Attorney Retainer Agreement that Plaintiffs entered into with Kirschenbaum LLP," and this provision must be removed. It lies with the Court to approve a potential settlement and attorneys' fees and costs. However, the other revisions to the form that defendants propose are rejected as irrelevant, unnecessary, or potentially confusing.

Plaintiffs shall issue and post the notice after making these adjustments, consistent with the Court's orders. Regarding dissemination, the Court rules as follows:

- Within **seven days**, defendants shall produce in Excel format a list including the names, last known mailing addresses, all known email addresses and telephone numbers, positions worked, and dates of employment for all potential class and collective members who worked for defendants from November 15, 2021 through October 1, 2026. *See Reyes*, 2023 WL 5918056, at *6.

- Plaintiffs shall mail or email the Court-Authorized Notice, the Opt-In and Consent to Join form, and the Exclusion Request Form to all potential plaintiffs no later than **fourteen days** following defendants' above disclosures regarding potential opt-in plaintiffs.

- Plaintiffs may send one reminder notice by mail or email to potential opt-ins 30 days after the original notice is sent. *See Reilly v. City of New York*, 2024 WL 4125360, at *2 (S.D.N.Y. Aug. 7, 2024) ("The weight of caselaw in the Second Circuit has in recent years moved towards approval of reminder notices in light of the remedial purpose of the FLSA."). Plaintiffs should include as the final sentence in any reminder notice the following: "The Court neither encourages nor discourages participation in the lawsuit." *Id*.

- Defendants shall post the Court-Authorized Notice, the Opt-In and Consent to Join form, and the Exclusion Request Form on employee bulletin boards and other common employee areas at defendants' restaurant. The posting need not be visible to the public.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 119.

SO ORDERED.

Dated: November 23, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge